APPEAL,DEATH,LC−3

# U.S. District Court
# Eastern District of Oklahoma (Muskogee)
# CIVIL DOCKET FOR CASE #: <u>6:09−cv−00105−RAW</u>

Barrett v. USA
Assigned to: Judge Ronald A. White
Case in other court:  10th Circuit, 12−07086
               ED/OK, 6:04−cr−115
Cause: 28:2255 Motion to Vacate / Correct Illegal Sentence

Date Filed: 03/16/2009
Date Terminated: 03/28/2019
Jury Demand: None
Nature of Suit: 535 Death Penalty –
Habeas Corpus
Jurisdiction: U.S. Government Defendant

**<u>Petitioner</u>**

**Kenneth Eugene Barrett**

represented by **David B. Autry**
1021 NW 16th St
Oklahoma City, OK 73106
405−521−9600
Fax: 405−521−9669
Email: <u>dbautry77@gmail.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carrie L. Ward**
Federal Public Defender – Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Email: <u>carrie_ward@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Joan M. Fisher**
Federal Public Defender – Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−5706
Email: <u>joan.fisher@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Karl J. Saddlemire**
Federal Public Defender – Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−6656
Email: <u>karl_saddlemire@fd.org</u>
*ATTORNEY TO BE NOTICED*

**Tivon Schardl**
Federal Public Defender – Sacramento

1

801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−6656
Email: tim.schardl@fd.org
*TERMINATED: 11/26/2018*

V.

**Respondent**

**USA**                                    represented by   **Christopher J. Wilson**
US Attorney (OKED)
520 Denison Ave
Muskogee, OK 74401
918−684−5100
Fax: 918−684−5150
Email: Chris.Wilson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey B. Kahan**
US Department of Justice – Capital Case
Unit
1331 F St NW, Rm 345
Washington, DC 20530
202−305−8910
Fax: 202−353−9779
Email: jeffrey.kahan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sheldon J. Sperling**
US Attorney (OKED)
520 Denison Ave
Muskogee, OK 74401
918−684−5100
Fax: 918−684−5150
*TERMINATED: 11/24/2010*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/10/2009 | 4 | | MOTION to File Exhibits Under Seal and for a Protective Order by Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/11/2009 | 5 | | ORDER by District Judge James H. Payne: granting 4 Defendant's Motion to File Exhibits Under Seal and for a Protective Order (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/11/2009 | 6 | | MOTION to Reconsider (Re: 5 Order Ruling on Motion to Seal Exhibits and for Protective Order) by Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/18/2009) |

| 03/11/2009 | 7 | | AMENDED ORDER by District Judge James H. Payne: granting 4 Defendant's Motion to File Exhibits Under Seal and for Protective Order (Re: 5 Order, 6 Motion to Reconsider) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
|---|---|---|---|
| 03/16/2009 | 1 | | MOTION to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255 by Kenneth Eugene Barrett; Responses due by 6/16/2009 (With attachments – **EXHIBITS 1–36; 59–60**)(EXHIBITS 37–58 NOT USED)(cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 3 | | EXHIBITS IN SUPPORT OF MOTION **Nos. 61–70, 71–80, 81–99, 100–118** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) by Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 8 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134 and 135** (Re: 1 MOTION to Vacate and 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 9 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 10 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 11 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136C** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 12 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 136D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 13 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 137, 138, 139, 140, 141, 142 and 143** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 14 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 144A, 144B, 145 and 146** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 15 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 16 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 17 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147A3** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 18 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147B1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate (cjt, Deputy Clerk) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/18/2009) |
| 03/16/2009 | 19 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 147B2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 20 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147B3** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 21 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147C1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 22 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147C2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 23 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 24 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147E1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 25 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147E2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 26 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147F** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 27 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 147G** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 28 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 and 158** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 29 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 159, 160, 161, 162, 163, 164 and 165** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 30 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 166, 167, 168, 169, 170, 171, 172, 173, 174 and 175** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 31 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 32 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |

| | | | |
|---|---|---|---|
| 03/16/2009 | 33 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176C1** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 34 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 176C2** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 35 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 177A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 36 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 177B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 37 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 178, 179 and 180** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 38 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181A** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 39 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181B** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 40 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181C** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 41 | | SEALED EXHIBITS IN SUPPORT OF MOTION **No. 181D** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 42 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 182, 183, 184 and 185** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/16/2009 | 43 | | SEALED EXHIBITS IN SUPPORT OF MOTION **Nos. 186, 187, 188, 189, 190, 191, 192, 193, 194 and 195** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/17/2009 | 2 | | CORRECTED MOTION to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255 by Kenneth Eugene Barrett (corrected to include verification) (Re: 1 Motion to Vacate); Responses due by 6/16/2009(cjt, Deputy Clerk) (Entered: 03/18/2009) |
| 03/18/2009 | 44 | | NOTICE to Government to Respond by **6/16/2009** (Re: 1 MOTION to Vacate, 2 Corrected MOTION to Vacate) (cjt, Deputy Clerk) Modified on 3/19/2009 to change response date to 6/16/09 (cjt, Deputy Clerk). (Entered: 03/18/2009) |
| 03/19/2009 | | | NOTICE of Docket Entry Modification; Error: Wrong date of 3/16/09 given in text; Correction: Correcting response date to 6/16/09 (Re: 44 Notice to Respond) (cjt, Deputy Clerk) (Entered: 03/19/2009) |

| 05/29/2009 | 45 | | MOTION to Disqualify Judge by Kenneth Eugene Barrett Responses due by 6/15/2009 Replies due by 6/24/2009.(Schardl, Tivon) (Entered: 05/29/2009) |
|---|---|---|---|
| 06/03/2009 | 46 | | ATTORNEY APPEARANCE by Christopher J. Wilson on behalf of USA (Wilson, Christopher) (Entered: 06/03/2009) |
| 06/11/2009 | 47 | | First MOTION for Extension of Time to Respond to Motion (Re: 45 MOTION to Disqualify Judge ) by USA Responses due by 6/26/2009 Replies due by 7/7/2009.(Wilson, Christopher) (Entered: 06/11/2009) |
| 06/11/2009 | 48 | | First MOTION for Extension of Time to Respond to Motion (Re: 2 MOTION to Vacate Order/Judgment, 1 MOTION to Vacate Order/Judgment ) by USA Responses due by 6/26/2009 Replies due by 7/7/2009.(Wilson, Christopher) (Entered: 06/11/2009) |
| 06/12/2009 | 49 | | MINUTE ORDER by District Judge James H. Payne granting Application for Extension of Time to Respond to Petitioner's Motoin to Disqualify and Recuse United States District Judge James H. Payne from Further Participation in this Matter ( 47 Motion for Extension of Time to Respond to Motion). Accordingly, the respondent has until 7/15/09 within which to file its response to petitioner's motion (Re: 45 MOTION to Disqualify Judge ).(law, Deputy Clerk) (Entered: 06/12/2009) |
| 06/12/2009 | 50 | | MINUTE ORDER by District Judge James H. Payne granting in part and denying in part Application for Extension of Time to Respond to Petitioner's 28 U.S.C. Section 2255 Motion ( 48 Motion for Extension of Time to Respond to Motion ). Respondent has an additional 3 months or until 9/16/09 within which to file its response to petitioner's 28 U.S.C. Section 2255 Motion. (law, Deputy Clerk) (Entered: 06/12/2009) |
| 07/13/2009 | 51 | | RESPONSE in Opposition to Motion (Re: 45 MOTION to Disqualify Judge ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 07/13/2009) |
| 07/24/2009 | 52 | | First MOTION to unseal documents in cr−04−115 by USA Responses due by 8/10/2009 Replies due by 8/19/2009.(Wilson, Christopher) (Entered: 07/24/2009) |
| 08/14/2009 | 53 | | MOTION to File Response to Government's Motion to Unseal Out of Time by Kenneth Eugene Barrett Responses due by 8/31/2009(Schardl, Tivon) (Entered: 08/14/2009) |
| 08/14/2009 | 54 | | MOTION to File Out of Time *PROPOSED ORDER* by Kenneth Eugene Barrett Responses due by 8/31/2009(Schardl, Tivon) (Entered: 08/14/2009) |
| 08/17/2009 | 55 | | ORDER by District Judge James H. Payne: striking 54 Petitioner's Proposed Order which was filed in error (cjt, Deputy Clerk) (Entered: 08/17/2009) |
| 08/19/2009 | 56 | | MINUTE ORDER by District Judge James H. Payne: Directing Petitioner to supplement 53 MOTION to File Response to Government's Motion to Unseal Out of Time by 5:00 p.m. today, 8/19/09, to include a statement as to whether either Christopher J. Wilson or Jeffrey B. Kahan, counsel for respondent, USA objects to the motion. (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/19/2009 | 57 | | SUPPLEMENT (Re: 56 Minute Order,,, 53 MOTION to File Response to Government's Motion to Unseal Out of Time ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 08/19/2009) |

| 08/19/2009 | 58 | | RESPONSE in Opposition to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by Kenneth Eugene Barrett ;(Schardl, Tivon) (Entered: 08/19/2009) |
|---|---|---|---|
| 08/19/2009 | 59 | | MINUTE ORDER by District Judge James H. Payne: Striking 58 Petitioner's Response in Opposition to the Government's Motion to Unseal (Re: 52 Government's MOTION to Unseal Documents). (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/19/2009 | 60 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's Motion to File a Response to Government's Motion to Unseal out of time (Doc. 53 ) is hereby granted. The Court notes that the Government's objection to Petitioner's request is based upon the impending deadline for the Government to respond to the Petitioner's § 2255 Motion (Doc. # 2) and that the Government's Motion to Unseal (Doc. # 52) indicates the pleadings sought are needed for the Government to be able to prepare its response to the Petitioner's § 2255 Motion. To the extent that any delay in ruling on the Government's Motion to Unseal is directly attributable to Petitioner's failure to timely respond to the Government's Motion to Unseal, this Court will consider that in the event the Government becomes unable to meet their current response deadlines on the § 2255 Motion. Accordingly, Petitioner shall be given until August 26, 2009 to file a Response to the Government's Motion (Doc. 52 ) and the Government shall be given until September 2, 2009, to Reply. (cjt, Deputy Clerk) (Entered: 08/19/2009) |
| 08/26/2009 | 61 | | RESPONSE in Opposition to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by Kenneth Eugene Barrett ;(Schardl, Tivon) (Entered: 08/26/2009) |
| 08/28/2009 | 62 | | REPLY to Response to Motion (Re: 52 First MOTION to unseal documents in cr–04–115 ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 08/28/2009) |
| 09/04/2009 | 63 | | Second MOTION for Extension of Time to Respond to Motion (Re: 2 MOTION to Vacate Order/Judgment ) by USA Responses due by 9/21/2009(Wilson, Christopher) (Entered: 09/04/2009) |
| 09/04/2009 | 64 | | MINUTE ORDER by District Judge James H. Payne: granting 63 Respondent's Motion for Extension of Time to Respond to Motion; Response due by 10/16/2009 (Re: 1 MOTION to Vacate Order/Judgment, 2 Corrected MOTION to Vacate Order/Judgment ) (cjt, Deputy Clerk) (Entered: 09/04/2009) |
| 09/04/2009 | 65 | | RESPONSE to Motion (Re: 63 Second MOTION for Extension to Respond to 2255 Motion) by Kenneth Eugene Barrett (Schardl, Tivon) Modified on 9/8/2009 to change text and change link (dma, Deputy Clerk). (Entered: 09/04/2009) |
| 09/11/2009 | 66 | | ORDER by District Judge James H. Payne: denying 45 Petitioner's Motion to Disqualify and Recuse (cjt, Deputy Clerk) (Entered: 09/11/2009) |
| 09/11/2009 | 67 | | ORDER by District Judge James H. Payne: Granting in part, denying in part and taking under advisement in part 52 Government's MOTION to Unseal, or to Gain Full Access to Motions, Orders, Reports and Proceedings filed Cr–04–115 (cjt, Deputy Clerk) (Entered: 09/11/2009) |

7

| 09/22/2009 | 68 | | NOTICE of Intention Not to Abandon Claims and REQUEST for Protective Order (Re: 67 Order) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) Modified on 9/23/2009 change text (dma, Deputy Clerk). (Entered: 09/22/2009) |
| --- | --- | --- | --- |
| 09/23/2009 | 69 | | ORDER by District Judge James H. Payne (Re: 67 Order, 68 Petitioner's NOTICE of Intent Not to Abandon Claims and REQUEST for Protective Order) (cjt, Deputy Clerk) (Entered: 09/23/2009) |
| 09/25/2009 | 70 | | Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* by Kenneth Eugene Barrett Responses due by 10/13/2009 (With attachments – **EXHIBITS 1–10**)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/25/2009 | 71 | | EXHIBIT(S) **11 through 50** (Re: 70 Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/25/2009 | 72 | | EXHIBIT(S) **51 through 118** (Re: 70 Amended MOTION to Vacate Order/Judgment , *Set Aside or Correct Sentence Pursuant to 28 U.S.C. sec. 2255 and Rule 33 FRCrP* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 09/25/2009) |
| 09/28/2009 | 73 | | OBJECTION to Petitioner's Proposed Protective Order (Re: 68 MOTION for Protective Order) by USA (Wilson, Christopher) Modified on 9/29/2009 to change text (dma, Deputy Clerk). (Entered: 09/28/2009) |
| 09/29/2009 | 74 | | ORDER by District Judge James H. Payne: Show Cause Hearing and Scheduling Conference are set for 10/6/2009 at 02:00 PM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (Re: 70 Amended MOTION for Collateral Relief, to Vacate, Set Aside or Correct Sentence and for a New Trial) (cjt, Deputy Clerk) (Entered: 09/29/2009) |
| 09/30/2009 | 75 | | RESPONSE (Re: 69 Order, ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 09/30/2009) |
| 10/02/2009 | 76 | | MOTION to Vacate Order/Judgment *Order Filed September 29, 2009*, MOTION to Continue Hearing(s) *On Order to Show Cause* (Re: 74 Order,, Setting/Resetting Hearing(s), Setting/Resetting Hearing(s),, ) by Kenneth Eugene Barrett Responses due by 10/19/2009 (With attachments)(Schardl, Tivon) (Entered: 10/02/2009) |
| 10/02/2009 | 77 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's emergency motion (Dkt 76 ) to vacate show cause order is denied. The court hereby waives the presence of petitioner's counsel, Tivon Schardl, at the hearing scheduled October 6, 2009, at 2:00 p.m. Lead counsel, David Autry, is required to attend; however, arrangements will be made for lead counsel to speak with co–counsel Tivon Schardl via telephone, if necessary. In addition, the parties should be aware the court intends to conduct a status and scheduling conference to receive the parties' observations and comments as to the time frame necessary for disposition of this matter. (cjt, Deputy Clerk) (Entered: 10/02/2009) |

| 10/05/2009 | 78 | | MOTION to Continue Hearing(s), MOTION to Recuse, MOTION to Reconsider, MOTION for Leave to Appear *y* (Re: 77 Minute Order,,, Ruling on Motion to Vacate Order/Judgment,,, Ruling on Motion to Continue Hearing(s), Ruling on Motion to Continue Hearing(s), Ruling on Motion to Continue Hearing(s) ) by Kenneth Eugene Barrett Responses due by 10/20/2009(Schardl, Tivon) (Entered: 10/05/2009) |
|---|---|---|---|
| 10/05/2009 | 79 | | MINUTE ORDER by District Judge James H. Payne: denying 78 Petitioner's Motion to Reconsider; denying 78 Petitioner's Motion to Continue Hearing; finding as moot 78 Motion for Leave to Appear by Telephone pursuant to Minute Order 77 entered on 10/2/09. 78 Petioner's Motion to Recuse was previously denied by Order 66 entered on 9/11/09. (cjt, Deputy Clerk) (Entered: 10/05/2009) |
| 10/06/2009 | 80 | | MINUTES of Proceedings – held before District Judge James H. Payne: Show Cause/Scheduling Hearing held on 10/6/2009 (Court Reporter: K.Sidwell) (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/07/2009 | 81 | | SCHEDULING ORDER by District Judge James H. Payne: Amended Motion to Vacate due 11/6/2009; Brief in Support due 1/5/2010; Response due 3/8/2010; Reply due 3/23/2010 (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/07/2009 | 82 | | PROTECTIVE ORDER by District Judge James H. Payne: granting 68 Petitioner's Motion for Protective Order; granting 52 Government's Motion to Unseal Documents (cjt, Deputy Clerk) (Entered: 10/07/2009) |
| 10/08/2009 | 83 | | ***Remark: Pursuant to 82 Protective Order entered on 10/7/2009, copies of sealed Doc. Nos. 16, 23, 24, 25, 46, 50, 51, 57, 107, 113, 116, 118, 232, 274, 301 and the sealed letter dated 2/28/2005, all filed in Case No. CR–04–115–JHP, were personally delivered to Asst. United States Attorney Christopher Wilson on 10/8/2009. (cjt, Deputy Clerk) (Entered: 10/08/2009) |
| 10/09/2009 | 84 | | STATUS REPORT by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 10/09/2009) |
| 10/15/2009 | 85 | | TRANSCRIPT of Proceedings (Unredacted) of Show cause/Scheduling Hearing held on 10/6/09 before District Judge James H. Payne (Court Reporter: Ken Sidwell) (Pages: 1–42). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 80 Minutes of Scheduling Conference, Striking/Terminating Deadline(s)/Hearing(s) ) (kns, Court Reporter) (Entered: 10/15/2009) |
| 10/16/2009 | 86 | | MOTION to Stay *Proceedings Pending Disposition of Mandamus Action* by Kenneth Eugene Barrett Responses due by 11/2/2009(Schardl, Tivon) (Entered: 10/16/2009) |
| 10/20/2009 | 87 | | ORDER by District Judge James H. Payne ; denying 86 Motion to Stay (lsa, Chambers) (Entered: 10/20/2009) |
| 10/28/2009 | 88 | | |

| | | | |
|---|---|---|---|
| | | | Unopposed MOTION to Extend Deadline(s) *Established by Order filed October 7, 2009* by Kenneth Eugene Barrett Responses due by 11/12/2009 (With attachments)(Schardl, Tivon) (Entered: 10/28/2009) |
| 11/02/2009 | 89 | | SUPPLEMENT to Unopposed Motion to Continue Filing Schedule 88 by Kenneth Eugene Barrett (Schardl, Tivon) Modified on 11/3/2009 to edit text (cjt, Deputy Clerk). (Entered: 11/02/2009) |
| 11/03/2009 | 90 | | ORDER EXTENDING FILING SCHEDULE by District Judge James H. Payne: granting 88 Petitioner's Unopposed Motion to Continue Filing Schedule (cjt, Deputy Clerk) (Entered: 11/03/2009) |
| 11/04/2009 | 91 | | ORDER from Circuit Court (Re: 86 MOTION to Stay Proceedings Pending Disposition of Mandamus Action 87 Order Denying Motion to Stay) (cjt, Deputy Clerk) (Entered: 11/04/2009) |
| 12/03/2009 | 92 | | MINUTE ORDER by District Judge James H. Payne: Show Cause Hearing is set for 12/15/2009 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne for David Autry to show cause why he has failed to comply with this Court's prior orders regarding submission of CJA vouchers. Only David Autry's appearance is required at this hearing. (cjt, Deputy Clerk) (Entered: 12/03/2009) |
| 12/04/2009 | 93 | | ATTORNEY APPEARANCE by Joan Fisher on behalf of Kenneth Eugene Barrett (Fisher, Joan) Modified on 12/7/2009 to change text (dma, Deputy Clerk). (Entered: 12/04/2009) |
| 12/04/2009 | 94 | | NOTICE Petitioner's Notice Regarding Amended Petition by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 12/04/2009) |
| 12/04/2009 | 95 | | Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* by Kenneth Eugene Barrett Responses due by 12/18/2009(Fisher, Joan) (Entered: 12/04/2009) |
| 12/14/2009 | 96 | | ORDER from Circuit Court (Re: 87 Order, Ruling on Motion to Stay, 86 MOTION to Stay *Proceedings Pending Disposition of Mandamus Action* ) (With attachments)(law, Deputy Clerk) (Entered: 12/14/2009) |
| 12/15/2009 | 97 | | SEALED MINUTES of Show Cause Hearing (cjt, Deputy Clerk) (Entered: 12/15/2009) |
| 01/08/2010 | 98 | | MOTION to Extend Deadline(s) *for submission of cja voucher* by Kenneth Eugene Barrett Responses due by 1/22/2010(Autry, David) (Entered: 01/08/2010) |
| 01/08/2010 | 99 | | MINUTE ORDER by District Judge James H. Payne: granting 98 Motion to Extend Time for Submittal of CJA Voucher by Petitioner's counsel, David Autry, until 1/11/2010. (cjt, Deputy Clerk) (Entered: 01/08/2010) |
| 01/11/2010 | 100 | | NOTICE of Submission of Matter for In Camera Review by USA (Wilson, Christopher) (Entered: 01/11/2010) |
| 01/11/2010 | 101 | | SEALED LETTER (dma, Deputy Clerk) (Entered: 01/12/2010) |
| 01/12/2010 | 102 | | PROTECTIVE ORDER by District Judge James H. Payne (Re: 101 Sealed Letter) (dma, Deputy Clerk) (Entered: 01/12/2010) |

10

| 01/13/2010 | 103 | | Unopposed MOTION to Extend Deadline(s) *to File Brief in Support of Amended Petition and Subsequent Briefing* by Kenneth Eugene Barrett Responses due by 1/27/2010 (With attachments)(Schardl, Tivon) (Entered: 01/13/2010) |
|---|---|---|---|
| 01/15/2010 | 104 | | MINUTE ORDER by District Judge James H. Payne: For good cause shown, 103 Petitioner's Motion for Extension of Time to File Brief in Support of Amended Motion to Vacate is granted. Petitioner shall be given until 2/18/2010 to file his brief. No further extensions of time shall be granted. Respondent's answer shall be due 4/19/2010 and Petitioner's reply will be due 5/4/2010. (Re: 95 Amended MOTION to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255) (cjt, Deputy Clerk) (Entered: 01/15/2010) |
| 01/15/2010 | 105 | | MINUTE ORDER by District Judge James H. Payne: It is hereby ordered that Petitioner Kenneth Eugene Barrett's CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT–APPOINTED COUNSEL comes before the Court by David B. Autry. This matter is hereby REFERRED to Magistrate Judge Steven P. Shreder for a fee hearing and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate said original application and supporting documents. (cjt, Deputy Clerk) (Entered: 01/15/2010) |
| 02/02/2010 | 106 | | MINUTE ORDER by District Judge James H. Payne (Attachments: # 1 1/29/2010 E–Mail) (cjt, Deputy Clerk) (Entered: 02/02/2010) |
| 02/11/2010 | 107 | | Third MOTION to Extend Deadline(s) *Due to Newly Disclosed Evidence* by Kenneth Eugene Barrett Responses due by 2/25/2010 (With attachments)(Schardl, Tivon) (Entered: 02/11/2010) |
| 02/12/2010 | 108 | | MINUTE ORDER by District Judge James H. Payne: Motion Hearing and Status Conference are set for 3/1/2010 at 09:30 AM before District Judge James H. Payne (Re: 107 Petitioner's Third MOTION to Continue Briefing Schedule). Counsel are required to be present at this hearing. Petitioner does not need to be present. (cjt, Deputy Clerk) (Entered: 02/12/2010) |
| 02/18/2010 | 109 | | MOTION Leave to File Oversized Brief in Support of Amended Motion to Vacate, MOTION for Leave to File Brief in Support of Second Amended Motion to Vacate by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 110 | | Unopposed MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 3/4/2010(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 111 | | Amended MOTION for Leave to Exceed Page Limitation by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 112 | | MINUTE ORDER by District Judge James H. Payne: denying 111 Petitioner's Amended Motion for Leave to File Oversized Brief, with written order to follow (finding as moot 109 Petitioner's Motion for Leave to File Oversized Brief) (cjt, Deputy Clerk) (Entered: 02/18/2010) |
| 02/18/2010 | 113 | | MOTION to Reconsider *Order Denying Leave to File Oversized Brief* (Re: 112 Minute Order,, Ruling on Motion for Miscellaneous Relief,, Ruling on |

| | | | |
|---|---|---|---|
| | | | Motion for Leave to File Document(s), Ruling on Motion for Leave to File Document(s), Ruling on Motion to Exceed Page Limitation, ) by Kenneth Eugene Barrett Responses due by 3/4/2010 (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 114 | | REDACTED EXHIBITS **119, 120, 121, 122** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 115 | | REDACTED EXHIBITS **125, 126, 128, 129, 130, 132, 133, 134, 137, 138** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 116 | | REDACTED EXHIBITS **148, 149, 150, 151, 152, 153, 154** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 117 | | REDACTED EXHIBITS **123, 124, 127, 131, 135** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 118 | | REDACTED EXHIBITS **155, 156** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 119 | | REDACTED EXHIBITS **157, 158** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 120 | | REDACTED EXHIBITS **163, 164** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 121 | | REDACTED EXHIBIT **161** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 122 | | REDACTED EXHIBIT **162** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 123 | | REDACTED EXHIBITS **165, 166** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 124 | | |

| | | | |
|---|---|---|---|
| | | | REDACTED EXHIBIT **159 Part a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 125 | | REDACTED EXHIBITS **167, 168, 169** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 126 | | REDACTED EXHIBIT **159 Part b** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 127 | | REDACTED EXHIBITS **170, 171** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 128 | | REDACTED EXHIBIT **160 Part a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 129 | | REDACTED EXHIBIT **160 Part b** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 130 | | REDACTED EXHIBITS **172, 173** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 131 | | REDACTED EXHIBIT **177 Part a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 132 | | REDACTED EXHIBITS **174, 175, 176, 178** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 133 | | REDACTED EXHIBIT **177 Part b** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 134 | | REDACTED EXHIBIT **177 Part c** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 135 | | |

| | | | |
|---|---|---|---|
| | | | REDACTED EXHIBITS **179, 180, 181a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 136 | | REDACTED EXHIBIT **181 Part B1** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 137 | | REDACTED EXHIBITS **182, 183** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 138 | | REDACTED EXHIBIT **181 Part B2** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 139 | | REDACTED EXHIBIT **196 Part a** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 140 | | REDACTED EXHIBITS **184, 185, 186, 187, 188** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 141 | | REDACTED EXHIBIT **196 Part b** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 142 | | REDACTED EXHIBIT **196 Part c** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 143 | | REDACTED EXHIBIT **196 Part d** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/18/2010) |
| 02/18/2010 | 144 | | REDACTED EXHIBITS **189, 190, 191, 192, 193, 194, 195** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/18/2010) |
| 02/18/2010 | 145 | | REDACTED EXHIBITS **197, 198, 199, 200, 203, 204, and 205** (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 02/18/2010) |
| 02/26/2010 | 146 | | |

| | | | |
|---|---|---|---|
| | | | ORDER by District Judge James H. Payne: granting <u>113</u> petitioner's Motion to Reconsider; Petitioner's brief due 3/1/10 at 4:30 p.m.; Status Conference RESET for 3/31/2010 at 10:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne; (granting in part <u>107</u> Motion to Continue Briefing Schedule; striking <u>1</u> Motion to Vacate Order/Judgment; striking <u>2</u> Corrected Motion to Vacate Order/Judgment; striking <u>70</u> Amended Motion to Vacate Order/Judgment) (cjt, Deputy Clerk) (Entered: 02/26/2010) |
| 02/26/2010 | <u>147</u> | | ORDER by District Judge James H. Payne: Re: <u>110</u> petitioner's Unopposed MOTION to File Exhibits Under Seal; Petitioner's response due 3/12/10 (cjt, Deputy Clerk) (Entered: 02/26/2010) |
| 03/01/2010 | <u>148</u> | | STIPULATION *and Order [Proposed] Modified Protective Order* by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/01/2010 | <u>149</u> | | BRIEF in Support of Motion (Re: <u>95</u> Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/01/2010 | <u>150</u> | | MOTION for Evidentiary Hearing (Re: <u>95</u> Amended MOTION to Vacate) by Kenneth Eugene Barrett; Responses due by 3/15/2010(Schardl, Tivon) Modified on 3/2/2010 to change text and link (dma, Deputy Clerk). (Entered: 03/01/2010) |
| 03/01/2010 | <u>151</u> | | MOTION Expand the Record (Re: <u>149</u> Brief in Support of Motion ) by Kenneth Eugene Barrett Responses due by 3/15/2010(Schardl, Tivon) (Entered: 03/01/2010) |
| 03/03/2010 | <u>152</u> | | Joint MOTION to Modify Protective Order by all parties Responses due by 3/17/2010(Wilson, Christopher) (Entered: 03/03/2010) |
| 03/05/2010 | <u>153</u> | | RESPONSE in Opposition to Motion (Re: <u>150</u> MOTION for Hearing ) by USA ;(Wilson, Christopher) (Entered: 03/05/2010) |
| 03/05/2010 | <u>154</u> | | RESPONSE in Opposition to Motion (Re: <u>151</u> MOTION Expand the Record ) by USA ;(Wilson, Christopher) (Entered: 03/05/2010) |
| 03/12/2010 | <u>155</u> | | RESPONSE by Kenneth Eugene Barrett (Re: <u>147</u> Order) (Fisher, Joan) (Entered: 03/12/2010) |
| 03/25/2010 | 156 | | MINUTE ORDER by District Judge James H. Payne: **TIME CHANGE ONLY** – Status Conference RESET for 3/31/2010 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne. (cjt, Deputy Clerk) (Entered: 03/25/2010) |
| 03/29/2010 | <u>157</u> | | ORDER by District Judge James H. Payne: denying <u>150</u> Petitioner's Motion for Evidentiary Hearing (cjt, Deputy Clerk) (Entered: 03/29/2010) |
| 03/29/2010 | <u>158</u> | | MOTION to be Excused from the Status Conference set on March 31, 2010 by USA Responses due by 4/12/2010(Wilson, Christopher) (Entered: 03/29/2010) |
| 03/29/2010 | 159 | | MINUTE ORDER by District Judge James H. Payne: granting <u>158</u> Government's Motion to be Excused from Attendance of Status Conference. The Court further grants Government's request for substitute counsel, Douglas |

15

| | | | |
|---|---|---|---|
| | | | Horn, to appear in lieu of Christopher Wilson for this hearing only. (cjt, Deputy Clerk) (Entered: 03/29/2010) |
| 03/30/2010 | 160 | | MINUTE ORDER by District Judge James H. Payne: The Court directs that Courtroom 1, Room 230, be sealed on 3/31/2010 at 9:00 a.m. for the portion of the Status Hearing pertaining to the Protective Order. The Clerk is directed to post this Minute Order on the Court's bulletin board for public viewing located on the 2nd floor of the United States Courthouse. (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 161 | | ORDER (Re: Exhibits) by District Judge James H. Payne: granting 110 Petitioner's Motion to File Exhibits under Seal; granting 151 Petitioner's Motion to Expand the Record (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 162 | | SEALED EXHIBIT **201** (Re: 95 AMENDED MOTION to Vacate) (Per 161 Order) (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/30/2010 | 163 | | SEALED EXHIBIT **202** (Re: 95 AMENDED MOTION to Vacate) (Per 161 Order) (cjt, Deputy Clerk) (Entered: 03/30/2010) |
| 03/31/2010 | 164 | | SEALED MINUTES of Proceedings – held before District Judge James H. Payne: Motion/Status Hearing held on 3/31/2010 (Re: 152 Joint MOTION to Modify Protective Order ) (Court Reporter: B.Neil) (cjt, Deputy Clerk) (cjt, Deputy Clerk). (Entered: 04/01/2010) |
| 03/31/2010 | 165 | | MINUTE ORDER by District Judge James H. Payne: Granting Government's oral motion for extension of time to respond to 95 Amended MOTION to Vacate; Response due by 5/17/2010. (cjt, Deputy Clerk) (Entered: 04/01/2010) |
| 03/31/2010 | 166 | | CORRECTED MINUTE ORDER by District Judge James H. Payne: Granting Government's oral motion for extension of time to respond to 95 Amended MOTION to Vacate; Response due by 5/17/2010, Reply due by 7/1/2010. (cjt, Deputy Clerk) (Entered: 04/01/2010) |
| 04/05/2010 | 167 | | SEALED REPORT TO COURT by USA (Re: 152 Joint Motion to Modify Protective Order) (cjt, Deputy Clerk) (Entered: 04/05/2010) |
| 04/08/2010 | 168 | | SEALED ORDER by Judge James H. Payne Re: 152 Joint Motion to Modify Protective Order (cjt, Deputy Clerk) (Entered: 04/08/2010) |
| 04/14/2010 | 169 | | SEALED STATUS REPORT by Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 4/20/2010 to add corrected attachment (cjt, Deputy Clerk). (Entered: 04/15/2010) |
| 05/12/2010 | 170 | | Unopposed MOTION for Leave to File Redacted Answer to Petitioner's Second Amended Motion for Collateral Relief by USA Responses due by 5/26/2010(Wilson, Christopher) (Entered: 05/12/2010) |
| 05/13/2010 | 171 | | ORDER by District Judge James H. Payne: granting 170 Respondent's Unopposed Motion to File Redacted Answer to Petitioner's Second Amended Motion for Collateral Relief (cjt, Deputy Clerk) (Entered: 05/13/2010) |
| 05/14/2010 | 172 | | TRANSCRIPT of Proceedings (Unredacted) of Status Hearing held on 3–31–2010 before District Judge James H. Payne (Court Reporter: Brian P. Neil) (Pages: 1–46). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript |

16

| | | | |
|---|---|---|---|
| | | | may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 164 Minutes of Motion Hearing, Striking/Terminating Deadline(s)/Hearing(s) ) (bpn, Court Reporter) (Entered: 05/14/2010) |
| 05/14/2010 | 173 | | TRANSCRIPT ORDER FORM for Status and Scheduling Conference conducted on 3/31/10 (Re: 164 Minutes of Motion Hearing, Striking/Terminating Deadline(s)/Hearing(s), 172 Transcript of Proceedings – Unredacted) by Kenneth Eugene Barrett (law, Deputy Clerk) (Entered: 05/17/2010) |
| 05/17/2010 | 174 | | Redacted RESPONSE in Opposition to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 05/17/2010) |
| 05/17/2010 | 175 | | SEALED RESPONSE (Re: 174 RESPONSE to Motion; 95 Amended MOTION to Vacate, Set Aside or Correct a Sentence) by USA (dma, Deputy Clerk) (Entered: 05/17/2010) |
| 06/30/2010 | 176 | | Unopposed MOTION for Leave to Exceed Page Limitation *For Reply Brief* by Kenneth Eugene Barrett Responses due by 7/14/2010(Schardl, Tivon) (Entered: 06/30/2010) |
| 06/30/2010 | 177 | | MINUTE ORDER by District Judge James H. Payne: granting 176 Petitioner's Unopposed Motion for Leave to File Oversized Brief (cjt, Deputy Clerk) (Entered: 06/30/2010) |
| 07/01/2010 | 178 | | REPLY to Response to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 07/01/2010) |
| 07/23/2010 | 179 | | NOTICE of Filing of Signed Declaration of Toby Barrett (Re: 178 Reply to Response to Motion ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 07/23/2010) |
| 08/13/2010 | 180 | | REPORT AND RECOMMENDATION ON REQUEST FOR EXCESS COMPENSATION by Magistrate Judge Steven P. Shreder (Re: 105 Minute Order Referring CJA 30 Voucher) Objections to R&R due by 8/27/2010(eje, Deputy Clerk) (Entered: 08/13/2010) |
| 09/03/2010 | 181 | | SEALED ORDER by District Judge James H. Payne: Re: 180 Report and Recommendation) (cjt, Deputy Clerk) (Entered: 09/03/2010) |
| 09/03/2010 | | | CJA 30: Authorization to Pay David B. Autry on behalf of Kenneth Eugene Barrett. (JHP 9/3/10)(smg, Deputy Clerk) (Entered: 09/14/2010) |
| 02/07/2011 | 182 | | MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 2/22/2011 (With attachments)(Fisher, Joan) (Entered: 02/07/2011) |
| 02/08/2011 | 183 | | MINUTE ORDER by District Judge James H. Payne: granting 182 Petitioner's Unopposed Motion to Seal. Petitioner is given leave to file the following |

17

| | | | |
|---|---|---|---|
| | | | documents under seal: Petitioners Motion to Vacate or Modify Protective Order and Request for Hearing; Brief in Support of Motion to Vacate or Modify Protective Order and Request for Hearing; Petitioners Motion for Leave to Conduct Discovery; and Petitioners Brief in Support of Motion to Conduct Discovery. (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 184 | | SEALED MOTION to Vacate or Modify Protective Orders and Request for Hearing by Kenneth Eugene Barrett; response due by 2/22/2011 (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 185 | | SEALED BRIEF in Support of 184 Petitioner's Sealed Motion to Vacate and/or Modify Protective Order and Request for Hearing (with attachments) (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 186 | | SEALED MOTION for Leave to Conduct Discovery by Kenneth Eugene Barrett; response due by 2/22/2011 (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | 187 | | SEALED BRIEF in Support of 186 Sealed Motion to Conduct Discovery (with attachments) (cjt, Deputy Clerk) (Entered: 02/08/2011) |
| 02/17/2011 | 188 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 186 SEALED MOTION ) by USA Responses due by 3/3/2011 (With attachments)(Wilson, Christopher) (Entered: 02/17/2011) |
| 02/17/2011 | 189 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 184 SEALED MOTION ) by USA Responses due by 3/3/2011 (With attachments)(Wilson, Christopher) (Entered: 02/17/2011) |
| 02/17/2011 | 190 | | MINUTE ORDER by District Judge James H. Payne: granting 188 and 189 Government's Motions for Extension of Time to Respond to Motions; Responses due by 3/8/2011 Re: 184 Petitioner's SEALED MOTION to Vacate or Modify Protective Orders and 186 Petitioner's SEALED MOTION for Leave to Conduct Discovery (cjt, Deputy Clerk) (Entered: 02/17/2011) |
| 03/04/2011 | 191 | | Unopposed MOTION to Seal Document by USA Responses due by 3/18/2011(Kahan, Jeffrey) (Entered: 03/04/2011) |
| 03/04/2011 | 192 | | MINUTE ORDER by District Judge James H. Payne: granting 191 Respondent's Motion to File Sealed Oppositions to Sealed Motions (cjt, Deputy Clerk) (Entered: 03/04/2011) |
| 03/08/2011 | 193 | | SEALED RESPONSE in Opposition (Re: 184 Petitioner's Motion to Vacate or Modify the Protective Orders) by USA (cjt, Deputy Clerk) (Entered: 03/08/2011) |
| 03/08/2011 | 194 | | SEALED RESPONSE in Oposition (Re: 186 Petitioner's Motion for Leave to Conduct Discovery) by USA (cjt, Deputy Clerk) (Entered: 03/08/2011) |
| 03/18/2011 | 195 | | MOTION to Seal Document by Kenneth Eugene Barrett Responses due by 4/1/2011 (With attachments)(Fisher, Joan) (Entered: 03/18/2011) |
| 03/18/2011 | 196 | | MINUTE ORDER by District Judge James H. Payne: granting 195 Petitioner's Motion to Seal Replies to documents 193 and 194 (cjt, Deputy Clerk) (Entered: 03/18/2011) |
| 03/21/2011 | 197 | | SEALED REPLY to Response (Re: 184 Petitioner's Motion to Vacate or Modify the Protective Orders) by Petitioner (cjt, Deputy Clerk) (Entered: |

| | | | |
|---|---|---|---|
| | | | 03/22/2011) |
| 03/21/2011 | 198 | | SEALED REPLY to Response (Re: 186 Petitioner's Motion for Leave to Conduct Discovery) by Petitioner (cjt, Deputy Clerk) (Entered: 03/22/2011) |
| 03/16/2012 | 199 | | NOTICE of Filing of Declaration of Paul D. Gordon (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) Modified to reflect DVDs for Exhibits 2, 3 and 4 stored in file cabinet in vault on 2nd floor Court Clerk's Office (cjt, Deputy Clerk). (Entered: 03/16/2012) |
| 03/16/2012 | 200 | | NOTICE of Filing of Declaration of Leonard Post (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 03/16/2012) |
| 03/16/2012 | 201 | | MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255* ) by Kenneth Eugene Barrett Responses due by 3/30/2012 (With attachments)(Fisher, Joan) Modified to reflect CDs of Appendix A and Appendix B stored in file cabinet in vault on 2nd floor Court Clerk's Office(cjt, Deputy Clerk). (Entered: 03/16/2012) |
| 03/19/2012 | 202 | | CERTIFICATE of Service (Re: 199 Notice (Other) ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/19/2012) |
| 03/19/2012 | 203 | | CERTIFICATE of Service (Re: 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/19/2012) |
| 03/29/2012 | 204 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 201 Motion to Supplement) by USA; Responses due by 4/12/2012 (With attachments)(Wilson, Christopher) Modified on 3/30/2012 (cjt, Deputy Clerk). (Entered: 03/29/2012) |
| 03/30/2012 | 205 | | MINUTE ORDER by District Judge James H. Payne: granting 204 Motion for Extension of Time to Respond to Motion; Response deadline extended to 4/30/2012 (Re: 201 MOTION to Supplement) (cjt, Deputy Clerk) (Entered: 03/30/2012) |
| 04/27/2012 | 206 | | RESPONSE in Opposition to Motion (Re: 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by USA ;(Wilson, Christopher) (Entered: 04/27/2012) |
| 05/07/2012 | 207 | | REPLY to Response to Motion (Re: 95 Amended MOTION to Vacate Order/Judgment *Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. sec. 2255*, 201 MOTION to Supplement *the Pending Amended Motion to Vacate, Set Aside or Correct a Judgment, Order and/or Sentence* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/07/2012) |
| 06/18/2012 | 208 | | MOTION TO PRESERVE TESTIMONY OF JUDGE JOHN GARRETT, RETIRED, WITHOUT FURTHER DELAY by Kenneth Eugene Barrett. Responses due by 7/2/2012(Fisher, Joan) (Entered: 06/18/2012) |

| 06/18/2012 | 209 | | BRIEF in Support of Motion (Re: 208 MOTION TO PRESERVE TESTIMONY OF JUDGE JOHN GARRETT, RETIRED, WITHOUT FURTHER DELAY ) by Kenneth Eugene Barrett ; (With attachments)(Fisher, Joan) (Entered: 06/18/2012) |
|---|---|---|---|
| 06/20/2012 | 210 | | ORDER by District Judge James H. Payne denying 201 Motion for Leave to Supplement Pending Motion to Vacate, Set Aside or Correct Judgment, Order and/or Sentence Under 28 U.S.C. Section 2255 (dma, Deputy Clerk) (Entered: 06/20/2012) |
| 06/20/2012 | 211 | | MINUTE ORDER by District Judge James H. Payne denying 208 Motion to Preserve Testimony of Judge John Garrett, Retired, Without Further Delay (dma, Deputy Clerk) (Entered: 06/20/2012) |
| 06/28/2012 | 212 | | MOTION for Reconsideration *OF COURTS ORDER OF JUNE 20, 2012 (DOC. 210) AND BRIEF IN SUPPORT* (Re: 210 Ruling on Motion to Supplement ) by Kenneth Eugene Barrett. Responses due by 7/12/2012(Fisher, Joan) (Entered: 06/28/2012) |
| 07/10/2012 | 213 | | RESPONSE in Opposition to Motion (Re: 212 MOTION for Reconsideration *OF COURTS ORDER OF JUNE 20, 2012 (DOC. 210) AND BRIEF IN SUPPORT* ) by USA ;(Wilson, Christopher) (Entered: 07/10/2012) |
| 08/16/2012 | 214 | | OPINION AND ORDER by District Judge James H. Payne: denying 95 Amended Motion to Vacate; denying 184 Sealed Motion; denying 186 Sealed Motion; denying 212 Motion to Reconsider (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 215 | | SEALED ORDER by District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 216 | | JUDGMENT by District Judge James H. Payne entering judgment in favor of USA against Kenneth Eugene Barrett (terminates case) (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 09/13/2012 | 217 | | MOTION to Alter Order/Judgment *and Brief in Support* (Re: 216 Judgment, 214 Ruling on Motion to Vacate Order/Judgment, Ruling on Sealed Motion,, Ruling on Motion to Reconsider ) by Kenneth Eugene Barrett. Responses due by 9/27/2012 (With attachments)(Fisher, Joan) (Entered: 09/13/2012) |
| 09/27/2012 | 218 | | Unopposed MOTION for Extension of Time to Respond to Motion (Re: 217 MOTION to Alter Order/Judgment *and Brief in Support* ) by USA. Responses due by 10/11/2012(Wilson, Christopher) (Entered: 09/27/2012) |
| 09/27/2012 | 219 | | ORDER by District Judge James H. Payne: granting 218 Motion for Extension of Time to Respond to Motion; Responses due by 10/29/2012 (Re: 217 MOTION to Alter or Amend Judgment) (cjt, Deputy Clerk) (Entered: 09/27/2012) |
| 10/29/2012 | 220 | | RESPONSE in Opposition to Motion (Re: 217 MOTION to Alter Order/Judgment *and Brief in Support* ) by USA ; (With attachments)(Wilson, Christopher) (Entered: 10/29/2012) |
| 10/30/2012 | 221 | | OPINION AND ORDER by District Judge James H. Payne: denying 217 Petitioner's Motion to Alter or Amend Judgment (cjt, Deputy Clerk) (Entered: 10/30/2012) |

| | | | |
|---|---|---|---|
| 12/26/2012 | 222 | | NOTICE OF APPEAL to Circuit Court (Re: 216 Judgment, 221 Ruling on Motion to Alter Order/Judgment, 214 Ruling on Motion to Vacate Order/Judgment, Ruling on Sealed Motion,, Ruling on Motion to Reconsider, 215 Sealed Order ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 12/26/2012) |
| 12/27/2012 | 223 | | Transmission of Notice of Appeal and Docket Sheet to Circuit Court with copy of 222 Notice of Appeal, 216 Judgment, 221 Ruling, 214 Ruling and 215 Sealed Order. Preliminary Record transmitted to 10th Circuit Court of Appeals electronically. (Re: 222 Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 12/27/2012) |
| 12/27/2012 | 224 | | APPEAL NUMBER INFORMATION from Circuit Court assigning Case Number 12–7086 (Re: 222 Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 12/28/2012) |
| 01/10/2013 | 225 | | TRANSCRIPT ORDER FORM (Transcripts are not necessary or are already on file ) (Re: 222 Notice of Appeal – Final Judgment, ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/10/2013) |
| 01/10/2013 | 226 | | DESIGNATION of Record on Appeal (Re: 222 Notice of Appeal – Final Judgment, ) by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 01/10/2013) |
| 03/06/2013 | 227 | | RECORD on Appeal Sent to Circuit Court (Record includes: Volume 1 – Pleadings 1, 2, 3, 4, 5, 6, 7, 45, 51, 52, 57, 58, 59, 61, 62, 66, 67, 68, 69, 70, 91, 94, 95, 96, 100, 102, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 157, 161, 170, 171, 174, 178, 179, 199, 200, 201, 206, 207, 208, 209, 210, 212, 213, 214, 216, 217, 220, 221, 222; Volume 2 – Sealed Pleadings #8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 97, 101, 162, 163, 164, 168, 175, 181, 184, 185, 186, 187, 193, 197, 198 and 215; Volume 3 – Transcripts: Show Cause Hearing held 10/6/2009 and Motion/Status Hearing held 3/31/10.) Also included from 04–cr–115–JHP – Volume 1 – Pleadings 1 – 15, 17 –19, 22, 26 – 29, 31 – 36, 38, 41 – 45, 47 – 49, 52 – 56, 58 – 60, 62, 63 – 66, 69 – 82, 85 – 87, 90, 92 – 94, 96, 97, 99, 101, 102, 104 – 106, 114, 115, 117, 120 – 122, 124, 125, 127, 128, 132 – 137, 139 – 142, 145 – 147, 152 – 155, 157, 158, 163 – 167, 169 – 175, 177, 178, 180 – 190, 192 – 194, 199, 201 – 206, 209 – 213, 215 – 218, 226, 228, 229, 231, 239, 240 – 243, 245 – 249, 252, 253, 255 – 258, 260, 263, 267, 268, 276, 279, 280, 282 – 285, 287, 288, 290, 291, 293, 302, 306 – 308, 359 – 367, 374, 382, 384, 387, 390, 391, 397, 400 – 405, 410 – 412, 415, 417 and 421; Volume 2– Sealed Pleadings 23 – 25, 50, 51, 57, 107, 113, 116, 118, 208, 214, 232, 237, 238, 264 – 266, 274, 301, 368 – 371, 375, 377, 379, 380, 383, 392, 394 – 396, 398, 399 and 416; Volume 3 – Sealed Transcripts (5): Budget Hearing held 12/09/04, Ex Parte Hearing held 01/07/05, Motion Hearing held 3/22/05, Telephone Conference held 5/12/05 and Hearing on Governments Motion held 9/13/05; Volume 4 – Sealed Presentence Report; Volume 5 – Transcripts (54): Proceedings held 10/25/04, Arraignment held 11/17/04, Status Conference held 1/07/05, Proceedings held 2/15/05, Status Conference held 3/22/05, Status Conference held 5/18/05, Telephone Conference held 6/02/05, Motion |

| | | | |
|---|---|---|---|
| | | | to Continue held 6/5/05, Status Conference held 7/15/05, Status Conference 8/12/05, Criminal Pretrial held 8/31/04, Telephone Conference held 9/06/05, Status Hearing held 9/9/05, Sealed Hearing 9/12/05, Individual Juror Qualification Stage One Proceedings held 9/12 through 9/16/05, (5 transcripts), Hearing on USA Motion for Order Delaying Production of Witness Names and Protective Order held 9/13/05 – (Vol 1 and 2), Pretrial Hearing held 9/20/05, Courts Rulings on Motions held 9/26/05, Jury Trial (27 Transcripts, Vol 1 through 27) held 9/26/05 through 11/17/05, Ex Parte Budget Hearing held 10/3/05, Partial Transcript of Proceedings dated 11/10/05, Sentencing held 12/19/05; Record on Appeal transmitted to 10th Circuit Court of Appeals electronically. Under separate mailing 03/06/2013, certified #7009–3410–0001–4052–7584 – (Videotape – attachment to Pleading 237) and (Disk – Attachment to Pleading 265). (Re: 222 Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) Modified on 12/1/2016 ***Pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, both filed in CR–04–115–JHP received from 10th Circuit and STORED IN CLERK'S OFFICE 2ND FLOOR VAULT (See 268 LETTER from Circuit Court)*** (cjt, Deputy Clerk). Modified on 5/10/2019 ***to reflect #237 Sealed Psychological Eval with VIDEOTAPE and #265 Sealed Notice with DISK, both filed in CR–04–115–RAW, returned to 10th Circuit (See Pleading 485 LETTER to Circuit Court)*** (cjt, Deputy Clerk). (Entered: 03/06/2013) |
| 03/06/2013 | | | ***Remark: Record on Appeal transmitted to 10th Circuit Court of Appeals electronically. (Re: 227 Appeal Record Sent to USCA, 222] Notice of Appeal – Final Judgment, ) (jcb, Deputy Clerk) (Entered: 03/07/2013) |
| 03/11/2013 | | | ***Remark: Notice of receipt of Record on Appeal by 10th Circuit Court of Appeals (Re: 227 Appeal Record Sent to USCA, 222] Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) (Entered: 03/12/2013) |
| 02/21/2014 | 228 | | ORDER from Circuit Court (Re: 222 Notice of Appeal – Final Judgment) directing Clerk to transmit supplemental record (With attachments) (cjt, Deputy Clerk) (Entered: 02/21/2014) |
| 02/26/2014 | 229 | | SUPPLEMENTAL RECORD on Appeal Sent to Circuit Court (Record includes: Per Order of the 10th Circuit Court of Appeals entered 2/21/14 228 , supplemental record sent to 10th Circuit Court of Appeals consisting of CJA Voucher Forms with attachments (Voucher #060125000010 for period of service from 12/1/05 to 1/10/06; Voucher #051216000002 for period of service from 11/1/05 to 11/30/05; Voucher #051216000001 for period of service from 10/1/05 to 10/31/05; Voucher #051213000016 for period of service from 9/1/05 to 9/30/05; #051213000015 for period of service from 8/1/05 to 8/31/05; Voucher #050922000006 for period of service from 7/1/05 to 7/31/05; Voucher #050922000005 for period of service from 6/1/05 to 6/30/05; Voucher #050715000012 for period of service from 5/1/05 to 5/31/05; Voucher #050516000003 for period of service from 4/1/05 to 4/30/05; Voucher #050506000011 for period of service from 3/1/05 to 3/31/05; Voucher #050506000009 for period of service from 2/1/05 to 2/28/05; and Voucher #050506000008 for period of service from 10/25/04 to 1/31/05. Supplemental record transmitted to 10th Circuit Court of Appeals by Federal Express #8723–8982–6061.) (Re: 222 Notice of Appeal – Final Judgment) (jcb, Deputy Clerk) (Entered: 02/27/2014) |

| 08/19/2015 | 230 | | DECISION from Circuit Court Reverse and Remand death sentence for evidentiary hearing; Affirm in all other respects, denying motion for certificate of appealability – Decision of the District Court (awaiting mandate) (Re: 222 Notice of Appeal – Final Judgment) (With attachments) (cjt, Deputy Clerk) (Entered: 08/19/2015) |
|---|---|---|---|
| 08/19/2015 | 231 | | JUDGMENT from Circuit Court (Re: 230 USCA Decision, 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 08/19/2015) |
| 10/26/2015 | 232 | | MANDATE letter from Circuit Court (Re: 230 USCA Decision, 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 10/28/2015) |
| 11/30/2015 | 233 | | ORDER by District Judge James H. Payne: Evidentiary Hearing set for 6/2/2016 at 09:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 11/30/2015) |
| 12/06/2015 | 234 | | MOTION PERMIT INSPECTION OF THE EXPANDED RECORD by USA. Responses due by 12/21/2015(Kahan, Jeffrey) (Entered: 12/06/2015) |
| 12/08/2015 | 235 | | MINUTE ORDER by District Judge James H. Payne: Directing response by 12/15/2015 (Re: 234 GOVERNMENT'S UNOPPOSED MOTION TO PERMIT INSPECTION OF THE EXPANDED RECORD) (cjt, Deputy Clerk) (Entered: 12/08/2015) |
| 12/14/2015 | 236 | | Unopposed RESPONSE to Motion (Re: 234 MOTION PERMIT INSPECTION OF THE EXPANDED RECORD ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 12/14/2015) |
| 12/17/2015 | 237 | | ORDER by District Judge James H. Payne: denying 234 Government's Unopposed Motion to Permit Inspection of the Expanded Record; striking 233 Order Setting Hearing, including Evidentiary Hearing set for 6/2/2016 at 9:30 AM and all other deadlines set in said order (cjt, Deputy Clerk) (Entered: 12/17/2015) |
| 01/11/2016 | 238 | | NOTICE OF EXTENSION OF TIME TO FILE PETITION FOR CERTIORARI by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/11/2016) |
| 02/16/2016 | 239 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari deadline for filing has been extended to 3/14/2016 (U.S. Supreme Court Case Number: 15A644) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 02/17/2016) |
| 03/16/2016 | 240 | | NOTICE OF FILING OF PETITION FOR CERTIORARI by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/16/2016) |
| 03/17/2016 | 241 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been filed on 3/14/2016 (U.S. Supreme Court Case Number: 15–8565) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 03/17/2016) |
| 06/24/2016 | 242 | | ORDER from the Tenth Circuit, re: motion for authorization to file second or successive 2255 (dma, Deputy Clerk) (Entered: 06/24/2016) |
| 10/03/2016 | 243 | | |

| | | | |
|---|---|---|---|
| | | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been denied (U.S. Supreme Court Case Number: 15–8565) (Re: 222 Notice of Appeal – Final Judgment) (cjt, Deputy Clerk) (Entered: 10/03/2016) |
| 11/07/2016 | 244 | | ORDER from Circuit Court: denying authorization to file the proposed second Sec. 2255 motion (Re: 242 Order) (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/07/2016 | 245 | | ORDER from Circuit Court: denying authorization to file proposed second Sec. 2255 motion (Re: 242 Order, 244 USCA Order) (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/07/2016 | 246 | | ORDER by District Judge James H. Payne: Evidentiary Hearing set for 2/16/2017 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 11/10/2016 | 247 | | Unopposed MOTION to Extend Scheduling Order Dates by Kenneth Eugene Barrett Responses due by 11/24/2016(Fisher, Joan) (Entered: 11/10/2016) |
| 11/15/2016 | 248 | | ORDER by District Judge James H. Payne: denying 247 Petitioner's Unopposed Motion to Modify Scheduling Order (cjt, Deputy Clerk) (Entered: 11/15/2016) |
| 11/18/2016 | 249 | | MOTION for Discovery *Leave to Conduct Civil Discovery* by Kenneth Eugene Barrett Responses due by 12/2/2016(Fisher, Joan) (Entered: 11/18/2016) |
| 11/18/2016 | 250 | | MOTION for Discovery *of Counsel's File* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 251 | | MOTION for Discovery *(Deposition of Experts)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 252 | | MOTION for Discovery *(Interrogatories)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 253 | | MOTION for Psychiatric Evaluation of Defendant by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) Modified on 11/22/2016 to edit event and text (dma, Deputy Clerk). (Entered: 11/18/2016) |
| 11/18/2016 | 254 | | MOTION for Discovery *(Subpoena Duces Tecum – Third Parties)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 255 | | MOTION for Discovery *(Subpoena Duces Tecum – Petitioner)* by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 256 | | MOTION to Unseal Document(s) (Report of Dr. Randall Price) (Re: 67 Order) by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
| 11/18/2016 | 257 | | MOTION to Unseal Document(s) (Re: 24 Sealed Document, 12 Sealed Document, 16 Sealed Document, 21 Sealed Document, 143 Exhibit(s) in Support of Document(s), 14 Sealed Document, 9 Sealed Document, 20 Sealed Document, 22 Sealed Document, 11 Sealed Document, 19 Sealed Document, 145 Exhibit(s) in Support of Document(s), 8 Sealed Document, 13 Sealed |

| | | Document, 17 Sealed Document, 15 Sealed Document, 27 Sealed Document, 42 Sealed Document, 25 Sealed Document, 26 Sealed Document, 18 Sealed Document, 142 Exhibit(s) in Support of Document(s), 141 Exhibit(s) in Support of Document(s), 28 Sealed Document, 43 Sealed Document, 23 Sealed Document, 10 Sealed Document ) by USA (With attachments) Responses due by 12/2/2016(Wilson, Christopher) (Entered: 11/18/2016) |
|---|---|---|
| 11/23/2016 | 258 | RESPONSE to Motion (Re: 250 MOTION for Discovery *of Counsel's File* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 259 | RESPONSE to Motion (Re: 251 MOTION for Discovery *(Deposition of Experts)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 260 | RESPONSE to Motion (Re: 252 MOTION for Discovery *(Interrogatories)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 261 | RESPONSE to Motion (Re: 254 MOTION for Discovery *(Subpoena Duces Tecum – Third Parties)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 262 | RESPONSE to Motion (Re: 255 MOTION for Discovery *(Subpoena Duces Tecum – Petitioner)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 263 | RESPONSE to Motion (Re: 256 MOTION to Unseal Document(s) *(Report of Dr. Randall Price)* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 264 | RESPONSE to Motion (Re: 257 MOTION to Unseal Document(s) ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/23/2016 | 265 | RESPONSE to Motion (Re: 253 MOTION ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 11/23/2016) |
| 11/25/2016 | 266 | RESPONSE to Motion (Re: 249 MOTION for Discovery *Leave to Conduct Civil Discovery* ) by USA ;(Kahan, Jeffrey) (Entered: 11/25/2016) |
| 11/28/2016 | 267 | MINUTE ORDER by District Judge James H. Payne: The Court hereby strikes the Evidentiary Hearing set herein on 2/16/2017 at 9:00 AM. The Court will set a new Evidentiary Hearing date as soon as all pending motions have been ruled upon. (cjt, Deputy Clerk) (Entered: 11/28/2016) |
| 11/29/2016 | 268 | LETTER from Circuit Court with enclosed pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, both filed in CR–04–115–JHP (Re: 222 Notice of Appeal – Final Judgment, 227 RECORD on Appeal Sent to Circuit Court) ***STORED IN CLERK'S OFFICE 2ND FLOOR VAULT*** (cjt, Deputy Clerk) Modified on 5/10/2019 to reflect #237 and #265, with original pleadings, VIDEOTAPE AND DISK, both filed in CR–04–115–RAW, returned to Tenth Circuit (See 485 Letter to Circuit Court) (cjt, Deputy Clerk). (Entered: 11/29/2016) |
| 12/06/2016 | 269 | ORDER re: DISCOVERY by District Judge James H. Payne: denying 249 Petitioner's Motion to Conduct Discovery; granting 250 Government's Motion to Secure Trial Counsel's Files; denying in part and granting in part 251 Government's Motion to Obtain Discovery from Defense Experts; denying 252 |

| | | | |
|---|---|---|---|
| | | | Government's Motion to Propound Interrogatories; granting 253 Government's Motion for Psychiatric Evaluation of Defendant; denying 254 Government's Motion to Serve Discovery on Third Parties; denying 255 Government's Motion to Serve Subpoenas Duces Tecum; granting 256 Government's Unopposed Motion to Permit Inspection of Expanded Record; denying in part and granting in part 257 Government's Unopposed Motion to Unseal Documents (cjt, Deputy Clerk) (Entered: 12/06/2016) |
| 12/06/2016 | 270 | | SCHEDULING ORDER by District Judge James H. Payne: Evidentiary Hearing set for 3/13/2017 at 09:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 12/06/2016) |
| 12/12/2016 | 271 | | MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT by Kenneth Eugene Barrett Responses due by 12/26/2016(Fisher, Joan) (Entered: 12/12/2016) |
| 12/13/2016 | 272 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 12/15/2016 (Re: 271 Petitioner's MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT) (cjt, Deputy Clerk) (Entered: 12/13/2016) |
| 12/13/2016 | 273 | | Unopposed MOTION to Continue Hearing(s) by USA (With attachments) Responses due by 12/27/2016(Kahan, Jeffrey) (Entered: 12/13/2016) |
| 12/14/2016 | 274 | | ORDER by District Judge James H. Payne: denying 273 Motion for Continuance of Evidentiary Hearing (cjt, Deputy Clerk) (Entered: 12/14/2016) |
| 12/15/2016 | 275 | | RESPONSE in Opposition to Motion (Re: 271 MOTION FOR ORDER OF ACCESS TO PETITIONER BY MENTAL HEALTH EXPERT ) by USA ; (With attachments)(Kahan, Jeffrey) (Entered: 12/15/2016) |
| 12/15/2016 | 276 | | ORDER by District Judge James H. Payne: denying 271 Petitioner's Motion for Order of Access to Petitioner by Mental Health Expert (cjt, Deputy Clerk) (Entered: 12/15/2016) |
| 12/19/2016 | 277 | | MOTION for Reconsideration *For Order of Access to Petitioner by Mental Health Expert* (Re: 276 Ruling on Motion for Miscellaneous Relief ) by Kenneth Eugene Barrett Responses due by 1/3/2017(Fisher, Joan) (Entered: 12/19/2016) |
| 12/20/2016 | 278 | | RESPONSE in Opposition to Motion (Re: 277 MOTION for Reconsideration *For Order of Access to Petitioner by Mental Health Expert* ) by USA ;(Kahan, Jeffrey) (Entered: 12/20/2016) |
| 12/21/2016 | 279 | | ORDER by District Judge James H. Payne: denying 277 Petitioner's Motion to Reconsider Expedited Motion for Order of Access to Petitioner by Mental Health Expert (Re: 271 MOTION, 276 Order) (cjt, Deputy Clerk) (Entered: 12/21/2016) |
| 01/03/2017 | 280 | | NOTICE of Petitioner's Written Summaries of Anticipated Testimony of Experts (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 01/03/2017) |
| 01/03/2017 | 281 | | MOTION for Reconsideration *of the Court's Order Denying The Government's Unopposed Motion for Reconsideration* (Re: 274 Ruling on |

| | | | |
|---|---|---|---|
| | | | Motion to Continue Hearing(s) ) by Kenneth Eugene Barrett Responses due by 1/17/2017(Fisher, Joan) (Entered: 01/03/2017) |
| 01/03/2017 | 282 | | Unopposed MOTION Order to Transport Petitioner to Personally Attend Evidentiary Hearing (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett Responses due by 1/17/2017(Fisher, Joan) (Entered: 01/03/2017) |
| 01/11/2017 | 283 | | ORDER by District Judge James H. Payne: granting in part 281 Petitioner's Motion for Reconsideration; Evidentiary Hearing as to Roger Hilfiger's testimony ONLY is RESET from 3/31/2017 to 3/30/2017 at 09:00 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne (Re: 274 Order) (cjt, Deputy Clerk) (Entered: 01/11/2017) |
| 01/11/2017 | 284 | | MINUTE ORDER by District Judge James H. Payne: granting 282 Petitioner's Unopposed Motion to Transport Petitioner to Evidentiary Hearing. Government is directed to secure Petitioner's presence at said hearing commencing on 3/13/2017 at 9:30 AM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, OK. (cjt, Deputy Clerk) (Entered: 01/11/2017) |
| 01/11/2017 | 285 | | Opposed MOTION FOR ORDER OF ACCESS TO PETITIONER BY GEORGE WOODS, M.D. by Kenneth Eugene Barrett Responses due by 1/25/2017(Fisher, Joan) (Entered: 01/11/2017) |
| 01/12/2017 | 286 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 1/13/2017 (Re: 285 Petitioner's Opposed MOTION FOR ACCESS TO PETITIONER BY GEORGE WOODS, M.D.). (cjt, Deputy Clerk) (Entered: 01/12/2017) |
| 01/13/2017 | 287 | | RESPONSE in Opposition to Motion (Re: 285 Opposed MOTION FOR ORDER OF ACCESS TO PETITIONER BY GEORGE WOODS, M.D. ) by USA ;(Kahan, Jeffrey) (Entered: 01/13/2017) |
| 01/18/2017 | 288 | | ORDER by District Judge James H. Payne: granting 285 Petitioner's Motion for Access to Petitioner by George Woods, M.D. (cjt, Deputy Clerk) (Entered: 01/18/2017) |
| 01/30/2017 | 289 | | MOTION to Exclude Proposed Witnesses by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 01/30/2017) |
| 02/01/2017 | 290 | | MOTION to Exclude a Proposed Witness by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 02/01/2017) |
| 02/01/2017 | 291 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 289 MOTION to Exclude Proposed Witnesses, 290 MOTION to Exclude a Proposed Witness) (cjt, Deputy Clerk) (Entered: 02/01/2017) |
| 02/01/2017 | 292 | | MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone by USA (With attachments) Responses due by 2/8/2017(Kahan, Jeffrey) (Entered: 02/01/2017) |
| 02/01/2017 | 293 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone) (cjt, Deputy Clerk) (Entered: 02/01/2017) |
| 02/01/2017 | 294 | | Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 295 | | MOTION in Limine *to Preclude Post–Hoc Rationalizations, and Supporting Brief* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 296 | | MOTION to Extend Scheduling Order Dates *for Motion in Limine Regarding Dr. Steven Pitt* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 297 | | Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* by Kenneth Eugene Barrett Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 298 | | Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* (Re: 269 Ruling on Motion for Discovery, Ruling on Motion for Miscellaneous Relief, Ruling on Motion to Unseal Document(s) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 299 | | MOTION to Expand the Record with Exhibits 206 through 220 by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 300 | | MOTION for Order Barring Witness Collusion and Brief in Support by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 301 | | MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing (Re: 270 Scheduling Order, Setting/Resetting Hearing(s) ) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 302 | | MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* (Re: 269 Ruling on Motion for Discovery, Ruling on Motion for Miscellaneous Relief, Ruling on Motion to Unseal Document(s)) by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 303 | | MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 304 | | MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* by Kenneth Eugene Barrett; Responses due by 2/8/2017(Fisher, Joan) (Entered: 02/01/2017) |
| 02/01/2017 | 305 | | |

28

| | | | |
|---|---|---|---|
| | | | MOTION in Limine *to Exclude Testimony by Randall Price* by Kenneth Eugene Barrett (With attachments); Responses due by 2/8/2017(Schardl, Tivon) (Entered: 02/01/2017) |
| 02/03/2017 | 306 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited deadlines as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court*, 296 MOTION for Additional Time to File *Motion in Limine Regarding Dr. Steven Pitt*, 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony*, 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails*, 299 MOTION to Expand the Record, 300 MOTION for Order Barring Witness Collusion, 301 MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing, 302 MOTION for Reconsideration of Order Denying Deposition of Roger Hilfiger) (cjt, Deputy Clerk) (Entered: 02/03/2017) |
| 02/03/2017 | 307 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Scheduling Order entered on 12/6/2016, the deadlines are as follows: Responses due by 2/8/2017, Replies due by 2/15/2017. (Re: 295 MOTION in Limine *to Preclude Post−Hoc Rationalizations*, 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony*, 305 MOTION in Limine *to Exclude Testimony by Randall Price*) (cjt, Deputy Clerk) (Entered: 02/03/2017) |
| 02/08/2017 | 308 | | Unopposed MOTION to Seal Document *Response to Docket Entry 305* by USA (With attachments) Responses due by 2/22/2017(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 309 | | RESPONSE in Opposition to Motion (Re: 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 310 | | RESPONSE in Opposition to Motion (Re: 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 311 | | RESPONSE in Opposition to Motion (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 312 | | RESPONSE in Opposition to Motion (Re: 301 MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing ) by USA ; (With attachments)(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 313 | | RESPONSE in Opposition to Motion (Re: 304 MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* ) by USA ;(Kahan, Jeffrey) (Entered: 02/08/2017) |
| 02/08/2017 | 314 | | RESPONSE in Opposition to Motion (Re: 295 MOTION in Limine *to Preclude Post−Hoc Rationalizations, and Supporting Brief* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 315 | | RESPONSE to Motion (Re: 296 MOTION to Extend Scheduling Order Dates *for Motion in Limine Regarding Dr. Steven Pitt* ) by USA ;(Wilson, |

| | | | |
|---|---|---|---|
| | | | Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 316 | | MINUTE ORDER by District Judge James H. Payne: granting 308 Government's Unopposed Motion to Seal Response in Opposition to Motion (Re: 305 MOTION in Limine *to Exclude Testimony by Randall Price*). (cjt, Deputy Clerk) (Entered: 02/08/2017) |
| 02/08/2017 | 317 | | RESPONSE to Motion (Re: 299 MOTION to Expand the Record with Exhibits 206 through 220 ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 318 | | RESPONSE in Opposition to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 319 | | RESPONSE in Opposition to Motion (Re: 302 MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 320 | | RESPONSE in Opposition to Motion (Re: 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* ) by USA ;(Wilson, Christopher) (Entered: 02/08/2017) |
| 02/08/2017 | 321 | | SEALED RESPONSE in Opposition to Motion (Re: 305 MOTION in Limine to Exclude Testimony by Randall Price) by USA (cjt, Deputy Clerk) (Entered: 02/08/2017) |
| 02/08/2017 | 322 | | RESPONSE in Opposition to Motion (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/08/2017) |
| 02/08/2017 | 323 | | RESPONSE in Opposition to Motion (Re: 289 MOTION to Exclude Proposed Witnesses ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/08/2017) |
| 02/15/2017 | 324 | | REPLY to Response to Motion (Re: 298 Opposed MOTION for Reconsideration *Order Denying Discovery of Trial Counsels' Emails, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 325 | | REPLY to Response to Motion (Re: 294 Opposed MOTION for Recusal *and to Disqualify the Court, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 326 | | REPLY to Response to Motion (Re: 301 MOTION to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 327 | | REPLY to Response to Motion (Re: 304 MOTION in Limine *to Exclude Novel Theories of Aggravation, and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 328 | | REPLY to Response to Motion (Re: 295 MOTION in Limine *to Preclude Post−Hoc Rationalizations, and Supporting Brief* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 329 | | REPLY to Response to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by Kenneth Eugene Barrett ;(Fisher, Joan) |

| | | | |
|---|---|---|---|
| | | | (Entered: 02/15/2017) |
| 02/15/2017 | 330 | | REPLY to Response to Motion (Re: 300 MOTION for Order Barring Witness Collusion and Brief in Support ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 331 | | REPLY to Response to Motion (Re: 302 MOTION for Reconsideration *of Order Denying Deposition of Roger Hilfiger* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 332 | | REPLY to Response to Motion (Re: 303 MOTION in Limine *to Rely Upon Declarations for Direct Examination Testimony and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 333 | | REPLY to Response to Motion (Re: 305 MOTION in Limine *to Exclude Testimony by Randall Price* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 334 | | REPLY to Response to Motion (Re: 297 Opposed MOTION for Production *of 18 U.S.C. 3500 Materials Concerning Trial Counsel Testimony and Brief in Support* ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 02/15/2017) |
| 02/15/2017 | 335 | | REPLY to Response to Motion (Re: 292 MOTION to Exclude Evidence of Unavailable Witnesses by Declaration Alone ) by USA ;(Kahan, Jeffrey) (Entered: 02/15/2017) |
| 02/15/2017 | 336 | | REPLY to Response to Motion (Re: 289 MOTION to Exclude Proposed Witnesses , 290 MOTION to Exclude a Proposed Witness ) by USA ;(Kahan, Jeffrey) (Entered: 02/15/2017) |
| 02/16/2017 | 337 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's Motion to Extend Scheduling Order Dates for Motion in Limine regarding Dr. Steven Pitt (Dkt # 296 ) is granted as follows: Expert reports shall be exchanged by 12:00 p.m. Central Standard Time on 3/3/2017. Motions in Limine regarding Dr. Steven Pitt, D.O. and/or Dr. George Woods, M.D. shall be filed by close of business on 3/8/2017. Responses shall be filed by noon on 3/10/2017. (cjt, Deputy Clerk) (Entered: 02/16/2017) |
| 02/16/2017 | 338 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by USA (Kahan, Jeffrey) (Entered: 02/16/2017) |
| 02/16/2017 | 339 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 02/16/2017) |
| 02/16/2017 | 340 | | STIPULATION *Joint Pre−Hearing Statement* by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 02/16/2017) |
| 02/21/2017 | 341 | | MOTION to Extend Scheduling Order Dates by Kenneth Eugene Barrett (With attachments) Responses due by 3/7/2017(Fisher, Joan) (Entered: 02/21/2017) |
| 02/22/2017 | 342 | | Unopposed MOTION to Seal Document *Motion for Partial Summary Judgment* by USA (With attachments) Responses due by 3/8/2017(Kahan, Jeffrey) (Entered: 02/22/2017) |
| 02/23/2017 | 343 | | MINUTE ORDER by District Judge James H. Payne: granting 342 Government's Unopposed Motion to File Sealed Motion for Partial Summary |

| | | | |
|---|---|---|---|
| | | | Judgment. (cjt, Deputy Clerk) (Entered: 02/23/2017) |
| 02/23/2017 | 344 | | Unopposed MOTION to Amend *Joint Statement* (Re: 340 Stipulation ) by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 345 | | Unopposed MOTION Permit Use of Computers in the Courthouse During Hearing by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 346 | | Unopposed MOTION for Authorization to Serve Subpoenas Without Tendering Fees and Mileage by Kenneth Eugene Barrett Responses due by 3/9/2017(Schardl, Tivon) (Entered: 02/23/2017) |
| 02/23/2017 | 347 | | SEALED MOTION for Partial Summary Judgment by USA (With attachments); Responses due by 3/9/2017 (cjt, Deputy Clerk) (Entered: 02/23/2017) |
| 02/23/2017 | 348 | | MINUTE ORDER by District Judge James H. Payne: Petitioner is directed to file an expedited response to Government's SEALED MOTION for Partial Summary Judgment (Re: 347 SEALED MOTION). Said Response is due by Close of Business on 2/27/2017 (dma, Deputy Clerk) (Entered: 02/23/2017) |
| 02/24/2017 | 349 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's 294 Motion to Recuse and Disqualify, pursuant to 28 U.S.C. Section 455, is denied for reasons previously set out in 66 Order filed herein on 9/11/2009. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 350 | | MINUTE ORDER by District Judge James H. Payne: granting 290 Government's Motion to Exclude a Proposed Witness. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 351 | | ORDER by District Judge James H. Payne: granting 292 Government's Motion to Exclude Evidence of Unavailable Witnesses by Declaration Alone (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 352 | | MINUTE ORDER by District Judge James H. Payne: denying 295 Petitioner's Motion in Limine to Preclude Post–Hoc Rationalizations. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 353 | | MINUTE ORDER by District Judge James H. Payne: denying 297 Petitioner's Motion for Production of 18 U.S.C. § 3500 Materials Concerning Trial Counsel Testimony. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 354 | | MINUTE ORDER by District Judge James H. Payne: denying 298 Petitioner's Motion for Reconsideration of Order denying Discovery of Trial Counsel's Emails. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 355 | | MINUTE ORDER by District Judge James H. Payne: denying 299 Motion to Expand the Record with Exhibits 206 through 220 as these documents are already part of the court records in this case. See, Dkt. # 178 . If counsel desires the Court to consider these or any other documents contained within the court record, the documents must be introduced and properly admitted at the evidentiary hearing in accordance with the Federal Rules of Evidence, Rule 1101(e). (cjt, Deputy Clerk) (Entered: 02/24/2017) |

| 02/24/2017 | 356 | | MINUTE ORDER by District Judge James H. Payne: denying 300 Petitioner's Motion for Order Barring Witness Collusion. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| --- | --- | --- | --- |
| 02/24/2017 | 357 | | MINUTE ORDER by District Judge James H. Payne: 301 Petitioner's Motion to Relieve Parties of Obligation to Submit Findings of Fact and Conclusions of Law in Advance of Hearing is moot. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 358 | | MINUTE ORDER by District Judge James H. Payne: denying 302 Petitioner's Motion for Reconsideration of Order denying the deposition of Roger Hilfiger (Dkt. # 302 ) as the Court has previously indicated it prefers to hear live testimony of counsel, see Dkt. # 246 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 359 | | MINUTE ORDER by District Judge James H. Payne: denying 303 Petitioner's Motion in Limine to Rely upon Declarations for Direct Examination Testimony. While declarations may be admissible, Petitioner will be required to seek permission to admit each declaration at the evidentiary hearing scheduled herein and the Government will be granted an opportunity to object to such admission pursuant to the Federal Rules of Evidence. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 360 | | ORDER by District Judge James H. Payne: denying 304 Petitioner's Motion in Limine to Exclude Novel Theories of Aggravation; denying 305 Petitioner's Motion in Limine to Exclude Testimony from J. Randall Price (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 361 | | ORDER by District Judge James H. Payne: granting in part 289 Government's Motion to Exclude Proposed Witnesses; Amended Joint Pre–Hearing Statement due by close of business on 3/3/2017 (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 362 | | MINUTE ORDER by District Judge James H. Payne: denying 341 Petitioner's Unopposed Motion for Extension of Time to File Expert Report. See, Dkt. # 361 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 363 | | MINUTE ORDER by District Judge James H. Payne: denying as moot 344 Petitioner's Unopposed Motion to Amend Joint Statement. See, Dkt. # 361 . (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/24/2017 | 364 | | MINUTE ORDER by District Judge James H. Payne: granting 345 Petitioner's Unopposed Motion for Authorization to Use Computers in the Courthouse during Evidentiary Hearing. (cjt, Deputy Clerk) (Entered: 02/24/2017) |
| 02/27/2017 | 365 | | MINUTE ORDER by District Judge James H. Payne: granting in part 346 Petitioner's Unopposed Motion for Authorization to Serve Subpoenas Without Tendering Fees and Mileage. Pursuant to 28 U.S.C. § 1825(b) and (c), the court finds witness fees for lay witnesses whose testimony has not been excluded by previous order of the court shall be paid by the United States Marshal as provided by statute. (cjt, Deputy Clerk) (Entered: 02/27/2017) |
| 02/27/2017 | 366 | | RESPONSE in Opposition to Motion (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 02/27/2017) |
| 02/28/2017 | 367 | | |

33

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: Directing expedited reply by close of business on 3/1/2017 (Re: 347 SEALED MOTION for Partial Summary Judgment). (cjt, Deputy Clerk) (Entered: 02/28/2017) |
| 02/28/2017 | 368 | | MOTION to Exclude Witnesses by USA; Responses due by 3/14/2017(Wilson, Christopher) (Entered: 02/28/2017) |
| 02/28/2017 | 369 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 12:00 PM Central Standard Time on 3/2/2017 (Re: 368 Opposed MOTION to Exclude Witnesses). (cjt, Deputy Clerk) (Entered: 02/28/2017) |
| 03/01/2017 | 370 | | Unopposed MOTION to Seal Document *Reply in Support of Motion for Partial Summary Judgment* by USA Responses due by 3/15/2017(Kahan, Jeffrey) (Entered: 03/01/2017) |
| 03/01/2017 | 371 | | MINUTE ORDER by District Judge James H. Payne: granting 370 Government's Unopposed Motion to File Sealed Reply (Re: 347 SEALED MOTION for Partial Summary Judgment). (cjt, Deputy Clerk) (Entered: 03/01/2017) |
| 03/01/2017 | 372 | | SEALED REPLY (Re: 347 SEALED MOTION for Partial Summary Judgment) by USA (cjt, Deputy Clerk) (Entered: 03/01/2017) |
| 03/02/2017 | 373 | | RESPONSE in Opposition to Motion (Re: 368 Opposed MOTION to Exclude Witnesses ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 03/02/2017) |
| 03/02/2017 | 374 | | MOTION to Supplement *Response in Opposition to Government Motion for Partial Summary Judgment* (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett (With attachments) Responses due by 3/16/2017(Schardl, Tivon) (Entered: 03/02/2017) |
| 03/02/2017 | 375 | | MINUTE ORDER by District Judge James H. Payne: The Court hereby directs Petitioner to file a Sur–Reply to 347 Government's SEALED MOTION for Partial Summary Judgment by close of business on Monday, 3/6/2017. Said Sur–Reply shall specifically address whether or not Petitioner contests the 38 facts contained within the Government's Reply. (cjt, Deputy Clerk) (Entered: 03/02/2017) |
| 03/03/2017 | 376 | | EXPERT WITNESS REPORT *Proffered for Excluded Witnesses* by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/03/2017) |
| 03/03/2017 | 377 | | NOTICE of Exchange of Rule 26 Disclosures of George W. Woods, Jr. M.D. (Re: 337 Ruling on Motion to Extend Scheduling Order Dates) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/03/2017) |
| 03/03/2017 | 378 | | ORDER by District Judge James H. Payne: Bifurcating 3/13/2017 evidentiary hearing (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 379 | | MINUTE ORDER by District Judge James H. Payne: Counsel for Petitioner is directed to provide forthwith for use by the Court a bound manual copy of the pleading and/or exhibits as filed. Said manual copies shall be EXACT duplicates of the pleading and/or exhibits AFTER said pleading was filed with the Court, including the case and docket number information at the top of each page. Do not reorganize the document or insert other separately docketed items. If copies of sealed items are hereby ordered by the Court, then said copies shall be a separate and complete submission. (Re: 376 Petitioner's |

34

| | | | |
|---|---|---|---|
| | | | Proffer of Expert Testimony) (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 380 | | RESPONSE in Opposition to Motion (Re: 374 Opposed MOTION to Supplement *Response in Opposition to Government Motion for Partial Summary Judgment* ) by USA ;(Kahan, Jeffrey) (Entered: 03/03/2017) |
| 03/03/2017 | 381 | | MINUTE ORDER by District Judge James H. Payne: denying 374 Petitioner's Motion to Supplement Response in Opposition to Government Motion for Partial Summary Judgment. (cjt, Deputy Clerk) (Entered: 03/03/2017) |
| 03/03/2017 | 382 | | REPLY to Response to Motion (Re: 368 Opposed MOTION to Exclude Witnesses ) by USA ;(Kahan, Jeffrey) (Entered: 03/03/2017) |
| 03/03/2017 | 383 | | AMENDED Joint Pre–Hearing Statement (Re: 361 Ruling on Motion to Exclude) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/03/2017) |
| 03/06/2017 | 384 | | SURREPLY to Motion (Re: 347 SEALED MOTION ) by Kenneth Eugene Barrett ; (With attachments)(Schardl, Tivon) (Entered: 03/06/2017) |
| 03/06/2017 | 385 | | Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider, and MOTION to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies (Re: 378 Order) by Kenneth Eugene Barrett; Responses due by 3/20/2017(Fisher, Joan). Added MOTION to Stay and edited text on 3/7/2017 (cjt, Deputy Clerk). (Entered: 03/06/2017) |
| 03/07/2017 | 386 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 12:00 PM on 3/8/2017 (Re: 385 Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider, and Motion to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies). (cjt, Deputy Clerk) (Entered: 03/07/2017) |
| 03/07/2017 | 387 | | Second Amended Joint Pre–Hearing Statement (Re: 383 Stipulation) by USA (Wilson, Christopher) (Entered: 03/07/2017) |
| 03/07/2017 | 388 | | RESPONSE in Opposition to Motion (Re: 385 Objection to Court's Order Bifurcating the Hearing, MOTION to Reconsider and MOTION to Stay Evidentiary Hearing in Order to Pursue Appellate Remedies ) by USA ;(Kahan, Jeffrey) (Entered: 03/07/2017) |
| 03/08/2017 | 389 | | MINUTE ORDER by District Judge James H. Payne: granting 368 Government's Second Motion to Exclude Proposed Witnesses. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
| 03/08/2017 | 390 | | MINUTE ORDER by District Judge James H. Payne: In light of the stipulation of the parties submitted on 3/7/2016, 347 Government's Motion for Partial Summary Judgment is moot. After the submission of testimony herein, the government can reurge its motion if the facts are different than what the parties anticipated at the time of the filing of their proposed findings of fact filed on 2/16/2017. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
| 03/08/2017 | 391 | | MINUTE ORDER by District Judge James H. Payne: After consideration of 385 Petitioner's Motion to Reconsider, the motion is granted and this Court will allow the parties to submit all of their evidence in one evidentiary hearing subject to the Federal Rules of Evidence. Pursuant to 28 U.S.C. Section 636(b)(1)(B), the evidentiary hearing is referred to Magistrate Judge Steven P. Shreder for Findings and Recommendation. The evidentiary hearing is |

|  |  |  | continued to 3/27/2017 at 9:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (cjt, Deputy Clerk) (Entered: 03/08/2017) |
|---|---|---|---|
| 03/10/2017 | 392 |  | Unopposed MOTION to Continue Hearing(s) *in Part* by USA Responses due by 3/24/2017(Wilson, Christopher) (Entered: 03/10/2017) |
| 03/10/2017 | 393 |  | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Government's Motion for Partial Continuance of Evidentiary Hearing (Dkt. Entry No. 392 ) is hereby GRANTED. The evidentiary hearing scheduled on March 27, 2017 will proceed as scheduled. The Court will, however, hear testimony from the government's experts (Dr. Randall Price and Dr. Steven Pitt), beginning on June 12, 2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder.(ndd, Deputy Clerk) (Entered: 03/10/2017) |
| 03/14/2017 | 394 |  | NOTICE of Availability of Ruth Harris to Testify (Re: 387 Stipulation ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 03/14/2017) |
| 03/21/2017 | 395 |  | Unopposed MOTION to Unseal 10/20/05 Budgetary Hearing Transcript (Re: 67 Order) by Kenneth Eugene Barrett; Responses due by 4/4/2017(Fisher, Joan) (Entered: 03/21/2017) |
| 03/21/2017 | 396 |  | MINUTE ORDER by District Judge James H. Payne: Petitioner is requesting the court enter an order unsealing the transcript of the "second sealed" hearing on budgetary matters; however, no such transcript was ever filed with the court and, therefore, there is nothing for the court to unseal. Accordingly, 395 Petitioner's Unopposed Motion to Unseal Transcript of 10/20/2005 Hearing is denied. (cjt, Deputy Clerk) (Entered: 03/21/2017) |
| 03/24/2017 | 397 |  | NOTICE of Appearance by Kenneth Eugene Barrett [NOTE: Attorney Karl J. Saddlemire added to party Kenneth Eugene Barrett(pty:pet)]. (Saddlemire, Karl) (Entered: 03/24/2017) |
| 03/27/2017 | 398 |  | NOTICE of Presentation of Additional Exhibits 96–101 by Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/27/2017) |
| 03/27/2017 | 399 |  | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing held on 3/27/2017. (Court Reporter: Ken Sidwell) (ndd, Deputy Clerk) (Main Document 399 replaced on 4/20/2017 to reflect Rule of Sequestration invoked 3/27/17. NEF regenerated) (ndd, Deputy Clerk). (Entered: 03/27/2017) |
| 03/27/2017 | 400 |  | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/28/2017 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 03/27/2017) |
| 03/28/2017 | 401 |  | MOTION to Compel *Compliance with Discovery Order* by USA (With attachments) Responses due by 4/11/2017(Kahan, Jeffrey). (Attachments 1–8 and 10 replaced with redacted versions on 4/6/2017 per Docket Entry No. 415; NEF regenerated) (ndd, Deputy Clerk). (Entered: 03/28/2017) |
| 03/28/2017 | 402 |  | MINUTE ORDER by District Judge James H. Payne: Pursuant to 28 U.S.C. Section 636(b)(1), the following motion is referred for disposition to Magistrate Judge Steven P. Shreder: 401 USA's MOTION to Compel |

| | | | |
|---|---|---|---|
| | | | *Compliance with Discovery Order.* (cjt, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 403 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day two) held on 3/28/2017. (Court Reporter: Ken Sidwell) (ndd, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 404 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/29/2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder.(ndd, Deputy Clerk) (Entered: 03/28/2017) |
| 03/28/2017 | 405 | | STIPULATION OF FACT. (tls, Deputy Clerk) (Entered: 03/29/2017) |
| 03/28/2017 | 406 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 401 MOTION to Compel Compliance with Discovery Order by USA. Accordingly, any documents currently in custody of Petitioner's counsel, which have not already been produced, shall be provided to the Government forthwith. All non–privileged documents acquired from attorney Jack Gordon relating to Kenneth Eugene Barrett shall be produced no later than 4/21/2017, along with a detailed privilege log pursuant to LCvR 26.2. (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 407 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day three) held on 3/29/2017. (Court Reporter: Karla McWhorter) (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 408 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder setting continuation of Evidentiary Hearing for 3/30/2017 at 10:30 a.m in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 03/29/2017) |
| 03/29/2017 | 409 | | NOTICE of Filing Proffer of Testimony from Richard H. Burr by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/29/2017) |
| 03/30/2017 | 410 | | MINUTES of Proceedings held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day four) held on 3/30/2017. (Court Reporter: Karla McWhorter) (tls, Deputy Clerk) (Entered: 03/30/2017) |
| 04/05/2017 | 411 | | Unopposed MOTION to Seal Document *401, Exhibits 1–8 & 10* by USA Responses due by 4/19/2017(Kahan, Jeffrey) (Entered: 04/05/2017) |
| 04/05/2017 | 412 | | Unopposed MOTION for Leave to File Redacted Substitute Exhibits to Doc. 401 *Exhibits 1 to 8 & 10* by USA (With attachments) Responses due by 4/19/2017(Kahan, Jeffrey) (Entered: 04/05/2017) |
| 04/06/2017 | 413 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 411 Unopposed MOTION to Seal Document 401 , Exhibits 1–8 & 10 by USA. (ndd, Deputy Clerk) (Entered: 04/06/2017) |
| 04/06/2017 | 414 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder continuing Evidentiary Hearing on 6/12/17 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder (dma, Deputy Clerk) (Entered: 04/06/2017) |
| 04/06/2017 | 415 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 412 Unopposed MOTION for Leave to File Substitute Exhibits by USA. |

| | | | Accordingly, Exhibits 1 to 8 & 10 of Docket Entry No. 401 are hereby ordered replaced with redacted versions. (ndd, Deputy Clerk) (Entered: 04/06/2017) |
|---|---|---|---|
| 04/19/2017 | 416 | | Unopposed MOTION to Exclude Expert Witnesses from Court's Order of Sequestration by USA Responses due by 5/3/2017(Wilson, Christopher) (Entered: 04/19/2017) |
| 04/20/2017 | 417 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to 28 U.S.C. Section 636(b)(1), the following motion is referred for disposition to Magistrate Judge Steven P. Shreder: 416 Unopposed MOTION to Exclude Expert Witnesses from Court's Order of Sequestration. (cjt, Deputy Clerk) (Entered: 04/20/2017) |
| 04/20/2017 | 418 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder GRANTING 416 Unopposed Motion to Exclude Expert Witnesses from Court's Order of Sequestration by USA. (ndd, Deputy Clerk) (Entered: 04/20/2017) |
| 04/21/2017 | 419 | | NOTICE of Petitioner's Privilege Log (Re: 406 Ruling on Motion to Compel,, ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 04/21/2017) |
| 05/02/2017 | 420 | | NOTICE of Petitioner's Fourth Proffer of Testimony by Kenneth Eugene Barrett (With attachments)(Fisher, Joan) (Entered: 05/02/2017) |
| 05/03/2017 | 421 | | Unopposed MOTION to Seal Document *Motion for Copy of Videotape* by Kenneth Eugene Barrett (With attachments) Responses due by 5/17/2017(Schardl, Tivon) (Entered: 05/03/2017) |
| 05/04/2017 | 422 | | MINUTE ORDER by District Judge James H. Payne: granting 421 Petitioner's Unopposed Motion to File Motion and Exhibits Under Seal. (cjt, Deputy Clerk) (Entered: 05/04/2017) |
| 05/04/2017 | 423 | | SEALED Unopposed MOTION for a Copy of the Videotaped Evaluation of Petitioner Conducted by Randall Price on October 13 and 14, 2005 (cjt, Deputy Clerk) (Entered: 05/04/2017) |
| 05/05/2017 | 424 | | Unopposed MOTION for Leave to Appear by Video Conference by Kenneth Eugene Barrett Responses due by 5/19/2017(Fisher, Joan) (Entered: 05/05/2017) |
| 05/09/2017 | 425 | | MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation by Kenneth Eugene Barrett Responses due by 5/23/2017(Schardl, Tivon) (Entered: 05/09/2017) |
| 05/09/2017 | 426 | | MINUTE ORDER by District Judge James H. Payne: denying 424 Petitioner's Motion to Attend Evidentiary hearing June 12–14, 2017 with Counsel by Video Conference. (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/09/2017 | 427 | | MINUTE ORDER by District Judge James H. Payne: Petitioner's 423 Motion for a Copy of the Videotaped Evaluation of Petitioner Conducted by Randall Price on October 13 and 14, 2005 is hereby granted. The Court Clerk is directed to make copies of the videotape, attached to Dkt. # 237 in Criminal Case CR–04–115–JHP, and provide a copy of the same to counsel for both parties. (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/09/2017 | 428 | | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by close of business on 5/15/2017 (Re: 425 Petitioner's MOTION to |

| | | |
|---|---|---|
| | | Exclude Testimony of J. Randall Price). (cjt, Deputy Clerk) (Entered: 05/09/2017) |
| 05/10/2017 | 429 | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing held on 3/27/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 1–250). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 399 Minutes of Evidentiary Hearing, ) (kns, Court Reporter) (Entered: 05/10/2017) |
| 05/10/2017 | 430 | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing held on 3/28/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 251–514). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 403 Minutes of Evidentiary Hearing ) (kns, Court Reporter) (Entered: 05/10/2017) |
| 05/11/2017 | 431 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: In light of the Court's denial of Petitioner's 424 Unopposed Motion for Leave to Appear by Video Conference, the Government is directed to secure Petitioner's presence at said Evidentiary Hearing commencing on June 12, 2017 at 9:00 a.m. in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (ndd, Deputy Clerk) (Entered: 05/11/2017) |
| 05/11/2017 | 432 | MOTION to Exclude Witness Steven Pitt by Kenneth Eugene Barrett (With attachments) Responses due by 5/25/2017 (Schardl, Tivon) (Additional attachment(s) added per 434 MINUTE ORDER on 5/12/2017: # 4 Sealed Exhibit A) (cjt, Deputy Clerk). (Entered: 05/11/2017) |
| 05/11/2017 | 433 | Unopposed MOTION to Seal Document *: Exhibit A to Motion to Exclude Witness Steven Pitt* by Kenneth Eugene Barrett (With attachments) Responses due by 5/25/2017(Schardl, Tivon) (Entered: 05/11/2017) |
| 05/12/2017 | 434 | MINUTE ORDER by District Judge James H. Payne: granting 433 Petitioner's Unopposed Motion to File Exhibit Under Seal (Re: 432 MOTION to Exclude Witness Steven Pitt) (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 435 | MINUTE ORDER by District Judge James H. Payne: Directing expedited response by 5/19/2017 (Re: 432 MOTION to Exclude Witness Steven Pitt). (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 436 | RESPONSE in Opposition to Motion (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation ) by USA ;(Wilson, Christopher) (Entered: 05/12/2017) |
| 05/12/2017 | 437 | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: In the event Petitioner chooses to file a Reply, it shall be filed by 5/19/2017. (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation) (cjt, Deputy Clerk) (Entered: 05/12/2017) |
| 05/12/2017 | 438 | | WAIVER of Presence at Evidentiary Hearing (Re: 431 Minute Order, ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 05/12/2017) |
| 05/18/2017 | 439 | | REPLY to Response to Motion (Re: 425 Opposed MOTION to Exclude Testimony of J. Randall Price Due to Discovery Violation ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/18/2017) |
| 05/19/2017 | 440 | | RESPONSE in Opposition to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt ) by USA ;(Kahan, Jeffrey) (Entered: 05/19/2017) |
| 05/19/2017 | 441 | | MINUTE ORDER by District Judge James H. Payne: In the event Petitioner chooses to file a Reply, it shall be filed by 5/26/2017 (Re: 432 MOTION to Exclude Witness Steven Pitt). (cjt, Deputy Clerk) (Entered: 05/19/2017) |
| 05/25/2017 | 442 | | REPLY to Response to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/25/2017) |
| 05/25/2017 | 443 | | Corrected REPLY to Response to Motion (Re: 432 MOTION to Exclude Witness Steven Pitt) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 05/25/2017) |
| 05/30/2017 | 444 | | MINUTE ORDER by District Judge James H. Payne: denying 425 Motion to Exclude Testimony of J. Randall Price Due to Discovery Violation. (cjt, Deputy Clerk) (Entered: 05/30/2017) |
| 05/30/2017 | 445 | | MINUTE ORDER by District Judge James H. Payne: denying 432 Petitioner's Motion to Exclude Witness Steven Pitt. (cjt, Deputy Clerk) (Entered: 05/30/2017) |
| 06/04/2017 | 446 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on March 29, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 515 – 642). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 407 Minutes of Evidentiary Hearing ) (ksm, Court Reporter) (Entered: 06/04/2017) |
| 06/04/2017 | 447 | | TRANSCRIPT of Proceedings (Unredacted) of Motion Hearing held on March 30, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 643–762). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 410 Minutes of Evidentiary Hearing ) (ksm, Court Reporter) (Entered: 06/04/2017) |

| 06/12/2017 | 448 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day five) held on 6/12/2017. (Court Reporter: Brian Neil) (tls, Deputy Clerk) (Entered: 06/12/2017) |
| --- | --- | --- | --- |
| 06/12/2017 | 449 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder, setting continuation of Evidentiary Hearing for 6/13/2017 at 9:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (tls, Deputy Clerk) (Entered: 06/12/2017) |
| 06/13/2017 | 450 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume V held on 6/12/2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Brian Neil) (Pages: 763–944). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 448 Minutes of Evidentiary Hearing ) (bpn, Court Reporter) (Main Document 450 replaced on 6/14/2017) (dma, Deputy Clerk). (Entered: 06/13/2017) |
| 06/13/2017 | 451 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing (day 6) held on 6/13/2017 (Court Reporter: K.Sidwell and B. Neil) (tls, Deputy Clerk) (tls, Deputy Clerk). (Entered: 06/13/2017) |
| 06/13/2017 | 452 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder, setting continuation of Evidentiary Hearing for 6/26/2017 at 10:00 AM in Courtroom 4, Room 420, US Courthouse, 5th & Okmulgee, Muskogee, OK before Magistrate Judge Steven P. Shreder. (tls, Deputy Clerk) (Entered: 06/13/2017) |
| 06/15/2017 | 453 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume VII held on 6/13/2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Brian Neil) (Pages: 1084–1136). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 451 Minutes of Evidentiary Hearing ) (bpn, Court Reporter) (Entered: 06/15/2017) |
| 06/15/2017 | 454 | | TRANSCRIPT of Proceedings (Unredacted) of Evidentiary Hearing – Volume VI held on 6/13/17 before Magistrate Judge Steven P. Shreder (Court Reporter: Ken Sidwell) (Pages: 945–1083). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: 451 Minutes of Evidentiary Hearing ) (kns, Court Reporter) (Entered: 06/15/2017) |
| 06/16/2017 | 455 | | MOTION Leave to Present Additional Witnesses by USA Responses due by 6/30/2017(Kahan, Jeffrey) (Entered: 06/16/2017) |

| 06/16/2017 | 456 | | MINUTE ORDER by District Judge James H. Payne directing Petitioner to file an expedited Response to Respondent's 455 MOTION to Call Additional Rebuttal Witnesses. Response is due by noon on Monday, 6/19/2017 (dma, Deputy Clerk) (Entered: 06/16/2017) |
|---|---|---|---|
| 06/19/2017 | 457 | | RESPONSE in Opposition to Motion (Re: 455 MOTION Leave to Present Additional Witnesses ) by Kenneth Eugene Barrett ; (With attachments)(Fisher, Joan) (Entered: 06/19/2017) |
| 06/19/2017 | 458 | | MINUTE ORDER by District Judge James H. Payne: The Government's Motion to Call Additional Rebuttal Witnesses is referred to Magistrate Judge Steven P. Shreder as it involves matters arising out of the evidentiary hearing previously referred to him on 03/08/2017. (Re: 455 MOTION Leave to Present Additional Witnesses ) (tls, Deputy Clerk) (Entered: 06/19/2017) |
| 06/19/2017 | 459 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: 455 Government's Motion to Call Additional Rebuttal Witnesses is GRANTED IN PART to the extent that the USA may call Dr. Faust Bianco as a rebuttal witness to the testimony of Dr. Miora on Monday, 6/26/2017. Motion is otherwise DENIED. (tls, Deputy Clerk) (Entered: 06/19/2017) |
| 06/21/2017 | 460 | | MOTION for Disclosure , MOTION for Discovery *Report of Faust Bianco's Opinions, the Bases and Reasons Therefor* by Kenneth Eugene Barrett (With attachments) Responses due by 7/5/2017(Schardl, Tivon) (Entered: 06/21/2017) |
| 06/21/2017 | 461 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: Since the Petitioner has indicated that Dr. Miora will not implicate Dr. Bianco's testimony, it appears Dr. Bianco will not testify at the hearing set for Monday, June 26, 2017, at 10:00 a.m. Consequently, Petitioner's Motion For Immediate Production Of Report From Expert Witness (Docket No. 460 ) is hereby DENIED. (tls, Deputy Clerk) (Entered: 06/21/2017) |
| 06/23/2017 | 462 | | Third Amended EXHIBIT LIST by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 06/23/2017) |
| 06/26/2017 | 463 | | MINUTES of Proceedings – held before Magistrate Judge Steven P. Shreder: Evidentiary Hearing held on 6/26/2017. (Court Reporter: Karla McWhorter) (Attachments: # 1 Petitioner's Witness List, # 2 Petitioner's Exhibit List, # 3 Government's Witness List, # 4 Government's Exhibit List)(tls, Deputy Clerk) (Main Document 463 replaced on 6/30/2017 to reflect correct dates hearing held; NEF regenerated) (tls, Deputy Clerk). (Exhibit Lists replaced on 7/10/2017 to reflect admitted date; NEF regenerated) (tls, Deputy Clerk). Modified on 4/15/2019 ***Pursuant to Dkt. #482, all Exhibits from these evidentiary hearings are maintained by the Clerk and located in the Clerk's Office, 2nd Floor Vault.*** (cjt, Deputy Clerk). (Entered: 06/27/2017) |
| 07/13/2017 | 464 | | TRANSCRIPT of Proceedings (Unredacted) of Motions Hearing Volume VIII held on June 26, 2017 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 1137–1366). A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public |

| | | | |
|---|---|---|---|
| | | | terminal. There is no charge to view the transcript at the court public terminal. (Re: 463 Minutes of Evidentiary Hearing) (ksm, Court Reporter) (Entered: 07/13/2017) |
| 07/31/2017 | 465 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 07/31/2017) |
| 07/31/2017 | 466 | | PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW by USA (Kahan, Jeffrey) (Entered: 07/31/2017) |
| 08/10/2018 | 467 | | REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder (Re: (391) Minute Order by District Judge James H. Payne referring Evidentiary Hearing to Magistrate Judge Steven P. Shreder for Findings and Recommendation). Objections to R&R due by 8/24/2018. (ndd, Deputy Clerk) (Entered: 08/10/2018) |
| 08/20/2018 | 468 | | MOTION to Extend Deadline to File Objection to Magistrate Judge's Report and Recommendation by USA Responses due by 9/4/2018(Wilson, Christopher) (Entered: 08/20/2018) |
| 08/21/2018 | 469 | | ORDER by District Judge James H. Payne: granting 468 Government's Motion for Extension of Time to Object to Magistrate's Report and Recommendation; Objections to R&R due by 10/23/2018; Responses to Objections due by 11/26/2018 (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder) (cjt, Deputy Clerk) (Entered: 08/21/2018) |
| 10/12/2018 | 470 | | OBJECTION to Report and Recommendation (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 10/12/2018) |
| 10/23/2018 | 471 | | OBJECTION to Report and Recommendation (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder ) by USA (Kahan, Jeffrey) (Entered: 10/23/2018) |
| 11/26/2018 | 472 | | RESPONSE (Re: 467 REPORT AND RECOMMENDATION and 470 Objection to Report and Recommendation) by USA (Kahan, Jeffrey) Modified on 11/27/2018 to edit text and add links (dma, Deputy Clerk). (Entered: 11/26/2018) |
| 11/26/2018 | 473 | | NOTICE of Substitution and Appearance of Counsel by Joan M. Fisher on behalf of Kenneth Eugene Barrett (Fisher, Joan) Modified text on 11/27/2018 (cjt, Deputy Clerk). (Entered: 11/26/2018) |
| 11/26/2018 | 474 | | RESPONSE (Re: 467 REPORT AND RECOMMENDATION by Magistrate Judge Steven P. Shreder, 471 Objection to Report and Recommendation ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 11/26/2018) |
| 12/10/2018 | 475 | | REPLY (Re: 471 Objection to Report and Recommendation ) by USA (Kahan, Jeffrey) (Entered: 12/10/2018) |
| 12/10/2018 | 476 | | REPLY (Re: 472 Response ) by Kenneth Eugene Barrett (Ward, Carrie) (Entered: 12/10/2018) |
| 01/31/2019 | 477 | | MINUTE ORDER by Court Clerk: Pursuant to the recusal of Judge James H. Payne and at the direction of the Court, this case is reassigned to Judge Ronald |

| | | |
|---|---|---|
| | | A. White. All documents filed in this case in the future shall reflect the new case number CIV–09–105–RAW. (cjt, Deputy Clerk) (Entered: 01/31/2019) |
| 03/28/2019 | 478 | OPINION AND ORDER by Judge Ronald A. White: affirming in part and denying in part 467 Report and Recommendation; Petitioner's 2255 motion is denied as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial; Certificate of Appealability granted. dismissing/terminating case (case terminated) (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 03/28/2019 | 479 | JUDGMENT by Judge Ronald A. White entering judgment in favor of USA against Kenneth Eugene Barrett on his challenge to the legality of his sentence. (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 04/10/2019 | 480 | MINUTE ORDER by Magistrate Judge Steven P. Shreder: It is ordered that each party is directed to withdraw their respective exhibits offered and admitted into evidence at the evidentiary hearings conducted on 3/27/2017, 3/28/2017, 3/29/2017, 3/30/2017, 6/12/2017, 6/13/2017 and 6/26/2017, the same to be kept and maintained for possible appeal purposes. (cjt, Deputy Clerk) Modified on 4/15/2019 ***VACATED per Dkt #482 Minute Order*** (cjt, Deputy Clerk). (Entered: 04/10/2019) |
| 04/11/2019 | 481 | Unopposed MOTION to Vacate Minute Order and Hold Exhibits Pending Transmittal to the Circuit Court of Appeals (Re: 480 Minute Order) by Kenneth Eugene Barrett; Responses due by 4/25/2019(Fisher, Joan) Modified text on 4/12/2019 (cjt, Deputy Clerk). (Entered: 04/11/2019) |
| 04/15/2019 | 482 | MINUTE ORDER by Judge Ronald A. White: granting 481 Petitioner's Unopposed Motion to Vacate Minute Order and Hold Exhibits Pending Transmittal to the Circuit Court of Appeals. The Clerk is directed to maintain the exhibits until further order of the Court. (Re: 480 Minute Order) (cjt, Deputy Clerk) (Entered: 04/15/2019) |
| 04/24/2019 | 483 | MOTION to Alter or Amend Judgment and Brief in Support (Re: 479 Judgment, 478 Ruling on Report and Recommendation, Granting Certificate of Appealability) by Kenneth Eugene Barrett Responses due by 5/8/2019(Fisher, Joan) (Entered: 04/24/2019) |
| 05/07/2019 | 484 | RESPONSE to Motion (Re: 483 MOTION to Alter Order/Judgment ) by USA ;(Kahan, Jeffrey) (Entered: 05/07/2019) |
| 05/09/2019 | 485 | LETTER to 10th Circuit Court of Appeals returning pleadings, videotape and disks included in the Record on Appeal 222 Notice of Appeal and 227 Record on Appeal (With attachments)(jcb, Deputy Clerk) (Entered: 05/09/2019) |
| 05/17/2019 | 486 | REPLY to Response to Motion (Re: 483 MOTION to Alter Order/Judgment ) by Kenneth Eugene Barrett ;(Fisher, Joan) (Entered: 05/17/2019) |
| 06/11/2019 | 487 | ORDER from Circuit Court denying authorization to file second or successive 2255 motion (See Dkt. #451 in CR–04–115–RAW and Dkt. #3 in CIV–19–152–RAW) (cjt, Deputy Clerk) (Entered: 06/13/2019) |
| 08/13/2019 | 488 | ORDER by Judge Ronald A. White: denying 483 Petitioner's Motion to Alter or Amend Judgment, with the exception of the clarification described in the Order (cjt, Deputy Clerk) (Entered: 08/13/2019) |

| 10/07/2019 | 489 | | NOTICE OF APPEAL to Circuit Court (Re: 479 Judgment ) by Kenneth Eugene Barrett (Fisher, Joan) (Entered: 10/07/2019) |
|---|---|---|---|

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

KENNETH EUGENE BARRETT,     )

           )

     Petitioner/Defendant,    )

           )

vs.                            Case No. CIV-09-105-RAW

           )

UNITED STATES OF AMERICA,    )

           )

     Respondent/Plaintiff.    )

## OPINION AND ORDER

Before this court is the Report and Recommendation of the magistrate judge in which the magistrate judge found that petitioner's counsel were deficient in their performance, which ultimately prejudiced petitioner. As a result, the magistrate judge recommended that the petitioner be given a new sentencing hearing on Count III, intentionally killing a state law enforcement officer in the commission of a drug trafficking crime. Both the petitioner and the government have filed objections to the report and recommendation. *See*, Dkt. #s 470 and 471.

## Statement of the Case

On November 17, 2005, petitioner was convicted of three counts, including: Count I: using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); Count II: using and carrying a firearm during

1

and in relation to a crime of violence and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); and Count III, intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B). The jury returned verdicts of life in prison without the possibility of release on Counts I and II and a death sentence on Count III.   Petitioner was sentenced, on December 15, 2005, in accordance with the jury verdicts.   The court ordered the sentences to run consecutively. Additionally, petitioner was ordered to pay a special assessment of $100 on each count for a total assessment of $300.

Petitioner filed a direct appeal and the Tenth Circuit Court of Appeals affirmed the judgment.   *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) (*Barrett I*). Thereafter, petitioner sought collateral relief pursuant to 28 U.S.C. § 2255, which was denied by this court on August 16, 2012.  Dkt. # 214.  On August 19, 2015, the Tenth Circuit affirmed in part and reversed in part, holding:

> We REVERSE and REMAND Defendant's death sentence for the district court to hold an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial.   In all other respects we AFFIRM.

*United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015) (*Barrett II*).

On March 8, 2017, the case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing and for findings and recommendation.

2

47

The assigned magistrate judge heard evidence on March 27-30, 2017, June 12-13, 2017, and June 26, 2017.[1]   At the hearing, petitioner called eleven (11) witnesses and introduced forty-four (44) exhibits.   The respondent called three (3) witnesses and introduced forty-three (43) exhibits.   Thereafter, the parties were given until July 31, 2017 to file proposed findings of fact and conclusions of law.   On August 10, 2018, the magistrate judge issued a report and recommendation that concluded ". . . [trial] counsel were deficient in their performance, which ultimately prejudiced the Defendant, and that the Defendant is therefore entitled to relief under 28 U.S.C. § 2255 and to a new sentencing hearing."   Dkt. # 467 at 34.   The court granted an extension of time to file objections and objections were timely filed.   *See*, Dkt. #s 470 and 471.

## Standard of Review

Because this matter was referred to the magistrate judge to conduct an evidentiary hearing, Rule 72(b) of the Federal Rules of Civil Procedure required any party that disagreed with the magistrate judge's report and recommendation to file "specific written objections" to the report.   Under Rule 72(b)(3), this court must make a de novo determination of any part of the report or specified proposed findings or recommendations

---

[1]Transcripts of the evidentiary hearing were filed as Dkt. #s 429, 430, 446, 447, 450, 453, 454, and 464.   The magistrate judge's report utilized the actual page numbers of the evidentiary hearing transcript itself as opposed to the CM/ECF docket #s and the page numbers contained in the CM/ECF headers.   For ease of reference and because the transcript is filed as eight different documents, this court will refer to the evidentiary transcript by Dkt. # and the page number contained on the CM/ECF headers.

3

to which an objection was made. *See also*, 28 U.S.C. § 636(b)(1)(C). This court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citing *United States v. Raddatz,* 447 U.S. 667, 675 (1980)). Rather, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Thus, it is clear that "[t]he authority—and the responsibility—to make an informed, final determination . . . remains with the [district court] judge." *Raddatz*, 447 U.S. at 681 (citing *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

### Government's objections to magistrate's findings

The government does not object to the magistrate judge's finding regarding counsel's deficient performance in developing a mitigation strategy. Rather, the government objects to the prejudice analysis arguing that the magistrate judge failed to evaluate the credibility of petitioner's mental health evidence. Dkt. # 471. The government argues that the magistrate judge premised its prejudice finding solely on trial counsel's failure to present mental health evidence, as opposed to the absence of testimony by the petitioner's relatives. *Id.*, at n. 2. Based upon the petitioner's substantial planning and premeditation of the murder, the government argues the evidence presented by petitioner at the evidentiary hearing would not have had an impact on the outcome of the trial. Thus, the government is actually arguing that the foregone mitigating evidence did

4

not tip the scale in favor of a sentence less than death. In his response, petitioner argues the government's objections are fatally flawed because they are not specific enough.

### Legal Principles applicable to claims of ineffective assistance of counsel during penalty phase of trial

Counsel's performance at the sentencing stage of a capital trial is governed by the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, in order to prevail on this claim, petitioner must establish both deficient performance and prejudice. In order to establish that counsel's performance was deficient, the petitioner must establish that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment. *Id.*, 466 U.S. at 687. During the second stage of trial, counsel's role is "to ensure that the adversarial testing process works to produce a just result under the standards governing the decision." *Id.*, 466 U.S. at 686. The focus of the deficient prong is "not what is prudent or appropriate, but only what is constitutionally compelled." *Breechen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994).

As recognized in this case by the Tenth Circuit, trial counsel's penalty-phase performance is evaluated "under the prevailing professional norms at the time of . . . trial [September 2005 in this case]." *Barrett II,* 797 F.3d at 1223. Counsel's duty is to undertake a reasonable investigation or make a reasonable decision that a particular investigation is unnecessary. *Walker v. Gibson,* 228 F.3d 1217, 1233 (10th Cir. 2000); *Brecheen,* 41 F.3d at 1366. In light of the extremely important role that mitigating

5

evidence plays in the "just imposition of the death penalty,"[2] this court is required to apply close scrutiny when reviewing the performance of counsel at the sentencing stage. *Battenfield v. Gibson*, 236 F.3d 1215, 1226 (10th Cir. 2001). At the same time, the "failure to present available mitigating evidence is not per se ineffective assistance." *Hale v. Gibson*, 227 F.3d 1298, 1315 (10th Cir. 2000) (quoting *Brecheen*, 41 F.3d at 1368). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Thus, an attorney "'is not required to investigate all leads' as long as the decision not to pursue a particular lead, or to pursue a particular lead only so far, is reasonable under the circumstances." *Breechen*, 41 F.3d at 1366; *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.") Moreover, "the reasonableness of an attorney's investigation is dependent on the circumstances of the case." *Smith v. Workman*, 550 F.3d 1258, 1270 (10th Cir. 2008) (citing *Walker*, 228 F.3d at 1233).

Petitioner must also establish that any deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. During the second stage of trial, a petitioner must show there is a reasonable probability that, absent the errors, the sentencer would have concluded, after balancing the aggravating and mitigating factors, that the death penalty was not warranted.

---

[2]*Mayes v. Gibson*, 210 F.3d 1284, 1288 (10th Cir. 2000).

6

*Id.*, at 694. Put another way, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different." *Washington v. Johnson*, 90 F.3d 945, 953 (5th Cir. 1996). Thus, deficient performance in a capital sentencing proceeding prejudices the defendant if "there is a reasonable probability that one juror would have chosen a sentence other than death." *Wood v. Carpenter*, 907 F.3d 1279, 1290 (10th Cir. 2018) (quoting *Matthews v. Workman*, 577 F.3d 1175, 1190 (10th Cir. 2009)). "To assess that probability, [this court] must consider 'the totality of available mitigation evidence—both that adduced at trial, and the evidence adduced [at the evidentiary hearing]'—and 'reweig[h] it against the evidence in aggravation.'" *Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 397-398 (2000). *See also*, *Littlejohn v. Royal*, 875 F.3d 548, 552 (10th Cir. 2017).

## Legal Analysis

### A.   Performance of counsel

Since the government has not objected to the magistrate judge's finding that counsel's performance was deficient, this court adopts the magistrate judge's conclusion that trial counsel rendered constitutionally deficient performance in developing a mitigation strategy. In determining that trial counsel's performance was deficient, however, the magistrate judge stated that "federal trial counsel neither hired a mitigation or mental-health professional nor   attempted to investigate themselves in any depth the [petitioner's] mental health or family background." Dkt. # 467 at p. 10. This court would

7

like to correct this finding by noting that trial counsel did hire Jeanne Russell, Ed.D. (a licensed psychologist). While the scope of Russell's work for the federal trial was apparently limited to completing an updated risk assessment, based upon the information contained within Russell's 2003 report,[3] there can be no question that petitioner's federal trial counsel was, in fact, aware of the very information which petitioner has been relying upon to establish that counsel's investigation of his mental health and/or family history was not comprehensive and/or in-depth enough to uncover important mitigating evidence.[4] According to Russell's psychological evaluation, the petitioner was "not exhibiting symptoms of a major mental illness (*i.e.*, Schizophrenia, Schizoaffective Disorder, Bi-

---

[3]*See* Govt. Exh. # 34.

[4]At the evidentiary hearing, trial counsel's recollections of exactly what they knew and when they learned the information was sketchy at best. For instance, Brett Smith recalled various things that occurred during his representation of the petitioner only when those things were pointed out to him and at one point during his testimony he stated that his "recollection has probably been tainted by my recent work because . . . I have read some materials recently, which has probably contaminated my memory as it relates to 2005." Dkt. # 446, at p. 28 and 56 (Smith again indicates his memory has been tainted by recent readings). Smith did remember, however, having discussed with Roger Hilfiger, shortly after his appointment to the case, hiring a mitigation specialist but based upon their discussions they did not hire one.

Hilfiger also had difficulty remembering details concerning his time representing the petitioner, but stated he did not hire a mitigation opinion expert because "We just didn't feel like that a mitigation opinion expert would do us any good when we could -- when we used the information we had from previous reports and talked to those people and had them testify." Dkt. # 447 at p. 97. It is inconceivable that trial counsel would have known to call Russell to update her report if they were not aware of her report and the information that was contained within that report.

8

Polar Disorder, or Major Depression)"[5] and while acknowledging that persons close to the petitioner had described symptoms they associated with mental illness and other records indicated a history of paranoia and impulsiveness, Russell opined these "behaviors appear exacerbated by drug use."[6]  Moreover, in compiling this report, Russell reviewed all of the petitioner's mental health records and her report contained, among other information, a list of all of the records she had reviewed, a summary of petitioner's legal history, family history, education, relationships, employment history, medical and mental health history/treatment, and a significant substance abuse history.  *See* Govt. Exh. # 34.

In considering the reasonableness of counsel's actions, this court cannot rely on "hindsight;" but must examine the reasonableness of counsel's actions from "'counsel's perspective at the time' the investigative decisions [were] made."  *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (quoting *Strickland*, 466 U.S. at 689).  It seems axiomatic that an attorney should be able to rely on a mental health expert's prior opinion in determining the significance of a defendant's mental health records, including whether or not that defendant has a major mental illness; and then, based upon that opinion, decide to forego further mental health testing of that defendant.  While none of the mental health professionals who had examined the petitioner prior to 2005 had ever diagnosed the petitioner with a major mental illness, *see* Govt. Exh. #s 4-6, 8-9, 11, 16, 34 and 35, petitioner's counsel did

---

[5]Govt. Exh. # 34 at p. 9.

[6]*Id*.

9

not actually  consult with Russell prior to deciding to forgo any further mental health evaluations. [7]  For this reason alone, this court agrees with the magistrate judge's conclusion that trial counsel's performance was deficient.

## B.  <u>Lack of prejudice</u>

This court finds, however, based upon the evidence presented at the evidentiary hearing, that petitioner was not prejudiced by counsels' performance.  Simply because petitioner was able to obtain experts who described the petitioner as having mental health disorders so severe that he could not have rationally assisted his attorneys in the preparation of his defense,[8] does not mean the jury would have given much weight to that testimony in light of the evidence it heard over the course of the entire trial.  That evidence was summarized by the Tenth Circuit Court of Appeals as follows:

> Barrett had been aware for some time of the outstanding warrant for his arrest, and anticipated that law enforcement officials would come to his house to arrest him at some point.  Tr. at 400-01.  Despite that awareness, or perhaps because of it, Barrett exhibited a defiant attitude towards law enforcement officials.   On the front gate leading to his residence, Barrett had

---

[7]If counsel had consulted with Russell, they would have learned that she had not conducted a "comprehensive" mental health evaluation.  *But see* Govt. Exh. 12 (affidavit Faust Bianco, Ph.D., a psychologist licensed in Oklahoma, who performed a neuropsychological evaluation of the petitioner prior to the federal court trial, opining that further neurological testing was unwarranted).   Counsel also did not consult with Bianco prior to deciding to forgo any further mental health evaluations.

[8] *Contra* Govt. Exh. # 52 at 71-72; Dkt. # 446, at p. 33 (defense counsel acknowledged that the petitioner was "among the most cooperative criminal . . . defense clients I've ever had" and "[h]e was very helpful during the trial to me.  He knew as much about it as I did."; and Govt. Exh. # 38-40 (defendant's notes to counsel).  *See also*, Govt. Exh. # 34.

10

installed a sign reading: "Keep Out. I don't give a shit who you are, if you cross my gate or come on my property, I'll shoot." *Id.* at 399. Further, in the months and weeks leading up to the date of the shooting, Barrett regularly told friends and family that if law enforcement officers came to his house, "[t]here was going to be a shootout," *id.* at 412, "he would shoot the first police that came through his door," *id.* at 2515, and "he was going to take out as many [law enforcement officers] as he could before they got him." *Id.* at 412-13; *see id.* at 3068-69, 3106, 3493. Indeed, on the evening of September 23, 1999, Barrett observed three of the Tact Team members drive by his residence in an unmarked vehicle, and subsequently stated to his cousin, Travis Crawford, that he knew the vehicle belonged to law enforcement officials, that he didn't "give a fuck" if they came back to serve the arrest warrant, and that "he was going out in a blaze of glory" if they did so. *Id.* at 466.

Barrett's conduct in the months, weeks, and days leading up to the shooting incident suggests his threats were far from idle. Barrett possessed multiple firearms at his residence, including five rifles, three shotguns, and two pistols. *Id.* at 401, 1862-63, 1882-83, 1888, 1895, 1899-1901. During the day, Barrett typically kept a rifle nearby. *Id.* at 461-62, 3086, 3493-94. He also carried a nine millimeter pistol in his pants at all times. *Id.* at 409-10, 3106, 3496.

As for the night of the shooting incident, the evidence presented at trial was more than sufficient to have allowed the jury to reasonably find that Barrett knew it was law enforcement officials who were approaching his residence en masse. At the time the Tact Team approached Barrett's property, there was a full moon and no clouds in the sky. *Id.* at 993. The two lead Tact Team vehicles that approached Barrett's residence from the east were white Ford Broncos. *Id.* at 984. Although the Broncos were unmarked, Barrett had observed one of these vehicles on the afternoon prior to the shooting (it was used in the drive-by performed by Tact Team members), and suspected that it belonged to law enforcement officials. Further, although the lead Bronco did not exhibit any flashing lights (because Barrett began shooting at it before the two officers inside had an opportunity to turn on the lights), *id.* at 610, the second Bronco did. *Id.* at 732. More specifically, the second Bronco had a flashing strobe-type light on the sun visor and "wig-wag" headlights, all of which had been activated. *Id.* at 732, 1094. The third vehicle to enter Barrett's property, immediately following the two lead Broncos, was a marked Oklahoma Highway Patrol car with its emergency lights activated (including a standard light bar on top and "wig-wag" headlights). *Id.* at 760, 987, 991. The lights from this third vehicle

11

were described by witnesses as sufficient to illuminate the scene in front of Barrett's residence. *Id.* at 1101 (testimony from Trooper Steve Hash, the driver of the second Bronco, that he observed red and blue strobe lights reflecting off of Trooper Eales as he got out of the lead Bronco), 1158-59 (indicating the lights of marked unit lit up the whole area), 1343 (indicating that light bar on top of marked unit was very visible), 1496 (indicating that red and blue lights from marked unit were reflecting off the shards of glass coming from the lead Bronco), 1797-98 (indicating that lights from marked unit illuminated a wide area around the vehicle).

Finally, and perhaps most significantly, Barrett's conduct in shooting at the officers that night clearly would have allowed the jury to reasonably find that he intended to kill one or more of those officers, including Eales. Barrett began shooting at the lead vehicle, a Ford Bronco driven by Trooper Hamilton, as soon as the vehicle cleared a ditch that ran between Barrett's house and a property to the east. *Id.* at 537. According to Hamilton, Barrett's shots were hitting in the middle of the windshield of the Bronco, at approximately "head level." *Id.* As Hamilton continued driving the Bronco westward towards Barrett's residence, the gunfire intensified and the windshield of the Bronco began to disappear. *Id.* at 539. The gunfire continued after Hamilton stopped the Bronco near the edge of the front porch of Barrett's residence. *Id.* at 540. Eales, who was a passenger in the lead Bronco driven by Hamilton, opened the passenger side door (which was closest to the front porch of Barrett's house), got out, and began heading towards the rear of the Bronco (presumably to obtain cover). As he did so, Eales was struck by three separate rounds of gunfire from Barrett. *Id.* at 1687 (testimony from pathologist opining that Eales' wounds were sustained while facing away from Barrett). One round struck the handgun that Eales carried on his right hip and then ricocheted and struck Eales' right elbow. *Id.* at 1661. A second round struck Eales' left flank region, entering approximately twenty-five inches from the top of Eales' head, down from the area on the back of his left arm pit where the skin is folded. *Id.* at 1605. A third, and fatal, round entered Eales' chest on the left side of his upper back. *Id.* at 1611. After shooting Eales, Barrett continued firing rounds at the Tact Team members, stopping only after he himself was shot in the legs by a Tact Team member. *Id.* at 545, 548. Even after being shot and dragged outside of his residence by Tact Team members, Barrett made movements as if reaching for a pistol he had concealed in the waistband of his jeans. *Id.* at 1113. Subsequent investigation of the crime scene by law enforcement officials revealed that Barrett used a Colt Sporter .223 rifle, equipped with three loaded magazines taped together (with a total of ninety-one rounds of

12

ammunition), to fire at least nineteen shots at Tact Team members, including the three shots that hit Eales. *Id.* at 1884, 3256. The Colt Sporter rifle had a lethal range of approximately 541 to 595 yards, and was capable of penetrating the metal of an automobile. *Id.* at 3573, 3586. At the time Barrett fired the three shots that wounded Eales, he was no more than ten to fifteen feet away from Eales. *Id.* at 4304-05.

In sum, although Barrett's defense during the first-stage proceedings was that he was unaware that the persons entering his property were law enforcement officials, and that he was simply reacting in defense of himself and his son, the above-described evidence was more than sufficient to allow the jury to reasonably find that Barrett knew that Eales and the other persons approaching his residence were law enforcement officers and that he intended to kill Eales.

*Barrett I*, 496 F.3d at 1113-15 (footnotes omitted).

While petitioner's experts identified issues at the evidentiary hearing that they opined might have compromised the petitioner's ability to process information under pressure, petitioner had clearly resolved to murder Trooper Eales or any other law enforcement officer long before this incident played out. Moreover, several aspects of the testimony presented at the evidentiary hearing convince this court that the jury would have rejected the mental health diagnosis provided by petitioner's expert witnesses. First, according to the government's expert witness, Steven Pitt, D.O. (psychologist licensed in Texas, Oklahoma and Arkansas and a board-certified neuropsychologist) petitioner's extensive history of substance abuse precluded a diagnosis for bipolar disorder and petitioner admitted to numerous mental health professionals that there was never a time when he was not abusing drugs, even attributing any history of manic episodes to his own abuse of intoxicants. Dkt. # 454 at p. 30. *See also* Govt. Exh. # 52 at p. 59 and 65.

13

Second, petitioner's recollections of his prior head injuries differed over the years including whether, and for how long, petitioner had lost consciousness. Dkt. # 430 at p. 271-81. In fact, some of petitioner's medical records revealed that the petitioner denied a history of head injury. *See* Govt. Exh. #s 5 (Eastern State Hospital record dated October of 1986 which indicates petitioner "denies head injuries") and 66 at p. 3 (personal health history completed sometime after 2004 and signed by the petitioner which indicated that he had never had any periods of unconsciousness, blurred vision, double vision, depression or excessive worry, frequent thoughts of suicide, paralysis, etc.). Additionally, despite George Woods, M.D. (board certified psychiatrist and a neuropsychiatrist licensed in California) testifying that petitioner's left lobe injury would impact him being able to do math effectively, Woods admitted that petitioner's educational records showed that petitioner had made an "A" in the first semester and a "B" in the second semester of ninth grade in math. Dkt. # 430 at 33-36. *See also*, Pet. Exh. # 41 at p. 1, Pet. Exh. # 55 at p. 3.

Further, despite petitioner's experts denying any malingering by the petitioner on the neuropsychological tests which were administered by Mila Young, Ph.D. (clinical psychologist licensed in California and a board-certified neuropsychologist), petitioner's performance on the Wisconsin Card Sorting Test (WCST) (a test which measures ones ability to develop a simple concept and then to carry out that simple concept) was in the severe range. According to Young, petitioner's performance on the WCST correlated to one's ability/inability to grasp and consistently carry out daily functions such as driving an

14

automobile.  Pet. Exh. # 25 at p. 22.[9]  The evidence heard by the jury at trial, however, demonstrated the petitioner was not only capable of driving a car,[10] but also was considered by one witness, in his criminal trial, as "a real good mechanic."  Dkt. # 352 at p. 230-32 in Case No. CR-04-115-RAW (J.T. Tr., Vol. 24 at p. 4930-32).  This evidence was consistent with evidence from the petitioner's maternal uncle at the evidentiary hearing.[11]  Additionally, petitioner was employed as a carpenter for approximately three years[12] and testimony in the jury trial revealed that the petitioner had personally built the cabin/home where he lived.[13]  *See also* Govt. Exh. # 52, § 3 at p. 158 (petitioner told Pitt he was good at working on motors).  Furthermore, and perhaps most significant (as demonstrated by the facts set out above regarding the petitioner's conduct in the months, weeks, and days leading up to the shooting), the petitioner was able to make plans, grasp weapons and carry out his long term threats to kill any law enforcement officers who

---

[9] Deborah Miora, Ph.D. (clinical psychologist and neuropsychologist from California) testified she partially premised her diagnosis of dysexecutive syndrome on the WCST administered by Young.  Dkt. # 464 at p. 187-92.

[10]*See* Govt. Exh. # 34 at pp. 4-5 (petitioner's employment history which included a job as a truck driver "until he lost his license due to accumulating too many points because of traffic violations").

[11]Mark Dotson testified that the petitioner was a good mechanic, having a natural talent for it.  Dkt. # 429 at p. 64.  *See also* Pet. Exh. # 16 (declaration of maternal great aunt stating that the   petitioner "tried to make a living fixing cars").

[12]*See* Govt. Exh. # 34 at 5.

[13]Dkt. # 325 at p. 477 in Case No. CR-04-115-RAW (J.T. Tr., Vol. III at p. 477).

15

entered his property.  More specifically, the petitioner was able to perform functions including the taping together of three loaded magazines with a total of ninety-one rounds of ammunition, concealing a gun in his waist band (just in case he needed more firepower), and aiming a rifle "at approximately head level, middle of the windshield of the lead vehicle."[14]   As a result, this court finds the jury would not have been impressed by the petitioner's experts' opinions and, therefore, would have given little, if any weight to those opinions.

Moreover, the government's experts offered a more rational explanation of the petitioner's conduct to the jury, "it's drugs, drugs, and more drugs."  Dkt. # 453 at pp. 37-38.  Specifically, Randall Price, Ph.D. (psychologist licensed in Dallas, Texas) testified that while the neuropsychological testing did not reveal evidence of a severe brain injury, petitioner did have a long-standing learning disorder, not otherwise specified; polysubstance dependence; dysthymic disorder (a form of depression) that is long-standing and chronic, but not a major depressive disorder; and a personality disorder [15] with antisocial and paranoid traits and features.  Dkt. # 450 at p. 127-28.

---

[14]*Barrett I*, 496 F.3d at 1114 (petitioner began shooting at lead vehicle hitting the middle of the windshield at head level).  *See also* Govt. Exh. # 52 at p. 72.

[15]According to Price, "[a] personality disorder is not a mental disorder, rather it is more of a long-term characterological condition that is either a source of distress for that person that it interferes with their functioning and it's always been there, at least since adolescence, early adulthood, or it may not be a source of distress for that person but it is for other people."  Dkt. # 450, at p. 128.

16

Pitt testified that the petitioner "had a serious problem with drug addiction"[16] and he attributed petitioner's changes in mood to his drug usage. Dkt. # 454 at p. 59. Pitt also testified that, in his opinion, the petitioner does not and did not, at the time of the offense, have bipolar disorder. *Id.* at p. 64. Moreover, the records reveal that none of the health professionals who treated the petitioner prior to this offense ever diagnosed him with bipolar disorder. *See*, Govt. Exh. # 6 at p. 2; Govt Exh. #s 7-11; and Govt. Exh. # 102 at p. 17. Furthermore, Pitt testified that the petitioner was not suffering from posttraumatic stress disorder at the time of the shooting. Dkt. # 454 at p. 65. While admitting that Bill Sharp, Ph.D. (licensed clinical psychologist) had diagnosed the petitioner with avoidant and paranoid personality disorder, Pitt indicated that, in his opinion, petitioner's paranoia was caused by his drug use.[17] *Id*. at 103. Finally, Pitt diagnosed the petitioner with "amphetamine dependence with physiologic dependence, features of an antisocial personality disorder, cannabis dependence;" but stated that he did not know if the petitioner had a learning disorder. *Id*. at 71.

In light of the significant amount of evidence that the Tenth Circuit found the jury heard at trial about the petitioner's drug use, this court finds it much more likely that the

---

[16]Dkt. # 454 at p. 58. *See also* Govt. Exh. # 52, § 3 at p. 91, lines 12-27 and p. 154-57.

[17]This opinion was consistent with Russell's personality assessment which trial counsel apparently relied upon in forgoing additional mental health testing. *See* Govt. Exh. 34. According to Russell, petitioner's behaviors "appear to be exacerbated by drug use." *Id*. at p. 9.

17

jury would have found that the defendant did, in fact, have a significant drug problem as opposed to a major mental health disorder.[18]  In fact, the testimony at the evidentiary hearing revealed that the petitioner had such a significant problem with narcotics, that within a year of this incident, petitioner's maternal aunt, Ruth Harris, had made contact with the petitioner in an unsuccessful effort to convince him to make a lifestyle change by getting off of illegal drugs.[19]  *See also* Pet. Exh. # 16 (petitioner's maternal great aunt acknowledged that the petitioner had a drug problem) and Dkt. # 429 at 74 (testimony from Mark Dotson, petitioner's uncle and a podiatrist, regarding the effects which methamphetamine has on the human body, including significant dental problems, paranoia, and trouble sleeping).

---

[18]According to the Tenth Circuit,

> The jury was also presented with significant evidence of [petitioner's] drug use, including the testimony of a drug addict that he took methamphetamine with [petitioner] and the testimony of a state prison employee that [petitioner] self-reported first using alcohol at age 12, cocaine and heroin at age 14, and methamphetamine at age 20, and had been using marijuana, methamphetamine, heroin, tranquilizers, and other drugs up until the time of the shooting.  And, of course, there was the guilt-phase evidence of [petitioner's] outstanding warrant for failure to appear in state court on drug charges and the drug paraphernalia found on [petitioner's] person and property after the shooting.

*Barrett II*, 797 F.3d at 1232.

[19]*See* Dkt. # 429 at p. 70-73.

18

While the magistrate judge found that the petitioner had a "long family history including mental health problems going back to great-great grandparents, and that the [petitioner's] own immediate family included parents who were violent with each other, and whose relationship was characterized by infidelity and ultimately divorce, as well as both engaging in alcohol abuse,"[20] even if true, this evidence did not add anything of value to the personal and family history[21] of the petitioner that was actually heard by the jury at trial nor did it offer any compelling mitigation evidence when weighed against the evidence

---

[20]Dkt. # 467 at p. 19. The generational history evidence included things such as the petitioner's grandfather and father had a tendency to drink heavily; petitioner's mother was an alcoholic but was able to function and always maintained employment; petitioner's father did not provide a lot of guidance to the petitioner and was not around a lot when the petitioner was growing up; and some of his relatives had mood swings, including a cousin who has been diagnosed with bipolar disorder and another cousin, Travis Crawford, who has experienced anxiety and panic attacks. *See* Pet. Exh. #s 16, 20, 27, and 36. The jury heard testimony at trial from Travis Crawford, however, that indicated Crawford had used methamphetamine for fifteen years, including around the time of this incident, some of which he obtained while he was inside the petitioner's house. *See* Dkt. # 325 at p. 64-65 in Case No. CR-04-115-RAW (Vol. III of Jury Trial Transcript at p. 457-58).

[21]This is not a case where no mitigation investigation regarding petitioner's family was ever conducted. Rather, records at the evidentiary hearing revealed that a mitigation investigator, Roseanne Schaye, had interviewed numerous family members, some of them more than one time during the course of the state court proceedings. *See* Govt. Exh. #s 19-25 and 54-62. Additionally, during the state court trials an investigator for the Oklahoma Indigent Defense System ("OIDS") collected those interview summaries and documentation from facilities, hospitals, and schools. Dkt. # 430 at p. 141. Boxes of files from the state court cases were delivered to Hilfiger by OIDS and additional paper files were picked up from John Echols after he was allowed to withdraw from the federal case. Dkt. # 447 at 45-46.

19

that the jury heard regarding petitioner's cold-blooded and premeditated killing of a state law enforcement officer engaged in the performance of his official duties.

In other words, this court finds the petitioner has failed to establish that there is a reasonable probability that even one juror's decision would have been different. This is especially true when the court considers the totality of the mitigating evidence adduced at trial[22] and that adduced at the evidentiary hearing from petitioner's witnesses regarding organic brain disorder, which was unconnected to the facts presented to the jury and included symptoms of mood swings described as "reactive violence" and/or "chronic irritability," and the additional witnesses who discussed petitioner's less than ideal childhood.[23] This additional mitigating evidence was countered by the government with

---

[22]Evidence summarized by the Tenth Circuit included:

> The jury did not find unanimously that the government had proved beyond a reasonable doubt that [petitioner] would pose a continuing and serious danger to others in prison, and unanimously found that [petitioner] was a father and a loved son and stepson, and that his death would have an impact on his family and friends. Seven jurors found that he was a good neighbor and friend; five found that he had accepted responsibility for Eales's death from his state-court conviction and that he had been convicted and punished for the killing; and two found that he would not be a danger to society if imprisoned for life without parole.

*Barrett II*, 797 F.3d at 1224.

[23]While similar to testimony heard by the jury at trial, the government would have been able, through these witnesses, to again emphasize the petitioner's substance abuse.

20

testimony which included that described above, as well as statements by the petitioner that: 1) revealed the petitioner has not accepted responsibility for Eales's death; rather, he maintains that he was shot in the act of retrieving a weapon to defend his son and that he had no idea that the vehicles entering his property were police vehicles;[24] 2) petitioner maintains that he and his son were the victims in this case;[25] 3) the jury might have found that the petitioner was a continuing danger to others in prison and/or to society since he was not afraid to violate the rules;[26] 4) petitioner's brother recalled having seen his mother and the petitioner in physical altercations;[27] and 5) petitioner violently attacked his younger brother on at least two separate occasions.[28]  Weighing all of the mitigating evidence adduced at trial and the evidentiary hearing against the aggravating factors found by the jury, *i.e.,* 1) knowingly creating a grave risk of death to one or more persons in addition to the victim of the offense; 2) commission of the offense after substantial planning and

---

[24]*Compare* Dkt. # 429 at p. 220 (Woods testimony that the petitioner believed his actions were justified on the night of the shooting) and Dkt. # 72-66 (petitioner's description of the events leading to his arrest) *with* Govt. Exh. # 52, § 3 at pp. 7-17, 71-72 (petitioner states that he did not shoot Eales) and p. 281.

[25]Govt. Exh. # 52, § 3 at p. 56-57.

[26]Petitioner admitted to having obtained and using drugs while in jail.  *See* Govt. Exh. # 52, § 3 at p. 154 and 157.  Petitioner also admitted to having talked a jailer into letting him out of his cell for the purpose of engaging in sexual activity with another inmate. *See* Govt. Exh. # 52, § 3 at p. 254-257.

[27]Dkt. # 429 at p. 94-95.

[28]Dkt. # 429 at p. 117.

21

premeditation; and 3) that petitioner caused injury, harm, and loss to the victim's family because of the victim's personal characteristics as an individual human being and the impact of the death on the victim's family and friends[29] and the evidence the government produced at the evidentiary hearing to counter the additional mitigating evidence, convinces this court that there is no reasonable probability that even one juror would have voted for a sentence less than death.   Accordingly, this court rejects the magistrate judge's conclusion that the petitioner was prejudiced by counsel's performance.

## Conclusion

In light of the facts of this case, and for the reasons set forth herein, the Report and Recommendation (Dkt. # 467) is accepted in part and rejected in part; the report and recommendation is accepted as to the magistrate judge's conclusion that trial counsel's performance was deficient; but the report and recommendation is rejected as to the magistrate judge's conclusion that petitioner was prejudiced by counsel's performance. Accordingly, the court denies petitioner's § 2255 motion as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial.

Furthermore, in light of this order, Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Dkt. # 470), requesting to be resentenced on all three counts of the indictment, is denied as moot.

---

[29]*See* Penalty Phase Special Verdict Form, Dkt. # 258, in *United States v. Barrett*, Case No. CR-04-0115-RAW.

22

67

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings, requires this court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This court recognizes that "review of a death sentence is among the most serious examinations any court of law ever undertakes." *Brecheen*, 41 F.3d at 1370. A certificate of appealability, however, may only be granted if petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard can be met by demonstrating that the issues raised are debatable among jurists of reason or that the questions deserve further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). While this court strongly believes petitioner was not prejudiced by counsel's failure to develop the evidence at trial which was admitted at the evidentiary hearing herein, this court hereby grants a certificate of appealability thereby allowing further consideration of this issue.

It is so ordered on this 28th day of March, 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

23

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT, )
)
      Petitioner/Defendant, )
)
vs. )      Case No. CIV-09-105-RAW
)
UNITED STATES OF AMERICA, )
)
      Respondent/Plaintiff. )

## **JUDGMENT**

This matter came before the Court for consideration of defendant's motion to vacate, set aside, or correct sentence, pursuant to 18 U.S.C. § 2255. The issues having been duly considered and a decision having been rendered in accordance with the Order filed simultaneously herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is entered for respondent, United States of America, and against petitioner, Kenneth Eugene Barrett, on his challenge to the legality of his sentence.

IT IS SO ORDERED this 28th day of March, 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,     )
        )
    Movant/Defendant,     )
        )
v.        )     Case No. CV-09-105-RAW
        )     (underlying criminal case,
UNITED STATES OF AMERICA,     )     No. CR-04-115-JHP)
        )
    Respondent/Plaintiff.     )

### NOTICE OF APPEAL

Movant/Defendant, Kenneth Eugene Barrett, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Judgment and Opinion and Order entered on March 28, 2019 (Docs. 478, 479) denying his motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 (Docs. 1, 2, 95).[1] This notice of appeal is filed under the authority of Fed.R.App.P. 4(a)(1)(B)(i)(4)(A)(iv). The district court granted a certificate of appealability. (Doc. 478, p. 23)

The district court denied relief following the vacation by the Tenth Circuit of Movant/Defendant's death sentence and remand for an evidentiary hearing to determine whether he was denied the effective assistance of counsel in the penalty phase of trial.

---

[1] On April 24, 2019, Mr. Barrett filed a motion under Fed.R.Civ.P. 59(e) to correct, alter, or amend the judgment. (Doc. 483) The government responded to the motion, and Mr. Barrett filed a reply. (Docs. 484, 486) The district court clarified the order and judgment in part and denied the Rule 59(e) motion on August 13, 2019. (Doc. 488)

1

*United States v. Barrett,* 797 F.3d 1207 (10th Cir. 2015).  Counsel are appointed under

the Criminal Justice Act.

Dated this 7th day of October, 2019.

Respectfully submitted,

Heather E. Williams, CA Bar #122664
Federal Defender, Eastern District of California
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]
Heather_Williams@fd.org

*/s/ Joan M. Fisher*
Joan M. Fisher, ID Bar #2854
Assistant Federal Defender

*/s/ Carrie L. Ward*
Carrie L. Ward, MO Bar #57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
(916) 498-6666
(916) 498-6656 [fax]
carrie_ward@fd.org

*/s/ David Autry*
David Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
(405) 521-9600
(405) 521-9669 [fax]
dbautry77@gmail.com

Lawyers for Movant/Defendant,
Kenneth Eugene Barrett

2

## Certificate of Electronic Filing and Service

This is to certify that on this 7th day of October, 2019, I caused the foregoing instrument to be filed with the Clerk of the Court using the ECF System for filing, with service to be made electronically via CM/ECF to the following ECF Registrants: Jeffrey B. Kahan, United States Department of Justice, Capital Case Unit, jeffrey.kahan@usdoj.gov, and Christopher J. Wilson, AUSA, Chris.Wilson@usdoj.gov, and to all counsel of record. To the undersigned's knowledge, there are no non-ECF registrants who are counsel in this case.

/s/ Joan M. Fisher

3

CLOSED,DEATH,LC−3,SPS

# U.S. District Court
## Eastern District of Oklahoma (Muskogee)
## CRIMINAL DOCKET FOR CASE #: <u>6:04−cr−00115−RAW−1</u>

Case title: United States of America v. Barrett
Other court case numbers:   12−7086 10th Circuit
                                        OK/ED 6:09−cv−105−JHP
Related  Case:   6:19−cv−00152−RAW
Magistrate judge case number:   6:04−mj−00100

Date Filed: 11/09/2004
Date Terminated: 03/28/2019

Assigned to: Judge Ronald A.
White

Appeals court case number:
06−7005

### <u>Defendant (1)</u>

| | |
|---|---|
| **Kenneth Eugene Barrett**<br>*TERMINATED: 03/28/2019* | represented by **Joan M. Fisher**<br>Federal Public Defender − Sacramento<br>801 "I" St, Third Floor<br>Sacramento, CA 95814<br>916−498−6666<br>Fax: 916−498−5706<br>Email: joan.fisher@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

**Bret A. Smith**
PO Box 2250
Muskogee, OK 74402
918−687−0011
Fax: 918−687−8490
Email: bretsmith@sbcglobal.net
*TERMINATED: 12/29/2005*
*Designation: CJA Appointment*

**Carrie L. Ward**
Federal Public Defender − Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Email: carrie_ward@fd.org

*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**David B. Autry**
1021 NW 16th St
Oklahoma City, OK 73106
405−521−9600
Fax: 405−521−9669
Email: dbautry77@gmail.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**John David Echols**
624 S Denver Ave, Ste 201
Tulsa, OK 74119
918−299−3802
Email: john@jdechols.com
*TERMINATED: 05/05/2005*
*Designation: CJA Appointment*

**Mark Henricksen**
600 W Walker Ave, Ste 201
Oklahoma City, OK 73102
405−609−1970
Fax: 405−609−1973
Email: mark@henricksenlaw.com
*TERMINATED: 04/03/2008*
*Designation: CJA Appointment*

**Roger Hilfiger**
Cook & Hilfiger
PO Box 791
Muskogee, OK 74402
918−683−4445
Fax: 918−683−1828
Email: rogeratty@swbell.net
*TERMINATED: 04/03/2008*
*Designation: CJA Appointment*

**Tivon Schardl**
Federal Public Defender − Sacramento
801 I St, Third Floor
Sacramento, CA 95814
916−498−6666
Fax: 916−498−6656
Email: tim.schardl@fd.org
*TERMINATED: 05/14/2019*
*Designation: Public Defender or Community*
*Defender Appointment*

**Pending Counts**                                    **Disposition**

| | |
|---|---|
| 18:924(c)(1)(A) and (j): Use and carry a firearm during and relation to drug trafficking crimes and possess a firearm in furtherance of such drug trafficking offenses, resulting in death. (1s) | Life without the possibility of release. Special Assessment in the amount of $100.00. |
| 18:924(c)(1)(A) and (j): Use and carry a firearm during and relation to a crime of violence and possess a firearm in furtherance of such crime of violence. (2s) | Life without the possibility of release. Special Assessment in the amount of $100.00. |
| 21:848(e)(1)(B): Intentionally killing, during the commission of a drug trafficking crime, a State Law Enforcement Officer, engaged in the performance of his official duties. (3s) | Sentence of death. Special Assessment in the amount of $100.00. |

**Highest Offense Level
(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:924(c)(1)(A) and (j) – Use and carry a firearm during and relation to drug trafficking crimes and possess a firearm in furtherance of such drug trafficking offenses, resulting in death (1) | Dismissed on Government motion. |
| 18:924(c)(1)(A) and (j) – Use and carry a firearm during and relation to a crime of violence and possess a firearm in furtherance of such crime of violence (2) | Dismissed on Government motion. |
| 21:848(e)(1)(B) – Intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties (3) | Dismissed on Government motion. |

**Highest Offense Level**

3

**(Terminated)**

Felony

**Complaints**                                        **Disposition**

None

---

**Plaintiff**

United States of America                 represented by   **Christopher J. Wilson**
                                                          US Attorney (OKED)
                                                          520 Denison Ave
                                                          Muskogee, OK 74401
                                                          918−684−5100
                                                          Fax: 918−684−5150
                                                          Email: Chris.Wilson@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **D. Michael Littlefield**
                                                          US Attorney (OKED)
                                                          520 Denison Ave
                                                          Muskogee, OK 74401
                                                          918−684−5100
                                                          Fax: 918−684−5150
                                                          Email: mike.littlefield@usdoj.gov
                                                          *TERMINATED: 09/07/2007*
                                                          *LEAD ATTORNEY*

                                                          **Jeffrey B. Kahan**
                                                          US Department of Justice − Capital Case
                                                          Unit
                                                          1331 F St NW, Rm 345
                                                          Washington, DC 20530
                                                          202−305−8910
                                                          Fax: 202−353−9779
                                                          Email: jeffrey.kahan@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Sheldon J. Sperling**
                                                          US Attorney (OKED)
                                                          520 Denison Ave
                                                          Muskogee, OK 74401
                                                          918−684−5100
                                                          Fax: 918−684−5150

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/23/2004 | 1 | | COMPLAINT against Kenneth Eugene Barrett ; Counts 1 through 8 [ 6:04−m −100 ] (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/24/2004) |

| 09/23/2004 | | | ARREST Warrant issued for Kenneth Eugene Barrett by Mag. Judge Steven P. Shreder [ 6:04–m –100 ] (nrh, Deputy Clerk) (Entered: 09/24/2004) |
|---|---|---|---|
| 10/01/2004 | 2 | | APPLICATION for WRIT OF HABEAS CORPUS AD PROSEQUENDUM by plaintiff USA as to Kenneth Eugene Barrett to appear 10/25/04 at 10:00 a.m. [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/01/2004) |
| 10/04/2004 | 3 | | ORDER by Mag. Judge Steven P. Shreder granting plaintiff's application for WRIT OF HABEAS CORPUS AD PROSEQUENDUM [2–1] for Kenneth Eugene Barrett to appear 10/25/04 at 10:00 a.m. (cc: all counsel) [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/05/2004) |
| 10/04/2004 | | | WRIT OF HABEAS CORPUS AD PROSEQUENDUM issued for Kenneth Eugene Barrett to appear 10/25/04 at 10:00 a.m. [ 6:04–m –100 ] (cjt, Deputy Clerk) (Entered: 10/05/2004) |
| 10/25/2004 | 4 | | ARREST Warrant returned executed as to defendant Kenneth Eugene Barrett; defendant arrested on 10/22/04 [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/25/2004) |
| 10/25/2004 | | | INITIAL APPEARANCE MINUTES before Hon. Steven P. Shreder. Government present by U.S. Attorney Sheldon Sperling and Assistant U.S. Attorney D. Michael Littlefield. Defendant BARRETT present in person and by appointed counsel, John Echols. No objection by plaintiff to the financial affidavit and appointment of counsel. Court appoints, at the request of the Federal Public Defender, John Echols and Roger Hilfiger to represent defendant in this matter. Court Reporter: taped proceeding (S–1). Court Room Deputy: ct. Defendant acknowledged receipt of copy of Complaint and advised court he had discussed it with his attorney. Defendant advised of right to counsel and constitutional rights. Defendant advised the court he wished to waive his preliminary hearing. Waiver to be executed following these proceedings. Issue of bond is moot as defendant is here on a writ. Counsel for defendant's oral request that defendant remain in custody in Muskogee pending initial proceedings. Defendant is ordered detained pending further proceedings and remanded to custody of the U.S. Marshal. (SPS) [ 6:04–m –100 ] (cjt, Deputy Clerk) (Entered: 10/25/2004) |
| 10/25/2004 | 5 | | MINUTE ORDER before Mag. Judge Steven P. Shreder: The defendant Kenneth Eugene Barrett completed an affidavit as to financial ability to employ counsel on 10/25/04, and upon review, the Court finds that the affiant is financially unable to obtain counsel. In accordance with 21 U.S.C., Section 848(q)(4)(A)(i), and at the request of the Federal Public Defender's Office, John David Echols and Roger Hilfiger are hereby appointed to represent the defendant Kenneth Eugene Barrett in all proceedings herein. (SPS) (cc: all counsel) [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/25/2004) |
| 10/25/2004 | 6 | | WAIVER OF PRELIMINARY HEARING by defendant Kenneth Eugene Barrett [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/25/2004) |
| 10/25/2004 | 7 | | MINUTE ORDER before Mag. Judge Steven P. Shreder: The defendant, Kenneth Eugene Barrett, having waived preliminary hearing on 10/25/04, the court therefore finds probable cause to believe that a crime was committed and |

5

| | | | |
|---|---|---|---|
| | | | the defendant committed it and orders defendant bound over for further proceedings. (SPS) (cc: all counsel) [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/25/2004) |
| 10/25/2004 | | | CJA Form 30 (Appointment of Counsel John Echols) on behalf of defendnat Kenneth Barrett. (SPS 10/25/04) (smg, Deputy Clerk) (Entered: 11/18/2004) |
| 10/25/2004 | | | CJA Form 30 (Appointment of Counsel – Roger Hilfiger) on behalf of defendant Kenneth Eugene Barrett. (SPS 10/25/04) (smg, Deputy Clerk) Modified on 11/18/2004 (Entered: 11/18/2004) |
| 11/08/2004 | 8 | | AMENDED MINUTE ORDER before Mag. Judge Steven P. Shreder: The defendant Kenneth Eugene Barrett completed an affidavit as to financial ability to employ counsel on 10/25/04, and upon review, the Court finds that the affiant is financially unable to obtain counsel. In accordance with 21 U.S.C., Section 848(q)(4)(A)(i), John David Echols is hereby appointed at the request of the Federal Public Defender's Office, and, at the direction of the Court, Roger Hilfiger is hereby appointed to represent the defendant Kenneth Eugene Barrett in all proceedings herein. (SPS) (cc: all counsel) [ 6:04–m –100 ] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/08/2004) |
| 11/09/2004 | 9 | | INDICTMENT by USA Counts filed against Kenneth Eugene Barrett (1) count(s) 1, 2, 3 (trl, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/10/2004) |
| 11/09/2004 | | | ORDER by Judge Steven P. Shreder directing warrant of arrest be issued for defendant (SPS) (trl, Deputy Clerk) (Entered: 11/10/2004) |
| 11/09/2004 | | | ARREST Warrant issued for Kenneth Eugene Barrett (Copy of indictment & arraignment notice attached) (trl, Deputy Clerk) (Entered: 11/10/2004) |
| 11/09/2004 | | | NOTICE Arraignment set for 2:00 p.m. on 11/17/04 as to Kenneth Eugene Barrett before Judge Steven P. Shreder, 3rd Floor Hearing Room, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (trl, Deputy Clerk) (Entered: 11/10/2004) |
| 11/17/2004 | 10 | | APPEARANCE for defendant Kenneth Eugene Barrett by Attorney John David Echols (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/17/2004) |
| 11/17/2004 | 11 | | UNOPPOSED MOTION for permission to file motions and other pleadings regarding the funding of the defense under seal and to conduct all related hearings ex–parte and without notice to the government by defendant Kenneth Eugene Barrett (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/17/2004) |
| 11/17/2004 | | | ARRAIGNMENT MINUTES before Hon. Steven P. Shreder. Government present by Asst. U.S. Attorney D. Michael Littlefield. Defendant BARRETT present in person and with previously appointed counsel Roger Hilfiger and John David Echols. Court Reporter: km. Court Room Deputy: ct. Defendant acknowledges receipt of copy of indictment and read and discussed it with counsel. Defendant advised of constitutional rights, charges, possible penalties, and right to counsel, and is duly arraigned; not guilty plea entered as to counts 1, 2 and 3 of the indictment. Jury trial set for 1/3/05. The defendant has 11 days in which to file motions with government having 5 days to respond. Defendant's counsel advised they would be requesting additional time for jury trial. Defendant advised the court the issue of bond is moot. Defendant |

| | | | |
|---|---|---|---|
| | | | is remanded to custody of the U.S. Marshal. (SPS) (cjt, Deputy Clerk) (Entered: 11/18/2004) |
| 11/18/2004 | 12 | | ARREST Warrant returned executed as to Kenneth Eugene Barrett on 11/17/04 (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/19/2004) |
| 11/22/2004 | | | NOTICE: Jury Trial is set for 1/3/05 at 9:00 a.m. for Kenneth Eugene Barrett before Judge Ronald A. White at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (cjt, Deputy Clerk) (Entered: 11/22/2004) |
| 11/23/2004 | 13 | | ORDER by Judge Ronald A. White GRANTING defendant Barrett's unopposed motion for permission to file motions and other pleadings regarding funding of the defense under seal and to conduct all related hearings ex−parte and without notice to the government. [11−1] [11−2] (cc: all counsel) (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/23/2004) |
| 11/29/2004 | 14 | | JOINT MOTION for scheduling conference and a revised scheduling order based upon the complexity of this potentially capital case (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/29/2004) |
| 11/29/2004 | 15 | | UNOPPOSED MOTION for an order permitting his counsel to bring computers and related electronic equipment into the courthouse for use during hearings and/or trial by defendant Kenneth Eugene Barrett (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/29/2004) |
| 11/29/2004 | 16 | | FIRST EX PARTE MOTION for order concerning the funding of Mr. Barrett's defense filed under seal by defendant Kenneth Eugene Barrett (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/29/2004) |
| 11/30/2004 | 17 | | MINUTE ORDER before Judge Ronald A. White reassigning case to District Judge James H. Payne. (RAW) (cc: all counsel) (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/30/2004) |
| 12/01/2004 | 18 | | MINUTE ORDER before District Judge James H. Payne, Granting the Joint Application for Scheduling Conference, and SUSPENDING the motion deadlines and trial setting announced by the Magistrate Judge on 11/17/04. A Scheduling Conference is set 12/8/2004 at 9:30 a.m. before District Judge James H. Payne, Second Floor, South Courtroom, at the U.S. Courthouse, Fifth & Okmulgee Streets, Muskogee, Oklahoma. The Court will also take up, at that time, the motion of defendant for an order permitting his counsel to bring computers and related electronic equipment into the courthouse for use during hearings and/or trial. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/01/2004) |
| 12/01/2004 | 19 | | SEALED ORDER by District Judge James H. Payne regarding defendant's motion for order concerning the funding of Mr. Barrett's defense. (cc: defense counsel only) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/01/2004) |
| 12/08/2004 | 20 | | SEALED MOTION by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/08/2004) |

| | | | |
|---|---|---|---|
| 12/08/2004 | 21 | | SEALED MINUTE ORDER before Mag. Judge Steven P. Shreder [20–1] (SPS) (cc: all counsel) (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/08/2004) |
| 12/08/2004 | | | SCHEDULING CONFERENCE: Government present by Assistant U.S.Attorney D. Michael Littlefield. Defendant Kenneth Eugene Barrett present in person and by appointed counsel John David Echols and Roger Hilfiger. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Court advises counsel that if a motion is a "joint" motion, then both government and defense counsel must sign it. Court directs that defense counsel file another motion regarding bringing in of computers, etc., and be specific as to exactly what counsel desires to bring in, the brand of the computer, printer, etc., the serial numbers, the names of the attorneys who will be using the equipment and exactly why these items are necessary and exactly what hearing or trial they will be used in. Court reminds counsel that photographs may not be taken, nor may counsel record anything in the courtroom. Statements of government regarding scheduling of trial and how long it will take to get certification to pursue the death penalty from the U.S.Attorney General, Litigation Section. Government counsel believes it will take through February, 2005 to get certification, and that trial would be best set in June of 2005. Statements of defense counsel regarding trial setting and motions that need to be addressed first regarding jurisdiction, double jeopardy, statute of limitations as to certain counts, and certain suppression issues. Counsel for defense believes June, 2005 is too early, especially if they are to be given the State Court Trial Transcript of the second trial. Court suggests some of these motions could be taken care of while awaiting decision of U.S.Attorney General regarding pursuit of death penalty. Court asks attorneys to consider joining Judge White during the juror qualifications for the death penalty, while Judge White qualifies a jury for a death penalty case. Perhaps the jurors could at least be qualified, generally, as to the death penalty issues, so that jury selection would be shorter in duration when Defendant Barrett's case is ready to try. Court advises that it will try to follow the actions taken by Judge Seay when he tried a death penalty case several years ago. Court directs that two Attorneys from the U.S.Attorney's office be assigned to this case, so there will be no delays, should one or the other not be able to continue or be present at certain hearings. ENTERING ORDER: Court takes the Scheduling under advisement and will enter a Scheduling Order hopefully by Friday, 12/10/04. (JHP) (pyb, Deputy Clerk) (Entered: 12/08/2004) |
| 12/09/2004 | | | SEALED BUDGET CONFERENCE MINUTES before Honorable Steven P. Shreder. Defendant BARRETT present by appointed counsel John David Echols. Law Clerk: sr. Courtroom Deputy: ct. Court Reporter: km. (SPS) (cjt, Deputy Clerk) (Entered: 12/13/2004) |
| 12/11/2004 | 22 | | SCHEDULING ORDER by District Judge James H. Payne: Defendant shall file all motions not related to death penalty issues by 1/7/05; Government response due 1/20/05. Government to file notice of intention to seek the death penalty by 2/15/05. If government files notice of intention to seek the death penalty, defendant shall have until 3/1/05 to file any motions related solely to death penalty issues and government shall respond by 3/15/05. All discovery shall be exchanged by 5/11/05. Requested Voir Dire and Jury Instructions are |

| | | | |
|---|---|---|---|
| | | | due 6/6/05. Trial Briefs shall be filed by 6/24/05, or defendant shall file a notice of intent to enter a plea by noon on 6/24/05. JURY TRIAL is set for 7/11/05 at 9:00 a.m. for Kenneth Eugene Barrett , before Hon. James H. Payne, Second Floor, South Courtroom, at the U. S. Courthouse, Fifth & Okmulgee Streets, Muskogee, Oklahoma. The time between 12/8/04 and 7/11/05 shall be excluded for purposes of calculating time within which the trial of teh offenses involved herein must commence for the reasons set forth above. 18 U.S.C. Section 3161(h)(8). (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/11/2004) |
| 12/29/2004 | 23 | | SECOND SEALED EX PARTE MOTION for Authorization to purchase a partial transcript of Mr. Barrett's 2004 State Court Jury Trial by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 12/30/2004 (jcb, Deputy Clerk). (Entered: 12/29/2004) |
| 12/29/2004 | 24 | | THIRD SEALED EX PARTE MOTION for Approval of "Pre−Authorization" Budget for the defense by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/29/2004) |
| 12/30/2004 | 25 | | FOURTH EXPARTE (SEALED) MOTION for authorization for counsel to travel to Washington, D.C., for conference with the Attorney General's Representative concerning authorization for seeking the death penalty in this case by defendant Eugene Barrett (pyb, Deputy Clerk) Modified on 12/30/2004 (jcb, Deputy Clerk). (Entered: 12/30/2004) |
| 12/30/2004 | 26 | | SEALED MINUTE ORDER before District Judge James H. Payne GRANTING defendant's sealed ex parte motion for authorization for counsel to travel to Washington, D.C., for conference with the Attorney General's Representative concerning authorization for seeking the death penalty in this case [25−1] (JHP) (cc: defense counsel only) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/30/2004) |
| 12/30/2004 | | | NOTICE: STATUS CONFERENCE is set for 1/7/05 at 11:00 a.m. for Kenneth Eugene Barrett before Judge James H. Payne, Second Floor, South Courtroom, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 12/30/2004) |
| 01/06/2005 | 27 | | MINUTE ORDER before District Judge James H. Payne: Counsel are hereby advised that the Honorable Ronald A. White, U. S. District Court Judge, will qualify the jury panel which will be used to empanel a jury in this case. Counsel herein will be allowed to submit proposed jury questionnaires by 12:00 p.m. on January 11, 2005. This matter is hereby set for hearing regarding the jury questionnaires before Judge White, on January 14, 2005 at 9:00 a.m. The Court will mail out the final jury questionnaires on January 14, 2005, and the questionnaires will be due back by January 21, 2005. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/06/2005) |
| 01/07/2005 | 28 | | MOTION to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and the statute of limitations , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/07/2005) |
| 01/07/2005 | 29 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy , with combined brief,by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/07/2005) |
| 01/07/2005 | 30 | | UNOPPOSED APPLICATION for extension of deadline for presenting defense motions not related to the death penalty by defendant Kenneth Eugene Barrett. No objection by the Government. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/07/2005) |
| 01/07/2005 | 31 | | MINUTE ORDER before District Judge James H. Payne: [30−1] Counsel failed to mention need for continuance to file motion to suppress even though he had filed Defendant's unopposed application for extension this morning at 9:22 a.m., immediately before the two scheduled hearings before this court. Such matters are appropriate issues for discussion at a status hearing as was set this morning. Reluctantly, the court will grant the motion and continue the filing deadline until January 12, 2005. Counsel is reminded this is a death penalty case, which should be given the highest priority by counsel. Filing a motion for continuance on the date the pleadings are due is not acceptable and will not be tolerated in the future. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/07/2005) |
| 01/07/2005 | | | SEALED HEARING: Defendant's appointed counsel John Echols and Roger Hilfiger present. Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG. Hearing sealed by Order of the Court. Counsel agree that defendant's presence is not necessary. 10:15 a.m. to 11:15 a.m. (JHP) STATUS CONFERENCE: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield. Defendant present by appointed counsel John Echols and Roger Hilfiger. Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG. Arguments of counsel regarding defense request to purchase transcript of second State Court trial of this defendant, and discussion held as to when, if granted, the transcript should be ordered. Government does not desire a transcript, but if defense is allowed to have same, then government would need a copy. Arguments of counsel for government and defendant as to the propriety of qualifying a death penalty jury by Judge White, for both Judge White's death penalty case and Judge Payne's death penalty case. Discussion also held as to how long it will actually take to be certified by the Attorney General for seeking the death penalty. Court is adised by defense counsel that it could take between 4 and 6 months. Government advises that their information is that it could be done in 90 days. Court advises that this fact may impact the ability of the Court and parties to actually try the case July 11, 2005, as well as the length of time it will take to get the State Court transcript, if allowed. Counsel advised that Judge White will have a hearing on 1/14/05 regarding jury questionnaires in the Fields death penalty case, and counsel in this case will be allowed to attend, if desired. ENTERING ORDER granting the parties until Wednesday, January 12, 2005, close of business, to file motions regarding death penalty jury qualifications. (JHP) Court will make a determination as soon as possible on the transcript issue. (JHP) (11:20 a.m. to 1:20 p.m.) (pyb, Deputy Clerk) (Entered: 01/07/2005) |
| 01/11/2005 | 32 | | MINUTE ORDER before District Judge James H. Payne: The deadline for submitting proposed jury questionnaires is extended to noon, February 11, |

| | | | |
|---|---|---|---|
| | | | 2005. Both parties shall submit proposed procedures regarding the qualification of the death penalty jury panel by March 11, 2005. Both parties shall submit trial briefs, which shall inter alia address anticipated evidentiary issues, by April 8, 2005. Both parties shall submit proposed jury instructions by May 13, 2005. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/11/2005) |
| 01/12/2005 | 33 | | MOTION to suppress evidence and statements , and for Jackson−Denno hearing with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 1/25/2013: # 1 Main Document) (jcb, Deputy Clerk). (Entered: 01/12/2005) |
| 01/12/2005 | 34 | | MOTION for order to include copies of State Court Records as Addendum to defendant's motions to dismiss by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/12/2005) |
| 01/14/2005 | 35 | | MINUTE ORDER before District Judge James H. Payne granting motion of defendant Barrett for order to include copies of State Court Records as Addendum to defendant's motions to dismiss [34−1] (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/14/2005) |
| 01/14/2005 | 36 | | MINUTE ORDER before District Judge James H. Payne referring to Mag. Judge Steven P. Shreder the defendant's motion to suppress evidence and statements and for Jackson−Denno hearing [33−2], motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy [29−1], and the motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28−1], for hearings and Report and Recommendations. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/14/2005) |
| 01/18/2005 | | | NOTICE: Setting hearing on defendant Kenneth Eugene Barrett's motion to suppress evidence and statements and for Jackson−Denno hearing [33−2], motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy [29−1], and motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28−1] for 1/26/05 at 11:00 a.m. before Magistrate Judge Steven P. Shreder at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (cjt, Deputy Clerk) Modified on 01/18/2005 (Entered: 01/18/2005) |
| 01/19/2005 | 37 | | PRAECIPE by plaintiff USA and ISSUING 6 blank subpoenas for witnesses to appear on behalf of the government on 1/26/05 at 9:00 a.m., U.S.Cthse., Muskogee, Oklahoma. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/19/2005) |
| 01/19/2005 | 38 | | SEALED ORDER by Mag. Judge Steven P. Shreder re: defendant's Ex Parte Motion for Approval of "Pre−Authorization" Budget for the Defense [24−1] (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** |
| 01/24/2005 | 39 | | MOTION for leave to file responses out of time , and motion for extension of time to file responses by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/24/2005) |

| 01/24/2005 | 40 | | MINUTE ORDER before Mag. Judge Steven P. Shreder granting government's motion for leave to file responses out of time [39–1] [39–2] and extending the response deadlines to 1/25/05 at 12:00 Noon. (SPS) (cc: all counsel) (cjt, Deputy Clerk) Modified on 01/24/2005 (jcb, Deputy Clerk). (Entered: 01/24/2005) |
| --- | --- | --- | --- |
| 01/25/2005 | 41 | | RESPONSE by plaintiff USA to motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy [29–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/25/2005) |
| 01/25/2005 | 42 | | RESPONSE by plaintiff USA to motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/25/2005) |
| 01/25/2005 | 43 | | RESPONSE by plaintiff USA to motion to suppress evidence and statements [33–1], and motion for Jackson–Denno hearing [33–2] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/25/2005) |
| 01/25/2005 | 44 | | FIRST REVISED MOTION for an order pemitting defendant counsel to bring computers and related electronic equipment into the Courthouse for use during hearings and/or trial by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/25/2005) |
| 01/25/2005 | 45 | | ORDER by District Judge James H. Payne granting defendant's First Revised motion for an order pemitting defendant counsel to bring computers and related electronic equipment into the Courthouse for use during hearings and/or trial [44–1], [15–1]. Counsel is reminded that none of the equipment brought into the courthouse should be used for recording purposes. (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 01/25/2005) |
| 01/26/2005 | | | MINUTES OF HEARING ON DEFENDANT'S MOTIONS TO DISMISS AND MOTION TO SUPPRESS before Honorable Steven P. Shreder. Plaintiff present by USA Sheldon Sperling and AUSA D. Michael Littlefield. Defendant BARRETT present in person and by appointed counsel John David Echols and Roger Hilfiger. Courtroom Deputy: ct. Court Reporter: km. Discussion of motions and discovery issues. Government's evidence. Defendant offers no further evidence. Parties rest. Court directed defendant to file replies to the government's responses by 2/11/05 and government has until 2/18/05 to file further responses if necessary. After reviewing the briefs of the parties, the Court will determine if additional evidence will need to be presented. (SPS) (cjt, Deputy Clerk) (Entered: 01/28/2005) |
| 01/31/2005 | 46 | | SEALED FIFTH EX PARTE MOTION concerning the funding of Mr. Barrett's Defense by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/01/2005) |
| 02/01/2005 | 47 | | SEALED ORDER by Mag. Judge Steven P. Shreder regarding defendant's Fifth Ex Parte Motion concerning the funding of Mr. Barrett's Defense [46–1] (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 02/01/2005) |
| 02/07/2005 | 48 | | MOTION to submit questionnaire to members of the jury panel by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: |

12

| | | | |
|---|---|---|---|
| | | | 02/07/2005) |
| 02/07/2005 | 49 | | MOTION to compel production of the identity of confidential informant and allowing discovery concerning the confidential informant by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/07/2005) |
| 02/07/2005 | 50 | | MOTION SIXTH EXPARTE (SEALED) concerning the funding of Mr. Barrett's defense by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/07/2005) |
| 02/07/2005 | 51 | | MOTION SEVENTH EXPARTE (SEALED) concerning the funding of Mr. Barrett's defense by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/07/2005) |
| 02/09/2005 | 52 | | SUPERSEDING indictment by USA; counts filed against Kenneth Eugene Barrett (1) count(s) 1s, 2s, 3s (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/09/2005) |
| 02/09/2005 | | | ORDER by Mag. Judge Steven P. Shreder for the issuance of a Warrant for the arrest of defendant Kenneth Eugene Barrett. (pyb, Deputy Clerk) (Entered: 02/09/2005) |
| 02/09/2005 | | | ARREST Warrant issued for Kenneth Eugene Barrett by Mag. Judge Steven P. Shreder (pyb, Deputy Clerk) (Entered: 02/09/2005) |
| 02/09/2005 | | | NOTICE: ARRAIGNMENT is set on the Superseding Indictment, for 2/15/05 at 2:00 p.m., as to Kenneth Eugene Barrett before U.S.Magistrate Judge Steven P. Shreder, Third Floor Hearing Room, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 02/09/2005) |
| 02/11/2005 | 53 | | MOTION for leave to submit questionnaire to jury panel members by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/11/2005 | 54 | | REPLY Brief by defendant Kenneth Eugene Barrett concerning the complete failure of the government to follow the Petite Policy [29–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/11/2005 | 55 | | REPLY brief by defendant Kenneth Eugene Barrett concerning the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/11/2005 | 56 | | REPLY brief by defendant Kenneth Eugene Barrett concerning the suppression of evidence and statements [33–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/11/2005 | 57 | | EIGHTH SEALED, EX PARTE MOTION for order concerning the funding of Mr. Barrett's defense by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/11/2005 | 58 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that: Defendant Barrett's CJA20, APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL comes before the |

| | | | |
|---|---|---|---|
| | | | Court by John Echols and Roger Hilfiger. This matter is hereby REFERRED to Magistrate Judge Steven P. Shreder for a fee hearing and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate said original Application and supporting documents. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/11/2005) |
| 02/15/2005 | 59 | | NOTICE by plaintiff USA of intent to seek death penalty as to defendant Kenneth Eugene Barrett regarding Counts 1 and 2 of the Superseding Indictment. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/15/2005) |
| 02/15/2005 | 60 | | NOTICE by plaintiff USA of intent to seek death penalty as to defendant Kenneth Eugene Barrett regarding Count 3 of the Superseding Indictment. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/15/2005) |
| 02/15/2005 | | | ARRAIGNMENT ON SUPERSEDING INDICTMENT: Government present by Assistant U.S.Attorney D. Michael Littlefield. Defendant BARRETT present in person and by appointed counsel John D. Echols and Roger Hilfiger. (Before U.S.Magistrate Judge Steven P. Shreder. Courtroom Deputy PB. Taped proceeding: S–5.) Defendant acknowledges receipt of copy of Superseding Indictment, and has gone over same with counsel. Defendant advised of right to counsel, constitutional rights, charges and possible penalties, and is duly arraigned and enters a plea of not guilty as to counts 1, 2, and 3 of the Superseding Indictment. Defendant will have 11 days to file motions, with government having 5 days thereafter to respond. JURY TRIAL is set 7/11/05. Parties are ordered to file Requested Jury Instructions, Voir Dire, and Verdict forms by 5/13/05 at 12:00 noon, AND counsel must submit Trial Briefs or Notice of Intent to Plea by 4/8/05. Trial Briefs of each party should include the estimated length of trial and the number of anticipated witnesses. The defendant is to remain in the custody of the U.S.Marshal's Service. (SPS) (pyb, Deputy Clerk) Modified on 02/16/2005 (Entered: 02/15/2005) |
| 02/15/2005 | 421 | | NOTICE: JURY TRIAL on the Superseding Indictment is set 7/11/05 at 9:00 a.m. for KENNETH EUGENE BARRETT before Judge James H. Payne, South Courtroom, Second Floor, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK Parties are ordered to file Requested Jury Instructions, Voir Dire, and Verdict forms by 5/13/05 at 12:00 noon, AND counsel must submit Trial Briefs or Notice of Intent to Plea by 4/8/05. Trial Briefs of each party should include the estimated length of trial and the number of anticipated witnesses. (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/15/2005) |
| 02/16/2005 | 61 | | ARREST Warrant returned executed as to Kenneth Eugene Barrett on 2/15/05 (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/16/2005) |
| 02/16/2005 | 62 | | RESPONSE by plaintiff USA to motion to compel production of the identity of confidential informant [49–1], and motion allowing discovery concerning the confidential informant [49–2] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/16/2005) |
| 02/18/2005 | 63 | | SUR–REPLY by plaintiff to defendant's reply brief concerning the motion to suppress evidence and statements [33–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/22/2005) |

14

| 02/18/2005 | 64 | | SUR–REPLY by plaintiff to defendant's reply brief concerning the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/22/2005) |
|---|---|---|---|
| 02/18/2005 | 65 | | SUR–REPLY by plaintiff to defendant's reply brief concerning the complete failure of the Government to follow the Petite Policy [29–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/22/2005) |
| 02/22/2005 | 66 | | ORDER by District Judge James H. Payne denying defendant's motion to compel production of the identity of confidential informant [49–1], and denying motion allowing discovery concerning the confidential informant [49–2] (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/22/2005) |
| 02/22/2005 | | | SEALED LETTER (copy) from Hon. James H. Payne to defense counsel John David Echols regarding the eight ex parte budget requests. (pyb, Deputy Clerk) (Entered: 03/02/2005) |
| 02/24/2005 | 67 | | UNOPPOSED MOTION for extension of deadline for presenting defense motions concerning the death penalty by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/24/2005) |
| 02/25/2005 | 68 | | MINUTE ORDER before District Judge James H. Payne GRANTING defendant Barrett's motion for extension of deadline for presenting defense motions concerning the death penalty [67–1]: Accordingly, the deadline for filing motions concerning the death penalty is extended until 3/7/05, and Government's response will be due by 3/15/05. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/25/2005) |
| 02/28/2005 | | | SEALED LETTER from John David Echols to Hon. James H. Payne in answer to the 2/22/05 letter of Judge Payne regarding ex parte litigation budget requests. (pyb, Deputy Clerk) (Entered: 03/02/2005) |
| 03/07/2005 | 69 | | MOTION to Strike the "Future Dangerousness" aggravator from all counts as unconstitutionally vague , and alternative motion to subject this aggravator to a Daubert Hearing prior to allowing it to be presented at trial , with combined brief. by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 03/12/2005 (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 70 | | MOTION to strike the death penalty notice , and for order to bar the death penalty for Count 3, based upon the limitations of 18 U.S.C. Section 3591 with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 71 | | MOTION to require the Government to elect as to all three counts among the alleged "Gateway" factors , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 72 | | MOTION to strike the death penalty notices , and bar the death penalty for all counts based upon the lack of a nexus between the homicidal acts and the underlying drug offenses , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 73 | | |

| | | | MOTION to strike the "Future Dangerousness" Aggravator from all counts, as unconstitutionally vague , and alternative motion to subject the Aggravator to a Daubert Hearing Prior to allowing it to be presented at trial with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
|---|---|---|---|
| 03/07/2005 | 74 | | MOTION to strike the "Substantial Planning and Premeditation" Aggravator from all counts as a denial of due process of law , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 75 | | MOTION to strike the "Victim Impact" Aggravator from all counts as a denial of due process of law , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 76 | | MOTION to strike the "Grave Risk of Death to Additional Person[s]" aggravator from all counts as a denial of due process of law , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 77 | | MOTION to strike the "Grave Risk of Death to Additional Person[s]" Aggravator from all counts as a denial of due process of law , with combined brief by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 78 | | MOTION to declare the Federal Death Penalty Scheme unconstitutional, and in violation of the Eighth Amendment prohibition against cruel and unusual punishment and as a violation of the Apprendi–Ring–Blakely Doctrine , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 03/10/2005 (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 79 | | MOTION to strike the death penalty notice as to all counts based upon his having been previously acquitted of having intentionally killed Mr. Eales, of having intentionally shot Mr. Hamilton with the intent to kill, and of having the intent to kill anyone else , with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 03/10/2005 (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 80 | | MOTION for a bill of particulars concerning the Government's notices of intent to seek the death penalty and for similar notice under the Fifth and Sixth Amendments by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 81 | | BRIEF by defendant Kenneth Eugene Barrett in support of Mr. Barrett's motion for a Bill of Particulars concerning the Government's notices of intent to seek the death penalty and for similar notice under the Fifth and Sixth Amendments. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/07/2005 | 82 | | MINUTE ORDER before District Judge James H. Payne Referring the defendant's motions filed 3/7/05, pleading numbers 69 through 80, to U.S.Magistrate Judge Steven P. Shreder for hearings and Findings and Recommendations. (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 03/12/2005 (jcb, Deputy Clerk). (Entered: 03/07/2005) |
| 03/09/2005 | 83 | | |

16

| | | | |
|---|---|---|---|
| | | | UNOPPOSED APPLICATION for permission to file two motions out of time by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/09/2005) |
| 03/10/2005 | 84 | | MINUTE ORDER before District Judge James H. Payne granting defendant Barrett's motion for permission to file two motions out of time [83−1] (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/10/2005) |
| 03/10/2005 | 85 | | MOTION to strike the "Gateway" Aggravators alleging "Intentional" conduct from all counts as a denial of due process of law with combined brief, by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 03/10/2005 (jcb, Deputy Clerk). (Entered: 03/10/2005) |
| 03/10/2005 | 86 | | MOTION to strike as to Counts One and Two the "Risk of Death to more than one Person" Aggravator which alleges only that Mr. Barrett acted "Knowingly" by defendant Kenneth Eugene Barrett with combined brief. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/10/2005) |
| 03/10/2005 | 87 | | MINUTE ORDER before District Judge James H. Payne Referring Defendant Barrett's Motions filed 3/10/05, pleadings numbered [85−1] and [86−1] to U.S.Magistrate Judge Steven P. Shreder for hearings and Findings and Recommendations. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/10/2005) |
| 03/10/2005 | 88 | | MOTION for extension of time in which to respond to "Death Penalty" motions of defendant Kenneth Eugene Barrett by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/10/2005) |
| 03/11/2005 | 89 | | MINUTE ORDER before Mag. Judge Steven P. Shreder granting government's motion for extension of time in which to respond to "Death Penalty" motions of defendant Kenneth Eugene Barrett. Accordingly, the government's response deadline is extended until 3/21/05 [86−1] [85−1] [80−1] [79−1] [78−1] [77−1] [76−1] [75−1] [74−1] [73−1] [73−2] [72−1] [72−2] [71−1] [70−1] [70−2] [69−1] [69−2]. (SPS) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/11/2005) |
| 03/11/2005 | 90 | | PROPOSED PROCEDURES for Jury Selection by defendant Barrett. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/12/2005) |
| 03/11/2005 | 91 | | UNOPPOSED MOTION for Second Scheduling Conference by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/12/2005) |
| 03/11/2005 | 92 | | MOTION for procedures for panel qualification and voir dire and inclusion of capital questions during Pretrial voir dire and Memorandum of Law in Support, by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/12/2005) |
| 03/12/2005 | 93 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that: Defendant Barrett's CJA 30 Death Penalty Proceedings−−Appointment of and Authority to Pay Court Appointed Counsel, as to appointed counsel Roger Hilfiger, submitted 3/8/2005, is hereby REFERRED to U.S.Magistrate Judge Steven P. Shreder for hearings and |

17

| | | | |
|---|---|---|---|
| | | | Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/12/2005) |
| 03/14/2005 | 94 | | REPORT AND RECOMMENDATION recommending denial of defendant's motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and statute of limitations, and defendant's motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy by Mag. Judge Steven P. Shreder (cc: all counsel, with receipts) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 2/7/2013: # 1 main) (acg, Deputy Clerk). (Entered: 03/14/2005) |
| 03/15/2005 | 95 | | RECEIPT for Report and Recommendation of U.S. Magistrate Judge Shreder by plaintiff. Received 3/14/05. Objections due 3/28/05. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/16/2005) |
| 03/17/2005 | 96 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that Defendant Barrett's CJA 30 Death Penalty Proceedings––Appointment of and Authority to Pay Court Appointed Counsel, as to appointed counsel John Echols, submitted 3/15/2005, is hereby REFERRED to U.S. Magistrate Judge Steven P. Shreder for hearings and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/17/2005) |
| 03/18/2005 | 97 | | SEALED ORDER by District Judge James H. Payne DENYING sealed motion of defendant numbered [57–1]; DENYING in part and GRANTING in part sealed motion of defendant numbered [51–1]; DENYING in part and GRANTING in part sealed motion of defendant numbered [50–1], and DENYING sealed motion of defendant numbered [23–1]; further finding moot sealed motions numbered 16 , 24 , and 46 . (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 03/18/2005) |
| 03/18/2005 | 98 | | MINUTE ORDER before District Judge James H. Payne: This matter is hereby set for an additional ex parte hearing on the issue of defense counsel's need for a copy of the second state court trial transcript on 3/22/05 at 1:00 p.m. Immediately following said hearing, this Court will hold a second status and scheduling conference herein. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/18/2005) |
| 03/21/2005 | 103 | | RECEIPT by Defendant for Findings and Recommendation of U.S.Magistrate Judge Shreder filed 3/14/05. Received 3/16/05. Objections due 3/30/05. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/23/2005) |
| 03/22/2005 | 99 | | RESPONSE by plaintiff USA to motion to strike as to Counts One and Two the "Risk of Death to more than one Person" Aggravator which alleges only that Mr. Barrett acted "Knowingly" [86–1], motion to strike the "Gateway" Aggravators alleging "Intentional" conduct from all counts as a denial of due process of law [85–1], motion for a bill of particulars concerning the |

| | | | |
|---|---|---|---|
| | | | Government's notices of intent to seek the death penalty and for similar notice under the Fifth and Sixth Amendments [80–1], motion to strike the death penalty notice as to all counts based upon his having been previously acquitted of having intentionally killed Mr. Eales, of having intentionally shot Mr. Hamilton with the intent to kill, and of having the intent to kill anyone else [79–1], motion to declare the Federal Death Penalty Scheme unconstitutional, and in violation of the Eighth Amendment prohibition against cruel and unusual punishment and as a violation of the Apprendi–Ring–Blakely Doctrine [78–1], motion to strike the "Grave Risk of Death to Additional Person[s]" Aggravator from all counts as a denial of due process of law [77–1], motion to strike the "Grave Risk of Death to Additional Person[s]" aggravator from all counts as a denial of due process of law [76–1], motion to strike the "Victim Impact" Aggravator from all counts as a denial of due process of law [75–1], motion to strike the "Substantial Planning and Premeditation" Aggravator from all counts as a denial of due process of law [74–1], motion to strike the "Future Dangerousness" Aggravator from all counts, as unconstitutionally vague [73–1], motion to subject the Aggravator to a Daubert Hearing Prior to allowing it to be presented at trial [73–2], motion to strike the death penalty notices [72–1], motion bar the death penalty for all counts based upon the lack of a nexus between the homicidal acts and the underlying drug offenses [72–2], motion to require the Government to elect as to all three counts among the alleged "Gateway" factors [71–1], motion to strike the death penalty notice [70–1], motion for order to bar the death penalty for Count 3, based upon the limitations of 18 U.S.C. Section 3591 [70–2], motion to Strike the "Future Dangerousness" aggravator from all counts as unconstitutionally vague [69–1], motion to subject this aggravator to a Daubert Hearing prior to allowing it to be presented at trial [69–2] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/22/2005) |
| 03/22/2005 | | | SEALED HEARING: Defense counsel John D. Echols and Roger Hilfiger present. Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter Susan Sweeney. Law Clerk DG. Arguments of defense counsel. Request of counsel for extension of time on trial briefs, etc. Discussion held regarding the Court's order on the budget. ENTERING ORDER directing defendant to further brief the issues of this hearing by 4/4/05. Defendant to further brief the issues of the budget by 4/11/05. (JHP) Court will discuss the briefing deadlines, etc., with all counsel at the Status Conference which follows this hearing. (JHP) STATUS CONFERENCE: Government present by counsel D. Michael Littlefield, Assistant U.S.Attorney and U.S.Attorney Sheldon J. Sperling. Defense counsel Roger Hilfiger and John D. Echols present. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter Susan Sweeney. Law Clerk DG.) Discussion held as to briefing schedule and other schedules. Court will enter orders Striking jury trial and briefing deadlines. (See Minute Order following these minutes). The Court intends that the second state court transcript shall be ordered and should be completed in 60 days. The court plans to move the Jury Trial to August 1, 2005. The Court Reporter is to submit a statement to defense counsel, and defense counsel shall complete a CJA voucher and submit same to Court for approval, with the statement of the Court reporter. (JHP) (pyb, Deputy Clerk) (Entered: 03/23/2005) |
| 03/22/2005 | 100 | | ENTERING ORDER STRIKING the deadline for filing trial briefs or notice of intent to plea by 4/8/05, the deadline for discovery exchange of 5/11/05, and |

| | | | |
|---|---|---|---|
| | | | the deadline for submitting voir dire and requested jury instructions of 5/13/05. JURY TRIAL set 7/11/05 is hereby STRICKEN. The Court will enter a written Order resetting Jury Trial and deadlines. (JHP) (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/23/2005) |
| 03/23/2005 | 101 | | ORDER by District Judge James H. Payne setting the following REVISED SCHEDULES: All discovery shall be exchanged by June 10, 2005. Requested Voir Dire and Jury Instructions are due July 6, 2005. Trial Briefs shall be filed by July 22, 2005, or the defendant shall file a notice of intent to enter a plea by noon on July 22, 2005. JURY TRIAL is set for 8/1/05 at 9:00 a.m. for Kenneth Eugene Barrett , before Hon. James H. Payne, Second Floor, South Courtroom, U.S. Courthouse, Fifth & Okmulgee Streets, Muskogee, OK. Court finds the interests of justice are better served by delaying the trial, and the time between 7/11/05 and 8/1/05 shall be excluded. (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/23/2005) |
| 03/23/2005 | 102 | | SEALED ORDER by District Judge James H. Payne reconsidering defendant's Ex Parte Motion for Authorization to Purchase a Partial Transcript of Defendant's 2004 State court Jury Trial. Court authorizes purchase of transcript. (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 03/23/2005) |
| 03/30/2005 | 104 | | OBJECTIONS by defendant to Magistrate Shreder's 3/14/05 Report and Recommendation concerning, Inter Alia, the Petit Policy and Double Jeopardy [94−1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 03/30/2005) |
| 04/01/2005 | 105 | | REPORT AND RECOMMENDATION recommending denial of the motion to suppress evidence and statements, except as to the guns seized under but not specified in the drug search warrant, with regard to which the motion should be granted by Mag. Judge Steven P. Shreder (cc: all counsel, with receipts) (cjt, Deputy Clerk) Modified on 04/01/2005 (jcb, Deputy Clerk). (Entered: 04/01/2005) |
| 04/01/2005 | 106 | | SEALED REPORT AND RECOMMENDATION on interim requests for attorneys' fees and costs by Mag. Judge Steven P. Shreder (cc: defendant's counsel with receipts) (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 04/01/2005) |
| 04/04/2005 | 107 | | MOTION NINTH EXPARTE (SEALED) concerning the funding of Mr. Barrett's defense by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/05/2005) |
| 04/04/2005 | 108 | | RECEIPT by plaintiff for Report and Recommendation of U.S. Magistrate Judge Shreder filed 4/1/05. Received 4/1/05. Objections due 4/15/05. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/05/2005) |
| 04/06/2005 | 109 | | RECEIPT for defendant as to Attorney Hilfiger for Report and Recommendation on Request for Compensation of U.S. Magistrate Judge Shreder filed 4/1/05. Received 4/4/05. Objections due 4/18/05. (cjt, Deputy Clerk) Modified on 04/06/2005 (jcb, Deputy Clerk). (Entered: 04/06/2005) |

| 04/06/2005 | 110 | | RECEIPT by defendant for Report and Recommendation of U.S. Magistrate Judge Shreder filed 4/1/05. Received 4/5/05. Objections due 4/19/05. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/06/2005) |
|---|---|---|---|
| 04/06/2005 | 111 | | RECEIPT for defendant as to Attorney Echols for Report and Recommendation on Request for Compensation of U.S. Magistrate Judge Shreder filed 4/1/05. Received 4/5/05. Objections due 4/19/05. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/06/2005) |
| 04/06/2005 | 112 | | ADDENDUM to 4/4/05 NINTH EX PARTE MOTION concerning funding by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/06/2005) |
| 04/06/2005 | 113 | | MOTION TENTH EXPARTE (SEALED) concerning the funding by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/06/2005) |
| 04/07/2005 | 114 | | RESPONSE by plaintiff to defendant's objection to Magistrate Shreder's 3/14/05 Report and Recommendation [94−1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/08/2005) |
| 04/13/2005 | 115 | | ORDER by District Judge James H. Payne adopting the REPORT AND RECOMMENDATION of U.S.Magistrate Judge recommending denial of defendant's motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and statute of limitations, and defendant's motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to follow the Petite Policy [94−1], and denying defendant's motion to dismiss the 11/9/04 Indictment based upon the complete failure of the Government to the Petite Policy [29−1], and denying motion to dismiss the 11/9/04 Indictment, based upon the combined application of double jeopardy, collateral estoppel, and the statute of limitations [28−1] (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 2/7/2013: # 1 main) (acg, Deputy Clerk). (Entered: 04/13/2005) |
| 04/14/2005 | 116 | | SEALED APPLICATION for ex parte conference on defense budget and funding by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 04/15/2005 (jcb, Deputy Clerk). (Entered: 04/15/2005) |
| 04/19/2005 | 117 | | OBJECTIONS by defendant to Magistrate Shreder's 4/1/05 Report and Recommendation concerning defendant's motion to suppress [105−1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/20/2005) |
| 04/19/2005 | 118 | | MOTION EXPARTE (SEALED) ELEVENTH concerning funding of defendant's defense by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/20/2005) |
| 04/25/2005 | 119 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that: Defendant KENNETH EUGENE BARRETT's CJA20, APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL as to Roger Hilfiger, submitted 4/9/05 by counsel, comes before the Court. This matter is hereby REFERRED to Magistrate Judge Steven P. Shreder for a fee hearing and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate said original Application and supporting documents. (JHP) (cc: |

| | | | all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/25/2005) |
|---|---|---|---|
| 04/26/2005 | 120 | | MINUTE ORDER before District Judge James H. Payne STRIKING defendant's motion to strike the "Future Dangerousness" Aggravator from all counts, as unconstitutionally vague and alternative motion to subject the Aggravator to a Daubert Hearing Prior to allowing it to be presented at trial, pleading #73, as it is identical to defendant's motion filed on the same date, and numbered pleading #69. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2005) |
| 04/26/2005 | 121 | | MINUTE ORDER: Directing defense counsel to review defendant's motions numbered 76 and 77 (copy attached hereto) and advise the Court if the two motions are actually separate motions, or if they are the same. The wording in both motions is identical, down through paragraph 7 on page 2, and the wording is slightly different after paragraph 7. Counsel is to advise if, perhaps, it was intended that only one of these motions be filed. Counsel is directed to advise the Court if this is the case, and advise which motion is to be the remaining motion, or if both are necessary. This advice to the Court should be submitted by 5/5/05. advise the Court (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2005) |
| 04/26/2005 | 122 | | RESPONSE by plaintiff USA to Defendant Barrett's Objection to Magistrate Shreder's 4/1/05 Report and Recommendation concerning defendant's motion to suppress [117−1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2005) |
| 04/28/2005 | 123 | | SEALED MINUTE ORDER before Mag. Judge Steven P. Shreder regarding [119−1]. (SPS) (cc: all counsel) (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 04/28/2005) |
| 05/05/2005 | 124 | | ORDER by District Judge James H. Payne adopting and affirming the Magistrate Judge's REPORT AND RECOMMENDATION and Ordering that the Defendant Kenneth Eugene Barrett's Motion to Suppress Evidence and Statements and for a Jackson−Denno Hearing [Docket No. 33] is denied, except as to the guns seized under but not specified in the drug search warrant, with regard to which the motion is granted. 105 (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 2/7/2013: # 1 main) (acg, Deputy Clerk). (Entered: 05/05/2005) |
| 05/05/2005 | 125 | | NOTICE by defendant Kenneth Eugene Barrett regarding Duplicate Pleadings. Pleading Number 77 is a draft of Pleading Number 76 and, therefore, only Pleading Number 76 should be ruled on. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/05/2005) |
| 05/05/2005 | 127 | | MINUTE ORDER before District Judge James H. Payne: Pursuant to Notice Regarding Duplicate Pleadings, the defendant's motion to strike the "Grave Risk of Death to Additional Person[s]" Aggravator from all counts as a denial of due process of law [Docket No. 77−1] is STRICKEN, as same is a duplicate of defendant's Motion filed same date as Docket Number 76. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/05/2005) |
| 05/05/2005 | 128 | | SEALED ORDER by District Judge James H. Payne adopting the U.S. Magistrate's SEALED REPORT AND RECOMMENDATION on interim |

| | | | |
|---|---|---|---|
| | | | requests for attorneys' fees and costs [106−1], DENYING defendant's NINTH EXPARTE (SEALED) Motion [107−1], GRANTING defendant's motion TENTH EXPARTE (SEALED) and allowing John Echols to withdraw [113−1], DENYING defendant's EXPARTE (SEALED) ELEVENTH Motion [118−1], DENYING defendant's motion for ex parte conference on defense budget and funding [116−1] and [126−1] (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 05/05/2005) |
| 05/05/2005 | | | SEALED TELEPHONE CONFERENCE: Roger Hilfiger, appointed counsel for defendant Barrett, present. Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter MB. Law Clerk DG. 4:10 p.m. to 4:25 p.m. Court and counsel discuss future procedures in light of Orders entered this date. (JHP) (pyb, Deputy Clerk) Modified on 05/06/2005 (Entered: 05/06/2005) |
| 05/05/2005 | | | CJA Form 30 (Attorney Payment Voucher − Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #1)(JHP 5/5/05) (smg, Deputy Clerk) (Entered: 05/09/2005) |
| 05/05/2005 | | | CJA Form 30 (Attorney Payment Voucher − Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #2)(JHP 5/5/05) (smg, Deputy Clerk) (Entered: 05/09/2005) |
| 05/05/2005 | | | CJA Form 30 (Attorney Payment Voucher − Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #3)(JHP 5/5/05) (smg, Deputy Clerk) (Entered: 05/09/2005) |
| 05/05/2005 | | | CJA Form 30 (Attorney Payment Voucher − John Echols) as to Kenneth Eugene Barrett (Interim #1)(JHP 5/5/05) (smg, Deputy Clerk) (Entered: 05/09/2005) |
| 05/05/2005 | | | CJA Form 30 (Attorney Payment Voucher − John Echols) as to Kenneth Eugene Barrett (Interim #2)(JHP 5/5/05) (smg, Deputy Clerk) (Entered: 05/09/2005) |
| 05/06/2005 | 129 | | SEALED MINUTE ORDER before District Judge James H. Payne regarding Sealed Minute Order [123−1], entered on 4/28/05, and Sealed Minute Order [119−1], entered on 4/25/05. (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 05/06/2005) |
| 05/13/2005 | 130 | | MINUTE ORDER before District Judge James H. Payne Appointing Bret Allan Smith as co−counsel for defendant Kenneth Eugene Barrett (written order to follow). (JHP) (cc: all counsel) (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/13/2005) |
| 05/13/2005 | 131 | | MINUTE ORDER before District Judge James H. Payne SETTING status conference on 5/18/05 at 12:00 noon as to Kenneth Eugene Barrett, to be held in chambers. All counsel of record are directed to be present. However, defendant Barrett does not need to be present for this conference. (JHP) (cc: all counsel) (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/13/2005) |
| 05/13/2005 | | | |

| | | | |
|---|---|---|---|
| | | | AMENDED NOTICE: The STATUS CONFERENCE set for 5/18/05 at 12:00 noon, for Kenneth Eugene Barrett before Judge James H. Payne, WILL BE HELD IN THE SOUTH COURTROOM, Second Floor, rather than in chambers, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK. Defendant Barrett does not need to be present for this conference. (cc: all counsel) (pyb, Deputy Clerk) (Entered: 05/13/2005) |
| 05/13/2005 | 132 | | MOTION for Change of Appointed Counsel by defendant Kenneth Eugene Barrett (Handwritten Motion by defendant. Copies to Government and present Counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/14/2005) |
| 05/13/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (5/13/05)(Interim #4) (smg, Deputy Clerk) (Entered: 05/26/2005) |
| 05/13/2005 | | | CJA Form 30 (Appointment of Counsel Bret A. Smith) on behalf of defendant Kenneth Eugene Barrett. (JHP 5/13/05) (smg, Deputy Clerk) (Entered: 06/15/2005) |
| 05/17/2005 | 133 | | SEALED ORDER by District Judge James H. Payne re: appointment of Brett Alan Smith as co–counsel for defendant Barrett. (cc: Defense counsel and faxed) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 05/17/2005) |
| 05/18/2005 | | | STATUS CONFERENCE before Judge James H. Payne. Plaintiff present by counsel D. Michael Littlefield, Assistant U.S. Attorney and Sheldon J. Sperling, U.S. Attorney. Defendant KENNETH EUGENE BARRETT not present in person however present by appointed counsel Roger Hilfiger and Bret Allan Smith. Courtroom deputy: lw. Court reporter: mb. Court announced Bret Smith has been appointed as counsel in light of the withdrawal of Mr. Echols with Mr. Hilfiger to be designated as lead counsel and Mr. Smith to be designated as co–counsel. Court addressed jury panel qualification currently set for 7/5/05 in another death penalty case pending in this district. Court inquired of counsel as to their response to conducting the qualification of the panel as to that case and this case with selection of the juries to follow qualification in each case. Plaintiff responded with its concerns and requested each case be treated separately from the beginning with qualification to its conclusion. Plaintiff also advised Court of scheduling conflict U.S. Attorney Sperling would have as he is counsel of record in both cases. Defendant responded with his concerns including jury panel being qualified and jury selected 30 to 60 days prior to this case going to trial. Plaintiff agreed with this concern. Court addressed current schedule and inquired as to the status of the preparation of the state proceedings transcripts. Defendant advised the state court reporter stated that a lot of the work might have to be contracted out, that the court reporter was concerned about payment of this additional expense and that it may be the middle to the end of June before the transcripts are completed. Court advised counsel if the problem is payment that could be worked out and directed counsel to advise the court reporter. Defendant anticipated he will not be ready for trial until September, 2005. Plaintiff was not opposed to September, 2005 trial setting. Court inquired as to estimate of trial time. Plaintiff estimated 3 to 4 weeks Stage One. Defendant agreed with this estimate. Court advised at this time it intends to see that jury qualification |

| | | | |
|---|---|---|---|
| | | | is conducted as to both death penalty cases beginning 7/5/05. Court further advised it will consider issues addressed today surrounding jury selection. Court advised it had reviewed the juror questionnaire proposed by Judge White and finds it is in conformity with the submissions from counsel in this case. Court advised if they wished to brief any of the issues addressed today regarding jury qualification and jury selection that they may do so by 5/25/05. Court addressed pending pro se motion by defendant for change of appointed counsel. Court defendant's counsel to meet with defendant and advise the Court. If the Court finds a hearing is necessary, it will set one at that time. Additionally, Court addressed pending motions that had been referred to the magistrate and Findings should be forthcoming. Court addressed pending motions regarding the juror questionnaire and finds those requests had been met with the proposed juror Motions GRANTED. (JHP) Court advised it would entertain motion for continuance of trial and requested counsel to address issue of speedy trial if such a motion should be submitted. Plaintiff inquired as to extension of other pending deadlines. Court responded it would entertain a motion for that as well. (JHP) (law, Deputy Clerk) Modified on 05/25/2005 (Entered: 05/18/2005) |
| 05/18/2005 | 134 | | MINUTE ORDER before District Judge James H. Payne: Pursuant to the announcement in open court, defendant's motion to submit questionnaire to members of the jury panel filed 2/7/05 [48–1], plaintiff's motion for leave to submit questionnaire to jury panel members filed 2/11/05 [53–1] and the plaintiff's motion for procedures for panel qualification and voir dire and inclusion of capital questions during pretrial voir dire filed 3/11/05 [92–1], as it relates to panel qualification, are hereby GRANTED. The juror questionnaire prepared by the court will be utilized as it incorporates all questions necessary to adequately qualify a death penalty jury panel. (JHP) (cc: all counsel) (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/18/2005) |
| 05/23/2005 | 135 | | MOTION pro se for Change of Appointed Counsel by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/23/2005) |
| 05/23/2005 | 136 | | MINUTE ORDER before District Judge James H. Payne denying as moot, defendant's motion for Change of Appointed Counsel [132–1] filed 5/13/05, in light of the new motion by defendant filed this date, pleading #135. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/23/2005) |
| 05/24/2005 | 137 | | ORDER by District Judge James H. Payne denying defendant Barrett's pro se motion for Change of Appointed Counsel [135–1] (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/24/2005) |
| 05/26/2005 | 138 | | MOTION for Continuance of Jury Trial by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/27/2005) |
| 06/01/2005 | | | NOTICE: HEARING set for 6/6/05 at 4:00 p.m. on Motion of Defendant Kenneth Eugene Barrett to continue jury trial 138 before Judge James H. Payne, Second Floor, South Courtroom, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 06/01/2005) |
| 06/02/2005 | | | |

| | | | |
|---|---|---|---|
| | | | TELEPHONE CONFERENCE CALL: Before Hon. James H. Payne. Courtroom Deputy PB (by telephone). Court Reporter: Glen Darrough. Law Clerk Denise Graham. Government present by telephone, by D. Michael Littlefield, Assistant U.S.Attorney. U.S.Attorney Sheldon Sperling, not present. Defense counsel Roger Hilfiger and Bret A. Smith present, also by telephone. Defendant not present. Court advises counsel that the purpose of this telephone conference is to discuss the juror questionnaires mailed by Judge White for his death penalty case and for this death penalty case. Copies of the questionnaires that have been submitted to date are now available for counsel. Court advised counsel that the privacy of the jurors was of utmost importance. One set will be given to defense counsel, and Roger Hilfiger will keep them in his office and be responsible for them. The Court instructs the Clerk to release the juror questionnaire copies this date to counsel for defendant and for the government. There are approximately 200 ready for distribution. The Court instructs counsel that the questionnaires are not to be allowed outside of the offices of Roger Hilfiger and Michael Littlefield. Court referred to the letter which Judge White sent out with the questionnaires, and noted that Judge White was cautious in advising the potential jurors that the information they are supplying is going to be protected by the Court from the public. The purpose of this restrictive use of the questionnaires is to protect the privacy of those selected for jury duty. Counsel will be responsible for preserving these questionnaires until the trial is completed. At the completion of the trial, counsel are directed to return the questionnaires to the Court Clerk for possible destruction. Counsel for govt. and deft. requested that the Court allow them to maintain the questionnaires until all avenues of appeal have been exhausted. Court not inclined to do that, but will keep the original questionnaires and should the need arise, counsel may make motion for the Court to reproduce the questionnaire needed for appellate purposes. Counsel for govt. and deft. do not object to returning the questionnaires at end of trial, as long as they may make such motion to have them reproduced if needed during the appeal process. Roger Hilfiger advises that Mr. Smith has talked to defendant, Mr. Barrett, and he is cooperating with them again. Court still wants to have the hearing Monday, 6/6/05 at 4:00 p.m. All counsel will be present. Question as to whether or not to return defendant to O.S.P. in McAlester, Oklahoma. Court and counsel agree that defendant will be needed during voir dire and jury qualification of Judge White's death penalty case in July, and that defendant should remain in Muskogee. Court directs Clerk to call U.S.Marshal's office and advise them that defendant needs to stay in Muskogee, and that an order can be entered if necessary. Court advises that Judge White will do the qualification for defendant Barrett as well as defendant Fields in July, as to the death penalty issue only, but that the actual jury selection for the Barrett case will take place at time of trial for defendant Barrett, and will be taken from the panel qualified in July, 2005. Telephone conference concluded. (JHP) (pyb, Deputy Clerk) (Entered: 06/02/2005) |
| 06/02/2005 | 139 | | ENTRY OF APPEARANCE for defendant Kenneth Eugene Barrett by Attorney Bret A. Smith. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/03/2005) |
| 06/06/2005 | 140 | | ORDER REGARDING JUROR QUALIFICATION PROCESS by District Judge James H. Payne (cc: all counsel and faxed to all counsel, including counsel in CR–03–73–WH, USA vs. Fields) (pyb, Deputy Clerk) (jcb, Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk). (Entered: 06/07/2005) |
| 06/06/2005 | | | HEARING ON DEFENDANT'S MOTION TO CONTINUE TRIAL: Government present by Assistant U.S.Attorney D. Michael Littlefield. Defendant KENNETH EUGENE BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter GW. Law Clerk DG) Court addressed the motion of defendant to continue trial and questioned defendant as to whether or not the problems that had occurred between defendant and counsel had been resolved, and defendant advised he was cooperating with counsel and speaking with them. Court admonishes defendant to continue to cooperate with counsel, as it is vital to his defense. Defense counsel advises that the work done by the Court Reporter, Mr. Woods, on the state court transcript to date failed due to a malfunction in his equipment. He has obtained other equipment and hired a person to help him. There are eight days of testimony of witnesses which have been ordered and Mr. Woods believes he can have it done before the end of the month, but Mr. Hilfiger believes it will be the end of June if that soon as Mr. Woods has other jobs to do as well. Arguments of counsel regarding delay of trial. Government advises of the need for Mr. Sperling to be off September 2 and 3, 2005. Court will direct counsel to contact court reporter and get the transcript started, and advise him that vouchers for payment of the transcript will be approved upon receipt. Court inquires as to whether or not defendant will be willing to sign a Waiver of Speedy Trial. Defendant will agree. Court will continue the trial as follows: Defendant to submit his waiver of speedy trial. Jury selection will begin August 29, 2005 at 9:00 a.m. and the actual jury trial will be continued until September 6, 2005.Counsel should be receiving an Order by the Court tomorrow advising of the procedure for qualifying the jury panel for a death penalty case in this case and in the death penalty case before Judge White. Individual questioning of jurors will take place in a sealed courtroom. Twenty jurors a day will be qualified to serve in a capital case. Counsel inquired if the current deadlines for trial briefs, etc. will remain. Court directs counsel to check the deadlines and file a motion to extend these deadlines, if needed. Defense advises that the court reporter in the state court case will give them a witness list and the day that the witnesses testified. Transcript may just be given complete to counsel, rather than in separate parts as it is completed. Court will allow Sheldon Sperling to be away September 2, 2005, and will allow Mr. Littlefield to proceed with further jury selection, if the process has not been completed by that time. (JHP) (pyb, Deputy Clerk) (Entered: 06/07/2005) |
| 06/07/2005 | 141 | | WAIVER OF A SPEEDY TRIAL by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/08/2005) |
| 06/08/2005 | 142 | | MINUTE ORDER: By District Judge James H. Payne: Defendant's Motion for Continuance of Jury Trial is hereby GRANTED. 138 The availability of death as a potential penalty for the charged counts impose significant additional duties and responsibilities upon the parties. The public interest will best be served by ensuring the defendant's trial complies with all of the requirements of due process. JURY TRIAL set 8/1/05 is HEREBY STRICKEN AND RESET AS FOLLOWS: Jury Selection and qualification will begin August 29, 2005, at 9:00 a.m., and continue until a jury has been selected. Actual Jury Trial will begin September 6, 2005, at 9:00 a.m. All before Hon. James H. |

27

| | | | |
|---|---|---|---|
| | | | Payne, South Courtroom, Second Floor, at the U. S. Courthouse, Fifth & Okmulgee Streets, Muskogee, Oklahoma. The time between August 1, 2005, and August 29, 2005, shall be excluded for purposes of calculating time within which the trial of the offenses involved herein must commence. 18 U.S.C. Section 3161(h)(8). (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/08/2005) |
| 06/10/2005 | 143 | | MOTION to reset schedule dates by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/10/2005) |
| 06/14/2005 | 144 | | MINUTE ORDER before District Judge James H. Payne GRANTING Defendant's motion to reset schedule dates [143–1]: Accordingly, the following schedules are hereby entered: Discovery cut–off date is now July 12, 2005; Requested Instructions are now due August 5, 2005, and Trial Briefs are now due August 22, 2005. (JHP) (cc: all counsel) (seal) Modified on 06/14/2005 (jcb, Deputy Clerk). (Entered: 06/14/2005) |
| 06/27/2005 | 145 | | MOTION for Reconsideration of the Court's Order Regarding Juror Qualification Process by plaintiff USA as to Kenneth Eugene Barrett (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/27/2005) |
| 06/27/2005 | 146 | | MINUTE ORDER before District Judge James H. Payne Government's Motion for Reconsideration of the Court's Order Regarding Juror Qualification Process filed 6/27/05 (Docket Entry #148) is GRANTED. Upon reconsideration, the Court hererby resets the juror qualification process in this matter to begin 8/29/05 at 9:00 a.m., with jury selection and trial to follow immediately thereafter. Further, a status conference will be held on 7/15/05 at 10:30 a.m. in the before Judge James H. Payne, 2nd floor south courtroom at the U. S. Courthouse, 101 N. 5th, Muskogee, OK. [145–1] (JHP) (cc: all counsel) (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/27/2005) |
| 06/28/2005 | 147 | | REPORT AND RECOMMENDATION by U.S.Magistrate Judge Steven P. Shreder, recommending denial of defendant's motions as follows: 86 Motion to strike as to Counts One and Two the "Risk of to more than one Person" Aggravator which alleges only that Mr. Barrett acted "Knowingly"; 85 Motion to strike the "Gateway" Aggravators alleging "Intentional" conduct from all counts as a denial of due process of law; 80 : Motion for a bill of particulars concerning the Government's notices of intent to seek the death penalty and for similar notice under the Fifth and Sixth Amendments; 79 Motion to strike the death penalty notice as to all counts based upon his having been previously acquitted of having intentionally killed Eales, of having intentionally shot Mr. Hamilton with the intent to kill, and of having the intent to kill anyone else; 78 Motion to declare the Federal Death Penalty Scheme unconstitutional, and in violation of the Eighth Amendment prohibition against cruel and unusual punishment and as a violation of the Apprendi–Ring–Blakely Doctrine; 76 Motion to strike the "Grave Risk of Death to Additional Person[s]" aggravator from all counts as a denial of due process of law; 75 Motion to strike the "Victim Impact" Aggravator from all counts as a denial of due process of law; 74 Motion to strike the "Substantial Planning and Premeditation" Aggravator from all counts as a denial of due process of law; 72 Mmotion to strike the death penalty notices, and motion to bar the death penalty for all counts based upon the lack of a nexus between the homicidal acts and the underlying drug offenses; 71 Motion to require the Government to elect as to all three counts |

28

| | | | among the alleged "Gateway" factors; 70 Motion to strike the death penalty notice, and motion for order to bar the death penalty for Count 3, based upon the limitations 18 U.S.C. Section 3591; 69 Motion to Strike the "Future Dangerousness" aggravator from all counts as unconstitutionally vague, and motion to subject this aggravator to a Daubert Hearing prior to allowing it to be presented trial ; parties have ten (10) days to file objections from date of receipt of the Report and Recommendation. (cc: all counsel, and faxed to all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/29/2005) |
|---|---|---|---|
| 06/30/2005 | 148 | | RECEIPT by Government of copy of Report and Recommendation of Judge Shreder, filed 6/28/05. Received 6/29/05. Objections by Government due 7/15/05. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 06/30/2005) |
| 07/07/2005 | 149 | | PRAECIPE AND ISSUING 50 blank subpoenaes by plaintiff USA , for witnesses to appear 8/29/05 at 9:00 a.m., on behalf of Government, U.S.Cthse., Muskogee, OK. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/07/2005) |
| 07/07/2005 | 150 | | RECEIPT by defendant of copy of Report and Recommendation of U.S.Magistrate Judge Steven P. Shreder, filed 6/28/05. Deft. Received same on 6/30/05. Objections due 7/15/05. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/07/2005) |
| 07/08/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #5)(JHP 7/8/05) (smg, Deputy Clerk) (Entered: 09/06/2005) |
| 07/12/2005 | 151 | | RECEIPT by defense counsel of copy of Report and Recommendation of U.S.Magistrate Judge Steven P. Shreder, filed 6/28/05. Received 7/5/05. Objections due 7/19/05. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/12/2005) |
| 07/12/2005 | 152 | | OBJECTIONS by defendant Kenneth Eugene Barrett regarding Magistrate Shreder's June 28, 2005 Report and Recommendation concerning Defendant's motions challenging the Federal Death Penalty [147–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/12/2005) |
| 07/15/2005 | | | STATUS CONFERENCE: Government present by Assistant U.S.Attorney D. Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Court Reporter KM. Courtroom Deputy PB. Law Clerk DG) Parties announce ready. Court inquires as to progress of State Court Transcript. Defense counsel advises that the court reporter has done 5 days of the 9 days ordered. Court reporter wants to be paid and the payment is in progress. Defense anticipates the transcript should be completed around the first of August. Court inquires if discovery is complete. Government advises that there are still items being produced to defense, and both govt. and defense agree there is no dispute or problems with the ongoing discovery. Govt. To complete the model and show to defense, but has made defense aware of its contents. Govt. has had to get a new expert regarding procedures and tactics on entry and will get defense a copy of the curriculum vitae along with a report when concluded. Counsel advise an extension of discovery deadline is not necessary. Defense has asked for an opportunity to view the Bronco, which is in storage in Oklahoma City and govt. will make arrangements for same to be viewed. Court advises that it |

| | | | |
|---|---|---|---|
| | | | plans to do general jury qualification of jury panel in McAlester, Oklahoma on 8/22/05, and have the prospective jurors complete the death penalty questionnaire at that time. Court plans to use the Southern jury panel for this trial. When the jurors are generally qualified, and have completed the questionnaire, then 20 jurors at a time will come to Muskogee Courthouse for individual, specific qualification beginning 8/29/05, and then the actual voir dire and jury selection to be done 9/06/05. Objections by defense as to the timing and request that trial be continued in order to give counsel more time to study the jury questionnaires. Counsel will be utilizing assistance of public defender's offices and will need to enter the jurors into a computer program for study, and will need at least 10 days to enter the data. Government requests extension also, due to unavailability of U.S.Attorney Sheldon Sperling the first and second of September, 2005. Defense advises that discussions with defendant have been had as to continuing the matter until November, 2005. No objections by counsel as to method of general qualification and of filling out questionnaires at that time. ENTERING ORDER: Court directs counsel to file a motion to continue if desired by close of business on Wednesday, July 20, 2005, and the Court will consider it.(JHP) Counsel inquires as to whether or not counsel and defendant need to be present for general qualification. Court advises that if counsel and defendant are present for the general qualification, it will be strictly as observers. Counsel and defendant are to be present during the individual, specific qualification. Court inquires how long to try the first stage. Government has 30–40 witnesses for the first stage of trial, and anticipates it will take 2–3 weeks, or 12–15 working days. Govt. advises it also has the drug charges to pursue as well as the death penalty charges. Defendant advises that if govt. uses all witnesses, it will not take defense long, but that defense intends to use all the witnesses govt. has listed, that govt. does not call. As to the second stage, government anticipates 2–3 days, and defendant anticipates 2–3 days, for a total of at least 5 days. Counsel inquires if there will be a break between the first and second stages. Court agrees there should be, and depending on when the first stage is completed, it will determine how long a break, perhaps a week. ENTERING ORDER Directing counsel to return the copies of the old questionnaires used for Judge White's death penalty case by noon on Monday, 7/18/05. (JHP) ENTERING ORDER directing Government, by close of business on Wednesday, 7/20/05, to disclose who its case agent will be, in order to put the agent's name in the questionnaires, and to advise defense as well. (JHP) Counsel inquire as to whether or not the jurors not used in Judge White's death penalty case, and the southern jury pool could be combined. Court advised that those jurors were told at the beginning of Judge White's general qualification that in the case they were present for, the defendant had already plead guilty. Court will consider using both panels. Status Conference concluded. (JHP) (pyb, Deputy Clerk) (Entered: 07/18/2005) |
| 07/18/2005 | 153 | | ORDER by Judge James H. Payne, Adopting the Report and Recommendation of U.S.Magistrate Judge Steven P. Shreder filed 6/28/05, and DENYING defendant's motions numbered 69–72, 74–76, 78–80, and 85–86, in all respects. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 2/7/2013: # 1 main) (acg, Deputy Clerk). (Entered: 07/18/2005) |
| 07/19/2005 | 154 | | MOTION (pro se) for use of law library by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/20/2005) |

| 07/19/2005 | 155 | | MEMORANDUM by plaintiff identifying individuals at counsel table (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/20/2005) |
|---|---|---|---|
| 07/20/2005 | 156 | | MOTION for continuance of jury trial by defendant Kenneth Eugene Barrett with attached Waiver of Speedy Trial (cjt, Deputy Clerk) Modified on 07/20/2005 (jcb, Deputy Clerk). (Entered: 07/20/2005) |
| 07/20/2005 | 157 | | MEMORANDUM by defendant identifying individuals at counsel table (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/20/2005) |
| 07/22/2005 | 158 | | ORDER by District Judge James H. Payne denying defendant's pro se request for use of law library [154–1] (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/22/2005) |
| 07/22/2005 | 159 | | ORDER by District Judge James H. Payne granting defendant's motion for continuance of jury trial [156–1] in an abbreviated form. Accordingly, the jury trial set August 29, 2005, is hereby stricken and reset as follows: General Jury Panel Qualification st 8/18/05 at 10:00 a.m. at the Southeast Expo Center, McAlester, Oklahoma; Individual Death Qualification of Potential Jurors will begin 9/12/05 at 9:00 a.m. in the South Courtroom, Muskogee, Oklahoma. Jury selection will begin 9/26/05 at 9:00 a.m. with testimony to begin immediately following the empaneling of a jury, for Kenneth Eugene Barrett . The time between 8/29/05 and 9/26/05, shall be excluded for purposes of the Speedy Trial Act, 18 USC Section 3161(h)(8). Proposed voir dire questions for use in both the death qualification stage of jury selection and during general jury selection, proposed jury instructions for both the first and second stages of this trial, and trial briefs containing all issues which counsel can reasonably anticipate will arise during the trial including, but not limited to, individual voir dire, general voir dire, number of witnesses, and length of trial, are due on 8/29/05. Pursuant to Local Criminal Rule 57.3, this Court deems this to be a "sensational case" and specifically proscribes all lawyers appearing in the case, their employees and/or agents, from making extrajudicial statements to the news media if there is a reasonable likelihood that such statement would have a prejudicial effect on jury qualification and selection. (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/22/2005) |
| 07/26/2005 | 160 | | PRAECIPE by plaintiff USA and ISSUING 50 blank subpoenaes for witnesses to appear on behalf of USA on 9/26/05 at 9:00 a.m., U.S.District Court. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/26/2005) |
| 07/26/2005 | 161 | | NOTICE by plaintiff USA of Scheduling Conflict. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/26/2005) |
| 07/29/2005 | 162 | | NOTICE OF SCHEDULING CONFLICT by defendant Kenneth Eugene Barrett of appointed counsel Bret A. Smith. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 07/29/2005) |
| 08/05/2005 | | | NOTICE: STATUS CONFERENCE is set for 8/12/05 at 11:00 a.m. for Kenneth Eugene Barrett before Judge James H. Payne, Courtroom 1, Room 230, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK. Defendant will need to be present. (cc: all counsel) (pyb, Deputy Clerk) Modified on 08/05/2005 (Entered: 08/05/2005) |
| 08/08/2005 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE: THE LOCATION OF THE STATUS CONFERENCE set for 8/12/05 at 11:00 a.m. for Kenneth Eugene Barrett , HAS BEEN CHANGED from Courtroom 1, Room 230, to the THIRD FLOOR HEARING ROOM, before Judge James H. Payne at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 08/08/2005) |
| 08/12/2005 | | | STATUS CONFERENCE: Government present by U.S.Attorney Sheldon J. Sperling and Assistant U.S.Attorney D. Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter MB. Law Clerk DG) Scheduling Plan for General Qualification: Court advises counsel the plan for general qualification of jurors, as follows: Court will have four sessions of general qualification beginning August 18, 2005: 60–80 jurors are to appear on 8/18/05 at 10:00 a.m. and be generally qualified; 60–80 jurors are to appear 8/18/05 at 2:00 p.m. and be generally qualified; 60–80 jurors are to appear 8/19/05 at 10:00 a.m. and be generally qualified; 60–80 jurors are to appear 8/19/05 at 1:00 p.m. and be generally qualified. After each group is generally qualified, they will be given questionnaires to fill out and give to the Clerk. The Court has given counsel for each side a copy of the script it intends to use and the questionnaire it intends to pass out. After discussion of the script and questionnaire, the Court directs that any objection or changes to the script or the questionnaires are to be filed by noon on Tuesday, August 16, 2005 and the Court will make a decision as to changes and the questionnaire will then be sent to the printer. Government desires to be present for the general qualification. Defendant does not intend to be present. Court will have government sit off to the side and will not be introduced and will not participate in the general qualification process. Court inquires as to length of trial: Stage One: Government: 10–15 trial days, with 41 witnesses, which include 7–10 experts. Defendant: An additional 5 days at the most for defense evidence. Stage Two if the trial passes Stage One: Government: 3–5 trial days. Defendant: Less than 5 trial days. Court concludes that the trial could take a total of 30 trial days maximum. Government advises that Mike Littlefield will handle Stage 1 primarily, and Sheldon Sperling will handle Stage 2 primarily. Court inquires as to state court transcript: Defense has 6 days of 13 days of testimony. Hopefully the court reporter will complete days 7 and 8 and possibly day 9 by the end of the weekend. Court reporter has been paid. Further Scheduling Plan: On 9/12/05, the individual jury questioning will begin, with about 20 jurors per day. The Court expects to take about 8 days to complete the individual questioning. On Monday, September 26, 2005, the Court will begin the final voir dire and hopefully the jury selection will be completed in one day, with the government to begin its evidence as to Stage One on September 27, 2005, with the trial continuing on September 28, 2005. On September 29, 2005 a previous engagement will prevent the trial from proceeding on that day. Court will make a decision as to whether or not to resume testimony on September 30, 2005. Discussion held regarding the conflict involving Michael Littlefield and Bret Smith, with arguments before the Tenth Circuit on a case they are both involved in, scheduled for October 4, 2005 in Oklahoma City. Court will talk to Tenth Circuit and see if the matter may be continued, and will advise counsel. Court will be unavailable from October 10, 2005 through October 17, 2005 and the matter will have to be continued during that time. Court will |

| | | | discuss the length of trial with prospective jurors during the individual questioning period. The Court plans to go from 9:00 a.m. to 5:00 p.m. each day in session, unless counsel would prefer 8:30 a.m. to 2:30 p.m. on certain days, due to the length of the trial. Court will go longer if an expert needs to testify and it will be necessary to complete the testimony after 5:00 p.m., but counsel shall advise the court in advance, in order to advise the jury. Counsel again reminded that trial briefs and requested jury instructions are due by 8/29/05, and the Court requires both. Defense counsel encouraged to submit vouchers each month for fees to be paid in a timely fashion. (JHP) (pyb, Deputy Clerk) (Entered: 08/13/2005) |
|---|---|---|---|
| 08/16/2005 | 163 | | MOTION to Modify Juror Questionnaire by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/16/2005) |
| 08/16/2005 | 164 | | RESPONSE ON JUROR QUESTIONNAIRE by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/16/2005) |
| 08/16/2005 | 165 | | MINUTE ORDER: The government's motion to modify juror questionnaire (Docket No. 173) is granted as to the request to strike the words "Federal Defender's office" from proposed question number 49; the following words will be inserted therein "the Law Offices of Roger Hilfiger or Bret Smith." Additionally, since both parties, have requested that proposed question number 48 be stricken from the questionnaire, said motion is granted. Finally, as to the government's request in regard to proposed question number 40, the Court denies the request as the name reflected on the questionnaire mirrors that contained in the Superseding Indictment. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/16/2005) |
| 08/17/2005 | 166 | | SEALED MINUTE ORDER before District Judge James H. Payne (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 5/30/2006–UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 08/17/2005) |
| 08/22/2005 | 167 | | MINUTE ORDER before District Judge James H. Payne: The Court hereby notifies counsel that copies of the juror questionnaire which were completed by prospective jurors on August 18 and 19, 2005, are now available for counsel to pick in the office of the Court Clerk. Counsel are advised that the privacy of the jurors is of the utmost importance. One set of copies will be given to the office of the United States attorney and one set to Roger Hilfiger, to be kept in their respective offices. In the event either party intends to provide the questionnaires to a jury consultant, counsel will be responsible for ensuring that the information contained in the questionnaires is safeguarded from disclosure in the same manner as would be required for information deemed privileged by the attorney–client privilege. Counsel will be responsible for preserving these questionnaires until the trial is completed. At the completion of the trial, counsel are directed to return the questionnaires to the Court Clerk. The Court Clerk will maintain the original juror questionnaires as part of the record herein. In order to protect prospective jurors privacy, said questionnaires shall be sealed. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/22/2005) |
| 08/29/2005 | 168 | | MINUTE ORDER before District Judge James H. Payne Granting oral request of defendant for extension of time until noon, on 8/30/05, to file his trial brief. |

| | | | |
|---|---|---|---|
| | | | (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/29/2005) |
| 08/29/2005 | 169 | | PROPOSED JURY INSTRUCTIONS for Guilt Phase submitted by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/29/2005) |
| 08/29/2005 | 170 | | PROPOSED CAPITAL JUROR QUALIFICATION QUESTIONS by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/29/2005) |
| 08/29/2005 | 171 | | TRIAL Brief by plaintiff USA (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/29/2005) |
| 08/29/2005 | 172 | | PROPOSED JURY INSTRUCTIONS submitted by plaintiff USA (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/29/2005) |
| 08/30/2005 | 173 | | SEALED OBJECTIONS by defendant Kenneth Eugene Barrett, regarding Sealed Minute Order #166. (pyb, Deputy Clerk) Modified on 08/30/2005 Modified on 5/30/2006–UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 08/30/2005) |
| 08/30/2005 | 174 | | TRIAL BRIEF by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/30/2005) |
| 08/30/2005 | 175 | | SEALED BRIEF by plaintiff USA regarding Minute Order #166. (pyb, Deputy Clerk) Modified on 5/30/2006–UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 08/30/2005) |
| 08/30/2005 | 176 | | PRAECIPE by plaintiff USA and ISSUING 30 blank subpoenaes for witnesses to appear on behalf of the Government to testify on 9/26/05 at 9:00 a.m., USDC/ED–OK, Muskogee, Oklahoma. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/30/2005) |
| 08/30/2005 | 177 | | MINUTE ORDER before District Judge James H. Payne: The parties are hereby advised that following the Sealed Hearing set Wednesday, 8/31/05, the Court intends to conduct a Pretrial to discuss various issues including: 1: The assignment of numbers for each juror, to protect their privacy; 2: Whether three jurors whose identity will be revealed to the attorneys by the Court Clerk, should be excused from further jury service herein; 3: Issues contained in the trial briefs; 4: Whether the Court should, if the jury returns a guilty verdict on all counts, have a bifurcated sentence hearing; and 5: Any other issues counsel may need to discuss with the Court. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 08/30/2005) |
| 08/31/2005 | | | SEALED HEARING: Government present by U.S.Attorney Sheldon Sperling. Defendant Kenneth Eugene Barrett present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Parties announce ready. Sealed hearing conducted. Full minutes of this hearing, along with the exhibits are in a sealed envelope attached to a Minute Sheet for this date in the criminal file. (JHP) UNSEALED CRIMINAL PRETRIAL: Government present by U.S.Attorney Sheldon Sperling. Defendant Kenneth Eugene Barrett present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law ClerK |

DG) Parties announce ready. Court advises that it intends to bring 10 jurors into the courtroom at 9:00 a.m. and 10 and 1:30 p.m. At each of these times, the case will be called, the Court will ask the attorneys to identify themselves on the record and then the Court will read a brief prepared statement to each group of 10 jurors. During this statement, the Court would like to give the jurors a brief summary of what this case is about. The attorneys are requested to get together, and by next Tuesday, September 6, file an agreed statement summarizing the charges against the defendant. If counsel can also agree upon items that should be included in this statement, then include that also. Court noticed that defendant filed a proposed introduction. The Court anticipated that trial briefs would contain all of the legal and evidentiary issues which might arise in this trial. While generic briefs have been filed regarding certain issues, there is no indication to the court what facts might be involved in these issues. For instance, in the government's brief, the government says the "deft. Made a self–serving statement after his arrest" and the defendant should not be allowed to introduce the statement as part of the defense case because the statement will be hearsay. The brief, however, does not identify what the statement was, when it was made, etc. These issues are important in determining if the statement was, in fact, hearsay and whether the statement was self–serving would be a legal decision that the court will have to make before deciding whether or not the statement is admissible as an exception to the hearsay rule. The brief does not, however, appear to be a motion in limine. Similarly, the government has generic language about the use of rule 404(b) evidence, but no 404(b) notice has ever been filed in this case. If the government intends to file such a notice, it should be filed by Tuesday, 9/6/05. In regard to use of transcripts from previous state jury trials: witnesses refusal to make themselves "available" for defense subpoena – rule 804 of the Federal Rules of Evidence defines "unavailability of a witness" – the Court is not going to decide whether or not prior witnesses are unavailable until it hears the evidence regarding attempts at service or other factors contained within this rule. But, the defendant has plenty of notice when the testimony is going to begin in this case and should have the ability to subpoena every potential witness immediately. The Court will not look favorably upon some decision to not subpoena someone just because defense believes they will be a government witness and then when the government doesn't call that person defense counsel is then unable to find the person. The Court will not hesitate to declare a witness unavailable if convinced that the defendant has made reasonable and timely efforts to obtain the appearance of a witness at this trial. Defense advises that he is in the process of subpoenaing all witnesses, and will not rely upon the government to subpoena these people. There are some witnesses that have advised, in previous trials, that they will not accept a subpoena from the defense and will not appear to testify on behalf of the defense. Government advises that it will try to work with defense in facilitating these matters. In defendant's brief, there was an objection to the use of a camouflaged dummy in the courtroom, although there does not appear to be a motion in limine in this regard. If a proper foundation is laid for the admission of such an exhibit, it will be treated just like any other exhibit. It can be displayed to the jury upon its admission and then it will be removed from the jury's view (unless another witness later refers to the exhibit and it has to be shown to the jury to understand that witnesses' reference to the exhibit). Regarding the history of the state court trials and revealing same to the jury: Discussion by counsel. Court advises that it feels it would be

appropriate that when a witness gives conflicting testimony to previous testimony in the state court proceedings, counsel may ask the witness if he/she recalls testimony previously given on a certain day, state the page and line number and then read the previous testimony, and the court feels that no references should be made to the "first" and "second" trials. Government advises that if it intends to go beyond these types of references, and wishes to include certain historical context of previous cases, it will advise the court before–hand. Regarding defendant's request to limit attendance at trial of uniformed OHP agents: Discussion by counsel. Court: It is the court's job to ensure that the defendant receives a fair trial, however, if you kill an OHP trooper and you are put on trial, you must expect that the audience would include OHP troopers and possible other law enforcement officers interested in the outcome of the proceedings. While efforts to intimidate jurors or any other court personnel would violate the most elementary principles of a fair trial, at the same time, the defendant has a right to a "public trial" and this court will do everything to ensure that this trial is open to the public. Further, none of the spectators will be allowed to carry their weapons into this courtroom. Because the court was unaware, just from background of this case, that an unusual number of spectators might be drawn to this trial, the court has made arrangements to send a live feed of the proceedings in this courtroom to the third floor hearing room. The only concern about this procedure is that the parties will have to ensure that they have no witnesses who are subject to any rule of sequestration anywhere on the third floor. If the rule is invoked, the court will instruct the witnesses that they are not to be on the third floor. But the parties will also have to monitor their own witnesses who may not be in the courtroom to hear this court's ruling. This will also allow any spectators who are not in court when we begin, or who might need to leave the courtroom before we stop, to go up to the third floor instead of continually having individuals coming and going from the courtroom. Concerns have been raised by both counsel's briefs regarding jury instructions if a sentencing hearing becomes necessary. Court is considering possibility of bifurcating the sentencing proceedings. If this were done, we could instruction on the Title 21 count first, and after the jury has reached a decision on that sentence, we could instruct on the Title 18 counts. Counsel may brief this issues further, with authorities cited, by Friday, September 9, 2005, as to the bifurcation of the sentencing issues. Court advises that during individual juror qualification, it intends to cover the following issues: – death qualification – time requirements – publicity – and 18 U.S.C. 3593(f)special precautions against discrimination relating to race, color, religious beliefs, national origin or sex of the defendant or any victim. Jurors will be asked to sign a certificate stating none of these factors were involved in reaching his or her individual decision. In regard to victim impact evidence: In the court's experience in reviewing habeas death penalty cases, inevitably a victim says something that they shouldn't during their testimony. In an effort to avoid any potential problems, the Court would like the government to submit a summary of the anticipated victim impact evidence in this case. After discussion of when to submit the summary, the court requests that same be submitted 4–5 days before the beginning of the sentencing phase. Court anticipates taking a break between the first phase, the guilt phase, and the second phase, the sentencing phase. Court inquires as to status of second state jury trial transcript. Defense advises that there are still 5 pages of testimony not submitted, but the court reporter has promised to begin working on same Friday, 9/2/05. Court advises that it

| | | | |
|---|---|---|---|
| | | | will begin, as scheduled, the individual juror qualification process on 9/12/05, and the Court needs to know by then if there needs to be a delay in actual start of the trial, or if the Court needs to declare the rest of the second state court transcript unavailable. Court admonishes defense counsel to submit pay vouchers for payment of their work. (JHP) (pyb, Deputy Clerk) (Entered: 09/01/2005) |
| 09/02/2005 | | | NOTICE: SETTING a telephonic conference on 9/6/05 at 2:00 p.m. as to Kenneth Eugene Barrett to be conducted with all counsel of record by James H. Payne. (cc: all counsel) (nrh, Deputy Clerk) (Entered: 09/02/2005) |
| 09/06/2005 | 178 | | SEALED ORDER by District Judge James H. Payne regarding Minute Order #166. This Order to remain sealed until verdict is reached in this case. (cc: all counsel) (pyb, Deputy Clerk) Modified on 5/30/2006 –UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/06/2005) |
| 09/06/2005 | 179 | | PRAECIPE by plaintiff USA and ISSUING 20 blank subpoenaes on behalf of government for witnesses to appear 9/26/05 at 9:00 a.m., US Cthse., Muskogee, OK. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/06/2005) |
| 09/06/2005 | 180 | | NOTICE by plaintiff USA of Intent to Offer Evidence of Other Crimes pursuant to Rule 404(b) of the Federal Rules of Evidence. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/06/2005) |
| 09/06/2005 | | | TELEPHONE CONFERENCE CALL MINUTES: Government present by telephone, by U.S.Attorney Sheldon Sperling and Assistant U.S.Attorney D. Michael Littlefield. Defendant BARRETT not present, but appointed counsel Roger Hilfiger and Bret Smith present by telephone. Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter MB. Law Clerk DG. Court advises counsel that in regard to the jury attendance sheet and the random draw of jurors to begin coming in on September 12, 2005, that jurors #75 and #163 could not attend on 9/12/05, but could be present on 9/15/05. Therefore, the Court has substituted juror #75 with juror #176, and juror #163 with juror #179 for attendance on 9/12/05. Court plans to use the same methods for any other jurors who have date conflicts, and that counsel will be provided with a list of jurors attending the next day's session, by 4:00 p.m. on the day before. Court reminds counsel that the joint statement of the issues is due by close of business today. Defense counsel requested permission to enter the building through the handicapped entrance during the times when so many people and prospective jurors would be entering at the front door. Court advised that it would try and arrange that. Government advised that it would be filing a 404(b) notice in this matter today. (JHP) (pyb, Deputy Clerk) (Entered: 09/06/2005) |
| 09/07/2005 | 181 | | JOINT STATEMENT OF THE CASE (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/07/2005) |
| 09/08/2005 | | | NOTICE: STATUS HEARING is set for 9/9/05 at 1:00 p.m. for Kenneth Eugene Barrett before Judge James H. Payne, Courtroom 1, Room 230, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK. The hearing will not be sealed, and defendant will need to be present. (cc: all counsel) (pyb, Deputy Clerk) (Entered: 09/08/2005) |

| 09/09/2005 | 182 | | RESPONSE by defendant Kenneth Eugene Barrett Regarding Bifurcation of Sentencing, with Combined Brief. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/09/2005) |
|---|---|---|---|
| 09/09/2005 | 183 | | REVISED MOTION for order Permitting Computers and Related Electronic Equipment into the Courthouse for use by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/09/2005) |
| 09/09/2005 | 184 | | MINUTE ORDER before District Judge James H. Payne granting defendant's revised motion for order Permitting Computers and Related Electronic Equipment into the Courthouse for use [183–1]. Defendant must provide the U.S.Marshal with the serial numbers of each computer to be brought into the courthouse, prior to bring the computers in. None of the equipment to be brought into the courthouse shall have recording capabilities, or used for such purpose. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/09/2005) |
| 09/09/2005 | | | STATUS/PRETRIAL CONFERENCE: (1:26 p.m. to 2:54 p.m.)Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield. Also present on behalf of the Government are Darren Lee, Special Agent for D.E.A. and Ben Rosser, Special Agent for O.S.B.I. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter GW. Law Clerk DG and JA) Court has directed clerk to provide counsel with copies of the script it plans on using as each group of 10 jurors are brought in each day. Court is not going to use the joint statement of the case which counsel presented. Court does not believe it is proper to present the facts to the jury at this time; rather, that will occur during opening statements and/or the actual presentation of evidence. On pages 4–5 of the script, the Court will simply tell the jury the charges against the defendant. Court specifically not going to tell the jury that the defendant has been previously charged or that certain relevant events have been subject of other legal proceedings in another court. None of the juror questionnaires indicate that the jury has ever heard of the defendant or the victim. If someone has to be impeached with previous testimony, the way to do that is to say, "Isn't it true that you have previously testified under oath, on such and such day, regarding these facts or this matter? During your previous testimony, were you asked this question and did you give this answer?" Counsel directed to advise their witnesses as to this issue. Counsel has been provided with a list of jurors who will be called the first week and the order in which they will be called. One juror has been excused for 9/13/05, and we will only have 19 jurors that day. The juror's assigned numbers have been placed on the juror list, and counsel will only make reference to the juror by their assigned numbers. The Court will conduct the individual juror qualification proceedings with questions, and then will give each side 3 minutes for follow–up questions. The juror will then be asked to leave the courtroom and counsel can make any challenges regarding the juror's qualification to serve. The court will attempt to finish each juror within 15 minutes. Court and counsel agree that the counsel questioning may alternate with each juror. Court refers to government's brief at page 33, referencing previously submitted briefs addressing a broad range of issues pertaining to the death penalty and the anticipated second stage in this case, rather than addressing these issues in the trial brief. ENTERING ORDER: Court directs that, by Wednesday, 9/14/05, |

close of business, the government shall supplement its trial brief to advise the court of all previous briefs and the pages within those briefs which it feels is relevant to the trial of this case. If the defendant wishes to supplement their brief , they shall have the same period of time to do so. (JHP) On 9/26/05, after the jury list is again randomized, the Court plans on calling 64 jurors. Each side will have 1 hour and 15 minutes for general voir dire questioning. Then counsel will approach the bench and exercise any challenges for cause. However many additional jurors are needed will be called for ward and each side will have 10 minutes to ask any follow up questions of new jurors, then the Court will excuse the jurors until 1:30 p.m. At approximately 1:00 p.m., or as soon as the Clerk is ready for you to exercise peremptory challenges, we will do so. Each side will be given 23 peremptory challenges and the remaining 18 jurors will comprise the jury panel. The panel will not be told who the six alternate jurors are, but the last jurors called forward, in the order they were called forward will be the alternate jurors. If possible, after the 18 jurors have been selected, the Court intends to begin opening statements. Each side will be given 1 hour for opening statements, and then we will be ready to begin testimony first thing 9/27/05. We will do jury selection in Courtroom 1, and on 9/27/05 will start the trial in Courtroom 2, and continue the trial in Courtroom 2 on 9/28/05, and possibly a half a day on 9/29/05. Court will be in recess on 9/30/05. Counsel is directed to give the Court Security Officers a list of those who will be entering through the basement door. Arguments of counsel for government and defendant regarding advising jurors of previous court proceedings. Court will consider reading the last full paragraph on page 2 of the joint statement of the case on file herein. Request by counsel for both sides for more time to voir dire prospective jurors on 9/26/05 of up to 2 hours each. Court will consider same. Request by counsel for microphone to pass to the jurors. Court has ordered same. Government intends to use transcript of testimony of Trooper Rick Manion, from Madill, OK, who is now deceased, and intend to rework the testimony to comply with the Court's orders, and will provide defense with a copy as revised. Defendant renews his objection to the use of stun belts. Arguments of counsel. Court refers all questions regarding use of the stun belt to the U.S.Marshal, as well as defendant's request for a hair cut. Defense requests the names of witnesses for the Government that government believes should be withheld for safety of these witnesses. Arguments of counsel. Government intends to file motions in this regard this date. Defense advises it still does not have all of the state court transcript and the court reporter may not be able to complete it anytime soon, as there is a trial docket staring in Sequoyah County on 9/12/05. Court inquires if counsel requests a continuance on that basis. Court directs counsel to advise by Monday, 9/12/05, if a continuance is needed, in order to be able to tell the prospective jurors when the trial will start. Discussion by Court and counsel as to bifurcation of sentence stage of trial. Neither side feels it is necessary to bifurcate these counts for sentencing stage. Defense has briefed the issue of bifurcation, and the Government intends to do the same. Arguments of defense and government regarding expert witness for defendant. Court directs defense to provide government with expected testimony of this witness. If the matters will involve possibility of psychiatric evaluation, the Court MUST know as soon as possible, as these matters would seriously delay the trial in this case. Discussion of model replica of area of the search and shooting, which government intends to use as a model and as an exhibit to go to the jury. Defense has no objection to its use in courtroom for display. (JHP) (pyb,

| | | | |
|---|---|---|---|
| | | | Deputy Clerk) (Entered: 09/10/2005) |
| 09/09/2005 | 185 | | SEALED APPLICATION for protective order by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 09/13/2005 Modified on 5/30/2006–UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). Modified on 5/30/2006–UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/10/2005) |
| 09/09/2005 | 186 | | SEALED MOTION for order delaying the production of witness names by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/10/2005) |
| 09/12/2005 | 187 | | MINUTE ORDER before District Judge James H. Payne granting government's motion for protective order [185–1] (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/12/2005) |
| 09/12/2005 | 188 | | MINUTE ORDER before District Judge James H. Payne regarding Government's Sealed Motion for Order Delaying the Production of Witness Names [186–1] : The Government's Motion is set for SEALED EX PARTE HEARING 9/13/05 immediately following the conclusion of the individual juror qualification proceedings, before Hon. James H. Payne, Courtroom 1, at the U.S.Courthouse, Fifth & Okmulgee Streets, Muskogee, Ok. (JHP) (cc: all counsel) NOTE: Copies of this Minute Order were only distribute to U.S.Attorney's office. pb (pyb, Deputy Clerk) Modified on 09/13/2005 (jcb, Deputy Clerk). (Entered: 09/12/2005) |
| 09/12/2005 | 189 | | SEALED APPLICATION for protective order by plaintiff USA as to Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 09/12/2005 Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/12/2005) |
| 09/12/2005 | 190 | | SEALED ORDER by District Judge James H. Payne granting plaintiff's application for protective order [189–1] (cjt, Deputy Clerk) Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/12/2005) |
| 09/12/2005 | 191 | | SEALED APPLICATION for WRIT OF HABEAS CORPUS AD TESTIFICANDUM by plaintiff USA as to Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/12/2005) |
| 09/12/2005 | | | INDIVIDUAL JUROR QUALIFICATIONS: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith, and Assistant Angie Cole. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. Ten prospective jurors brought in group into courtroom at 9:00 a.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. NINE prospective jurors are qualified and ONE prospective juror excused in the morning session. (A.M. Session ended at 12:35 p.m.) TEN prospective jurors brought in group into |

| | | | |
|---|---|---|---|
| | | | courtroom at 1:30 p.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. EIGHT prospective jurors are qualified and TWO prospective jurors are excused in the afternoon session. (JHP) SEALED HEARING: All parties present with counsel. Court gives sealed report to the parties. (JHP) Individual questioning of jurors continued until 9:00 a.m. on 9/13/05. (JHP) (P.M. Session ended at 5:08 p.m.) (pyb, Deputy Clerk) (Entered: 09/12/2005) |
| 09/13/2005 | | | SEALED HEARING: 8:23 A.M. TO 9:20 A.M.: Government present by U.S.Attorney Sheldon J. Sperling, and Asst. U.S.Attorney D. Michael Littlefield. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law clerks DG & JA) Hearing on sealed motion of government. Hearing concluded. (Held in Fourth Floor Courtroom #3) Courtroom 1: INDIVIDUAL JUROR QUALIFICATIONS: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. (9:39 a.m.) Govt. Advises that it has spoken with defense counsel in regard to the sealed hearing this morning, and thinks the matter has been resolved. Court advises that that matter was sealed, and the Court will take it up at a later time. (9:42 a.m.) Ten prospective jurors brought in group into courtroom at 9:58 a.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Prospective Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Ten prospective jurors are qualified and none are excused in the morning session. (A.M.session ended at 12:54 p.m.) Ten prospective jurors brought in group into courtroom at 1:39 p.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Prospective Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Nine prospective jurors are qualified and one prospective juror is excused in the afternoon session. (JHP) Session ended at 5:47 p.m. (JHP) SEALED HEARING: (5:56 p.m.) Defendant present with counsel. Government counsel present. Discussion by Court and counsel as to sealed hearing this a.m. Government advises that it has spoken with defense counsel as to the sealed motion to withhold identity of certain witnesses, and that hopefully the matter has been resolved. Government requests until 9/14/05 to advise the court fully of the arrangements to disclose the names and allow defense an opportunity to interview said witnesses. Court, by agreement of counsel, finds this hearing can be UNSEALED. Court directs that the government has until close of business on 9/14/05 to advise if further hearings are necessary, or if the undisclosed witnesses will be disclosed to defense and satisfactory arrangements have been made for defense to interview these witnesses. ENTERING ORDER Continuing said cause until 9:00 a.m. on 9/14/05. (JHP) (6:06 p.m.) (pyb, Deputy Clerk) (Entered: 09/13/2005) |
| 09/13/2005 | 192 | | UNOPPOSED MOTION for order permitting use of computers and related electronic equipment during hearings and/or trial by plaintiff USA as to |

41

| | | | |
|---|---|---|---|
| | | | Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/13/2005) |
| 09/13/2005 | 193 | | MINUTE ORDER before District Judge James H. Payne granting government's unopposed motion for order permitting use of computers and related electronic equipment during hearings and/or trial [192–1]. Government must provide the U.S.Marshal with the serial numbers of each computer to be brought into the courthouse, prior to bringing the computers in. None of the equipment to be brought into the courthouse shall have recording capabilities, or be used for such purpose. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/13/2005) |
| 09/14/2005 | | | INDIVIDUAL JUROR QUALIFICATIONS: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. Ten prospective jurors brought in group into courtroom at 9:16 a.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Seven prospective jurors are qualified and three prospective juror excused in the morning session. (A.M.session ended at 12:26 p.m.) Ten prospective jurors brought in group into courtroom at 1:41 p.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Nine prospective jurors are qualified and one prospective juror is excused in the afternoon session. (JHP) (5:50 p.m.) After juror questioning concluded: Court advises that one juror will not be present on 9/15/05 and the Clerk directed to give counsel copies of the list for 9/15/05. Also, there will only be 19 jurors appearing on Friday, 9/16/05. Government announces that it has reached an agreement with defendant as to disclosure of final witnesses. Government agrees to give the names, addresses, locations and "terms" of agreement given to these witnesses in exchange for their testimony on Monday, 9/19/05, and make these witnesses available to defense in the office of U.S.Attorney, on Thursday, 9/22/05. Defendant agrees with this procedure. Government advises that there are two incarcerated witnesses and government will make these two available to defendant when they are writted here. Defendant agrees. Court advises that the original motion of the government, pleading #186 will remain sealed. In regard to the sealed application of the government for issuance of a Writ of Habeas Corpus Ad Testificandum (Pleading #191), the Court will leave the writ sealed at this time. Government to advise the Court by close of business Monday, 9/19/05, if the application can be unsealed, and the writ will not be issued until Court hears from Government. (JHP) ENTERING ORDER continuing said cause until 9:00 a.m. on 9/15/05. (JHP) (6:10 p.m.) (pyb, Deputy Clerk) Modified on 09/15/2005 (Entered: 09/14/2005) |
| 09/14/2005 | 194 | | SUPPLEMENT TO TRIAL BRIEF by plaintiff USA (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/14/2005) |

| | | | |
|---|---|---|---|
| 09/15/2005 | | | INDIVIDUAL JUROR QUALIFICATIONS: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. Nine prospective jurors brought in group into courtroom at 9:20 a.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Eight prospective jurors are qualified and one prospective juror excused in the morning session. (A.M.session ended at 12:32 p.m.) Ten prospective jurors brought in group into courtroom at 1:30 p.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Nine prospective jurors are qualified and one prospective juror is excused in the afternoon session. (JHP) (6:06 p.m.) ENTERING ORDER Continuing said case until 9:00 a.m. on 9/16/05. (JHP) (pyb, Deputy Clerk) (Entered: 09/15/2005) |
| 09/16/2005 | | | INDIVIDUAL JUROR QUALIFICATIONS: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. Nine prospective jurors brought in group into courtroom at 9:08 a.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Six prospective jurors are qualified and three prospective jurors are excused in the morning session. (A.M.session ended at 11:57 a.m.) Ten prospective jurors brought in group into courtroom at 1:41 p.m. Court gives group a brief description of the case, the charges, and proceedings to be held. Prospective jurors sworn to answer questions concerning qualifications. Prospective Jurors escorted out, and are brought in one at a time for individual questioning by court and counsel. Eight prospective jurors are qualified and two prospective jurors are excused in the afternoon session. Court advises that this concludes the individual juror questioning phase. Court advises that it wishes to excuse the two prospective jurors (#40 and #178) that had travel plans. Discussion by counsel. (Court did not excuse either juror in open court) Both sides request court to excuse juror #242. Court grants and excuses Juror #242. (JHP) Entering Order setting further Criminal Pretrial for 9/20/05 at 2:00 p.m. Court wishes to discuss the script for 9/26/05, and desires a report on disclosure of witnesses. (JHP) Court states for the record that few spectators actually attended the individual questioning, and counsel concurs. Request of government to have the sealed writ issued, and will reveal to defendant the name of the person. If don't get it issued, the Marshal may not be able to get witness here by Friday of next week. Court grants upon agreement of the parties, signs the Order for Writ and directs the Clerk to issue same. (JHP) (5:31 p.m.) (pyb, Deputy Clerk) (Entered: 09/19/2005) |

| 09/16/2005 | 195 | | SEALED ORDER by District Judge James H. Payne granting government's motion for SEALED WRIT OF HABEAS CORPUS AD TESTIFICANDUM [191−1] AND ISSUING sealed Writ. (pyb, Deputy Clerk) Modified on 5/30/2006 −UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/19/2005) |
|---|---|---|---|
| 09/19/2005 | | | NOTICE: FURTHER CRIMINAL PRETRIAL CONFERENCE is set for 9/20/05 at 2:00 p.m. for Kenneth Eugene Barrett before Judge James H. Payne, Courtroom 1, Room 230, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 09/19/2005) |
| 09/19/2005 | | | NOTICE: CHANGING TIME ONLY of FURTHER CRIMINAL PRETRIAL set 9/20/05, from 2:00 p.m. to 1:45 p.m. for Kenneth Eugene Barrett before Judge James H. Payne, Courtroom 1, Room 230, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 09/19/2005) |
| 09/20/2005 | 196 | | PRAECIPE by defendant Kenneth Eugene Barrett and ISSUING 9 subpoenaes, for witnesses to appear on behalf of defendant on 9/26/05 at 9:00 a.m., U.S.Cthse., Muskogee, Ok. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/20/2005) |
| 09/20/2005 | 197 | | PRAECIPE by defendant Kenneth Eugene Barrett AND ISSUING 6 subpoenaes for witnesses to appear on behalf of defendant on 9/16/05 at 9:00 a.m., at the U.S.Courthouse, Muskogee, Oklahoma. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/20/2005) |
| 09/20/2005 | 198 | | PRAECIPE by defendant Kenneth Eugene Barrett AND ISSUING 5 subpoenaes for witnesses to appear on behalf of defendant on 9/16/05 at 9:00 a.m., at the U.S. Courthouse, Muskogee, Oklahoma. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/20/2005) |
| 09/20/2005 | | | FURTHER CRIMINAL PRETRIAL: Government present by U.S.Attorney Sheldon Sperling, and Assistant U.S.Attorney D. Michael Littlefield, and Case Agents Darren Lee and Ben Rosser. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger, and Bret Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG & JA) Parties announce ready. Court has 6 issues to go over with counsel. 1. Court inquires if all government witnesses have been disclosed to defendant, and government advises it has done so as to the guilt phase. Government advises that deft. has presented a psychological report which the government would like to present to another psychologist to look at and may be a potential witness during the mitigation phase. 2. Court inquires as to testimony of 404(b) evidence and directs that if there is no notice of this evidence, the testimony may not be allowed. 3.Court advises it does not intend to read the statement of the case, and does intend to read a redacted superseding indictment, which takes out the special findings. Court advises that if counsel can supply a stipulation to the statements in the statement of the case, court will read it as a stipulation. 4. Court directs, again, that no mention be made of prior trials in this matter. 5. Court directs counsel in regard to voir dire questions, and advises that the counsel's questions should not cover something already asked and answered in the questionnaires or the individual questioning. Court advises that the prospective jurors coming in on 9/26/05 have already been death penalty qualified, as well as time−qualified. Court |

| | | | |
|---|---|---|---|
| | | | will give counsel a hour and fifteen minutes each side for voir dire, but hopes counsel will keep it to an hour. 6. Court advises that the jury voir dire and challenges for cause will take place in Courtroom 1. After completion of voir dire and cause challenges, the jurors will exit the courtroom and go to courtroom 2 to wait. Court and counsel will do the peremptory challenges in courtroom 1 outside of hearing of jury. Upon completion of the peremptory challenges, court and counsel will move into Courtroom 2, call the 18 jurors remaining after the challenges and have them leave the courtroom with the jury clerk. Then the Court will excuse the jurors not chosen. At that time the 18 jurors to serve in this case will be brought in, probably to courtroom 2, and be sworn, and counsel will do opening statements. On 9/27/05 and 9/28/05, the trial will begin and be held in courtroom 2. When the trial resumes on 10/3/05, we will be in Courtroom 1. Statements by government regarding 6 issues. Statements by defendant regarding 6 issues. Arguments of counsel, questions by court regarding previous trials. Court will watch during voir dire and allow counsel more time if it is necessary. Court to consider issue of statement of case. Government will need to use the model of the area in opening statements. Court will allow both counsel for each side to split the voir dire questioning. The matter of arguments before the Tenth Circuit on 10/4/05 has been resolved, and therefore the trial will continue on that date. Counsel directed to brief the issue of mention of prior trials and testimony by close of business Thursday, 9/22/05. If counsel can do a stipulation as to this matter, provide same to court for consideration. Any further issues to be brief should be done by 9/22/05 close of business. Court provides counsel with copies of the redacted Superseding Indictment it intends to read. Government requests labels be made with juror names as was done in the Fields case. Clerk advises it has been done and the labels will be passed out 9/26/05. (JHP) (pyb, Deputy Clerk) (Entered: 09/23/2005) |
| 09/21/2005 | 200 | | PRAECIPE by defendant Kenneth Eugene Barrett AND ISSUING one supboena, for witness to appear on behalf of defendant on 9/26/05 at 9:00 a.m., U.S.Courthouse, Muskogee, Oklahoma. (pyb, Deputy Clerk) Modified on 09/23/2005 (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 199 | | REQUEST for Additional Time for Voir Dire by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 201 | | MOTION in limine regarding "Future Dangerousness" by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 202 | | MOTION in limine regarding victim impact evidence by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 203 | | MOTION for advance notice of anticipated witnesses and brief in support by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 204 | | MOTION in limine regarding substantial planning and premeditation aggravating factor by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 205 | | |

45

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER before District Judge James H. Payne Directing the Government to file Expedited Responses, by close of business on 9/23/05, to the following motions of defendant: motion in limine regarding substantial planning and premeditation aggravating factor [204–1]; motion for advance notice of anticipated witnesses [203–1]; motion in limine regarding victim impact evidence [202–1]; motion in limine regarding "Future Dangerousness" [201–1]; motion for Additional Time for Voir Dire [199–1] (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 09/22/2005 (jcb, Deputy Clerk). (Entered: 09/22/2005) |
| 09/22/2005 | 206 | | NOTICE OF INTENT TO OFFER EVIDENCE OF OTHER CRIMES by plaintiff USA. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/22/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #6)(JHP 9/22/05) (smg, Deputy Clerk) (Entered: 09/26/2005) |
| 09/22/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #7)(JHP 9/22/05) (smg, Deputy Clerk) (Entered: 09/26/2005) |
| 09/22/2005 | | | CJA Form 30 (Attorney Payment Voucher – Bret A. Smith) as to Kenneth Eugene Barrett (Interim #1)(JHP 9/22/05) (smg, Deputy Clerk) (Entered: 09/26/2005) |
| 09/23/2005 | 207 | | SEALED MINUTE ORDER before District Judge James H. Payne (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/23/2005 | 208 | | SEALED NOTICE OF EXPERT EVIDENCE OF A MENTAL CONDITION PURSUANT TO FEDERAL RULES OF CRIMINAL RULE 12.2 by defendant Kenneth Eugene Barrett. (Ordered sealed 9/23/05, by the Court. See Minute Order #210) (pyb, Deputy Clerk) Modified on 09/23/2005 (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/23/2005 | 209 | | ADDENDUM by defendant Kenneth Eugene Barrett to Defendant's Trial Brief. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/23/2005 | 210 | | MINUTE ORDER before District Judge James H. Payne: The Court, upon review of defendant's Notice of Expert Evidence of a Mental Condition pursuant to Fed.Rules of Crim.Procedure, Rule 12.2, and the attached risk assessment, [208–1], feels that said Notice and attachment should be filed under SEAL and not be made a public document. Therefore, said Notice, pleading 208, is hereby ordered SEALED. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/23/2005 | 211 | | RESPONSE by plaintiff USA to defendant's motion for advance notice of anticipated witnesses [203–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/23/2005) |
| 09/23/2005 | 212 | | MOTION for order to present voir dire questions electronically , and for order to authorize the use of electronic prsentation equipment or paper handouts to perspective jurors by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/24/2005) |

| 09/23/2005 | 213 | | RESPONSE by plaintiff USA to defendant's motions filed 9/22/2005: motion for Additional Time for Voir Dire [199–1]; motion in limine regarding "Future Dangerousness" [201–1]; motion in limine regarding victim impact evidence [202–1]; motion in limine regarding substantial planning and premeditation aggravating factor [204–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/24/2005) |
|---|---|---|---|
| 09/23/2005 | 214 | | SEALED RESPONSE by plaintiff USA regarding Defendant's Notice of Expert Evidence of a mental condition pursuant to F.R.C.P.12.2 [208–1], AND ... (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/24/2005) |
| 09/23/2005 | 214 | | ... SEALED MOTION for psychiatric examination of defendant by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (Entered: 09/24/2005) |
| 09/26/2005 | | | JURY SELECTION: COURTROOM 1:Government present by U.S.Attorney Sheldon J. Sperling, and Assistant U.S.Atty. D.Michael Littlefield. Govt. Agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith, and assistant Angie Cole. (Before Hon. James H. Payne. Courtroom Deputy PB & LW. Court Reporter KM. Law Clerks DG & JA) Counsel for govt. and deft. present, along with defendant. (9:22 a.m. to 9:50 a.m.) Court makes rulings on pending motions: ENTERING ORDER: It is the order of the Court that the joint statement of the case is not admissible during first stage of trial. Both parties shall refrain from any reference to any prior proceedings against this defendant. Counsel shall also strongly admonish their witnesses not to say anything about specific prior proceedings against this defendant. Further, the government shall refrain from any mention of prior proceedings against this defendant in the sentencing stage of this trial. Defendant shall refrain from any mention of prior proceedings against this defendant in the sentencing stage of this trial. Defendant may, however, introduce his prior conviction and the resulting 30–year sentence as a mitigating factor Defendant may not use this evidence to raise "residual doubts" about the defendant's guilt or for any other purpose, (JHP) ENTERING ORDER denying defendants motion for additional time for voir dire. Counsel will have one hour and fifteen minutes each side. (JHP) ENTERING ORDER: In regard to defendant's Motion for Advance Notice of Anticipated Witnesses, the government has agreed to advise defense counsel of witnesses they anticipate calling on the next day throughout the trial. Accordingly, with the understanding that the government is going to try to accommodate defense counsel's request, the defendant's request is denied. (JHP) ENTERING ORDER: Regarding Defendant's Notice of Expert Evidence of a Mental Condition: Court orders defendant to submit to a mental examination by an expert or experts of the government at the Muskogee County Jail wherein he is currently being housed by the United States Marshal. This examination shall take place during the week of October 10, 2005, and should be concluded prior to the beginning of the second stage herein. (JHP) ENTERING ORDER: GRANTING defendant's Motion in Limine Regarding "Future Dangerousness", and Orders the government to confine its discussion of defendant's future dangerousness to evidence indicative of how he might act in prison. (JHP) ENTERING ORDER: regarding defendant's motion in limine regarding "Substantial Planning and Premeditation" Aggravating Factor: The court overrules in part defendant's motion in limine regarding "Substantial Planning and Premeditation. (JHP) ENTERING ORDER: Regarding Defendant's Motion Regarding Notice of |

| | | | |
|---|---|---|---|
| | | | Evidence in Support of Aggravating Factors, Courts do not ordinarily consider the sufficiency of the evidence via pre−trial motion unless exceptional circumstances exist, to−wit: (1) the operative facts are disputed; (2) the court conducts an evidentiary hearing; and (3) the government does not object to the court's consideration of the evidence. However, to the extent that the government has additional information that speaks directly to defendant's future dangerousness in prison, or to defendant's alleged "substantial planning and premeditation", the court Orders the government to provide such notice to defendant no later than five days prior to the beginning of the sentencing stage of the trial. Defendant may then re−urge any objections to the relevance of proffered evidence, if necessary. ENTERING ORDER: Regarding defendant's motion in limine regarding Victim Impact Evidence: Both of the notices of the government of intent to seek the death penalty filed herein put the defendant on notice that the government intends to introduce victim impact evidence which will show the "defendant caused injury, harm, or loss to the victim, the victim's family, and the victim's friends as demonstrated by the victim's personal characteristics as an individual human being and the impact of the death upon the victim's family and friends." Defendant's motion in limine is OVERRULED at this time. Defendant may renew his objection to any evidence deemed irrelevant at the time such evidence is offered. (JHP) (10:05 a.m.) Govt. Counsel present. Deft. present with counsel. 81 prospective jurors entered courtroom for jury selection. 64 prospective jurors called forward. Court reads indictment to prospective jurors. Voir dire by court and counsel. One juror challenged for cause by Court. Prospective jurors exit courtroom at 3:28 p.m. Court to allow counsel a recess to determine their peremptory challenges. At 5:06 p.m. Court, govt. counsel, defendant and defense counsel present in courtroom with court reporter and law clerks. Counsel makes 23 peremptory challenges each side. (5:50 p.m.) COURTROOM 2: (6:15 p.m.) All prospective jurors present. Govt.counsel, defendant and defense counsel present. Eighteen jurors (12 jurors and 6 alternates) called and placed in jury box. Petit jury duly sworn to serve in this case. Remaining prospective jurors excused. Court gives final preliminary instructions. Counsel will each have 1 hour for opening statements. Court will be in session 9/27/05 and 9/28/05, and will recess until October 3, 2005. ENTERING ORDER continuing said cause until 10:00 a.m. on 9/27/05. (JHP) (6:35 p.m.) (pyb, Deputy Clerk) (Entered: 09/27/2005) |
| 09/27/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Parties announce ready. ENTERING ORDER: In regard to offering of evidence of other crimes, the Court will wait until it actually hears evidence or the efford to present evidence before making a definitive ruling. Court requests defendant to submit any limiting instruction that is appropriate. (JHP) Jury in box. Opening statements of the parties. Defendant requests the rule of sequestration. Government's evidence. ENTERING ORDER Continuing said cause until 9:00 a.m. on 9/27/05. Jurors to report a little before 9:00 a.m. so that the trial may continued at 9:00 a.m. on 9/27/05. (JHP) (pyb, Deputy Clerk) (Entered: 09/27/2005) |
| 09/27/2005 | 215 | | RESPONSE AND OBJECTION by defendant Kenneth Eugene Barrett to |

| | | | |
|---|---|---|---|
| | | | Government's Notice of Intent to Offer evidence of other crimes and brief in support [206–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/28/2005) |
| 09/28/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Jury in the box. Parties announce ready. Further Government's evidence. (Bench conference during testimony of Trooper John Hamilton regarding previous trial transcripts and use of those transcripts for impeachment purposes. Counsel supplied court with copies of parts of the previous transcripts. Court still admonishes counsel to refer to such matters as "testifying under oath at a previous time" rather than in any form of court proceedings.) Continued Government's evidence. ENTERING ORDER continuing said cause until 9:00 a.m. on 10/3/05. (JHP) (pyb, Deputy Clerk) (Entered: 09/30/2005) |
| 09/28/2005 | 217 | | PROPOSED LIMITING JURY INSTRUCTION regarding Rule 404(b) evidence, submitted by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/30/2005) |
| 09/28/2005 | 218 | | PROPOSED LIMITING JURY INSTRUCTION regarding Rule 404(b) evidence, submitted by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/30/2005) |
| 09/29/2005 | 216 | | ORDER by District Judge James H. Payne granting motion for psychiatric examination of defendant [214–1] and medical examination ordered for Kenneth Eugene Barrett (cc: all counsel, and attorney Scott Woodward, First Asst. U.S. Attorney in ND/OK) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/29/2005) |
| 09/30/2005 | 219 | | AUTHORIZED INDIVIDUAL OATH by Scott Woodward (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/30/2005) |
| 09/30/2005 | 220 | | AUTHORIZED INDIVIDUAL OATH by Douglas A. Horn (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/30/2005) |
| 09/30/2005 | 221 | | AUTHORIZED INDIVIDUAL OATH by Nita Wittman (nrh, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 09/30/2005) |
| 10/03/2005 | | | NOTICE: SEALED HEARING is set for 10/3/05 at 12:15 p.m., for Kenneth Eugene Barrett , with only defense counsel present, before Judge James H. Payne at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK. Defendant does not need to be present. (cc: all counsel) (pyb, Deputy Clerk) (Entered: 10/03/2005) |
| 10/03/2005 | | | FURTHER JURY TRIAL: (9:14 a.m.) Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) All parties present. Outside of hearing of jury. Court advises counsel that it would be best to submit the prior trial transcripts to the court to be marked as Court's exhibits, to make the record complete. Court will write a letter to Sequoyah County, OK to see if they will submit the |

49

| | | | |
|---|---|---|---|
| | | | transcripts. Counsel will help if necessary. Jury in the box. Further Government's evidence. Noon recess at : 12:32 p.m. (JHP) SEALED BUDGET HEARING MINUTES before Honorable James H. Payne. Defendant BARRETT present by appointed counsel Roger Hilfiger and Brett Smith. Law Clerks: dg and ja. Courtroom Deputy: ct. Court Reporter: km. (JHP) FURTHER JURY TRIAL: (1:56 p.m.) All parties present with counsel. Jury in box. Continued Government's Evidence. Jury excused for the evening at 5:34 p.m. Outside of hearing of jury: Court admonishes counsel for both sides as to continued testimony of witness James Horn. Court to look up Rule 702, and directs counsel to do the same, and see if any further testimony from this witness is really necessary, or allowed. ENTERING ORDER Continuing Jury Trial until 9:00 a.m. on 10/4/05. (JHP)(5:40 p.m.) (pyb, Deputy Clerk) (Entered: 10/04/2005) |
| 10/04/2005 | 222 | | AUTHORIZED INDIVIDUAL OATH of J.Randall Price, Ph.D. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/04/2005) |
| 10/04/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) All parties present. Outside of hearing of jury. Court discusses with both sides its concern about testimony of witness James Horn and if it is relevant. Arguments of counsel. After discussions, court will allow continued cross by defense and continued direct of government, and will take the matter under advisement as to whether the Court will strike the testimony of this witness. Jury in box. Further government's evidence. (Outside hearing of jury: Govt.reports possible contact of a juror with a witnessWitness will be present 10/5/05 and Court will take the matter up at that time.) Further government's evidence. ENTERING ORDER continuing said cause until 9:00 a.m. on 10/5/05. (JHP) (pyb, Deputy Clerk) (Entered: 10/04/2005) |
| 10/05/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) IN CHAMBERS: (9:14 a.m. to 9:25 a.m.) Govt.counsel, deft.counsel present, with court reporter and courtroom deputy. Court and counsel discuss Juror #46 and his conversation with witness Trooper Darst. Court and counsel discuss health condition of Juror #24. Discussion held as to whether or not to poll all jurors individually as to Juror #46. Court will take under advisement. (JHP) COURTROOM: SEALED HEARING: (9:26 a.m. to 10:02 a.m.) Govt.cnsl. present. Deft.present with counsel. ENTERING ORDER excusing Juror #24. (JHP) Sworn testimony of Trooper Darst regarding conversation with Juror #46. ENTERING ORDER excusing Juror #46 by agreement of the parties. (JHP) Courtroom UNSEALED. COURTROOM: (10:18 a.m. to 12:00 noon) Jury in box. Govt.cnsl.present, and deft.present with counsel. Continued Government's evidence. Noon recess. (JHP) IN CHAMBERS: 1:25 p.m. to 1:31 p.m.) Counsel for both sides present. Govt.counsel advises of conversation outside the building with Juror #85 and Trooper Billy Poe, a witness in this case. Court will hold sealed hearing.(JHP) IN COURTROOM: SEALED HEARING: (1:45 p.m. to 2:01 p.m.) Govt.counsel present. Deft.present with counsel. Juror #85 brought into |

| | | | |
|---|---|---|---|
| | | | courtroom and is questioned by court and counsel as to conversation with Trooper Billy Poe. ENTERING ORDER: Court is satisfied with explanation of Juror 85 and the juror will not be excused. (JHP) Court notes for the record defendant's objection. Oral motion of defendant for mistrial because of conversations by jurors with witnesses. ENTERING ORDER overruling defendant's oral motion for mistrial. (JHP) Courtroom UNSEALED. COURTROOM: (2:19 p.m. to 5:13 p.m.) Jury in box. Govt.coounsel present. Defendant present with counsel. Continued Government's evidence. ENTERING ORDER continuing said cause until 9:00 a.m. on 10/6/05. (JHP) (pyb, Deputy Clerk) (Entered: 10/06/2005) |
| 10/06/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Outside of hearing of jury: Govt.counsel present. Deft.present with counsel. Govt. discusses calling witness Kevin Ottwell and his testimony and exhibits. Arguments of counsel. Court directs counsel to see if the issue can be agreed upon, and the matter is taken under advisement for the time being. Jury in box. Further Government's evidence. In regard to Government's Exhibit #82, at bench conference, same was offered and defense counsel requested it be amended. No objection from Government. Govt. Offers Exhibit #82 as amended, no objection by defendant, and exhibit is admitted by court without objection, as amended. Jury excused at 5:05 p.m. for the evening, to return at 9:00 a.m. on 10/7/05. Outside of hearing of jury: Government offers exhibits 202,203 and 204, which are certified records of the Court Clerk of Sequoyah County, Oklahoma, regarding criminal charges against defendant. Defendant does not object. Exhibits admitted without objection. In regard to Government Exhibit #129, offered during testimony of Dr. Distefano, government will have further information for defendant as to the chain of custody after the evening break and the matter may be worked out by agreement. Court will rule on this matter, if counsel cannot agree. Court is aware that a ruling is still necessary on the request of defendant to strike the testimony of Witness James Horn. Court and counsel to meet 15 to 20 minutes before 9:00 a.m. to discuss these matters on 10/7/05. ENTERING ORDER Continuing said cause until 9:00 a.m. on 10/7/05. (JHP) (pyb, Deputy Clerk) Modified on 10/07/2005 (Entered: 10/07/2005) |
| 10/07/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter KM. Law Clerk DG) Outside of hearing of jury: Govt.counsel present. Deft.present with counsel. Court takes up testimony of govt.witness James Horn. Arguments of counsel. Court will strike testimony and will advise the jury of same this date. Court and counsel discuss Govt.Exhibit #102, a short video clip played to the jury. Counsel agrees this exhibit is admitted and Court admits same for the record, and advises that it can be played by the jury if they so desire. Govt. To make video tape available. Court submits an instruction for counsel to look at. No objections from either side. Court going to read same to jury and mark the instruction as Court's Exhibit 1. Regarding Govt. Exhibits 202–204, govt. requests permission to publish same. Granted by Court. In |

| | | | |
|---|---|---|---|
| | | | regard to Government's Exhibits 83–86, Court has reviewed same and will wait for testimony, but feels that these exhibits would be admissible. (JHP) JURY IN BOX. All parties present with counsel. Continued government's evidence. OUTSIDE OF HEARING OF JURY: Arguments of Government regarding Government's Exhibits 129 and 111. Arguments of defense re: chain of custody. Court will look at case submitted. If Government will submit the citation, or anything else, by way of briefing, for filing by close of business on Wednesday, October 12, 2005, and the defense may respond by close of business on Thursday, October 13, 2005. Govt.Exhibits #129 and #111 under advisement. JURY IN BOX: Court reads Instruction to jury and strikes testimony of government witness James Horn. (JHP) Continued government evidence and testimony. ENTERING ORDER continuing said cause until 9:00 a.m. on 10/18/05. (JHP) (pyb, Deputy Clerk) (Entered: 10/11/2005) |
| 10/18/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG) Parties announce ready. Jury in box. Further Government's evidence. ENTERING ORDER continuing said cause until 10/19/05 at 9:00 a.m. (JHP) (pyb, Deputy Clerk) (Entered: 10/19/2005) |
| 10/19/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter GE. Law Clerk DG) All parties present with counsel. Jury in box. Further Government's Evidence. ENTERING ORDER continuing said cause until 9:00 a.m. on 10/20/05. (JHP) (pyb, Deputy Clerk) Modified on 12/05/2005 (Entered: 10/20/2005) |
| 10/20/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter GE. Law Clerk DG) All parties present with counsel. Jury in box. Further Government's Evidence. At afternoon break Government requested Sealed Hearing, outside of jury. ENTERING ORDER releasing jury until 9:00 a.m. on 10/21/05, with counsel to report for sealed hearing at 8:30 a.m. on 10/21/05. (JHP) SEALED HEARING: Outside of hearing of jury. Govt. Counsel present. Deft. Present with counsel. Govt. Requested courtroom be sealed, and same has been done. Arguments of counsel regarding testimony of witness Charles Sanders. Court directs further action by counsel and then report to Court at 8:30 a.m. on 10/21/05 as to their findings and agreements, if any. Government requests Court to enter Findings of Fact regarding the Batson issue. Court directs Govt. To submit Proposed Findings by close of business on Monday, 10/24/05. Defense counsel asks for further sealed hearing regarding budget matters. Government and defendant excused. (Full minutes in sealed envelope attached to Minute Sheet for this trial. )(JHP) FURTHER SEALED HEARING: Defense counsel Roger Hilfiger and Bret Smith present. Court Reporter, Courtroom Deputy, Law Clerks and Court present only. Statements of counsel |

| | | | |
|---|---|---|---|
| | | | and orders of Court. (Full minutes in sealed envelope attached to Minute Sheet for this trial) (JHP) (pyb, Deputy Clerk) Modified on 12/05/2005 (Entered: 10/22/2005) |
| 10/21/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter GE. Law Clerk DG) All parties present with counsel. SEALED HEARING: Arguments of counsel regarding testimony of witness Sanders. Agreement reached as to what questions defense may ask the witness. Defendant requests a day or a half day between end of Government's evidence and start of defendant's evidence. Court will consider. Government request permission to bring in one witness out of time to accommodate the schedule of the witness. Deft. does not object. Granted by court. Sealed hearing concluded. (No sealed minutes on this hearing) (JHP) IN OPEN COURT: Jury in box. All parties present with counsel. Further Government's Evidence. OUTSIDE OF HEARING OF JURY: Oral motion of defendant to renew motion to suppress drug evidence. ENTERING ORDER: In order to have the motion to renew properly before the court, and allow government to properly respond, defendant shall file a motion by close of business on Monday, 10/24/05, with the government to respond by close of business on Wednesday, 10/26/05. (JHP) JURY IN BOX: Continued Government's evidence. ENTERING ORDER Continuing said cause until 9:00 a.m. on 10/24/05. (JHP) (pyb, Deputy Clerk) Modified on 12/05/2005 (Entered: 10/22/2005) |
| 10/21/2005 | 223 | | PRAECIPE by defendant Kenneth Eugene Barrett AND ISSUING one subpoena, for witness to appear on behalf of the defendant on 10/26/05 at 9:00 a.m., U.S.Cthse., Muskogee, OK. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/22/2005) |
| 10/21/2005 | 224 | | PRAECIPE by defendant Kenneth Eugene Barrett AND ISSUING one subpoena, for witness to appear on behalf of defendant on 10/26/05 at 9:00 a.m., U.S.Cthse., Muskogee, OK. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/22/2005) |
| 10/24/2005 | 225 | | MOTION to allow digital camera in courthouse by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/24/2005) |
| 10/24/2005 | 226 | | MINUTE ORDER before District Judge James H. Payne granting defendant's motion to allow digital camera in courthouse [225–1] for the purpose of photographing Government's Exhibit No. 1, the model of the scene. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/24/2005) |
| 10/24/2005 | 227 | | PRAECIPE by defendant and issuing 2 subpoenas for 10/28/05 at 9:00 a.m. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/24/2005) |
| 10/24/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG) Parties announce ready. Jury in box. . Court advises that Juror #75 has been |

| | | | |
|---|---|---|---|
| | | | excused due to illness. Juror #55, the next alternate, will now be permanent juror. Court reads stipulation by the parties regarding testimony of government witness Kelley Karnes, and advises jury there will be an instruction. Further Government's evidence. ENTERING ORDER continuing said cause until 10/25/05 at 9:00 a.m. Outside of hearing of jury: Government advises that it has ordered the transcript regarding the Batson challenge issue, and will not file any findings at this time. If, after review of the transcript the govt. feels it is necessary, it will file something at that time. (JHP) (pyb, Deputy Clerk) Modified on 10/25/2005 (Entered: 10/24/2005) |
| 10/24/2005 | 228 | | MOTION/REQUEST to Reurge Defendant's Motion to Suppress the Drug Search Warrant by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/24/2005) |
| 10/25/2005 | | | BENCH Warrant issued for Brandie Zane Price for failure to appear pursuant to subpoena for jury trial on 10/25/05 by District Judge James H. Payne (cjt, Deputy Clerk) Modified on 10/26/2005 (Entered: 10/25/2005) |
| 10/25/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG and JA) Parties announce ready. Jury in box. Further Government's evidence. (At bench conference, Government advises that the power point presentation of witness Iris Dalley will be used for demonstrative purposes only, but that certain photographs from the presentation will be offered as additional government exhibits. No objection from defendant. Granted by Court. ) (Outside of hearing of Jury: Government requests Bench Warrant be issued for witness Brandie Zane Price, as witness has not honored the subpoena issued for her. Court grants and directs bench warrant be issued. At later time, outside of hearing of jury, Government advises that witness Price may possibly be on her way as directed. Govt. Requests permission to ask for the withdrawal of the Bench Warrant if witness does appear. Granted by Court). ENTERING ORDER continuing said cause until 10/26/05 at 9:00 a.m. (JHP) (Outside of hearing of jury: Deft. requests permission to do some of his direct with witness Iris Dalley, or else be allowed to call her back when government has rested and defense begins evidence. Government does not object to the direct of this witness at this time. Granted by Court. Government advises it will rest either Wednesday or Thursday. Court, depending on when Government rests, is considering a recess until Monday, 10/31/05, to start defendant's evidence. Defense advises that two of his witnesses will not be available until 10/31/05, and that defendant's evidence should be completed in two days.) (JHP) (pyb, Deputy Clerk) (Entered: 10/26/2005) |
| 10/26/2005 | 229 | | MINUTE ORDER before District Judge James H. Payne: Granting the oral request of United States Attorney Sheldon Sperling and withdrawing the bench warrant issued 10/25/05 to Brandie Zane Price. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/26/2005) |
| 10/26/2005 | 230 | | PRAECIPE by defendant and issuing 1 subpoena for 10/31/05 at 9:00 a.m. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/26/2005) |
| 10/26/2005 | 231 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE by plaintiff USA to motion of defendant to Reurge Defendant's Motion to Suppress the Drug Search Warrant [228–1] (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/26/2005) |
| 10/26/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG)JURY IN BOX: Govt. counsel present. Defendant BARRETT present with counsel. Continued Government's evidence. OUTSIDE OF HEARING OF JURY: Government withdraws Bench Warrant as to witness Brandie Zane Price. Witness appeared and warrant is not necessary. Court will enter Minute Order withdrawing Bench Warrant. (JHP) Continued Government's evidence. BENCH CONFERENCE – Court directs photos of Government's Exhibit #1, the model of the property be taken reflecting the different positions of the automobiles and made Court exhibits. Govt. and deft. Counsel to be present for photos and try to agree on positioning of vehicles. If court rejects one or the other theory as to positioning, that side can use the photos as an offer of proof. This should be done to make the record complete, as the transcript cannot reflect the positioning of the cars as has occurred during testimony. The Government's Exhibit #1 is for demonstrative purposes only. (JHP) Continued government's evidence in presence of jury. Court reads instruction to the Jury regarding witness Iris Dalley's PowerPoint Presentationthat it is for demonstrative purposes only. Government is directed to provide the Clerk with a copy of the PowerPoint Presentation, and directs the Clerk mark same as Court's Exhibit #3, for the record. BENCH CONFERENCE: Defendant only wants the parts of Witness Dalley's PowerPoint presentation that were used to be submitted. Govt. agrees. Government advises that it intends to take certain photos from the presentation and mark them as separate exhibits and offer them into evidence. Deft. does not object. Defendant objects to testimony of government's witness Brandie Price as being cumulative as testimony will be about using drugs with defendant, and that has already been testified to by several others. Govt. advises she did not use drugs with the defendant and her testimony will be different. Defendant withdraws the objection. Continued government's evidence is presence of Jury. ENTERING ORDER Continuing said cause until 9:00 a.m. on 10/27/05. (JHP) OUTSIDE OF HEARING OF JURY: Court inquires as to whether progress is being made to finish government's evidence. Govt. advises it has two more witnesses after witness Higgs, and they will be short testimony regarding the red phosphorous. Govt. thinks can finish direct of witness Higgs within an hour, and deft. thinks can finish cross within an hour. Court advises if government does not finish on 10/27/05, that it will start again at 8:30 a.m. on 10/28/05 and go straight through until 1:00 p.m. and then recess for the weekend, with no lunch break. Court directs Clerk to mark the Instruction read to the Jury regarding Iris Dalley as Court's Exhibit #4. Government requests two days to get the PowerPoint Presentation of Iris Dalley to the Court to be marked as a Court's exhibit. Granted by Court. Government will bring the photos from the Power Point Presentation on 10/27/05 for admission into evidence before it rests. (JHP) (pyb, Deputy Clerk) (Entered: 10/27/2005) |
| 10/27/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon |

| | | | |
|---|---|---|---|
| | | | Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG and JA) Parties announce ready. Jury in box. Further Government's evidence. OUTSIDE OF HEARING OF JURY: Arguments of counsel regarding chain of custody of Government's Exhibit #129. Govt. To bring in Crystal Rhodes to testify regarding chain of custody. Court requests witness Higgs' testimony stops until witness Rhodes testifies. Court requests other witnesses be used until witness Rhodes arrives. Govt. Offers photos from Iris Dalley powerpoint presentation, and defendant adds some photos to the list. Court ADMITS Government's exhibits 221–229, 229A, 230–236, 236A, 237–241, 241A, 242–246, 246A, 247–252, 252A, 253–259, 259A, 260–265, 265A, 266–275, 275A, 278, 278A, 279–280, 280A, 281–283, 283A, 284–285, 285A, 286–288 and 288A, and may consider giving an instruction to the jury as to these exhibits . After further arguments of counsel, Government RE–OFFERS Govt. Exhibit #129, the lethal fragment, defendant objects, and Court OVERRULES the objection, and ADMITS the Govt. Exhibit #129, over the objection of the defendant, and notes defendant's objection. (JHP) Jury in box. All parties present with counsel. Continued Government's evidence. GOVERNMENT RESTS at 4:57 p.m. (BENCH CONFERENCE: By agreement, defendant will present his oral Rule 29 motion on Monday, October 31, 2005 at 8:45 a.m. Court will recess until Monday, 10/21/05.) ENTERING ORDER continuing said cause until 9:15 a.m. on Monday, October 31, 2005, for the jury, and Court, counsel and defendant will begin at 8:45 a.m. for defendant's motions. (JHP) Jury exited courtroom. Court advises counsel that in regard to the defendant s request to reurge the motion to suppress the drug evidence, the Court will need a transcript of the hearing on the motion to suppress, and same will have to be ordered. (JHP) (pyb, Deputy Clerk) (Entered: 10/28/2005) |
| 10/28/2005 | | | Marshal's return on: BENCH WARRANT: Returned unexecuted as to witness Brandie Zane Price, per Minute Order withdrawing same, which was entered 10/26/05. (pyb, Deputy Clerk) (Entered: 10/28/2005) |
| 10/31/2005 | 232 | | SEALED MOTION to modify order approving budget of 3/18/05 by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 10/31/2005) |
| 10/31/2005 | 233 | | PRAECIPE by defendant and issuing 2 subpoenas for 11/1/05 at 9:00 a.m. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/31/2005) |
| 10/31/2005 | 234 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that: Defendant Barrett's CJA 30 Death Penalty Proceedings––Appointment of and Authority to Pay Court Appointed Counsel, as to appointed counsel Roger Hilfiger, submitted 10/1/2005, for the period covering 8/1/05 to 8/31/05, is hereby REFERRED to U.S. Magistrate Judge Steven P. Shreder for hearings and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/31/2005) |
| 10/31/2005 | 235 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is |

| | | | |
|---|---|---|---|
| | | | hereby ordered that: Defendant Barrett's CJA 30 Death Penalty Proceedings––Appointment of and Authority to Pay Court Appointed Counsel, as to appointed counsel Roger Hilfiger, submitted 10/1/2005 for the period covering 9/1/05 to 9/30/05, is hereby REFERRED to U.S. Magistrate Judge Steven P. Shreder for hearings and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/31/2005) |
| 10/31/2005 | 236 | | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that: Defendant Barrett's CJA 30 Death Penalty Proceedings––Appointment of and Authority to Pay Court Appointed Counsel, as to appointed counsel Bret Smith, submitted 10/17/2005 for the period covering 9/1/05 to 9/30/05, is hereby REFERRED to U.S. Magistrate Judge Steven P. Shreder for hearings and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 10/31/2005) |
| 10/31/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Court Reporter G.E. Law Clerk DG and JA) Parties announce ready. Jury in box. OUTSIDE OF HEARING OF JURY: Oral Rule 29 motion of defendant for judgment of acquittal. Arguments of counsel. ENTERING ORDER: Overruling defendant's oral motion for Rule 29 judgment of acquittal. (JHP) JURY IN BOX. All parties present with counsel. Defendant's evidence. ENTERING ORDER continuing said cause until 11/01/05 at 9:00 a.m. (JHP) OUTSIDE OF HEARING OF JURY: Parties announce that they are working on a stipulation regarding the blood spatters found under the window in the house, that the lab test results revealed that the blood belonged to defendant Barrett, and therefore, witness Joann Kihega, will not need to be brought back for further testimony. Court directs counsel to provide the stipulation in writing and the Court or counsel can read same to the jury. Defendant advises that he should finish before noon on 11/1/05. Court advises that it will take the better part of the afternoon to work on the jury instructions, and make a record, and then the closing arguments and instructions can be done on Wednesday morning, and then submit the case to the jury. Counsel directed to advise the court tomorrow as to how long they want for closing arguments. (JHP) (pyb, Deputy Clerk) (Entered: 11/01/2005) |
| 11/01/2005 | 237 | | SEALED PSYCHOLOGICAL EVALUATION/RISK ASSESSMENT prepared by J. Randall Price, Ph.D., ABPP, ABPN (SEALED) received for Kenneth Eugene Barrett. NO COPIES distributed until further order of the Court. VIDEOTAPE interview included and placed in sealed envelope with Report. (pyb, Deputy Clerk) Modified on 11/01/2005 (jcb, Deputy Clerk). ***Modified on 12/1/2016 to reflect Pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, received from 10th Circuit and STORED IN CLERK'S OFFICE 2ND |

| | | | |
|---|---|---|---|
| | | | FLOOR VAULT (See Pleading #268 in CIV–09–105–JHP, LETTER from Circuit Court)*** (cjt, Deputy Clerk). ***Modified on 5/10/2019 to reflect #237 Sealed Psychological Eval with VIDEOTAPE and #265 Sealed Notice with DISK returned to 10th Circuit (See Pleading #485 in CIV–09–105–RAW, LETTER to Circuit Court)*** (cjt, Deputy Clerk). (Entered: 11/01/2005) |
| 11/01/2005 | 238 | | SEALED materials extracted per Court Order from Dr. Randall Price's Report of Psychological Evaluation/Risk Assessment Tendered to Defense Cousnel and Government Counsel. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 1/31/2013: # 1 Main Document) (jcb, Deputy Clerk). (Entered: 11/01/2005) |
| 11/01/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm.1 Court Reporter G.E. Law Clerk DG and JA) Parties announce ready. Jury in box. Court reads jury stipulation as to testimony of witness Joan Kihega regarding blood testing of blood found under east window in east room of Barrett residence, and that same matched blood of defendant Barrett. Further Defendant's evidence. OUTSIDE OF HEARING OF JURY: Defendant Barrett advised of his constitutional right to testify or not to testify. Defendant advises court he will not testify. JURY IN BOX: Defendant rests. Government's rebuttal. Government rests. Defendant has no surrebuttal. All parties rest. Jury excuses jury until a little before 8:30 a.m. on 11/2/05, and advises that there will be instructions and closing arguments on 11/2/05 and the case will then be submitted to the jury by about 1:00 p.m. Menues will be given to jurors on 11/2/05 for ordering lunch. ENTERING ORDER continuing said cause until 11/02/05 at 8:30 a.m. (JHP) OUTSIDE OF HEARING OF JURY: Court directs counsel to look over the proposed Court's jury instructions and advise when they are ready to make a record. Govt. requests alternates not be released, and be directed to stay for the penalty phase of this case. Court agrees. Counsel desires to have 1 hour 45 minutes for closing. Defense requests they be allowed to split their time between counsel Hilfiger and Smith. Granted by Court. Govt. Advises counsel Littlefield will have 1 hour and counsel Sperling will have 45 minutes. Counsel to meet with the court in chambers to make record on instructions. (2:04 p.m.) OUTSIDE OF HEARING OF JURY, IN COURTROOM: (6:40 p.m. to 7:00 p.m.) All counsel present, with court reporter, courtroom deputy and law clerks. Court and counsel make partial record on jury instructions, and verdict forms. Court directs counsel to submit any further proposed interrogatories to the Law Clerk Denise Graham on 11/2/05 by 9:30 a.m.. Court directs that final record on instructions, verdict forms and interrogatories will start at 10:30 a.m. on 11/2/05, and the jury is to be told to be ready to resume at 1:00 p.m. Clerk is directed to call jurors and delay their reporting until 1:00 p.m. on 11/2/05. Counsel will submit pictures of the demonstrative aid, the model of the home and surrounding property of defendant, on 11/2/05, to be made Court's exhibits. (JHP) (pyb, Deputy Clerk) Modified on 11/02/2005 (Entered: 11/02/2005) |
| 11/02/2005 | 239 | | |

| | | | |
|---|---|---|---|
| | | | PROPOSED JURY INSTRUCTIONS FOR SPECIAL INTERROGATORIES submitted by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/02/2005) |
| 11/02/2005 | 418 | | TRANSCRIPT of proceedings for the following date(s): 1/26/05 (Re: Hearing on motions as to defendant Kenneth Eugene Barrett) by court reporter Karla McWhorter (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/02/2005) |
| 11/02/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) IN COURTROOM, OUTSIDE OF HEARING OF JURY: 11:25 a.m. to 12:12 p.m.) Govt. and Deft. Counsel both present. Further record made as to Jury Instructions, Verdict Forms and Special Interrogatories. Objections of counsel and arguments. Court to take the objections under advisement and will meet back later. Counsel to provide the Court with handwritten, typed, or verbal objections to specific instructions and interrogatories by 12:30 and Court will make rulings, and set Final Record as to Jury Instructions, etc. (JHP) IN CHAMBERS: (1:29 p.m. to 1:50 p.m.) Court and Counsel make final record on jury instructions, verdict forms and special interrogatories. Court agreed to amend Jury Instruction #15 and will get counsel a copy of the amended instruction. (JHP) IN COURTROOM: (2:04 p.m. to 2:18 p.m.) Jury in the box. Govt. Counsel present. Defendant BARRETT present with counsel. Court advises jury that it has taken longer to prepare the instructions than anticipated, and it is too late to submit the case to the jury this afternoon. ENTERING ORDER continuing said cause until 8:30 a.m. on 11/3/05. Jury to report a little before 8:30 a.m. Court will do instructions at that time, and counsel will do closing arguments. The case should be submitted to the jury around 1:00 p.m. and the jury will be provided lunch and then begin deliberations. (JHP) Jury excused for the day. Outside of hearing of jury: Court advises that the back podium will be used for closing, and if counsel desires to approach the model, Govt. Exhibit 1, during closing arguments, the wireless microphone will be available for them to use. The digital images taken of the Government's exhibit 1, model, will be submitted to the Clerk for marking as Court's Exhibits 7–17. Counsel will be allowed to use these digital images during closing, but may not indicate to the jury that they are Court's exhibits. These exhibits are for the purpose of preserving the record for appeal purposes if necessary. Each side will be given 1 hour 45 minutes for closing. Counsel directed to advise the Clerk as to how it is to be split and how much warning time is desired. Counsel and defendant excused until 8:30 a.m. on 11/3/05. (JHP) (pyb, Deputy Clerk) (Entered: 11/02/2005) |
| 11/03/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) Parties announce ready. Jury in box. COURT INSTRUCTIONS read to jury. Closing arguments of government and defendant. Bailiff sworn and jury retires to deliberate at 1:49 p.m. Court advises that Defendant's Exhibit #214, the jeans of defendant Barrett, worn on |

| | | | |
|---|---|---|---|
| | | | the night of the incident, are not to be sent to the jury, as same have been unsealed and might present a health hazard. Alternates taken to a separate room to await the verdict. Court receives note from jury foreperson, Jimmy Bennett, (Marked Court's Exhibit #19) requesting a copy of the Jury Instructions, Verdict Forms and Special Interrogatories for each jury. Granted by Court. Copies taken to the jury. Upon oral request of Government Counsel D. Michael Littlefield, the Court directs the Clerk to advise the jury that if they wish to see Government's Exhibit #1, the exemplar model of the Barrett premises, they can knock on the door and a Court Security Officer will make arrangements to take them into the Courtroom to examine the exhibit. Counsel Littlefield advised that Defense Counsel Roger Hilfiger has no objection to the request. Court recesses at 1:53 p.m. until jury reaches a verdict. (JHP) IN COURTROOM: 6:21 p.m. Govt. Counsel present, deft. Present with counsel. Court advises it has received a note from the jury, marked as Court Exhibit 21. Counsel to bench to review the note and discuss same and procedures for answering the question. JURY IN BOX at 6:31 p.m., All parties present. Alternates also present. Court advises jury that in regard to the note sent, the jury is instructed to return to the deliberation room and read the instructions. Court is confident that the answer to the jury's question is contained in the instructions. Jury retires at 6:35 p.m. Recess at 6:36 p.m. (JHP) IN COURTROOM: 10:13 p.m. to 10:18 p.m.: Govt. Counsel present. Deft. Present with counsel. Jury in Box. ENTERING ORDER Continuing said cause until 9:00 a.m. on 11/4/05, for further jury deliberations. Jury is released for the evening, and are to report to the jury room by 9:00 a.m. on 11/4/05, and are not to begin deliberations until all are present. Counsel to advise court as to how they can be reached when a verdict has been reached. (JHP) (pyb, Deputy Clerk) (Entered: 11/04/2005) |
| 11/04/2005 | | | FURTHER JURY TRIAL: (9:00 a.m.) Jury reconvenes to continue delibertions. IN COURTROOM: (11:12 a.m. to 11:28 a.m.) Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) Jury in box. Court advises it has received a note from Foreperson Jimmy Bennett, that the jury has reached a verdict. VERDICT: Jury unanimously finds Defendant KENNETH EUGENE BARRETT guilty as to Counts 1, 2 and 3 of the Superseding Indictment. (Pleading follows Minutes) SPECIAL INTERROGATORY – Count One: Jury unanimously finds, beyond a reasonable doubt that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder. (Pleading follows minutes) SPECIAL INTERROGATORY – Count Two: Jury unanimously finds, beyond a reasonable doubt that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder. (Pleading follows minutes) Jurors polled by showing of hands. Government and defendant do not request further polling. ENTERING ORDER Continuing said cause, for penalty phase, until November 9, 2005 at 9:00 a.m. (JHP) (Jurors exited courtroom.) The Court directs the Clerk to maintain the exhibits in this trial for both sides, until the conclusion of the penalty phase. ENTERING ORDER: Directing government to provide the Court with a summary of its evidence to be presented regarding victim impact. (JHP) Govt. advises it can have same by close of business |

| | | | today, or first thing tomorrow. ENTERING ORDER: Directing Defendant to notify the Court by the morning of Wednesday, 11/9/05, as to whether or not defense will use Rule 12.2 evidence. (JHP) Defense advises it should make that decision by Monday, 11/7/05. Court in recess. (JHP) (pyb, Deputy Clerk) (Entered: 11/04/2005) |
|---|---|---|---|
| 11/04/2005 | 240 | | JURY INSTRUCTIONS by District Judge James H. Payne (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 241 | | VERDICT as to Kenneth Eugene Barrett : Jury unanimously finds defendant BARRETT guilty as to Counts 1, 2 and 3 of the Superseding Indictment. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 242 | | SPECIAL INTERROGATORY, Count One: Jury unanimously finds beyond a reasonable doubht that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 243 | | SPECIAL INTERROGATORY– Count 2: Jury unanimously finds, behond a reasonable doubt, that the Defendant, Kenneth Eugene Barrett, in the act of killing David Eales, committed murder. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 244 | | SEALED MINUTE ORDER before District Judge James H. Payne GRANTING defendant's motion to modify order approving budget of 3/18/05 [232–1] as set forth in the motion to modify. (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 245 | | MINUTE ORDER before District Judge James H. Payne: The parties are directed to file any updated jury instructions for the second stage by close of business on Monday, 11/7/05. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/04/2005) |
| 11/04/2005 | 246 | | SEALED APPLICATION for protective order by plaintiff USA as to Kenneth Eugene Barrett (pyb, Deputy Clerk) Modified on 5/30/2006 –UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 11/07/2005) |
| 11/07/2005 | 247 | | SEALED MINUTE ORDER before District Judge James H. Payne granting government's sealed motion for protective order [246–1], and directing that the Governments's Motion for Protective Order, the Government's Brief, and this Minute Order be sealed. (JHP) (cc: all counsel) (pyb, Deputy Clerk) Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 11/07/2005) |
| 11/07/2005 | 248 | | SEALED BRIEF by plaintiff USA (pyb, Deputy Clerk) Modified on 5/30/2006 – UNSEALED per Minute Order, #358 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 11/07/2005) |
| 11/08/2005 | | | TELEPHONIC NOTICE: STATUS CONFERENCE is set for 3:30 p.m. on 11/8/05 for Kenneth Eugene Barrett before Judge James H. Payne, (In Chambers) at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK. Defendant does not need to be present. (called: all counsel) (pyb, Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk) (Entered: 11/08/2005) |
| 11/08/2005 | 249 | | PROPOSED JURY INSTRUCTIONS–SENTENCING PHASE submitted by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/08/2005) |
| 11/08/2005 | 250 | | PRAECIPE AND ISSUING 1 subpoena by defendant Kenneth Eugene Barrett, for witness to appear 11/9/05 at 9:00 a.m., to testify on behalf of defendant, U.S.Cthse., Muskogee, OK. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/08/2005) |
| 11/08/2005 | | | STATUS CONFERENCE: Government present by U.S.Attorney Sheldon Sperling. Defense counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. In Chambers. Court Reporter G.E. Law Clerk DG and JA) Court has discussion with counsel off the record regarding penalties that can be rendered; the government's victim impact statements and testimonycounsel reached agreement as to what would be presented; and aggravating factors. Government to advise the court first thing on 11/9/05 if it desires to make a record on the aggravating factors discussed. Court will be available by 8:30 a.m. Govt. will be prepared to make an oral motion to withdraw certain parts of the aggravating factors issues on 11/9/05, if not in writing. Defendant advises he does not plan to use any mental health issues as part of his defense, and will not have a psychiatrist testify. Deft. To file a motion in limine first thing on 11/9/05, and Court will have a HEARING on said motion at 9:00 a.m. on 11/9/05. Jury to report to begin further proceedings by 10:00 a.m. Court will allow 30 to 40 minutes for opening statements for each side. (JHP) (pyb, Deputy Clerk) (Entered: 11/08/2005) |
| 11/09/2005 | 251 | | PRAECIPE by defendant and issuing 6 subpoenas for 11/14/05 at 9:00 a.m. (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/09/2005) |
| 11/09/2005 | 252 | | MOTION in limine as to Government Witnesses on Future Dangerousness, regarding testimony of Kevin Otwell, Larry Lane, Shannon Smith and Sheldon Fair by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/10/2005) |
| 11/09/2005 | 253 | | ORDER by District Judge James H. Payne overruling Defendant's Motion/Request to Reurge Defendant's Motion to Suppress the Drug Search Warrant [228–1] (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/10/2005) |
| 11/09/2005 | | | HEARING ON PRELIMINARY INSTRUCTIONS AND DEFENDANT'S MOTION IN LIMINE AS TO GOVERNMENT WITNESSES ON FUTURE DANGEROUSNESS: IN CHAMBERS: Government present by U.S.Attorney Sheldon Sperling. and Assistant U.S.Attorney D. Michael Littlefield. Defense counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. In Chambers. Court Reporter G.E. Law Clerk DG and JA) Court and counsel make record on Court's preliminary instructions to be given to the jury regarding the penalty phase. Deft. requests an additional general admonition concerning emotions of the audience during testimony. Court will give an additional admonition. Arguments of counsel regarding what testimony is permitted as to victim impact. Court admits Government's photo exhibits 302, 306, 307, 309, 312, 316 and 318 for use regarding victim impact. Government requests leave to bring witness Vicky Lyons back to |

| | | | |
|---|---|---|---|
| | | | testify, in order to offer Government's Exhibit #56. Defendant objects. Arguments of Counsel. Defendant's objection sustained. Court will not allow the exhibit. Arguments of counsel as to government's further exhibits regarding victim impact statements in writing. Court allows Government's Exhibits 324, and 326. Government's exhibit #329 is under advisement by the Court. Arguments of counsel and discussion by Court as to Aggravating Factors: Court and counsel reach an agreement as to aggravating factors. Arguments of counsel regarding defendant's motion in limine as to Government witnesses on future dangerousness. ENTERING ORDER: Granting in part and Denying in Part defendant's Motion in Limine as to Government Witnesses on future dangerousness as follows: Court will allow the testimony of witnesses Larry Lane and Shannon Smith, only to the extent to show defendant's attitude toward law enforcement in prison; therefore, that portion of the motion is overruled; Court grants the motion as to witness Sheldon Fare, and will not allow that testimony; Court advises that while drug trafficking business could be relevant, the evidence is redundant and government may not put same on; Defendant's motion in limine as to witness Kevin Otwell is grantedgovernment may not put his testimony on; as to the testimony of Travis Crawford and Johnny Philpot, their testimony is admissible through the testimony of the former wife of defendant and Gelene Dotson. If the former wife and the mother, Gelene Dotson, testify, then witnesses Johnny Philpot and Travis Crawford may testify for impeachment purposes if necessary. Court will allow testimony of Stanley Philpot and Johnny Philpot as their testimony shows a threat to law enforcement. (JHP) Deft. Requests that the Rule of Sequestration remain in effect. Court will grant, but will allow family members of the victim to remain in courtroom. (JHP) (Times for these In Chambers hearings: 9:34 a.m. to 11:50 a.m. and 1:04 p.m. to 1:17 p.m.) IN COURTROOM: (1:40 p.m.) Jury in box. Govt. Present by U.S.Atty. Sheldon J. Sperling and Asst. U.S.Atty. D. Michael Littlefield. Govt. Agents Darren Lane and Ben Rosser present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret Smith. (Courtroom Deputy PB. Ctrm.1. Court Reporter GE. Law Clerks DG and JA) Court reads preliminary instructions to jury regarding penalty phase of this case. Opening Statement of Government. Defendant reserves his opening statement until testimony on behalf of defendant begins. Government's Evidence as to Penalty Phase: Government offers all previously marked and admitted exhibits and testimony from the guilt phase of the trial. No objection by defendant. Admitted by Court. ENTERING ORDER Continuing said cause until 9:00 a.m. on 11/10/05. (JHP) (pyb, Deputy Clerk) (Entered: 11/10/2005) |
| 11/10/2005 | 254 | | PRAECIPE AND ISSUING 8 named witness subpoenaes and 5 blank subpoenaes by defendant Kenneth Eugene Barrett, for witnesses to appear 11/14/05 at 9:00 a.m., U.S. Cthse., Muskogee, Oklahoma. (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/10/2005) |
| 11/10/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) Jury in box. Further Government's evidence regarding |

| | | | |
|---|---|---|---|
| | | | penalty phase BENCH CONFERENCE: Court and counsel discuss exhibits. Deft. Objects to Govt. Exhibit # 329. Govt. agrees this exhibit should be a demonstrative aid only, as the witness read same into the record. Court STRIKES Govt. Exhibit #329 as an admitted exhibit and directs same can be admitted for demonstrative purposes only. Government's exhibit #312 is withdrawn by govt. Govt. further withdraws its Exhibit #312. Govt. and defendant agree and Court grants the request that Government's exhibits 324 and 326 are also STRICKEN as admitted exhibits, and are to be admitted for demonstrative purposes only, as these exhibits were also read to the jury by witnesses. (End of Bench Conferences) Government rests as to penalty phase at 11:08 a.m. ENTERING ORDER continuing said cause until Monday, 11/14/05 at 9:00 a.m. Jury to check in a little before 9:00 a.m. (JHP) OUTSIDE OF HEARING OF JURY: Oral motion of defendant for mistrial regarding victim impact testimony. Arguments of counsel. Statements of Court. ENTERING ORDER overruling defendant's oral motion for mistrial. (JHP) Deft. Advises that his case as to penalty phase will take about 2 days. (JHP) (pyb, Deputy Clerk) (Entered: 11/16/2005) |
| 11/14/2005 | 423 | | PARTIAL TRANSCRIPT of proceedings for the following date(s): 11/10/05 (Re: jury trial, penalty phase) by court reporter Greg Eustice (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/14/2005) |
| 11/14/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) Jury in box. Opening statement by Defendant. Defendant's evidence. ENTERING ORDER continuing said cause until 11/15/05 at 9:00 a.m. (JHP) (pyb, Deputy Clerk) (Entered: 11/15/2005) |
| 11/15/2005 | 255 | | MOTION in limine regarding testimony of Robert Gude by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/15/2005) |
| 11/15/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) OUTSIDE OF HEARING OF JURY, AND IN THE COURTROOM: HEARING on Defendant's Motion in Limine regarding testimony of defense witness Robert Gude. Arguments of counsel, questions of court. Counsel reached an agreement as to the testimony of withness Gude and the motion is moot. (JHP) IN COURTROOM: JURY IN BOX. Govt. Counsel present. Deft. Present with counsel. Further Defendant's evidence. Defendant advises he does not wish to testify in this penalty phase. Defendant rests. Government requests until tomorrow to present it's rebuttal. ENTERING ORDER continuing said cause until 9:00 a.m. on 11/16/05. (JHP) (pyb, Deputy Clerk) (Entered: 11/15/2005) |
| 11/16/2005 | 256 | | MOTION in limine regarding Government's Rebuttal Witnesses Joshawa Arnold, Stan Philpot, John Philpot, George Bormann, Michael Hendricks, |

| | | | |
|---|---|---|---|
| | | | Rick Carter, Tommy Burger and Rick Fargo by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/16/2005) |
| 11/16/2005 | | | FURTHER JURY TRIAL: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) IN COURTROOM – OUTSIDE OF HEARING OF JURY: Govt. cnsl.present. Deft. present with counsel. HEARING on Defendant's Motion in Limine regarding Government's Rebuttal Witnesses, Joshua Arnold, Stan Philpot, John Philpot, George Bormann, Michael Hendricks, Rick Carter, Tommy Burger, and Rick Fargo. Court directs that it be allowed to hear testimony of witness Joshua Arnold before ruling on this motion. Government's Evidence and Witness. Arguments of counsel and questions of court. ENTERING ORDER Granting in Part and Denying in Part Defendant's Motion in Limine regarding Government's Rebuttal Witnesses: As to witness Joshua Arnold, the motion is sustained, and this witness will not testify before the jury. The testimony is more prejudicial than probative. As to witnesses Beorge Bormann, Michael Hendricks, Rick Carter, Tommy Burger and Rick Fargo, the motion is overruled and witnesses may testify. Court has not sustained the motion in limine as to any witnesses mentioned therein, except for witness Joshua Arnold. (JHP) IN COURTROOM – JURY IN BOX: Govt.cnsl.present. Deft.present with counsel. Government's Rebuttal Evidence regarding Penalty Phase. (BENCH CONF: Arguments of counsel regarding testimony of witnesses as to incident that occurred this date at lunch break. Court will not allow the testimony.) Government rests. No Surrebuttal by defendant. All parties rest. ENTERING ORDER continuing said cause until 9:30 a.m. on 11/17/05, for jury to return. (JHP) Outside of hearing of jury: Court will submit the proposed jury instructions to counsel and counsel to examine them and then the record will be made with regard to the instructions. Discussion held as to how long for closing arguments. Court will allow up to 90 minutes. Counsel to advise more precisely in the morning. Recess at 2:17 p.m. until counsel prepared to make record on the instructions. (JHP) At a later time, Court directed that the record on jury instructions would be held at 8:30 a.m. on 11/17/05. Court recessed for evening. (JHP) (pyb, Deputy Clerk) (Entered: 11/17/2005) |
| 11/17/2005 | | | FURTHER JURY TRIAL–PENALTY PHASE: Government present by U.S.Attorney Sheldon Sperling, and Asst.U.S.Atty. D.Michael Littlefield. Government agents Darren Lane and Ben Rosser also present. Defendant BARRETT present in person and by appointed counsel Roger Hilfiger and Bret A. Smith. (Before Hon. James H. Payne. Courtroom Deputy PB. Ctrm. 1 Court Reporter G.E. Law Clerk DG and JA) IN COURTROOM–OUTSIDE OF HEARING OF JURY: Govt. Cnsl. present. Deft. counsel present with deft. Court and counsel make record on jury instructions, verdict forms and special interrogatories for Counts 1, 2 and 3. IN COURTROOM: Jury in box. Govt.cnsl. present. Deft. present with counsel. Instructions read to jury by Court. Closing arguments of counsel. OUTSIDE OF HEARING OF JURY: There was a verbal outburst by defendant during closing arguments and defendant was removed from the courtroom at that time. Court and counsel discuss need to do an instruction to the jury regarding the defendant's |

| | | | |
|---|---|---|---|
| | | | statements. Deft. brought before the court and advises the court , after the incident during closing arguments, that he does not desire to be in the courtroom anymore, and does not wish to be present when a verdict is reached. Granted by court, but court directs defense counsel to speak with defendant again before the verdict is reached, in the event defendant changes his mind. JURY IN BOX: Court gives jury an instruction as to the incident with defendant during closing arguments, and same is marked as Court's Exhibit #24. Court gives final closing instruction. Bailiff sworn and jury retires to deliberate at 4:19 p.m. (JHP) IN COURTROOM – 12:31 a.m. Govt. counsel present. Defendant's counsel present. Deft. NOT present by choice. Court advises it has received note from the jury, marked Court's Exhibit 28, stating they had reached a verdict. Court inquires of defense counsel if defendant wishes to be present and is advised that defendant does not wish to be present for the verdict. JURY IN BOX. PENALTY PHASE SPECIAL VERDICT FORM: Count 1: Life in prison without possibility of release; Count 2: Life in prison without possibility of release; Count 3: Death Sentence. Verdict read in open court. Court directs Verdict be filed of record. Jury polled by showing of hands. Deft. requests jurors be polled individually. Court polled jurors individually. Court directs counsel to approach bench and review all pages of the verdict form. Govt. and Deft. have no further record to make with regard to the Verdict. ENTERING ORDER directing each party to withdraw their respective trial exhibits, the same to be kept and maintained for possible appeal purposes. (JHP) Court directs the notes taken by the jurors be shredded by the Clerk. Jury and alternates excused. Govt. requests permission to retrieve exhibits on 11/18/05. Granted by court. ENTERING ORDER: that Defendant is to remain in the custody of the U.S.Marshal's Service. Sentencing is set for 12/7/05 at 10:00 a.m. (JHP) (1:03 a.m.) (pyb, Deputy Clerk) Modified on 11/21/2005 (Entered: 11/18/2005) |
| 11/17/2005 | 257 | | JURY INSTRUCTIONS–-SENTENCING PHASE by District Judge James H. Payne (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/18/2005) |
| 11/17/2005 | 258 | | PENALTY PHASE SPECIAL VERDICT as to Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 11/18/2005) |
| 11/21/2005 | | | NOTICE: SENTENCING is set for 12/7/05 at 10:00 a.m. for Kenneth Eugene Barrett before Judge James H. Payne, Courtroom 1, at the U.S. Courthouse, 5th and Okmulgee Streets, Muskogee, OK (cc: all counsel) (pyb, Deputy Clerk) (Entered: 11/21/2005) |
| 12/02/2005 | | | Marshal's return on: Writ of Habeas Corpus Ad Testificandum executed as to witness CHARLES E. SANDERS, as follows: Rec'd.witness from Stringtown on 9/19/05, delivered witness to CCA, Tulsa, OK. Rec'd witness from CCA, Tulsa, and delivered him to Muskogee Fed.Court on 10/19/05. Rec'd witness from Muskogee Fed.Court and delivered him to CCA, Tulsa on 10/19/05. Rec'd. witness from CCA, Tulsa, and delivered him to Muskogee Federal Court on 10/20/05. Recd. witness from Muskogee Federal Court and delivered him to CCA Tulsa on 10/20/05. Rec'd witness from CCA Tulsa and delivered him to Muskogee Federal Court on 11/9/05. Rec'd. witness from Muskogee Federal Court and delivered him to CCA Tulsa, on 11/9/05. (pyb, Deputy Clerk) (Entered: 12/02/2005) |

| | | | |
|---|---|---|---|
| 12/02/2005 | | | Marshal's return on: 10/22/04 writ executed as to Kenneth Eugene Barrett by receiving custody of defendant from OSP and delivering to Muskogee County Jail (cjt, Deputy Clerk) (Entered: 12/02/2005) |
| 12/06/2005 | 259 | | MINUTE ORDER before District Judge James H. Payne ; STRIKING sentencing set 12/7/05 and RESETTING SENTENCING for 12/20/05 at 2:00 p.m., for Kenneth Eugene Barrett , before Hon. James H. Payne, Courtroom 1, at the U.S. Courthouse, Fifth & Okmulgee Streets, Muskogee, Oklahoma. (JHP) (cc: all counsel) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/06/2005) |
| 12/07/2005 | 260 | | REQUEST for appointment of appellate counsel , and to continue Sentencing date by defendant Kenneth Eugene Barrett (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/07/2005) |
| 12/07/2005 | 261 | | SEALED MINUTE ORDER before Mag. Judge Steven P. Shreder regarding CJA compensation (SPS) (cc: all counsel) (fe, Deputy Clerk) Modified on 12/07/2005 Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/07/2005) |
| 12/07/2005 | 262 | | SEALED MINUTE ORDER before Mag. Judge Steven P. Shreder regarding CJA compensation (SPS) (cc: all counsel) (fe, Deputy Clerk) Modified on 12/07/2005 Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/07/2005) |
| 12/07/2005 | 263 | | ORDER by District Judge James H. Payne granting defendant's motion for appointment of appellate counsel [260−1], appointing Attorney Mark Henricksen, and instructions as to expenses and payment. Counsel is directed to provide Court with a budget for review by 12/14/05, covering services which counsel anticipates incurring before this Court. Counsel to submit a completed CJA Form 30, with billing statement, within 30 days following sentencing herein, to Office of Federal Public Defender. (cc: all counsel, and FAXED copy to Mr. Henricksen, with instructions to file an entry of appearance) (pyb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/08/2005) |
| 12/07/2005 | | | CJA Form 30 (Appointment of Counsel − Mark Henricksen) on behalf of defendant Kenneth Eugene Barrett. (JHP 12/7/05) (smg, Deputy Clerk) Modified on 01/13/2006 (Entered: 01/13/2006) |
| 12/09/2005 | 264 | | SEALED APPLICATION for protective order by plaintiff USA as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/12/2005) |
| 12/09/2005 | 265 | | SEALED NOTICE by plaintiff with attached disk (cjt, Deputy Clerk) Modified on 12/12/2005 (jcb, Deputy Clerk). Modified on 12/1/2016 to reflect Pleading #237 Sealed Psychological Evaluation/Risk Assessment with VIDEOTAPE, and #265 Sealed Notice with DISK, received from 10th Circuit and STORED IN CLERK'S OFFICE 2ND FLOOR VAULT (See Dkt. #268 LETTER from Circuit Court filed in 09cv105−JHP)*** (cjt, Deputy Clerk). ***Modified on 5/10/2019 to reflect #237 Sealed Psychological Eval with VIDEOTAPE and #265 Sealed Notice with DISK returned to 10th Circuit (See Pleading #485 in CIV−09−105−RAW, LETTER to Circuit Court)*** (cjt, Deputy Clerk). (Entered: 12/12/2005) |

| 12/09/2005 | 266 | | SEALED PROTECTIVE ORDER by District Judge James H. Payne granting motion for protective order [264–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/12/2005) |
| 12/12/2005 | 267 | | MINUTE ORDER before District Judge James H. Payne: The government is hereby ordered to advise this Court by 12:00 Noon on 12/13/05: (1) whether the items filed under seal herein on 12/9/05 are relevant to any issue pending before this Court and if so, how, including all authority relied upon by the government; and (2) if the items are relevant to the issue of sentencing what action, if any, is the Government requesting this Court take based upon these items? The Defendant shall have until 12:00 Noon on 12/14/05 to file any response they feel is necessary. The Clerk shall provide a copy of the Notice filed by the Government on 12/9/05 which does not contain a certificate of mailing to defense counsel. (JHP) (cc: all counsel) (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/12/2005) |
| 12/13/2005 | 268 | | RESPONSE by plaintiff pursuant to minute order of 12/12/05 [267–2] [265–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/13/2005) |
| 12/13/2005 | 269 | | REQUEST for resetting sentencing date by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/13/2005) |
| 12/13/2005 | 270 | | ENTRY OF APPEARANCE for defendant Kenneth Eugene Barrett by Attorney Mark Henricksen (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/13/2005) |
| 12/13/2005 | 271 | | MOTION to extend deadline for submitting litigation budget by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/13/2005) |
| 12/13/2005 | 272 | | MINUTE ORDER before District Judge James H. Payne granting defendant's motion for resetting sentencing date [269–1] . The Sentencing set for 12/20/05 at 2:00 p.m. is STRICKEN and RESET for 12/19/05 at 2:00 p.m. for Kenneth Eugene Barrett at the U.S. Courthouse, 5th & Okmulgee Streets, Muskogee, OK. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/13/2005) |
| 12/13/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #8)(JHP 12/13/05) (smg, Deputy Clerk) (Entered: 12/14/2005) |
| 12/13/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (Interim #9)(JHP 12/13/05) (smg, Deputy Clerk) (Entered: 12/14/2005) |
| 12/13/2005 | | | CJA Form 30 (Attorney Payment Voucher – Bret A. Smith) as to Kenneth Eugene Barrett (Interim #2)(JHP 12/13/05) (smg, Deputy Clerk) (Entered: 12/14/2005) |
| 12/14/2005 | 273 | | MINUTE ORDER before District Judge James H. Payne granting motion of defendant's counsel Mark Henricksen to extend deadline for submitting litigation budget [271–1] until close of business on 12/15/05. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/14/2005) |
| 12/15/2005 | 274 | | SEALED EX PARTE PRELIMINARY LITIGATION BUDGET submitted by Mark Henricksen for defendant Barrett (cjt, Deputy Clerk) (jcb, Deputy |

| | | | Clerk). (Entered: 12/15/2005) |
|---|---|---|---|
| 12/15/2005 | <u>275</u> | | SEALED MINUTE ORDER before District Judge James H. Payne regarding Defendant's Ex Parte Litigation Budget [274–1] (JHP) (cc: all counsel) (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 12/15/2005) |
| 12/15/2005 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (INTERIM #10)(JHP 12/15/05) (smg, Deputy Clerk) (Entered: 12/16/2005) |
| 12/15/2005 | | | CJA Form 30 (Attorney Payment Voucher Roger Hilfiger) as to Kenneth Eugene Barrett (INTERIM #11)(JHP 12/15/05) (smg, Deputy Clerk) (Entered: 12/16/2005) |
| 12/15/2005 | | | CJA Form 30 (Attorney Payment Voucher – Bret Smith) as to Kenneth Eugene Barrett (INTERIM #3)(JHP 12/15/05) (smg, Deputy Clerk) (Entered: 12/16/2005) |
| 12/19/2005 | | | SENTENCING before Judge James H. Payne. Government present by USA Sheldon Sperling and AUSA Michael Littlefield. Defendant BARRETT present in person and with appointed counsel Roger Hilfiger, Bret Smith and Mark Henricksen. Courtroom Deputy: ct. Court Reporter: Greg Eustice. Court advised the parties it has made preliminary arrangements to appoint Mark Henricksen in regard to possible appeal. Counsel Roger Hilfiger advised the Court defendant does need appointed counsel and requested Henricksen be appointed because of his appellate knowledge. Mark Henricksen will continue as lead appellate counsel with Roger Hilfiger to remain as counsel to assist in the appeal process as needed. (JHP) Discussion of sealed pleadings filed, Nos. #264, #265, #266, and minute order #267, and response of government, #268, indicating they are not relevant to the issues regarding sentencing. No response by defendant was filed. No objection by plaintiff or defendant if pleadings stricken, so long as they remain in the record. Court orders pleadings stricken, to remain part of the record. (JHP) Discussion of copies of jury questionnaires provided to counsel. Court directed counsel to return the copies of jury questionnaires by 1/10/06 except for those pertinent for possible appeal purposes. Court orders defendant's counsel to submit all claims for attorney fees outstanding by 1/10/06. No statements of defendant or his counsel. JUDGMENT AND COMMITMENT: Pursuant to 18 United States Code Sections 924(c)(1)(A) and (j), the Federal Death Penalty of 1994, appearing in 18 United States Code Sections 3591 3596, the special findings of the jury returned on and the jury's unanimous vote recommending that the defendant shall be sentenced to death and two terms of life imprisonment without the possibility of release, it is the judgment of this Court that the defendant, Kenneth Eugene Barrett, is hereby committed to the custody of the Bureau Prisons to be imprisoned on Counts 1 and 2 for a term of LIFE without the possibility of release. It is the of this Court that the defendant, Kenneth Eugene Barrett, is sentenced to DEATH on Count 3. The sentences imposed in each of these counts shall run consecutive to each other. The defendant is committed to the custody of the Attorney General for the United States until exhaustion of all appellate procedures. When the sentence is to be implemented, the Attorney General shall release the defendant to the custody of a United States |

| | | | |
|---|---|---|---|
| | | | Marshal, who shall supervise implementation of the sentence in the manner prescribed by the law. It is further ordered that the defendant shall pay to the United States a Special Assessment of $100 on Counts 1, 2, and 3, for a total of $300. Said assessment shall be paid through the United States Court Clerk for the Eastern District of Oklahoma, and is due immediately. Payment of a fine in this case has been considered but will not be imposed based upon the defendant's current financial profile. Defendant advised right to appeal within 10 days. Defendant is remanded to custody of the U.S. Marshal. Bret Smith is directed to file a motion to withdraw as counsel and the Court will grant same. (JHP) (cjt, Deputy Clerk) Modified on 12/28/2005 (Entered: 12/20/2005) |
| 12/19/2005 | 276 | | MINUTE ORDER before District Judge James H. Payne as to defendant Kenneth Eugene Barrett: The Court orders sealed pleadings #264, #265 and #266, the Court's Minute Order, #267, and the government's response thereto, #268, be stricken, to remain part of the record. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/20/2005) |
| 12/19/2005 | 277 | | MINUTE ORDER before District Judge James H. Payne: Counsel are directed to return the copies of jury questionnaires by 1/10/06 except for those pertinent for possible appeal purposes. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/20/2005) |
| 12/19/2005 | 278 | | MINUTE ORDER before District Judge James H. Payne: Counsel for defendant Kenneth Eugene Barrett are directed to submit all claims for attorney fees outstanding by 1/10/06. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/20/2005) |
| 12/21/2005 | 279 | | MOTION to withdraw attorney Bret A. Smith by defendant Kenneth Eugene Barrett (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/21/2005) |
| 12/28/2005 | 281 | | MOTION for payment of transcripts at government's expense by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/28/2005) |
| 12/28/2005 | 280 | | APPEAL Notice to USCA by defendant Kenneth Eugene Barrett regarding [285−1]; fees ifp; Preliminary Record on Appeal Forwarded to Circuit (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/29/2005) |
| 12/28/2005 | | | CJA Form 30 (Attorney Payment Voucher − Bret Smith) as to Kenneth Eugene Barrett (JHP 12/28/05) (smg, Deputy Clerk) (Entered: 12/29/2005) |
| 12/29/2005 | 282 | | MINUTE ORDER before District Judge James H. Payne granting motion to withdraw by attorney Bret A. Smith on behalf of defendant Kenneth Eugene Barrett [279−1]. (JHP) (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/29/2005) |
| 12/29/2005 | 283 | | MOTION FOR LEAVE TO DISMISS with ORDER thereon by District Judge James H. Payne dismissing the original indictment (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/29/2005) |
| 12/29/2005 | 284 | | ORDER by District Judge James H. Payne granting defendant's motion for payment of transcripts at government's expense [281−1] (cc: all counsel) (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 12/29/2005) |
| 12/29/2005 | 285 | | JUDGMENT AND COMMITMENT as to Kenneth Eugene Barrett, sentencing Kenneth Eugene Barrett (1) count(s) 1s, Life without the possibility |

| | | |
|---|---|---|
| | | of release. Special Assessment in the amount of $100.00; Kenneth Eugene Barrett (1) count(s) 2s, Life without the possibility of release, Special Assessment in the amount of $100.00; Kenneth Eugene Barrett (1) count(s) 3s, Sentence of death, Special Assessment in the amount of $100.00. case terminated by District Judge James H. Payne (cc: all counsel) (cjt, Deputy Clerk) (acg, Deputy Clerk). (Entered: 12/29/2005) |
| 01/05/2006 | 286 | MINUTE ORDER: At the direction of District Judge James H. Payne, it is hereby ordered that the CJA 31 Death Penalty Proceedings Ex Parte Request for Authorization and Voucher Expert and Other Services submitted by defendant's counsel Roger Hilfiger, is hereby REFERRED to U.S. Magistrate Judge Steven P. Shreder for hearings and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate Judge said original Application and supporting documents. (JHP) (cc: all counsel) (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/05/2006) |
| 01/05/2006 | 287 | SEALED ORDER by Magistrate Judge Steven P. Shreder regarding request for payment of investigator's fees and expenses. (cc: all counsel) (fe, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV−09−105−JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 01/05/2006) |
| 01/09/2006 | 288 | APPEAL Designation of Record requested by Kenneth Eugene Barrett regarding [280−1] (cjt, Deputy Clerk) PDF(s) added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/09/2006) |
| 01/09/2006 | 289 | APPEAL Transcript Order Form (TOF) by court reporter Glen Dorrough; est completion date 2/6/06; as to defendant Kenneth Eugene Barrett requesting 6/2/05 telephone conference call [280−1] (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/09/2006) |
| 01/09/2006 | | LETTER to Tenth Circuit with copy of transcript order from from Glen Dorrough (cjt, Deputy Clerk) (Entered: 01/09/2006) |
| 01/10/2006 | 290 | RETURN OF JUROR QUESTIONNAIRES by defendant Barrett (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/11/2006) |
| 01/12/2006 | | LETTER to Federal Public Defender's Office forwarding CJA 30 Voucher of Roger Hilfiger for 12/1/05 to 1/10/06. (cjt, Deputy Clerk) (Entered: 01/12/2006) |
| 01/12/2006 | 291 | MINUTE ORDER before District Judge James H. Payne: The Court's review of the copies of the juror questionnaires returned to the clerk reveals that the defendant has returned all but 64 of the 242 juror questionnaires, while the government has only returned 33 of the 242 juror questionnaires. Questionnaire #111, which defense counsel indicated they wished to retain, was not included within the box of questionnaires which was returned to the Court Clerk's Office. No explanation has been provided by the government of its need to retain such a large number of the questionnaires. The government is given ten (10) days to identify for the record the actual juror questionnaires, by number, retained and explain why they need to retain 209 of those questionnaires or to return all additional questionnaires which are not needed for appeal purposes. Once all retained questionnaires have been properly identified for the record, the Court Clerk will be directed to destroy the copies |

71

| | | | |
|---|---|---|---|
| | | | returned by counsel. Counsel are reminded, however, that the Court Clerk is maintaining the original juror questionnaires until all appeals have been exhausted. (JHP) (cc: all counsel) (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/12/2006) |
| 01/17/2006 | | | APPEAL NUMBER received from USCA regarding [280–1] as to defendant Kenneth Eugene Barrett (Appeal Number: 06–7005) (cjt, Deputy Clerk) (Entered: 01/17/2006) |
| 01/17/2006 | 301 | | SEALED RESPONSE by defendant to Magistrate's Order regarding request for payment of investigator's fees and expenses of defendant [287–1] (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/08/2006) |
| 01/18/2006 | 292 | | APPEAL Transcript Order Form (TOF) by court reporter Gala Watkins; est completion date 2/4/06; requesting 6/6/05 Hearing on Motion to Continue; and 9/9/05 Status/Pretrial Conference [280–1] (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/18/2006) |
| 01/18/2006 | | | LETTER to 10th Circuit with copy of transcript order form filed 1/18/06 from Gala Watkins (cjt, Deputy Clerk) (Entered: 01/18/2006) |
| 01/19/2006 | 293 | | SEALED REPORT AND RECOMMENDATION regarding investigator compensation by Magistrate Judge Steven P. Shreder (cc: all counsel) (fe, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 01/19/2006) |
| 01/20/2006 | 294 | | APPEAL Transcript Order Form (TOF) by court reporter Greg Eustice; est completion date 2/18/06; requesting 5/5/05 sealed telephone conference; 5/18/05 status conference and motions hearing; 8/12/05 status conference; notation made by court reporter that 9/6/05 telephone conference cannot be transcripbed by him [280–1] (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/20/2006) |
| 01/20/2006 | 295 | | APPEAL Transcript Order Form (TOF) by court reporter Greg Eustice; est completion date 2/18/06; requesting portions of jury selection, trial proceedings, including sealed hearing, in camera hearings and proceedings of other nature, sentencing hearing proceedings beginning 9/26/05 through 11/17/05; 11/8/05 status conference; 11/9/05 hearing on preliminary instructions and defendant's motion in limine [280–1] (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/20/2006) |
| 01/20/2006 | | | LETTER to Tenth Circuit with copies of transcript order forms filed 1/20/06 from Greg Eustice (cjt, Deputy Clerk) (Entered: 01/20/2006) |
| 01/24/2006 | 296 | | APPEAL Transcript Order Form (TOF) by court reporter Karla McWhorter; est completion date 2/27/06; requesting: 10/25/04 initial appearance; 11/17/04 arraignment; 12/8/04 scheduling conference; 1/7/05 sealed hearing and status conference; 1/26/05 motions hearing and motion to dismiss and motion to suppress; 2/15/05 arraignment on superseding indictment; 7/15/05 status conference; 8/31/05 sealed hearing and unsealed criminal pretrial; 9/12/05, 9/13/05 (including sealed hearing), 9/14/05, 9/15/05, 9/16/05 individual juror qualifications; 9/26/05 through 11/17/05 jury selection, trial, including sealed hearing, in camera hearings and proceedings of other nature, sentencing hearing [280–1] (cjt, Deputy Clerk) Modified on 01/25/2006 PDF added on |

| | | | |
|---|---|---|---|
| | | | 5/23/2006 (sms, Deputy Clerk). (Entered: 01/24/2006) |
| 01/25/2006 | | | LETTER to Tenth Circuit with copy of transcript order form filed 1/24/06 from Karla McWhorter (cjt, Deputy Clerk) (Entered: 01/25/2006) |
| 01/25/2006 | 297 | | RECEIPT by defendant of Magistrate's Report and Recommendation on Request for Investigator Compensation; received by counsel Mark Henricksen on 1/23/06; objections due 2/6/06 (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/25/2006) |
| 01/25/2006 | | | CJA Form 30 (Attorney Payment Voucher – Roger Hilfiger) as to Kenneth Eugene Barrett (JHP 1/25/06)(Final) (smg, Deputy Clerk) (Entered: 01/26/2006) |
| 01/30/2006 | 298 | | APPEAL Transcript Order Form (TOF) by court reporter Susan Sweeney; est completion date 2/10/06 requesting 3/22/05 sealed hearing and status conference [280–1] (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 01/30/2006) |
| 01/30/2006 | | | LETTER to 10th Circuit with copy of transcriipt order form filed 1/30/06 from Susan Sweeney (cjt, Deputy Clerk) (Entered: 01/30/2006) |
| 02/01/2006 | 422 | | TRANSCRIPT of proceedings for the following date(s): 6/2/05 (Re: Telephone conference as to defendant Kenneth Eugene Barrett [280–1]) by court reporter Glen R. Dorrough (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/01/2006) |
| 02/03/2006 | 425 | | TRANSCRIPT of proceedings for the following date(s): 6/6/05 (Re: Hearing on defendant Kenneth Eugene Barrett's motion to continue trial [280–1]) by court reporter Gala Watkins (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/03/2006) |
| 02/03/2006 | 419 | | TRANSCRIPT of proceedings for the following date(s): 9/9/05 (Re: Status/Pretrial Hearing as to defendant Kenneth Eugene Barrett [280–1]) by court reporter Gala Watkins (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/03/2006) |
| 02/03/2006 | 299 | | RECEIPT by defendant of Magistrate's Report and Recommendation on Request for Investigator Compensation; received by counsel Roger Hilfiger on 1/21/06; objections due 2/3/06 (cjt, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 02/03/2006) |
| 02/06/2006 | 300 | | APPEAL Transcript Order Form (TOF) by court reporter Martha Butler est completion date 2/2/06 regarding 9/6/05 Telephone Conference [280–1] (nsb, Deputy Clerk) PDF added on 5/23/2006 (sms, Deputy Clerk). (Entered: 02/07/2006) |
| 02/06/2006 | 424 | | TRANSCRIPT of proceedings for the following date(s): 9/6/05 Telephone Conference (Re: [280–1] ) by court reporter Martha Butler (nsb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/07/2006) |
| 02/08/2006 | 302 | | SEALED ORDER by District Judge James H. Payne as to SEALED REPORT AND RECOMMENDATION regarding investigator compensation by defendant [293–1] (cc: defendant's counsel) (cjt, Deputy Clerk) Modified on 9/15/2009 to reflect **document UNSEALED by Order, Doc #67 filed 9/11/09 in CIV–09–105–JHP** (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: |

| | | | 02/08/2006) |
|---|---|---|---|
| 02/08/2006 | | | CJA Form 30 (Attorney Payment Voucher – Mark Henricksen) as to Kenneth Eugene Barrett (JHP 2/8/06) (smg, Deputy Clerk) (Entered: 02/13/2006) |
| 02/15/2006 | 420 | | SEALED TRANSCRIPT filed by court reporter Susan L. Sweeney of Motion Hearing Conducted on 3/22/05 (Vol. I of II) (trl, Deputy Clerk) Modified on 02/15/2006 (jcb, Deputy Clerk). (Entered: 02/15/2006) |
| 02/15/2006 | 426 | | TRANSCRIPT (Vol. II of II) of Status Conference conducted on 3/22/05 filed by court reporter Susan L. Sweeney (trl, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 02/15/2006) |
| 03/02/2006 | 303 | | SUBPOENA returned unexecuted as to J. Randall Price,Kathy Thomas, Carlos Sandoval, Robert Jerome, Clark Wackerly, Bill DeWeese, Kelli Eales, Nancy Stalcup, Lake Arrington, Frank Atkinson, Ada Blount, Hattie Dodson, Dayla Ward (pjw, Deputy Clerk) Modified on 3/13/2006 to reflect correct file date (sms, Deputy Clerk). (Entered: 03/03/2006) |
| 03/02/2006 | 304 | | SUBPOENA returned Executed as to Joshua Arnold, Kelly Beach, Juan Beal, George Boreman, Rodney Burris, Michael Callery, Scott Chafin, Cindy Crawford, Phyllis Crawford, Travis Crawford, Iris Dalley, Robert Darst, RF Distefano, Bobbie Eales, Bernell Edwards, Sheldon Fair, Danny Farris, Michael Foreman, Dennis Franchini, Rick Fargo, Paul Gordon, Delena Goss, Raymond Greninger, Lyndell Griffin, Shawn Griffey, Alvin Hahn, John Hamilton, Steven Hash, Mike Hendricks, Terrance Higgs, Gene Hise, James M Horn, Dan Howard, Jon Huntington, Robert Jerome, Clint Johnson, Joann Kihega, Vicky M Lyons (jcb, Deputy Clerk) PDF added on 3/14/2006 (sms, Deputy Clerk). Modified on 3/14/2006 to reflect correct file date (sms, Deputy Clerk). (Entered: 03/06/2006) |
| 03/02/2006 | 305 | | SUBPOENA returned Executed as to Larry Lane, Lynette Lee, Bill Lipe, Alan Franklin Lloyd, David W Love, Vicki Lyons, April Marcangeli, DJ Mann, Jim L McBride, Craig Nixon, Danny Oliver, Kevin Ottwell, Douglas Perkins, Kerry Pettingill, Gary Philpot, Johnny Philpot, Stanley Philpot, Billy Poe, Ryan L Porter, Brandie Zane Price, George Randolph, BD Robbins, Ben Rosser, Janice Sanders, Tommy Sanders, Lee Schoeffler, Gerald Skowronski, Shannon Smith, Za Smith, Bryan Swim, Bob Thomas, Kevin Wilson, Rachel Wilson, William Wood (jcb, Deputy Clerk) Modified on 3/13/2006 to correct file date (sms, Deputy Clerk). (Entered: 03/06/2006) |
| 03/06/2006 | 306 | | ORDER from Circuit Court *granting Karla McWhorter's request for extension of time until 3/31/06 to file transcripts* (Re: Appeal Transcript Deadline(s) Set/Reset) as to Kenneth Eugene Barrett (nsb, Deputy Clerk) (Entered: 03/08/2006) |
| 03/09/2006 | 307 | | NOTICE of Change of Address as to Kenneth Eugene Barrett (acg, Deputy Clerk) (Entered: 03/09/2006) |
| 03/30/2006 | 309 | | TRANSCRIPT of Proceedings of Arraignment Hearing held on 11/17/2004 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 1–5) (Re: Minutes – Miscellaneous,,,,,,,,,,,,,, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (nsb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/10/2006) |

| 03/30/2006 | 310 | | SEALED TRANSCRIPT of Proceedings of SEALED Hearing held on 12/9/2004 before Magistrate Judge Steven P. Shreder (Court Reporter: Karla McWhorter) (Pages: 1–48) (Re: Minutes – Miscellaneous, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (nsb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/10/2006) |
| --- | --- | --- | --- |
| 03/30/2006 | 311 | | TRANSCRIPT of Proceedings of Status Conference held on 7/15/2005 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–28) (Re: Minutes – Miscellaneous,,,,,,,,,,,,,,,,,,,, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (nsb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/10/2006) |
| 03/30/2006 | 314 | | TRANSCRIPT of Proceedings of Court's Rulings on Motions held on September 26, 2005 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–20) Re: Minutes – Miscellaneous 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (jcb, Deputy Clerk) Modified text on 1/26/2011 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 04/18/2006) |
| 04/04/2006 | 308 | | JUDGMENT AND COMMITMENT Returned Executed as to Kenneth Eugene Barrett (neh, Deputy Clerk) (Entered: 04/04/2006) |
| 04/11/2006 | 312 | | TRANSCRIPT of Proceedings of Initial Appearance held on 10/25/04 before Magistrate Judge Steven P. Shreder (Court Reporter: ks) (Pages: 1–11) (Re: Initial Appearance Minutes 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/11/2006) |
| 04/11/2006 | 313 | | TRANSCRIPT of Proceedings of Arraignment on Superseding Indictment held on 2/15/05 before Magistrate Judge Steven P. Shreder (Court Reporter: ks) (Pages: 1–7) (Re: 280 Notice of Appeal to Circuit Court, Arraignment on Superseding Indictment Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/11/2006) |
| 04/18/2006 | 315 | | TRANSCRIPT of Proceedings of Transcript of Status Conference held on January 7, 2005 before Court Clerk (Court Reporter: Karla S. McWhorter) (Pages: 1–57) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous, as to Kenneth Eugene Barrett (jcb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/18/2006) |
| 04/18/2006 | 316 | | SEALED TRANSCRIPT of Proceedings of Sealed Ex Parte Hearing held on January 7, 2005 before Court Clerk (Court Reporter: Karla S. McWhorter) (Pages: 1–31) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous as to Kenneth Eugene Barrett (jcb, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/18/2006) |
| 04/21/2006 | 317 | | TRANSCRIPT of Proceedings of Pretrial Hearing held on 9/20/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–26) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Additional attachment(s) added on 2/13/2013: # 1 Main Document) (jcb, Deputy Clerk). (Entered: 04/24/2006) |
| 04/21/2006 | 318 | | TRANSCRIPT of Proceedings of Sealed Ex Parte Budget Hearing held on 10/3/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–9) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth |

| | | | |
|---|---|---|---|
| | | | Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/24/2006) |
| 04/25/2006 | 319 | | SEALED TRANSCRIPT of Proceedings of Sealed Motion hearing held on 9/13/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–24) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/25/2006) |
| 04/25/2006 | 320 | | TRANSCRIPT of Proceedings of Status Conference held on 8/12/05 before Judge James H. Payne (Court Reporter: Ken Sidwell) (Pages: 1–22) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2006) |
| 04/25/2006 | 321 | | SEALED TRANSCRIPT of Proceedings of Sealed Telephone Conference held on 5/5/05 before Judge James H. Payne (Court Reporter: Ken Sidwell) (Pages: 1–11) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2006) |
| 04/26/2006 | 322 | | TRANSCRIPT of Proceedings of Status Conference and Motions Hearing held on 5/18/05 before Judge James H. Payne (Court Reporter: Ken Sidwell) (Pages: 1–27) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 04/26/2006) |
| 05/01/2006 | 323 | | TRANSCRIPT of Proceedings of Jury Trial held on 9/26/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–171, Volume I of XXVII) (Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 5/26/2006 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 324 | | TRANSCRIPT of Proceedings of Jury Trial held on 9/27/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 172–393, Volume II of XXVII) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 5/26/2006 (cjt, Deputy Clerk). (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 325 | | TRANSCRIPT of Proceedings of Jury Trial held on 9/28/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 394–665, Volume III of XX) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 326 | | TRANSCRIPT of Proceedings of Jury Trial held on 10/3/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 666–919, Volume IV of XX) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 327 | | TRANSCRIPT of Proceedings of Jury Trial held on 10/4/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 920–1179, Volume V of XX) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 328 | | TRANSCRIPT of Proceedings of Jury Trial held on 10/5/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1180–1385, Volume VI of XX) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to |

| | | | |
|---|---|---|---|
| | | | Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/01/2006 | 329 | | TRANSCRIPT of Proceedings of Jury Trial held on 10/6/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1386–1625, Volume VII of XX) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/02/2006) |
| 05/09/2006 | 330 | | TRANSCRIPT of Proceedings of Sealed Hearing held on 8/31/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–116) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/10/2006) |
| 05/09/2006 | 331 | | TRANSCRIPT of Proceedings of Individual Juror Qualification for Purposes of Stage One Proceedings held on 9/12/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1–250) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/10/2006) |
| 05/09/2006 | 332 | | TRANSCRIPT of Proceedings of Individual Juror Qualification for Purposes of Stage One Proceedings held on 9/13/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 251–535) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/10/2006) |
| 05/09/2006 | 333 | | TRANSCRIPT of Proceedings of Individual Juror Qualification for Purposes of Stage One Proceedings held on 9/14/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 536–843) (Re: 280 Notice of Appeal to Circuit Court, Minutes – Miscellaneous) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/10/2006) |
| 05/12/2006 | 334 | | TRANSCRIPT of Proceedings of Individual Juror Qualification for Purposes of Stage One Proceedings held on 9/15/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 844–1137) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/15/2006) |
| 05/12/2006 | 335 | | TRANSCRIPT of Proceedings of Individual Juror Qualification for Purposes of Stage One Proceedings held on 9/16/05 before Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 1137–1392) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Additional attachment(s) added on 2/14/2013: (jcb, Deputy Clerk). (Entered: 05/15/2006) |
| 05/15/2006 | 427 | | TRANSCRIPT of Proceedings (Unredacted) of Unsealed Criminal Pretrial Hearing held on 8/31/2005 before District Judge James H. Payne (Court Reporter: Karla McWhorter) (Pages: 120 – 141) A party must file a Transcript Redaction Request within 21 calendar days. If a party fails to request redaction, this unredacted transcript may be made electronically available to the public without redaction after 90 calendar days. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter or may view the transcript at the court public terminal. There is no charge to view the transcript at the court public terminal. (Re: Minutes of |

| | | | |
|---|---|---|---|
| | | | Unsealed Criminal Pretrial Hearing) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 02/13/2013) |
| 05/18/2006 | 336 | | TRANSCRIPT of Proceedings of Jury Trial (Volume VIII of XX) held on 10/7/05 before Judge James H. Payne (Court Reporter: Karla S. McWhorter) (Pages: 1626–1851) (Re: Minutes – Miscellaneous and 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (law, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/19/2006) |
| 05/22/2006 | 337 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/18/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 1849–2068, Volume 9 of 27) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 338 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/19/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 2070–2327, Volume 10 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 339 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/20/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 2329–2565, Volume 11 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 340 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/21/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 2567–2822, Volume 12 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 341 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/24/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 2824–3095, VOLUME 13 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 342 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/25/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 3097–3324, VOLUME 14 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 343 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/26/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 3326–3553, VOLUME 15 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 344 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/27/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 3555–3834, VOLUME 16 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 345 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 10/31/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 3836–4070, VOLUME 17 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 346 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/1/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4072–4202, VOLUME 18 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 347 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/2/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4204–4247, VOLUME 19 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 348 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/3/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4249–4415, VOLUME 20 of 27) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 349 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/4/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4417–4425, VOLUME 21 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 350 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/9/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4427–4627, VOLUME 22 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 351 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/10/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4629–4700, VOLUME 23 of 27) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 352 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/14/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4702–4941, VOLUME 24 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 353 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/15/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 4943–5152, VOLUME 25 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |

| | | | |
|---|---|---|---|
| 05/22/2006 | 354 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/16/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 5154–5283, VOLUME 26 of 27) (Re: 280 Notice of Appeal to Circuit Court, Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 355 | | TRANSCRIPT of Proceedings of Jury Trial Proceedings held on 11/17/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 5285–5458, VOLUME 27 of 27) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/22/2006 | 356 | | TRANSCRIPT of Proceedings of Sentencing Hearing held on 12/19/05 before Judge James H. Payne (Court Reporter: Greg Eustice) (Pages: 1–11) (Re: Minutes, 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (jcb, Deputy Clerk). (Entered: 05/22/2006) |
| 05/24/2006 | 357 | | LETTER re: Transcript(s) Filed. The record is complete for appeal purposes. The Court Clerk's office will forward the record on appeal as soon as possible. (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (jcb, Deputy Clerk) (Entered: 05/24/2006) |
| 05/30/2006 | 358 | | MINUTE ORDER by Judge James H. Payne: The Court orders pleading numbers 166, 173, 175, 178, 185, 186, 189, 190, 191, 195, 246, 247 and 248 to be unsealed as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 05/30/2006) |
| 05/30/2006 | 359 | | MINUTE ORDER by Judge James H. Payne: The Court orders the original videotape to be transmitted to the Tenth Circuit Court of Appeals with the original record (Re: 237 Sealed Medical Evaluation) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 05/30/2006) |
| 05/30/2006 | 360 | | MINUTE ORDER by Judge James H. Payne: THe Court orders the original CD to be transmitted to the Tenth Circuit Court of Appeals with the original records (Re: 265 Notice) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 05/30/2006) |
| 06/06/2006 | 361 | | RECORD on Appeal Sent to Circuit Court (Record includes: Consisting of 3 Volumes of Pleadings, 3 Volumes of Sealed Pleadings, 47 Volumes of Transcripts, 6 Sealed Transcripts and 1 Sealed Presentence Report (60 volumes total) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (jcb, Deputy Clerk) (Entered: 06/06/2006) |
| 08/30/2007 | 362 | | DECISION from Circuit Court affirming the decision of the district court and dismissing the Appeal (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (law, Deputy Clerk) (Entered: 08/30/2007) |
| 08/30/2007 | 363 | | JUDGMENT from Circuit Court (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (law, Deputy Clerk) (Entered: 08/30/2007) |
| 09/06/2007 | 364 | | MOTION to Remove Counsel by United States of America as to Kenneth Eugene Barrett (Sperling, Sheldon) Modified on 9/7/2007 to change text (dma, Deputy Clerk). (Entered: 09/06/2007) |
| 09/07/2007 | 365 | | MINUTE ORDER by Judge James H. Payne: Granting 364 Government's MOTION to Remove Counsel as to Kenneth Eugene Barrett (cjt, Deputy |

| | | | |
|---|---|---|---|
| | | | Clerk) (Entered: 09/07/2007) |
| 10/23/2007 | 366 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been filed on 10/12/07 (U.S. Supreme Court Case Number: 07–7066) (Re: 280 Notice of Appeal to Circuit Court) as to Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) (Entered: 10/23/2007) |
| 03/19/2008 | 368 | | SEALED MOTION for Order Sealing Certain Ex Parte Motions by defendant Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/27/2008) |
| 03/19/2008 | 369 | | SEALED MINUTE ORDER by Judge James H. Payne: 368 (cjt, Deputy Clerk) (Entered: 03/27/2008) |
| 03/19/2008 | 370 | | SEALED EX PARTE MOTION for Appointment of Counsel construed by Court as MOTION for Substitution of Counsel(cjt, Deputy Clerk) (Entered: 03/27/2008) |
| 03/26/2008 | 367 | | LETTER from Circuit Court stating that the Petition for Writ of Certiorari has been denied on 3/17/08 (Re: 280 Notice of Appeal to Circuit Court ) as to Kenneth Eugene Barrett (With attachments)(cjt, Deputy Clerk) (Entered: 03/27/2008) |
| 03/27/2008 | 371 | | SEALED ORDER by Judge James H. Payne 370 (cjt, Deputy Clerk) (Entered: 03/27/2008) |
| 04/01/2008 | 372 | | ATTORNEY APPEARANCE (CJA) by David B. Autry on behalf of Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 04/01/2008) |
| 04/02/2008 | 373 | | ATTORNEY APPEARANCE (FPD) by Tivon Schardl on behalf of Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 04/02/2008) |
| 04/03/2008 | 374 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to this Court's Order of 3/27/08, David B. Autry and Assistant Federal Public Defender, Eastern District of California, Tivon Schardl, are hereby substituted as counsel of record in place of former counsel, Mark Henricksen and Roger Hilfiger as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 04/03/2008) |
| 04/16/2008 | 375 | | SEALED EX PARTE PRELIMINARY LITIGATION BUDGET submitted by David Autry for defendant Barrett (cjt, Deputy Clerk) . (Entered: 04/17/2008) |
| 04/22/2008 | 376 | | MINUTE ORDER by Magistrate Judge Steven P. Shreder: It is hereby recommended that the Proposed Litigation Budget (Docket No. 375 ) submitted under seal by counsel for the Defendant be approved. It is further recommended that said budget and the Court's sealed order dated March 27, 2008 (Docket No. 371 ) govern the payment for costs and attorneys' fees herein unless the Court approves any amendment to the budget upon application by counsel for the Defendant demonstrating good cause therefor. (tah, Deputy Clerk) (Entered: 04/22/2008) |
| 07/03/2008 | 377 | | SEALED ORDER by Judge James H. Payne: Re 375 371 (cjt, Deputy Clerk) (Entered: 07/03/2008) |
| 10/16/2008 | 379 | | SEALED MINUTE ORDER by Judge James H. Payne (cjt, Deputy Clerk) (Entered: 10/16/2008) |
| 10/24/2008 | 380 | | SEALED DOCUMENT re 379 (cjt, Deputy Clerk) (Entered: 10/24/2008) |

| 12/01/2008 | 381 | | RECORD on Appeal Returned from Circuit Court as to Kenneth Eugene Barrett. Returned record includes: Volumes 1, 2 and 3 – Pleadings; Volume 4 through 6 – Sealed Pleadings; Volumes 7 through 61 – Transcripts and Presentence Report (61 Volumes total). Broke down same. (Re: 280 Notice of Appeal to Circuit Court ) as to Kenneth Eugene Barrett (jcb, Deputy Clerk) (Entered: 12/11/2008) |
| 02/09/2009 | 382 | | MOTION Emergency Order Tolling Time by Kenneth Eugene Barrett (Schardl, Tivon) (Sealed attachments added on 2/12/2009 per Minute Order 388 : # 1 Declaration of Tivon Schardl) , # 2 Declaration of David Autry) # 3 REDACTED Declaration of David Autry) (cjt, Deputy Clerk). (Entered: 02/09/2009) |
| 02/09/2009 | 383 | | MOTION to Seal Document(s) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/09/2009) |
| 02/10/2009 | 384 | | MINUTE ORDER by District Judge James H. Payne: Directing defendant's counsel to submit Declarations of Counsel, referred to in 383 Defendant's Motion to File Declaration Under Seal, to the Court in camera for its consideration as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 02/10/2009) |
| 02/10/2009 | 385 | | MINUTE ORDER by District Judge James H. Payne: Telephonic Motion Hearing set for 2/11/2009 at 03:30 PM (Central Standard Time) in Chambers, Room 201, US Courthouse, 5th & Okmulgee, Muskogee, OK before District Judge James H. Payne Re: 382 Defendant's Emergency MOTION To Toll Time as to Kenneth Eugene Barrett. Counsel for the Government is directed to appear in person. Counsel for defendant may appear by telephone. (cjt, Deputy Clerk) (Entered: 02/10/2009) |
| 02/11/2009 | 386 | | MINUTES of Proceedings – held before District Judge James H. Payne: Motion Hearing held on 2/11/2009 as to Kenneth Eugene Barrett (Re: 382 MOTION Emergency Order Tolling Time ) (Court Reporter: B.Neil) (cjt, Deputy Clerk) (Entered: 02/12/2009) |
| 02/11/2009 | 388 | | MINUTE ORDER by District Judge James H. Payne: granting 383 Defendant's Motion to File Declaration Under Seal as to Kenneth Eugene Barrett (1) (cjt, Deputy Clerk) (Entered: 02/12/2009) |
| 02/11/2009 | 389 | | MINUTE ORDER by District Judge James H. Payne: Government's response to 382 defendant's Emergency MOTION to Toll Time is due by 2/23/09; defendants reply deadline is 2/26/09. The Federal Defender's office is directed to submit the time records discussed in the ex parte portion of the hearing under seal at the time they file their reply. (cjt, Deputy Clerk) (Entered: 02/12/2009) |
| 02/12/2009 | 387 | | SUPPLEMENT (Re: 382 MOTION Emergency Order Tolling Time ) as to Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/12/2009) |
| 02/23/2009 | 390 | | RESPONSE in Support of Motion (Re: 382 MOTION Emergency Order Tolling Time ) by United States of America as to Kenneth Eugene Barrett (Sperling, Sheldon) (Entered: 02/23/2009) |
| 02/26/2009 | 391 | | REPLY to Response to Motion (Re: 382 MOTION Emergency Order Tolling Time ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 02/26/2009) |

| 02/26/2009 | 392 | | MOTION to Seal Document(s) *Declarations of Counsel and Federal Defender Administrative Officer* by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 02/26/2009) |
|---|---|---|---|
| 02/27/2009 | 393 | | MINUTE ORDER by District Judge James H. Payne: Pursuant to the Court's previous 389 Minute Order, the Court grants 392 Defendant's Motion to Seal Declarations Ex Parte and Under Seal as to Kenneth Eugene Barrett. (cjt, Deputy Clerk) (Entered: 02/27/2009) |
| 02/27/2009 | 394 | | SEALED SUPPLEMENTAL DECLARATION (Re: 382 Emergency Motion to Toll Time) (cjt, Deputy Clerk) (Entered: 02/27/2009) |
| 02/27/2009 | 395 | | SEALED SUPPLEMENTAL DECLARATION (Re: 382 Emergency Motion to Toll Time)(cjt, Deputy Clerk) (Entered: 02/27/2009) |
| 02/27/2009 | 396 | | SEALED SUPPLEMENTAL DECLARATION (Re: 382 Emergency Motion to Toll Time) (cjt, Deputy Clerk) (Entered: 02/27/2009) |
| 02/27/2009 | 397 | | ORDER by District Judge James H. Payne: denying 382 Defendant's Emergency Motion to Toll Time as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 02/27/2009) |
| 03/10/2009 | 398 | | MOTION to Seal Document(s) *Exhibits*, MOTION for Protective Order by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/10/2009) |
| 03/11/2009 | 399 | | ORDER by District Judge James H. Payne: granting 398 Defendant's Motion to File Exhibits Under Seal and granting 398 Defendant's Motion for Protective Order as to Kenneth Eugene Barrett. (cjt, Deputy Clerk) (Entered: 03/11/2009) |
| 03/11/2009 | 400 | | MOTION to Reconsider (Re: 399 Ruling on Motion to Seal Document(s), Order on Motion for Protective Order ) by Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 03/11/2009) |
| 03/11/2009 | 401 | | AMENDED ORDER by District Judge James H. Payne: granting 398 Defendant's Motion to File Exhibits Under Seal and MOTION for Protective Order (Re: 399 Order) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/11/2009) |
| 03/11/2009 | 402 | | MINUTE ORDER by District Judge James H. Payne: granting 400 Motion to Reconsider as to Kenneth Eugene Barrett by filing of the Amended Order. (cjt, Deputy Clerk) (Entered: 03/11/2009) |
| 03/16/2009 | 403 | | MOTION Vacate Sentence and for New Trial by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Entered: 03/16/2009) |
| 03/16/2009 | 404 | | EXHIBITS IN SUPPORT OF MOTION (Re: 403 MOTION Vacate Sentence and for New Trial ) by Kenneth Eugene Barrett (With attachments)(Schardl, Tivon) (Additional attachment(s) added on 3/17/2009: # 4 Exhibits 61–70) and corrected text (cjt, Deputy Clerk) (Entered: 03/16/2009) |
| 03/17/2009 | 405 | | CORRECTED MOTION Vacate, Set Aside, or Correct the Sentence under 28 USC 2255 and Motion for New Trial (to include verification)(Re: 404 MOTION EXHIBITS TO MOTION, 403 MOTION Vacate Sentence and for New Trial ) by Kenneth Eugene Barrett (Schardl, Tivon) Modified on |

| | | | 3/17/2009 to edit text (cjt, Deputy Clerk). (Entered: 03/17/2009) |
|---|---|---|---|
| 03/17/2009 | 406 | | CERTIFICATE of Service as to Kenneth Eugene Barrett (Schardl, Tivon) (Entered: 03/17/2009) |
| 03/19/2009 | 407 | | ***Remark: All future documents regarding Petitioner's 2255 Motion to Vacate should be filed in CIV–09–105–JHP as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 03/19/2009) |
| 09/11/2009 | 408 | | TRANSCRIPT of Proceedings of Hearing on Government's Motion for Order Delaying the Production of Witness Names and Request for Protective Order held on 9/13/2005 before District Judge James H. Payne (Court Reporter: K.McWhorter) (Pages: 1–24, VOLUME I of II) (Re: 9/13/2005 Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (filed pursuant to Order [Doc #66] filed in CIV–09–105–JHP, Barrett v. USA) (jcb, Deputy Clerk). (Entered: 09/11/2009) |
| 09/11/2009 | 409 | | TRANSCRIPT of Proceedings of Hearing on Government's Motion for Order Delaying the Production of Witness Names and Request for Protective Order held on 9/13/2005 before District Judge James H. Payne (Court Reporter: K.McWhorter) (Pages: 24–32, VOLUME II of II) (Re: 9/13/2005 Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (filed pursuant to Order [Doc #66] filed in CIV–09–105–JHP, Barrett v. USA) (jcb, Deputy Clerk). (Entered: 09/11/2009) |
| 12/04/2009 | 411 | | AMENDED MOTION to Vacate, Set Aside, or Correct Sentence under 28 USC Sec. 2255 by Kenneth Eugene Barrett (Re: 405 CORRECTED MOTION to Vacate Sentence) (Filed in CIV–09–105–JHP, Doc #95) (cjt, Deputy Clerk) (Entered: 03/25/2010) |
| 01/15/2010 | 410 | | MINUTE ORDER by District Judge James H. Payne: It is hereby ordered that Defendant Kenneth Eugene Barrett's CJA 30 DEATH PENALTY PROCEEDINGS: APPOINTMENT OF AND AUTHORITY TO PAY COURT–APPOINTED COUNSEL comes before the Court by David B. Autry. This matter is hereby REFERRED to Magistrate Judge Steven P. Shreder for a fee hearing and Report and Recommendation in accordance with his jurisdiction under the Federal Rules. The Clerk is directed to transmit to the Magistrate said original application and supporting documents. (cjt, Deputy Clerk) (Entered: 01/15/2010) |
| 02/26/2010 | 412 | | ORDER by District Judge James H. Payne: Striking 405 MOTION to Vacate Sentence and 403 Corrected MOTION to Vacate Sentence) as to Kenneth Eugene Barrett (Filed in CIV–09–105–JHP, Doc #146) (cjt, Deputy Clerk) (Entered: 03/25/2010) |
| 09/03/2010 | | | CJA 30 Authorization to Pay David B. Autry in Death Penalty Proceedings as to Kenneth Eugene Barrett (JHP 9/3/10) (smg, Deputy Clerk) (Entered: 09/14/2010) |
| 08/02/2012 | 413 | | TRANSCRIPT of Proceedings of Sealed Hearing held on 9/12/2005 (Court Reporter: K.McWhorter) (Pages: 1–7) (Re: Minutes) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) Modified on 8/16/2012 to reflect unsealed per 414 Minute Order (cjt, Deputy Clerk). (Entered: 08/02/2012) |
| 08/16/2012 | 414 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER by District Judge James H. Payne: unsealing 413 Transcript of Proceeding as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 415 | | OPINION AND ORDER by District Judge James H. Payne: denying 411 Motion to Vacate as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 416 | | SEALED ORDER by District Judge James H. Payne (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/16/2012 | 417 | | JUDGMENT by District Judge James H. Payne on 2255 Motion to Vacate as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 08/16/2012) |
| 08/19/2015 | 428 | | DECISION from Circuit Court Reversing and Remanding death sentence for evidentiary hearing; Affirming in all other respects; denying motion for certificate of appealability – Decision of the District Court (awaiting mandate) as to Kenneth Eugene Barrett (With attachments) (cjt, Deputy Clerk) Modified text on 8/19/2015 (cjt, Deputy Clerk). (Entered: 08/19/2015) |
| 08/19/2015 | 429 | | JUDGMENT from Circuit Court (Re: 428 USCA Decision) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 08/19/2015) |
| 10/26/2015 | 430 | | MANDATE letter from Circuit Court (Re: 428 USCA Decision) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 10/28/2015) |
| 05/11/2016 | 431 | | NOTICE of Conditional Filing as to Kenneth Eugene Barrett (Fisher, Joan) (Entered: 05/11/2016) |
| 05/11/2016 | 432 | | Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 by Kenneth Eugene Barrett. (With attachments)(Fisher, Joan) (Entered: 05/11/2016) |
| 05/11/2016 | 433 | | EXHIBIT(S) *4 through 20* (Re: 432 Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (With attachments) (Fisher, Joan) (Entered: 05/11/2016) |
| 05/11/2016 | 434 | | EXHIBIT(S) *21 through 40* (Re: 432 Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (With attachments) (Fisher, Joan) (Entered: 05/11/2016) |
| 05/11/2016 | 435 | | EXHIBIT(S) *41 through 57* (Re: 432 Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (With attachments) (Fisher, Joan) (Entered: 05/11/2016) |
| 05/11/2016 | 436 | | EXHIBIT(S) *VERIFICATION OF SECTION 2255 MOTION TO VACATE* (Re: 432 Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (Fisher, Joan) (Entered: 05/11/2016) |
| 05/16/2016 | 437 | | Redacted EXHIBIT(S) *9, 10, 20, 26, 41, 46, 47, 48, 49 and 50* (Re: 432 Second MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (With attachments) (Fisher, Joan) (Entered: 05/16/2016) |
| 05/19/2016 | 438 | | MINUTE ORDER by District Judge James H. Payne: 432 Defendant/Movant's Second Section 2255 Motion to Vacate as to Kenneth Eugene Barrett is denied |

| | | | as this Court has no jurisdiction to consider said motion. (cjt, Deputy Clerk) (Entered: 05/19/2016) |
|---|---|---|---|
| 05/20/2016 | <u>439</u> | | Third MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 by Kenneth Eugene Barrett. (Fisher, Joan) (Entered: 05/20/2016) |
| 05/20/2016 | <u>440</u> | | NOTICE CONDITIONAL FILING (Re: <u>439</u> Third MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 ) as to Kenneth Eugene Barrett (Fisher, Joan) (Entered: 05/20/2016) |
| 05/23/2016 | 441 | | MINUTE ORDER by District Judge James H. Payne: <u>439</u> Defendant/Movant's Third Section 2255 Motion to Vacate as to Kenneth Eugene Barrett is denied as this Court has no jurisdiction to consider said motion. (cjt, Deputy Clerk) (Entered: 05/23/2016) |
| 06/24/2016 | <u>442</u> | | ORDER from the Tenth Circuit, re: motion for authorization to file second or successive 2255 as to Kenneth Eugene Barrett (dma, Deputy Clerk) (Entered: 06/24/2016) |
| 11/07/2016 | <u>443</u> | | ORDER from Circuit Court: denying authorization to file proposed second Sec. 2255 motion (Re: <u>442</u> Order) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 11/07/2016) |
| 03/22/2017 | <u>444</u> | | SEALED TRANSCRIPT of Proceedings of Sealed Hearing held on 10–20–2005 (Court Reporter: Karla McWhorter) (Pages: 1–4) (Re: Minutes – Miscellaneous) as to Kenneth Eugene Barrett (ksm, Court Reporter) (Entered: 03/22/2017) |
| 03/04/2019 | 445 | | MINUTE ORDER by Court Clerk: Pursuant to the recusal of Judge James H. Payne and at the direction of the Court, this case is reassigned to Judge Ronald A. White. All documents filed in this case in the future shall reflect the new case number CR–04–115–RAW as to Kenneth Eugene Barrett. (cjt, Deputy Clerk) (Entered: 03/04/2019) |
| 03/28/2019 | <u>446</u> | | OPINION AND ORDER by Judge Ronald A. White affirming in part and denying in part Report and Recommendation (Dkt. # 467 filed in CIV–09–105–RAW); Petitioner's 2255 motion is denied as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial as to Kenneth Eugene Barrett (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 03/28/2019 | <u>447</u> | | JUDGMENT by Judge Ronald A. White for respondent, United States of America, and against petitioner, Kenneth Eugene Barrett, on his challenge to the legality of his sentence. (tls, Deputy Clerk) (Entered: 03/28/2019) |
| 03/28/2019 | | | ***Judgment entered (see document number <u>447</u> ) as to Kenneth Eugene Barrett (sms, Deputy Clerk) (Entered: 05/21/2019) |
| 05/14/2019 | <u>448</u> | | NOTICE OF SUBSTITUTION AND ATTORNEY APPEARANCE (FPD) by Carrie L. Ward on behalf of Kenneth Eugene Barrett (Ward, Carrie) (Entered: 05/14/2019) |
| 05/14/2019 | <u>449</u> | | MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 *Under McCoy* by Kenneth Eugene Barrett. (With attachments)(Fisher, Joan) Civil case 6:19–cv–00152–RAW opened. (Entered: 05/14/2019) |
| 05/15/2019 | <u>450</u> | | |

| | | | |
|---|---|---|---|
| | | | ERRATA/CORRECTION (Re: 449 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 *Under McCoy* ) as to Kenneth Eugene Barrett (tls, Deputy Clerk) (Entered: 05/17/2019) |
| 06/11/2019 | 451 | | ORDER from Circuit Court denying authorization to file second or successive 2255 motion (Re: 449 MOTION to Vacate/Set Aside/Correct Sentence under 28 U.S.C. 2255 *Under McCoy*, 450 Errata/Correction to Document) as to Kenneth Eugene Barrett (cjt, Deputy Clerk) (Entered: 06/13/2019) |

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT, | ) |
| | ) |
| Petitioner/Defendant, | ) |
| | ) |
| vs. | ) Case No. CIV-09-105-RAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent/Plaintiff. | ) |

## OPINION AND ORDER

Before this court is the Report and Recommendation of the magistrate judge in which the magistrate judge found that petitioner's counsel were deficient in their performance, which ultimately prejudiced petitioner. As a result, the magistrate judge recommended that the petitioner be given a new sentencing hearing on Count III, intentionally killing a state law enforcement officer in the commission of a drug trafficking crime. Both the petitioner and the government have filed objections to the report and recommendation. *See*, Dkt. #s 470 and 471.

## Statement of the Case

On November 17, 2005, petitioner was convicted of three counts, including: Count I: using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); Count II: using and carrying a firearm during

1

and in relation to a crime of violence and possessing a firearm in furtherance of such crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) and (j); and Count III, intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, engaged in the performance of his official duties, in violation of 21 U.S.C. § 848(e)(1)(B). The jury returned verdicts of life in prison without the possibility of release on Counts I and II and a death sentence on Count III. Petitioner was sentenced, on December 15, 2005, in accordance with the jury verdicts. The court ordered the sentences to run consecutively. Additionally, petitioner was ordered to pay a special assessment of $100 on each count for a total assessment of $300.

Petitioner filed a direct appeal and the Tenth Circuit Court of Appeals affirmed the judgment. *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) (*Barrett I*). Thereafter, petitioner sought collateral relief pursuant to 28 U.S.C. § 2255, which was denied by this court on August 16, 2012. Dkt. # 214. On August 19, 2015, the Tenth Circuit affirmed in part and reversed in part, holding:

> We REVERSE and REMAND Defendant's death sentence for the district court to hold an evidentiary hearing on whether the performance of trial counsel was deficient in not investigating Defendant's background and mental health and whether Defendant suffered prejudice from any deficiency during the penalty phase of his trial. In all other respects we AFFIRM.

*United States v. Barrett*, 797 F.3d 1207, 1232 (10th Cir. 2015) (*Barrett II*).

On March 8, 2017, the case was referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing and for findings and recommendation.

2

The assigned magistrate judge heard evidence on March 27-30, 2017, June 12-13, 2017, and June 26, 2017.[1]   At the hearing, petitioner called eleven (11) witnesses and introduced forty-four (44) exhibits.   The respondent called three (3) witnesses and introduced forty-three (43) exhibits.   Thereafter, the parties were given until July 31, 2017 to file proposed findings of fact and conclusions of law.   On August 10, 2018, the magistrate judge issued a report and recommendation that concluded ". . . [trial] counsel were deficient in their performance, which ultimately prejudiced the Defendant, and that the Defendant is therefore entitled to relief under 28 U.S.C. § 2255 and to a new sentencing hearing."   Dkt. # 467 at 34.   The court granted an extension of time to file objections and objections were timely filed.   *See*, Dkt. #s 470 and 471.

### **Standard of Review**

Because this matter was referred to the magistrate judge to conduct an evidentiary hearing, Rule 72(b) of the Federal Rules of Civil Procedure required any party that disagreed with the magistrate judge's report and recommendation to file "specific written objections" to the report.   Under Rule 72(b)(3), this court must make a de novo determination of any part of the report or specified proposed findings or recommendations

---

[1]Transcripts of the evidentiary hearing were filed as Dkt. #s 429, 430, 446, 447, 450, 453, 454, and 464.   The magistrate judge's report utilized the actual page numbers of the evidentiary hearing transcript itself as opposed to the CM/ECF docket #s and the page numbers contained in the CM/ECF headers.   For ease of reference and because the transcript is filed as eight different documents, this court will refer to the evidentiary transcript by Dkt. # and the page number contained on the CM/ECF headers.

to which an objection was made. *See also*, 28 U.S.C. § 636(b)(1)(C). This court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) (citing *United States v. Raddatz,* 447 U.S. 667, 675 (1980)). Rather, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Thus, it is clear that "[t]he authority—and the responsibility—to make an informed, final determination . . . remains with the [district court] judge." *Raddatz*, 447 U.S. at 681 (citing *Mathews v. Weber*, 423 U.S. 261, 271 (1976)).

### Government's objections to magistrate's findings

The government does not object to the magistrate judge's finding regarding counsel's deficient performance in developing a mitigation strategy. Rather, the government objects to the prejudice analysis arguing that the magistrate judge failed to evaluate the credibility of petitioner's mental health evidence. Dkt. # 471. The government argues that the magistrate judge premised its prejudice finding solely on trial counsel's failure to present mental health evidence, as opposed to the absence of testimony by the petitioner's relatives. *Id.*, at n. 2. Based upon the petitioner's substantial planning and premeditation of the murder, the government argues the evidence presented by petitioner at the evidentiary hearing would not have had an impact on the outcome of the trial. Thus, the government is actually arguing that the foregone mitigating evidence did

4

not tip the scale in favor of a sentence less than death. In his response, petitioner argues the government's objections are fatally flawed because they are not specific enough.

## Legal Principles applicable to claims of ineffective assistance of counsel during penalty phase of trial

Counsel's performance at the sentencing stage of a capital trial is governed by the principles enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, in order to prevail on this claim, petitioner must establish both deficient performance and prejudice. In order to establish that counsel's performance was deficient, the petitioner must establish that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment. *Id*., 466 U.S. at 687. During the second stage of trial, counsel's role is "to ensure that the adversarial testing process works to produce a just result under the standards governing the decision." *Id*., 466 U.S. at 686. The focus of the deficient prong is "not what is prudent or appropriate, but only what is constitutionally compelled." *Breechen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994).

As recognized in this case by the Tenth Circuit, trial counsel's penalty-phase performance is evaluated "under the prevailing professional norms at the time of . . . trial [September 2005 in this case]." *Barrett II,* 797 F.3d at 1223. Counsel's duty is to undertake a reasonable investigation or make a reasonable decision that a particular investigation is unnecessary. *Walker v. Gibson,* 228 F.3d 1217, 1233 (10th Cir. 2000); *Brecheen,* 41 F.3d at 1366. In light of the extremely important role that mitigating

5

evidence plays in the "just imposition of the death penalty,"[2] this court is required to apply close scrutiny when reviewing the performance of counsel at the sentencing stage. *Battenfield v. Gibson*, 236 F.3d 1215, 1226 (10th Cir. 2001). At the same time, the "failure to present available mitigating evidence is not per se ineffective assistance." *Hale v. Gibson*, 227 F.3d 1298, 1315 (10th Cir. 2000) (quoting *Brecheen*, 41 F.3d at 1368). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Thus, an attorney "'is not required to investigate all leads' as long as the decision not to pursue a particular lead, or to pursue a particular lead only so far, is reasonable under the circumstances." *Breechen*, 41 F.3d at 1366; *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.") Moreover, "the reasonableness of an attorney's investigation is dependent on the circumstances of the case." *Smith v. Workman*, 550 F.3d 1258, 1270 (10th Cir. 2008) (citing *Walker*, 228 F.3d at 1233).

Petitioner must also establish that any deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. During the second stage of trial, a petitioner must show there is a reasonable probability that, absent the errors, the sentencer would have concluded, after balancing the aggravating and mitigating factors, that the death penalty was not warranted.

---

[2]*Mayes v. Gibson*, 210 F.3d 1284, 1288 (10th Cir. 2000).

6

*Id*., at 694. Put another way, deficient performance is prejudicial only where it is clear that "but for trial counsel's errors, there is a reasonable probability that the ultimate result would have been different." *Washington v. Johnson*, 90 F.3d 945, 953 (5th Cir. 1996). Thus, deficient performance in a capital sentencing proceeding prejudices the defendant if "there is a reasonable probability that one juror would have chosen a sentence other than death." *Wood v. Carpenter*, 907 F.3d 1279, 1290 (10th Cir. 2018) (quoting *Matthews v. Workman*, 577 F.3d 1175, 1190 (10th Cir. 2009)). "To assess that probability, [this court] must consider 'the totality of available mitigation evidence—both that adduced at trial, and the evidence adduced [at the evidentiary hearing]'—and 'reweig[h] it against the evidence in aggravation.'" *Porter v. McCollum*, 558 U.S. 30, 41 (2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 397-398 (2000). *See also*, *Littlejohn v. Royal*, 875 F.3d 548, 552 (10th Cir. 2017).

## Legal Analysis

### A. Performance of counsel

Since the government has not objected to the magistrate judge's finding that counsel's performance was deficient, this court adopts the magistrate judge's conclusion that trial counsel rendered constitutionally deficient performance in developing a mitigation strategy. In determining that trial counsel's performance was deficient, however, the magistrate judge stated that "federal trial counsel neither hired a mitigation or mental-health professional nor attempted to investigate themselves in any depth the [petitioner's] mental health or family background." Dkt. # 467 at p. 10. This court would

7

like to correct this finding by noting that trial counsel did hire Jeanne Russell, Ed.D. (a licensed psychologist). While the scope of Russell's work for the federal trial was apparently limited to completing an updated risk assessment, based upon the information contained within Russell's 2003 report,[3] there can be no question that petitioner's federal trial counsel was, in fact, aware of the very information which petitioner has been relying upon to establish that counsel's investigation of his mental health and/or family history was not comprehensive and/or in-depth enough to uncover important mitigating evidence.[4] According to Russell's psychological evaluation, the petitioner was "not exhibiting symptoms of a major mental illness (*i.e.*, Schizophrenia, Schizoaffective Disorder, Bi-

---

[3]*See* Govt. Exh. # 34.

[4]At the evidentiary hearing, trial counsel's recollections of exactly what they knew and when they learned the information was sketchy at best. For instance, Brett Smith recalled various things that occurred during his representation of the petitioner only when those things were pointed out to him and at one point during his testimony he stated that his "recollection has probably been tainted by my recent work because . . . I have read some materials recently, which has probably contaminated my memory as it relates to 2005." Dkt. # 446, at p. 28 and 56 (Smith again indicates his memory has been tainted by recent readings). Smith did remember, however, having discussed with Roger Hilfiger, shortly after his appointment to the case, hiring a mitigation specialist but based upon their discussions they did not hire one.

Hilfiger also had difficulty remembering details concerning his time representing the petitioner, but stated he did not hire a mitigation opinion expert because "We just didn't feel like that a mitigation opinion expert would do us any good when we could -- when we used the information we had from previous reports and talked to those people and had them testify." Dkt. # 447 at p. 97. It is inconceivable that trial counsel would have known to call Russell to update her report if they were not aware of her report and the information that was contained within that report.

8

Polar Disorder, or Major Depression)"[5] and while acknowledging that persons close to the petitioner had described symptoms they associated with mental illness and other records indicated a history of paranoia and impulsiveness, Russell opined these "behaviors appear exacerbated by drug use."[6] Moreover, in compiling this report, Russell reviewed all of the petitioner's mental health records and her report contained, among other information, a list of all of the records she had reviewed, a summary of petitioner's legal history, family history, education, relationships, employment history, medical and mental health history/treatment, and a significant substance abuse history. *See* Govt. Exh. # 34.

In considering the reasonableness of counsel's actions, this court cannot rely on "hindsight;" but must examine the reasonableness of counsel's actions from "'counsel's perspective at the time' the investigative decisions [were] made." *Rompilla v. Beard*, 545 U.S. 374, 381 (2005) (quoting *Strickland*, 466 U.S. at 689). It seems axiomatic that an attorney should be able to rely on a mental health expert's prior opinion in determining the significance of a defendant's mental health records, including whether or not that defendant has a major mental illness; and then, based upon that opinion, decide to forego further mental health testing of that defendant. While none of the mental health professionals who had examined the petitioner prior to 2005 had ever diagnosed the petitioner with a major mental illness, *see* Govt. Exh. #s 4-6, 8-9, 11, 16, 34 and 35, petitioner's counsel did

---

[5]Govt. Exh. # 34 at p. 9.

[6]*Id.*

9

not actually consult with Russell prior to deciding to forgo any further mental health evaluations.[7] For this reason alone, this court agrees with the magistrate judge's conclusion that trial counsel's performance was deficient.

## B. Lack of prejudice

This court finds, however, based upon the evidence presented at the evidentiary hearing, that petitioner was not prejudiced by counsels' performance. Simply because petitioner was able to obtain experts who described the petitioner as having mental health disorders so severe that he could not have rationally assisted his attorneys in the preparation of his defense,[8] does not mean the jury would have given much weight to that testimony in light of the evidence it heard over the course of the entire trial. That evidence was summarized by the Tenth Circuit Court of Appeals as follows:

> Barrett had been aware for some time of the outstanding warrant for his arrest, and anticipated that law enforcement officials would come to his house to arrest him at some point. Tr. at 400-01. Despite that awareness, or perhaps because of it, Barrett exhibited a defiant attitude towards law enforcement officials. On the front gate leading to his residence, Barrett had

---

[7]If counsel had consulted with Russell, they would have learned that she had not conducted a "comprehensive" mental health evaluation. *But see* Govt. Exh. 12 (affidavit Faust Bianco, Ph.D., a psychologist licensed in Oklahoma, who performed a neuropsychological evaluation of the petitioner prior to the federal court trial, opining that further neurological testing was unwarranted). Counsel also did not consult with Bianco prior to deciding to forgo any further mental health evaluations.

[8] *Contra* Govt. Exh. # 52 at 71-72; Dkt. # 446, at p. 33 (defense counsel acknowledged that the petitioner was "among the most cooperative criminal . . . defense clients I've ever had" and "[h]e was very helpful during the trial to me. He knew as much about it as I did."; and Govt. Exh. # 38-40 (defendant's notes to counsel). *See also*, Govt. Exh. # 34.

10

installed a sign reading:   "Keep Out.   I don't give a shit who you are, if you cross my gate or come on my property, I'll shoot."   *Id.* at 399.   Further, in the months and weeks leading up to the date of the shooting, Barrett regularly told friends and family that if law enforcement officers came to his house, "[t]here was going to be a shootout," *id.* at 412, "he would shoot the first police that came through his door," *id.* at 2515, and "he was going to take out as many [law enforcement officers] as he could before they got him."   *Id.* at 412-13; *see id.* at 3068-69, 3106, 3493.   Indeed, on the evening of September 23, 1999, Barrett observed three of the Tact Team members drive by his residence in an unmarked vehicle, and subsequently stated to his cousin, Travis Crawford, that he knew the vehicle belonged to law enforcement officials, that he didn't "give a fuck" if they came back to serve the arrest warrant, and that "he was going out in a blaze of glory" if they did so.   *Id.* at 466.

Barrett's conduct in the months, weeks, and days leading up to the shooting incident suggests his threats were far from idle.   Barrett possessed multiple firearms at his residence, including five rifles, three shotguns, and two pistols. *Id.* at 401, 1862-63, 1882-83, 1888, 1895, 1899-1901.   During the day, Barrett typically kept a rifle nearby.   *Id.* at 461-62, 3086, 3493-94.   He also carried a nine millimeter pistol in his pants at all times. *Id.* at 409-10, 3106, 3496.

As for the night of the shooting incident, the evidence presented at trial was more than sufficient to have allowed the jury to reasonably find that Barrett knew it was law enforcement officials who were approaching his residence en masse.   At the time the Tact Team approached Barrett's property, there was a full moon and no clouds in the sky.   *Id.* at 993.   The two lead Tact Team vehicles that approached Barrett's residence from the east were white Ford Broncos.   *Id.* at 984.   Although the Broncos were unmarked, Barrett had observed one of these vehicles on the afternoon prior to the shooting (it was used in the drive-by performed by Tact Team members), and suspected that it belonged to law enforcement officials. Further, although the lead Bronco did not exhibit any flashing lights (because Barrett began shooting at it before the two officers inside had an opportunity to turn on the lights), *id.* at 610, the second Bronco did.   *Id.* at 732.   More specifically, the second Bronco had a flashing strobe-type light on the sun visor and "wig-wag" headlights, all of which had been activated.   *Id.* at 732, 1094.   The third vehicle to enter Barrett's property, immediately following the two lead Broncos, was a marked Oklahoma Highway Patrol car with its emergency lights activated (including a standard light bar on top and "wig-wag" headlights).   *Id.* at 760, 987, 991. The lights from this third vehicle

11

were described by witnesses as sufficient to illuminate the scene in front of Barrett's residence. *Id.* at 1101 (testimony from Trooper Steve Hash, the driver of the second Bronco, that he observed red and blue strobe lights reflecting off of Trooper Eales as he got out of the lead Bronco), 1158-59 (indicating the lights of marked unit lit up the whole area), 1343 (indicating that light bar on top of marked unit was very visible), 1496 (indicating that red and blue lights from marked unit were reflecting off the shards of glass coming from the lead Bronco), 1797-98 (indicating that lights from marked unit illuminated a wide area around the vehicle).

Finally, and perhaps most significantly, Barrett's conduct in shooting at the officers that night clearly would have allowed the jury to reasonably find that he intended to kill one or more of those officers, including Eales. Barrett began shooting at the lead vehicle, a Ford Bronco driven by Trooper Hamilton, as soon as the vehicle cleared a ditch that ran between Barrett's house and a property to the east. *Id.* at 537. According to Hamilton, Barrett's shots were hitting in the middle of the windshield of the Bronco, at approximately "head level." *Id.* As Hamilton continued driving the Bronco westward towards Barrett's residence, the gunfire intensified and the windshield of the Bronco began to disappear. *Id.* at 539. The gunfire continued after Hamilton stopped the Bronco near the edge of the front porch of Barrett's residence. *Id.* at 540. Eales, who was a passenger in the lead Bronco driven by Hamilton, opened the passenger side door (which was closest to the front porch of Barrett's house), got out, and began heading towards the rear of the Bronco (presumably to obtain cover). As he did so, Eales was struck by three separate rounds of gunfire from Barrett. *Id.* at 1687 (testimony from pathologist opining that Eales' wounds were sustained while facing away from Barrett). One round struck the handgun that Eales carried on his right hip and then ricocheted and struck Eales' right elbow. *Id.* at 1661. A second round struck Eales' left flank region, entering approximately twenty-five inches from the top of Eales' head, down from the area on the back of his left arm pit where the skin is folded. *Id.* at 1605. A third, and fatal, round entered Eales' chest on the left side of his upper back. *Id.* at 1611. After shooting Eales, Barrett continued firing rounds at the Tact Team members, stopping only after he himself was shot in the legs by a Tact Team member. *Id.* at 545, 548. Even after being shot and dragged outside of his residence by Tact Team members, Barrett made movements as if reaching for a pistol he had concealed in the waistband of his jeans. *Id.* at 1113. Subsequent investigation of the crime scene by law enforcement officials revealed that Barrett used a Colt Sporter .223 rifle, equipped with three loaded magazines taped together (with a total of ninety-one rounds of

12

ammunition), to fire at least nineteen shots at Tact Team members, including the three shots that hit Eales. *Id.* at 1884, 3256. The Colt Sporter rifle had a lethal range of approximately 541 to 595 yards, and was capable of penetrating the metal of an automobile. *Id.* at 3573, 3586. At the time Barrett fired the three shots that wounded Eales, he was no more than ten to fifteen feet away from Eales. *Id.* at 4304-05.

In sum, although Barrett's defense during the first-stage proceedings was that he was unaware that the persons entering his property were law enforcement officials, and that he was simply reacting in defense of himself and his son, the above-described evidence was more than sufficient to allow the jury to reasonably find that Barrett knew that Eales and the other persons approaching his residence were law enforcement officers and that he intended to kill Eales.

*Barrett I*, 496 F.3d at 1113-15 (footnotes omitted).

While petitioner's experts identified issues at the evidentiary hearing that they opined might have compromised the petitioner's ability to process information under pressure, petitioner had clearly resolved to murder Trooper Eales or any other law enforcement officer long before this incident played out. Moreover, several aspects of the testimony presented at the evidentiary hearing convince this court that the jury would have rejected the mental health diagnosis provided by petitioner's expert witnesses. First, according to the government's expert witness, Steven Pitt, D.O. (psychologist licensed in Texas, Oklahoma and Arkansas and a board-certified neuropsychologist) petitioner's extensive history of substance abuse precluded a diagnosis for bipolar disorder and petitioner admitted to numerous mental health professionals that there was never a time when he was not abusing drugs, even attributing any history of manic episodes to his own abuse of intoxicants. Dkt. # 454 at p. 30. *See also* Govt. Exh. # 52 at p. 59 and 65.

13

Second, petitioner's recollections of his prior head injuries differed over the years including whether, and for how long, petitioner had lost consciousness. Dkt. # 430 at p. 271-81. In fact, some of petitioner's medical records revealed that the petitioner denied a history of head injury. *See* Govt. Exh. #s 5 (Eastern State Hospital record dated October of 1986 which indicates petitioner "denies head injuries") and 66 at p. 3 (personal health history completed sometime after 2004 and signed by the petitioner which indicated that he had never had any periods of unconsciousness, blurred vision, double vision, depression or excessive worry, frequent thoughts of suicide, paralysis, etc.). Additionally, despite George Woods, M.D. (board certified psychiatrist and a neuropsychiatrist licensed in California) testifying that petitioner's left lobe injury would impact him being able to do math effectively, Woods admitted that petitioner's educational records showed that petitioner had made an "A" in the first semester and a "B" in the second semester of ninth grade in math. Dkt. # 430 at 33-36. *See also*, Pet. Exh. # 41 at p. 1, Pet. Exh. # 55 at p. 3.

Further, despite petitioner's experts denying any malingering by the petitioner on the neuropsychological tests which were administered by Mila Young, Ph.D. (clinical psychologist licensed in California and a board-certified neuropsychologist), petitioner's performance on the Wisconsin Card Sorting Test (WCST) (a test which measures ones ability to develop a simple concept and then to carry out that simple concept) was in the severe range. According to Young, petitioner's performance on the WCST correlated to one's ability/inability to grasp and consistently carry out daily functions such as driving an

14

automobile. Pet. Exh. # 25 at p. 22.[9] The evidence heard by the jury at trial, however, demonstrated the petitioner was not only capable of driving a car,[10] but also was considered by one witness, in his criminal trial, as "a real good mechanic." Dkt. # 352 at p. 230-32 in Case No. CR-04-115-RAW (J.T. Tr., Vol. 24 at p. 4930-32). This evidence was consistent with evidence from the petitioner's maternal uncle at the evidentiary hearing.[11] Additionally, petitioner was employed as a carpenter for approximately three years[12] and testimony in the jury trial revealed that the petitioner had personally built the cabin/home where he lived.[13] *See also* Govt. Exh. # 52, § 3 at p. 158 (petitioner told Pitt he was good at working on motors). Furthermore, and perhaps most significant (as demonstrated by the facts set out above regarding the petitioner's conduct in the months, weeks, and days leading up to the shooting), the petitioner was able to make plans, grasp weapons and carry out his long term threats to kill any law enforcement officers who

---

[9] Deborah Miora, Ph.D. (clinical psychologist and neuropsychologist from California) testified she partially premised her diagnosis of dysexecutive syndrome on the WCST administered by Young. Dkt. # 464 at p. 187-92.

[10]*See* Govt. Exh. # 34 at pp. 4-5 (petitioner's employment history which included a job as a truck driver "until he lost his license due to accumulating too many points because of traffic violations").

[11]Mark Dotson testified that the petitioner was a good mechanic, having a natural talent for it. Dkt. # 429 at p. 64. *See also* Pet. Exh. # 16 (declaration of maternal great aunt stating that the petitioner "tried to make a living fixing cars").

[12]*See* Govt. Exh. # 34 at 5.

[13]Dkt. # 325 at p. 477 in Case No. CR-04-115-RAW (J.T. Tr., Vol. III at p. 477).

15

entered his property.   More specifically, the petitioner was able to perform functions including the taping together of three loaded magazines with a total of ninety-one rounds of ammunition, concealing a gun in his waist band (just in case he needed more firepower), and aiming a rifle "at approximately head level, middle of the windshield of the lead vehicle."[14]   As a result, this court finds the jury would not have been impressed by the petitioner's experts' opinions and, therefore, would have given little, if any weight to those opinions.

Moreover, the government's experts offered a more rational explanation of the petitioner's conduct to the jury, "it's drugs, drugs, and more drugs."   Dkt. # 453 at pp. 37-38.   Specifically, Randall Price, Ph.D. (psychologist licensed in Dallas, Texas) testified that while the neuropsychological testing did not reveal evidence of a severe brain injury, petitioner did have a long-standing learning disorder, not otherwise specified; polysubstance dependence; dysthymic disorder (a form of depression) that is long-standing and chronic, but not a major depressive disorder; and a personality disorder [15] with antisocial and paranoid traits and features.   Dkt. # 450 at p. 127-28.

---

[14]*Barrett I*, 496 F.3d at 1114 (petitioner began shooting at lead vehicle hitting the middle of the windshield at head level).   *See also* Govt. Exh. # 52 at p. 72.

[15]According to Price, "[a] personality disorder is not a mental disorder, rather it is more of a long-term characterological condition that is either a source of distress for that person that it interferes with their functioning and it's always been there, at least since adolescence, early adulthood, or it may not be a source of distress for that person but it is for other people."   Dkt. # 450, at p. 128.

Pitt testified that the petitioner "had a serious problem with drug addiction"[16] and he attributed petitioner's changes in mood to his drug usage. Dkt. # 454 at p. 59. Pitt also testified that, in his opinion, the petitioner does not and did not, at the time of the offense, have bipolar disorder. *Id.* at p. 64. Moreover, the records reveal that none of the health professionals who treated the petitioner prior to this offense ever diagnosed him with bipolar disorder. *See*, Govt. Exh. # 6 at p. 2; Govt Exh. #s 7-11; and Govt. Exh. # 102 at p. 17. Furthermore, Pitt testified that the petitioner was not suffering from posttraumatic stress disorder at the time of the shooting. Dkt. # 454 at p. 65. While admitting that Bill Sharp, Ph.D. (licensed clinical psychologist) had diagnosed the petitioner with avoidant and paranoid personality disorder, Pitt indicated that, in his opinion, petitioner's paranoia was caused by his drug use.[17] *Id*. at 103. Finally, Pitt diagnosed the petitioner with "amphetamine dependence with physiologic dependence, features of an antisocial personality disorder, cannabis dependence;" but stated that he did not know if the petitioner had a learning disorder. *Id*. at 71.

In light of the significant amount of evidence that the Tenth Circuit found the jury heard at trial about the petitioner's drug use, this court finds it much more likely that the

---

[16]Dkt. # 454 at p. 58. *See also* Govt. Exh. # 52, § 3 at p. 91, lines 12-27 and p. 154-57.

[17]This opinion was consistent with Russell's personality assessment which trial counsel apparently relied upon in forgoing additional mental health testing. *See* Govt. Exh. 34. According to Russell, petitioner's behaviors "appear to be exacerbated by drug use." *Id*. at p. 9.

17

jury would have found that the defendant did, in fact, have a significant drug problem as opposed to a major mental health disorder.[18] In fact, the testimony at the evidentiary hearing revealed that the petitioner had such a significant problem with narcotics, that within a year of this incident, petitioner's maternal aunt, Ruth Harris, had made contact with the petitioner in an unsuccessful effort to convince him to make a lifestyle change by getting off of illegal drugs.[19] *See also* Pet. Exh. # 16 (petitioner's maternal great aunt acknowledged that the petitioner had a drug problem) and Dkt. # 429 at 74 (testimony from Mark Dotson, petitioner's uncle and a podiatrist, regarding the effects which methamphetamine has on the human body, including significant dental problems, paranoia, and trouble sleeping).

---

[18]According to the Tenth Circuit,

The jury was also presented with significant evidence of [petitioner's] drug use, including the testimony of a drug addict that he took methamphetamine with [petitioner] and the testimony of a state prison employee that [petitioner] self-reported first using alcohol at age 12, cocaine and heroin at age 14, and methamphetamine at age 20, and had been using marijuana, methamphetamine, heroin, tranquilizers, and other drugs up until the time of the shooting. And, of course, there was the guilt-phase evidence of [petitioner's] outstanding warrant for failure to appear in state court on drug charges and the drug paraphernalia found on [petitioner's] person and property after the shooting.

*Barrett II*, 797 F.3d at 1232.

[19]*See* Dkt. # 429 at p. 70-73.

18

While the magistrate judge found that the petitioner had a "long family history including mental health problems going back to great-great grandparents, and that the [petitioner's] own immediate family included parents who were violent with each other, and whose relationship was characterized by infidelity and ultimately divorce, as well as both engaging in alcohol abuse,"[20] even if true, this evidence did not add anything of value to the personal and family history[21] of the petitioner that was actually heard by the jury at trial nor did it offer any compelling mitigation evidence when weighed against the evidence

---

[20]Dkt. # 467 at p. 19.   The generational history evidence included things such as the petitioner's grandfather and father had a tendency to drink heavily; petitioner's mother was an alcoholic but was able to function and always maintained employment; petitioner's father did not provide a lot of guidance to the petitioner and was not around a lot when the petitioner was growing up; and some of his relatives had mood swings, including a cousin who has been diagnosed with bipolar disorder and another cousin, Travis Crawford, who has experienced  anxiety and panic attacks.  *See* Pet. Exh. #s 16, 20, 27, and 36.  The jury heard testimony at trial from Travis Crawford, however, that indicated Crawford had used methamphetamine for fifteen years, including around the time of this incident, some of which he obtained while he was inside the petitioner's house.  *See* Dkt. # 325 at p. 64-65 in Case No. CR-04-115-RAW (Vol. III of Jury Trial Transcript at p. 457-58).

[21]This is not a case where no mitigation investigation regarding petitioner's family was ever conducted.   Rather, records at the evidentiary hearing revealed that a mitigation investigator, Roseanne Schaye, had interviewed numerous family members, some of them more than one time during the course of the state court proceedings.  *See* Govt. Exh. #s 19-25 and 54-62.  Additionally, during the state court trials an investigator for the Oklahoma Indigent Defense System ("OIDS") collected those interview summaries and documentation from facilities, hospitals, and schools.  Dkt. # 430 at p. 141.  Boxes of files from the state court cases were delivered to Hilfiger by OIDS and additional paper files were picked up from John Echols after he was allowed to withdraw from the federal case.  Dkt. # 447 at 45-46.

19

that the jury heard regarding petitioner's cold-blooded and premeditated killing of a state law enforcement officer engaged in the performance of his official duties.

In other words, this court finds the petitioner has failed to establish that there is a reasonable probability that even one juror's decision would have been different. This is especially true when the court considers the totality of the mitigating evidence adduced at trial[22] and that adduced at the evidentiary hearing from petitioner's witnesses regarding organic brain disorder, which was unconnected to the facts presented to the jury and included symptoms of mood swings described as "reactive violence" and/or "chronic irritability," and the additional witnesses who discussed petitioner's less than ideal childhood.[23] This additional mitigating evidence was countered by the government with

---

[22]Evidence summarized by the Tenth Circuit included:

> The jury did not find unanimously that the government had proved beyond a reasonable doubt that [petitioner] would pose a continuing and serious danger to others in prison, and unanimously found that [petitioner] was a father and a loved son and stepson, and that his death would have an impact on his family and friends. Seven jurors found that he was a good neighbor and friend; five found that he had accepted responsibility for Eales's death from his state-court conviction and that he had been convicted and punished for the killing; and two found that he would not be a danger to society if imprisoned for life without parole.

*Barrett II*, 797 F.3d at 1224.

[23]While similar to testimony heard by the jury at trial, the government would have been able, through these witnesses, to again emphasize the petitioner's substance abuse.

20

107

testimony which included that described above, as well as statements by the petitioner that: 1) revealed the petitioner has not accepted responsibility for Eales's death; rather, he maintains that he was shot in the act of retrieving a weapon to defend his son and that he had no idea that the vehicles entering his property were police vehicles;[24] 2) petitioner maintains that he and his son were the victims in this case;[25] 3) the jury might have found that the petitioner was a continuing danger to others in prison and/or to society since he was not afraid to violate the rules;[26] 4) petitioner's brother recalled having seen his mother and the petitioner in physical altercations;[27] and 5) petitioner violently attacked his younger brother on at least two separate occasions.[28] Weighing all of the mitigating evidence adduced at trial and the evidentiary hearing against the aggravating factors found by the jury, *i.e.,* 1) knowingly creating a grave risk of death to one or more persons in addition to the victim of the offense; 2) commission of the offense after substantial planning and

---

[24]*Compare* Dkt. # 429 at p. 220 (Woods testimony that the petitioner believed his actions were justified on the night of the shooting) and Dkt. # 72-66 (petitioner's description of the events leading to his arrest) *with* Govt. Exh. # 52, § 3 at pp. 7-17, 71-72 (petitioner states that he did not shoot Eales) and p. 281.

[25]Govt. Exh. # 52, § 3 at p. 56-57.

[26]Petitioner admitted to having obtained and using drugs while in jail. *See* Govt. Exh. # 52, § 3 at p. 154 and 157. Petitioner also admitted to having talked a jailer into letting him out of his cell for the purpose of engaging in sexual activity with another inmate. *See* Govt. Exh. # 52, § 3 at p. 254-257.

[27]Dkt. # 429 at p. 94-95.

[28]Dkt. # 429 at p. 117.

21

premeditation; and 3) that petitioner caused injury, harm, and loss to the victim's family because of the victim's personal characteristics as an individual human being and the impact of the death on the victim's family and friends[29] and the evidence the government produced at the evidentiary hearing to counter the additional mitigating evidence, convinces this court that there is no reasonable probability that even one juror would have voted for a sentence less than death. Accordingly, this court rejects the magistrate judge's conclusion that the petitioner was prejudiced by counsel's performance.

## Conclusion

In light of the facts of this case, and for the reasons set forth herein, the Report and Recommendation (Dkt. # 467) is accepted in part and rejected in part; the report and recommendation is accepted as to the magistrate judge's conclusion that trial counsel's performance was deficient; but the report and recommendation is rejected as to the magistrate judge's conclusion that petitioner was prejudiced by counsel's performance. Accordingly, the court denies petitioner's § 2255 motion as it relates to his claim of ineffective assistance of counsel during the penalty phase of trial.

Furthermore, in light of this order, Petitioner's Objection to the Magistrate Judge's Report and Recommendation (Dkt. # 470), requesting to be resentenced on all three counts of the indictment, is denied as moot.

---

[29]*See* Penalty Phase Special Verdict Form, Dkt. # 258, in *United States v. Barrett*, Case No. CR-04-0115-RAW.

22

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings, requires this court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." This court recognizes that "review of a death sentence is among the most serious examinations any court of law ever undertakes." *Brecheen*, 41 F.3d at 1370. A certificate of appealability, however, may only be granted if petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard can be met by demonstrating that the issues raised are debatable among jurists of reason or that the questions deserve further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). While this court strongly believes petitioner was not prejudiced by counsel's failure to develop the evidence at trial which was admitted at the evidentiary hearing herein, this court hereby grants a certificate of appealability thereby allowing further consideration of this issue.

It is so ordered on this 28th day of March, 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

23

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,                )
                                       )
      Petitioner/Defendant,         )
                                       )
vs.                                    )    Case No. CIV-09-105-RAW
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Respondent/Plaintiff.         )

## JUDGMENT

This matter came before the Court for consideration of defendant's motion to vacate, set aside, or correct sentence, pursuant to 18 U.S.C. § 2255. The issues having been duly considered and a decision having been rendered in accordance with the Order filed simultaneously herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment is entered for respondent, United States of America, and against petitioner, Kenneth Eugene Barrett, on his challenge to the legality of his sentence.

IT IS SO ORDERED this 28th day of March, 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma