# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

---

## DOCKETING STATEMENT

---

| | |
|---|---|
| Appeal Number | 19-7049 |
| Case Name | United States  v. Barrett |
| Party or Parties Filing Notice of Appeal Or Petition | Kenneth Eugene Barrett |
| Appellee(s) or Respondent(s) | United States of America |
| List all prior or related appeals in this court with appropriate citation(s). | *United States v. Barrett*, 496 F.3d 1079 (10th Cir. 2007) *United States v. Barrett*, 797 F.3d 1207 (10th Cir. 2015) |

## I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

## A.     APPEAL FROM DISTRICT COURT

**1.**     Date final judgment or order to be reviewed was **entered** on the district court docket:          March 28, 2019 (opinion and order), August 13, 2019 (denial of Fed.R.Civ.P. 59(e) motion)

**2.**     Date notice of appeal was **filed**: October 7 , 2019

**3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):       4(a)(1)(B)(i)(4)(A)(iv)

**a.**     Was the United States or an officer or an agency of the United States a party below?                Yes

**b.**     Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:          No

**4.**     Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

**a.**     Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A): April 24, 2019

**b.** Has an order been entered by the district court disposing of any such motion, and, if so, when? Yes; August 13, 2019

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

**a.** If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done? N/A

**b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? N/A

**c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

**1.** Cross Appeals.

**a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals) N/A

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

**1.** Date of the order to be reviewed: N/A

**2.** Date petition for review was filed: N/A

**3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: N/A

**4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

**C. APPEAL OF TAX COURT DECISION**

**1.** Date of entry of decision appealed: <u>N/A</u>

**2.** Date notice of appeal was filed: <u>N/A</u>

(If notice was filed by mail, attach proof of postmark.)

**3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): <u>N/A</u>

**4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) <u>N/A</u>

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. 3742(a) or (b) of the sentence imposed? <u>N/A – 28 U.S.C. § 2255 action; appeal of denial of sentencing relief (death sentence) following remand for evidentiary hearing.</u>

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? <u>N/A – 28 U.S.C. §2255 action; appeal of denial of sentencing relief (death sentence) following remand for evidentiary hearing</u>

**C.** Describe the sentence imposed. <u>N/A – 28 U.S.C. §2255 action; appeal of denial of sentencing relief (death sentence) following remand for evidentiary hearing</u>

**D.** Was the sentence imposed after a plea of guilty? <u>N/A – 28 U.S.C. § 2255 action; appeal of denial of sentencing relief (death sentence) following remand for evidentiary hearing, but no, the sentence was not imposed after a plea of guilty.</u>

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? <u>N/A</u>

**F.** Is the defendant on probation or at liberty pending appeal? <u>N/A – 28 U.S.C. § 2255 action; appeal of denial of sentencing relief (death sentence) following remand for evidentiary hearing, but no, Petitioner is not at liberty pending appeal (federal death row).</u>

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? <u>There is no release date; Petitioner is currently under a sentence of death and two sentences of life without release; the sentences were ordered to run consecutively.</u>

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.** **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Petitioner was charged in the United States District Court for the Eastern District of Oklahoma with three federal offenses involving the death of a state law enforcement officer. *United States v. Barrett,* No. CR 04-115-JHP. The government sought the death penalty on each count. Petitioner went to jury trial. The jury convicted him as charged on all three counts. In the penalty phase of trial, the jury rejected the death sentence on counts 1 and 2, but sentenced him to death on count 3. He was sentenced to life imprisonment on counts 1 and 2.

On direct appeal to this Court, Mr. Barrett's convictions and sentences were affirmed. *United States v. Barrett,* 496 F.3d 1079 (10th Cir. 2007). Certiorari was denied.

Mr. Barrett filed a petition under 28 U.S.C. §2255 seeking relief from his convictions and sentences. He requested an evidentiary hearing on various claims, including ineffective assistance of counsel in both stages of trial. The district court denied an evidentiary hearing and denied any and all relief by written order and judgment. *United States v. Barrett,* No. CV-09-105-JHP.

Petitioner appealed the denial of §2255 relief to this Court. A certificate of appealability was granted on a number of issues relating to both the guilt and penalty phases of trial, including whether he received ineffective assistance of counsel in the penalty phase. This Court affirmed in part and reversed in part, vacating Mr. Barrett's death sentence on count 3 and remanding the case to the district court for an evidentiary hearing on Petitioner's claims of ineffective assistance of counsel in the penalty phase. *United States v. Barrett,* 797 F.3d 1207, 1232 (10th Cir. 2015).

After pre-evidentiary hearing litigation on a number of issues, the district court referred the evidentiary hearing to the magistrate judge, who conducted the hearing over seven days in March and June 2017. After proposed findings of fact and conclusions of law were filed by the parties, the magistrate judge issued a report and recommendation on August 10, 2018 holding that trial counsel had rendered deficient performance in the sentencing phase of trial, and that Mr. Barrett had been prejudiced. The magistrate judge

4

therefore recommended that Petitioner receive a new sentencing trial or hearing on count 3.

The government filed objections to the report and recommendation asking that sentencing relief be denied on count 3, although it conceded that Mr. Barrett's trial counsel had rendered deficient performance in the penalty phase. The government contested the magistrate judge's finding of prejudice. Petitioner asked that the report and recommendation for sentencing relief on count 3 be adopted *in toto* by the district court judge, but objected to the report and recommendation to the extent that it did not afford sentencing relief from Petitioner's life sentences on counts 1 and 2.

Before the district court (James H. Payne, District Judge) entered an order on the objections to the report and recommendation, Judge Payne recused from the case on his own initiative and referred the matter to United States District Judge Ronald A. White. On March 28, 2019 Judge White issued an opinion and order. Judge White agreed, as conceded by the government, that trial counsel had rendered deficient performance in the second stage of trial, but, in contrast to the findings of the magistrate judge, ruled that Mr. Barrett had suffered no prejudice, and was therefore entitled to no relief from his death sentence on count 3. Judgment was entered in favor of the government the same day. However, Judge White did grant a certificate of appealability on the question of ineffective assistance of trial counsel in the penalty phase. On April 24, 2019 Mr. Barrett filed a motion to amend, alter or correct the judgment under Fed.R.Civ.P. 59(e). The government responded to the motion, and Petitioner fled a reply. On August 13, 2019 the District Court clarified its opinion and order in one respect and otherwise denied relief. On October 7, 2019, Mr. Barrett filed a timely notice of appeal.

**IV.    IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).**

Contrary to the findings of the United States District Judge, and in accordance with the report and recommendation of the magistrate judge who conducted the evidentiary hearing on Mr. Barrett's claims of ineffective assistance of counsel in the penalty phase of trial, the deficient performance of trial counsel prejudiced Petitioner in the determination of punishment on count 3. Mr. Barrett's death sentence should be vacated, and a new penalty phase trial should be ordered. In addition, the deficient performance of counsel in the penalty phase prejudiced Petitioner with respect to the life sentences on counts 1 and 2.

In denying relief on the ground that Mr. Barrett had suffered no prejudice from trial counsels' conceded deficient performance in the penalty phase, the district court used erroneous standards of review, including denying Mr. Barrett, at a

minimum, a new evidentiary hearing.  The district court's reversal of the magistrate judge's report and recommendation as to prejudice at the very least required a new evidentiary hearing under Supreme Court and Tenth Circuit precedent, because the magistrate judge, and not the district judge, heard the testimony and evidence first-hand and was in the best position to make the factual and credibility determinations that underlay his legal conclusion that Mr. Barrett was prejudiced in the jury's determination of penalty on count 3 by trial counsel's constitutionally deficient performance.

In concluding that Mr. Barrett was not prejudiced by trial counsels' deficient performance in the penalty phase, the district court erred by considering evidence that had been ruled inadmissible at trial.

Before and during the evidentiary hearing, the district court and the magistrate judge erred in excluding certain expert witnesses and testimony Petitioner wanted to offer in support of his penalty phase ineffective assistance of counsel claim.

## V.    ATTORNEY FILING DOCKETING STATEMENT:

Name: David Autry    Telephone: 405.521.9600

Firm: Sole Practitioner

Address:      1021 N. W. 16th St.

Oklahoma City, OK 73106

Email: dbautry77@gmail.com

*s/David Autry*                              October 21, 2019


**NOTE:**      The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF.). Instructions and information regarding EC. can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, David Autry, Attorney for Petitioner/Appellant, hereby certify that on October 21, 2019, I served a copy of the foregoing Docketing Statement to Jeffrey B. Kahan, United States Department of Justice, Capital Case Unit, at jeffrey.kahan@usdoj.gov and to Christopher J. Wilson, Assistant U.S. Attorney, at Chris.Wilson@usdoj.gov, via EC. filing/Email.

s/ David B. Autry
David B. Autry, OBA #11600
1021 N.W. 16th Street
Oklahoma City, OK 73106
Telephone:   405.521.9600
Fax:            405.521.9669
Email:        dbautry77@gmail.com