**OFFICE OF THE FEDERAL DEFENDER**
Eastern District of California
801 I Street, 3rd Floor
Sacramento, California 95814-2510
(916) 498.6666   FAX (916) 498.6656

**HEATHER E. WILLIAMS**
Federal Defender

**BENJAMIN D. GALLOWAY**
Chief Assistant Defender

September 18, 2020


U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257


Re: *U. S. v. Barrett,* Case No. 19-7049

Dear Christopher M. Wolpert:

Oral argument in the above-captioned case is scheduled for September 24, 2020 at 9:00 a.m. (Mountain) before the Tenth Circuit Court of Appeals.

Pursuant to Fed. R. App. P. 28(j), Petitioner-Appellant submits the following supplemental authority:

*1. Andrus v. Texas***, 140 S. Ct. 1875, 1881–82 (2020)** is relevant generally to Mr. Barrett's argument that trial counsel were constitutionally ineffective by failing in their duty to make reasonable investigation in a capital case notwithstanding the nominal case in mitigation presented, *see e.g.,* COAB at 33-35, to Mr. Barrett's prejudice, *see* COAB at 44-53. "[T]he reviewing court must consider the totality of the available mitigation evidence—both that adduced at trial, and the evidence adduced in the habeas proceeding—and reweig[h] it against the evidence in aggravation." *Andrus,* 140 S. Ct. at 1886, citing *Williams v. Taylor*, 529 U.S. 362, 397–398 (internal quotation marks omitted) and *Sears v. Upton*, 561 U.S. 945, 956, (2010) (*per curiam*) (emphasis added).

**2.** ***United States v. Tsarnaev***, **968 F.3d 24, 68–69 (1st Cir. 2020)** is relevant to Mr. Barrett's argument that the district court ignored a whole category of mitigating evidence, COAB at 33-35, 44-53, emphasizing the wide berth granted by constitutional right to put before the jury, "as a mitigating factor, any aspect of [his] character or record and any of the circumstances of the offense that [he] proffers as a basis for a sentence less than death." 968 F. 3d at 68, citing *Lockett v. Ohio*, 438 U.S. 586, 604 (plurality opinion) and *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982). The Constitution "requires that the jury be able to consider and give effect to 'a capital defendant's mitigating evidence.'" *Id.,* citing *Tennard v. Dretke*, 542 U.S. 274, 285 (2004) (quoting *Boyde v. California*, 494 U.S. 370, 377-78, (1990)).

Sincerely,
/s/ Joan M. Fisher
Assistant Federal Defender

Cc:   Mr. Jeffrey Kahan, Jeffrey.Kahan@usdoj.gov
       Mr. Chris Wilson, Chris.Wilson@usdoj.gov